1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile: [415] 391-1177
   linda@vartainlaw.com
5
   Attorneys for Defendants
6  BERKEL & COMPANY CONTRACTORS, INC. and
   BRIAN ZUCKERMAN
7

8              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
9            NORTHERN DISTRICT OF CALIFORNIA
                     SAN FRANCISCO
10

11

12  WINIFRED L. GIBSON-JONES,                  )  Case No.: 6440
                                              )
13            Plaintiff,                       )
                                              )
14  v.                                         )  **DEFENDANTS BERKEL & COMPANY**
                                              )  **CONTRACTORS, INC. AND BRIAN**
                                              )  **ZUCKERMAN'S NOTICE OF REMOVAL**
15  BERKEL & COMPANY CONTRACTORS,              )  **TO FEDERAL COURT UNDER 28 U.S.C.**
    INC., a foreign corporation; CHERNE        )  **§1441(b)**
16  CONSTRUCTION COMPANY, a foreign            )  **(FEDERAL QUESTION AND/OR**
    corporation; JESSICA BRAVERMAN-            )  **DIVERSITY OF CITIZENSHIP)**
17  SMITH, an individual; BRAVERMAN            )
    MEDIATION AND CONSULTING, a                )
18  California business entity; BRIAN          )
    ZUCKERMAN, an individual; GREGORY A.       )
19  SCHER, AKA WINGNUT SCHER, an               )
    individual, and DOES 1-50, inclusive,     )
20                                            )
              Defendants.                      )
21  _____  )

22

23

24

25

26

27

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S
NOTICE OF REMOVAL TO FEDERAL COURT**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\NoticeofRemoval.ple.doc

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**
2  **DISTRICT OF CALIFORNIA (SAN FRANCISCO):**

3        PLEASE TAKE NOTICE that Defendants Berkel Company & Construction, Inc.
4  ("Berkel") and Brian Zuckerman ("Zuckerman"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441,
5  and 1446, file this Notice of Removal of Action to federal court, in order to remove Case
6  No. C07-02611 from the Superior Court in and for the City and County of Contra Costa,
7  California, to the United States District Court, Northern District of California (San Francisco),
8  and states as follows:

9        1.        On November 29, 2007, an action was commenced in the Superior Court of the
10 State of California in and for the County of Contra Costa, entitled, Winifred Gibson-Jones,
11 Plaintiff, vs. Berkel & Company Construction, Inc., et al., Defendants, as case number
12 C07-02611 ("Complaint"). A true and correct copy of the verified Complaint as obtained from
13 the Superior Court of Contra Costa County by the undersigned attorney within the last 30 days
14 is attached hereto as **Exhibit A**.   Berkel and Zuckerman have not yet been served with the
15 Summons and Complaint, nor, as far as the undersigned attorney is aware based on diligent
16 inquiry, have any of the other defendants been served.  **Exhibit A** constitutes all process,
17 pleadings, and orders on file in this action at Contra Costa County Superior Court.

18                          **Federal Question Jurisdiction**

19        2.        This Court has original jurisdiction over the above-described action, and/or
20 cause(s) of action contained therein, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446 for
21 claims contained in the Complaint arising under the federal Labor Management Relations Act
22 §301, 29 U.S.C. §185(a), and this Court has supplemental jurisdiction over all other claims, in
23 that:

24                a.        Plaintiff's eighth cause of action for breach of the implied covenant of
25 good faith and fair dealing is based on the collective bargaining agreement governing the
26 employment relationship between Plaintiff and Berkel.  Plaintiff's eighth cause of action for
27 \\
28 \\

1    breach of the implied covenant of good faith and fair dealing incorporates Paragraph 12 of the

2    Complaint, which states:

3
4
5
6

> "Plaintiff was employed by Berkel pursuant to a Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34. On information and belief, Plaintiff alleges that Berkel has contractual duties to Plaintiff under the Master Labor Agreement."
> Complaint, Paragraph 12, lines 19-23.

7    In addition, Plaintiff's eighth cause of action alleges:

8
9
10
11

> "Plaintiff alleges that pursuant to the Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34, Berkel had [sic] a prevent and correct sexual harassment from occurring, and that Berkel intentionally was derelict in these duties."
> Complaint, Paragraph 121, lines 19-22.

12    The resolution of the eighth cause of action necessarily depends on the specifically pled

13    collective bargaining agreement, thus the action is preempted under the Labor Management

14    Relations Act §301, 29 U.S.C. §185(a). Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993,

15    997-998 (9th Cir. 1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-211 (1985).

16    Therefore, as a matter of law, Plaintiff's claim for breach of the implied covenant of fair dealing

17    arises under federal law, and original jurisdiction over said claim lies in the United States

18    District Court.

19          b.      This Court has supplemental jurisdiction over the remainder of the claims

20    in this action because they are based on the same operative facts and arise from the same case or

21    controversy as those of the eighth cause of action.

22                          **Diversity Jurisdiction**

23         3.      This action is a civil action of which this Court has original jurisdiction under 28

24    U.S.C. §1332, and is one which may be removed to this Court by Berkel and Zuckerman

25    pursuant to the provisions of 28 U.S.C. §1441(b) in that: 1) it is a civil action between citizens

26    of different states, except as to certain "sham" defendants against whom Plaintiff has no

27    possibility of establishing liability; and 2) the matter in controversy exceeds the sum of $75,000,

28    exclusive of interest and costs.

1        4.       Berkel and Zuckerman are informed and believe that Plaintiff was, at the time if

2  the filing of this action, and still is, a citizen of the State of California.

3        5.       Berkel was, at the time of the filing of this action, and still is, a citizen of Kansas.

4  Berkel was incorporated in and has its place of primary business in the State of Kansas.

5        6.       Berkel and Zuckerman are informed and believe that Cherne Construction

6  Company ("Cherne") was, at the time of the filing of this action, and still is, a citizen of

7  Michigan. Cherne was incorporated in and has its primary place of business in the State of

8  Michigan.

9        7.       Berkel and Zukerman are informed and believe that Defendant Gregory A. Scher

10  ("Scher") was, at the time of the filing of this action, and still is, a citizen of Missouri.

11        8.     The    Complaint    also    names    as    defendants    Jessica    Braverman-Smith

12  ("Braverman"), Braverman Mediation and Consulting ("BMC") and Zuckerman, each of whom

13  is a citizen of the same state as plaintiff.  The citizenship of said defendants should be

14  disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C.

15  §1441(b) on the ground that there is no possibility that Plaintiff will be able to establish liability

16  against said defendants: the claims asserted against these defendants do not exist, as a matter of

17  law, on the facts pled, and will be the subject of a motion to dismiss under Federal Rule of Civil

18  Procedure §12(b).  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001);

19  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

20        a.      Zuckerman: Plaintiff cannot state a cause of action against Zuckerman for

21  conspiracy to commit fraud and fraud or for intention infliction of emotional distress because

22  under California law, there is no tort recovery against a manager of plaintiff's employer for

23  management or personnel decisions.  Sheppard v. Freeman, 67 Cal.App.4th 339, 349 (1998);

24  With regard to plaintiff's intentional infliction of emotional distress claim, the element of

25  outrageous conduct cannot be satisfied by allegations of an unfavorable or even a bad

26  management decision.  Cole v. Fair Oaks Fire Protection District, 43 Cal.3d 148, 159-161

27  (1987). As for the conspiracy to commit fraud claim, Braverman was an agent of Berkel, and as

28  a matter of law, a company cannot be found to have conspired with its own agent.  In addition,

1  as a matter of law, Zuckerman could not have committed fraud with respect to an event—

2  plaintiff's alleged harassment—that had already taken place.

3          b.    <u>Braverman and BMC</u>: Plaintiff cannot establish liability against

4  Braverman because under CA law, an aider and abettor is someone who took part in the

5  harassment, not someone who investigated the alleged harassment.  Braverman did not

6  participate in the alleged harassment: she was merely retained to investigate plaintiff's

7  allegations, and as a result of her investigations, the alleged harasser was discharged. A true and

8  correct copy of Berkel's letter to Plaintiff informing her of Scher's termination is attached as

9  **Exhibit B**.  Braverman could not have committed fraud with respect to an event—plaintiff's

10  alleged harassment—that had already taken place.  In addition, as a matter of law, there is no

11  tort recovery against an agent of plaintiff's employer for personnel decisions.  BMC is named

12  only because it is the company Braverman works for, and plaintiff has no stronger claim against

13  it than Braverman.

14         9.    <u>Amount in Controversy</u>:

15          a.    The aggregation of a plaintiff's claims against a defendant can satisfy the

16  jurisdictional minimum in diversity cases.  The Complaint alleges three separate causes of

17  action against Berkel, each in excess of $25,000; therefore, the aggregate of Plaintiff's claims

18  against Berkel as stated in the Complaint arguably exceeds $75,000.  Since Plaintiff's claims

19  against Berkel satisfy the $75,000 threshold, the Court may exercise supplemental jurisdiction

20  over Plaintiff's claims against the other defendants in lesser amounts because all of Plaintiff's

21  claims arise out of the same case or controversy. 28 U.S.C. §1367(a).

22          b.    The amount in controversy is even higher than the above-stated amounts

23  as to Berkel in that Plaintiff also seeks punitive damages from each named defendant.

24          c.    In addition, because the Complaint also seeks attorneys' fees, which are

25  mandated under Plaintiff's Fair Employment and Housing Act (Cal. Gov't Code § 12900 et

26  seq.), claims, the fee claim must be included in determining the amount in controversy.  <u>Galt</u>

27  <u>G/S v. JSS Scandinavia</u>,142 F.3d 1150, 1155-1156 (9th Cir. 1998).  Berkel has already incurred

28  $23,875 (115 hours at average of $208/hr.) pre-litigation legal fees over the past ten months, and

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S**
**NOTICE OF REMOVAL TO FEDERAL COURT**

1 | it is reasonable to believe that Plaintiff's counsel has invested a similar amount of time in this

2 | matter thus far. To go forward with this matter would more likely than not involve an

3 | investment of more than twice as many hours, and could easily result in at least $50,000 in fees.

4 |          D .     It is facially apparent from Plaintiff's claims for general damages, special

5 | damages, incidental and consequential damages, punitive damages and attorneys' fees that the

6 | amount in controversy exceeds $75,000.

7 |      10.     Time: This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b) in that

8 | the Notice has been filed within thirty days of both the filing of the Complaint and Berkel and

9 | Zuckerman's first receipt of the Complaint. Berkel and Zuckerman will give notice to Plaintiff

10 | and her attorney of the filing of this Notice and will file notice with the Clerk of the Superior

11 | Court of the County of Contra Costa, California, pursuant to 28 U.S.C. § 1446(d).

12 |      11.     Joinder: The removing defendants, Berkel and Zuckerman, neither of whom

13 | have been served, consent to removal of the subject state court action to federal court as

14 | reflected by the undersigned's signature on this notice. Joinders of Defendants Scher, Cherne,

15 | Braverman and BMC have not been obtained. Berkel and Zuckerman have been unable to

16 | contact Scher because his whereabouts have been unknown since Berkel discharged him on or

17 | about October 2006, shortly after Braverman's investigation of Plaintiff's complaint of

18 | harassment. Berkel and Zuckerman have been unsuccessful in their diligent attempts to

19 | ascertain whether Cherne has been served. Regardless, the joinder of Scher, Cherne, Braverman

20 | and BMC is not required on the following grounds:

21 |          a.     Braverman and BMC have not been served as of the date of the filing of

22 | this Notice of Removal. Based on diligent inquiries and a review of Contra Costa County

23 | Superior Court's register of action for this matter, which indicates that no proof of service has

24 | been filed, Berkel and Zuckerman have been unable to confirm facts other than that no

25 | defendant, including Scher and Cherne, has been served with a copy of the Summons and

26 | Complaint.

27 |          b.     Defendants Braverman and BMC, for the same reasons articulated in

28 | Paragraph 8 above, are "sham" defendants who have been named solely to prevent removal.

1          c.      The basis for removal is the claim against Berkel for breach of the

2 implied covenant of good faith and fair dealing, which is "separate and independent" from the

3 claims against the other defendants, and as a result, their joinder is not required. 28 U.S.C.

4 1441(c).

5          d.      Defendants designated as Does 1 through 50, inclusive, are fictitious

6 defendants and are not parties to the action, and are therefore not required to file a joinder in the

7 Notice of Removal. Fristoe v. Reynolds Metal Company, 615 F.2d 1209, 1213 (9th Cir. 1980).

8

9 DATED: December 21, 2007                 **VARTAIN LAW GROUP**

10

11

12                         BY:                                 

                              MICHAEL J. VARTAIN

13                               LINDA K. ADLER

                              Attorneys for Defendants

14                               BERKEL COMPANY &

                              CONSTRUCTION, INC. and BRIAN

15                               ZUCKERMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

GIBSON-JONES VS BERKEL & CO

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC07-02611

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  04/17/08        DEPT:  02        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.   an order establishing a discovery schedule
    b.   an order referring the case to arbitration
    c.   an order transferring the case to limited jurisdiction
    d.   an order dismissing fictitious defendants
    e.   an order scheduling exchange of expert witness information
    f.   an order setting subsequent conference and the trial date
    g.   an order consolidating cases
    h.   an order severing trial of cross-complaints or bifurcating
         issues
    i.   an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

            Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  11/29/07          _____

                            CATHRYN GREEN, Deputy Clerk

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation;
CHERNE CONSTRUCTION COMPANY, a foreign corporation;
JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN
MEDIATION AND CONSULTING, a California business entity; BRIAN
ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT
SCHER, an individual, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WINIFRED L. GIBSON-JONES



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 NOV 29  P 12: 49

K. TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY
C. Green, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street
P.O. Box 911
Martinez, CA 94553

CASE NUMBER *(Número del Caso):*
**C 07 - 02611**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrice R. Zabell, Esq.
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, CA 94598                      925-932-9455

DATE: **NOV 29 2007**        CLERK OF THE SUPERIOR COURT        Clerk, by _____, Deputy
*(Fecha)*                                                        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1    PATRICE R. ZABELL, SBN# 215459
     LAW OFFICES OF PATRICE R. ZABELL

2    2700 Ygnacio Valley Road, Suite 270
     Walnut Creek, California 94598-3463

3    Telephone:    (925) 932-9455
     Facsimile:    (925) 932-9468

4

5    Attorney for Plaintiff
     WINIFRED L. GIBSON-JONES

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF CONTRA COSTA

10

11   WINIFRED L. GIBSON-JONES,              Case No. **C   07-02611**

12            Plaintiff,                     **VERIFIED COMPLAINT**

13   v.

14   BERKEL & COMPANY                       **1.    SCHER – SEXUAL HARASSMENT –**
     CONTRACTORS, INC., a foreign                  **GOV'T CODE § 12940 ET SEQ.**
15   corporation; CHERNE CONSTRUCTION
     COMPANY, a foreign corporation;       **2.    SCHER: INTENTIONAL INFLICTION**
16   JESSICA BRAVERMAN-SMITH, an                  **OF EMOTIONAL DISTRESS – CIVIL**
     individual; BRAVERMAN MEDIATION             **CODE § 1714**
17   AND CONSULTING, a California
     business entity; BRIAN ZUCKERMAN, an  **3.    BERKEL: SEXUAL HARASSMENT –**
18   individual; GREGORY A. SCHER, AKA           **GOV'T CODE § 12940 ET SEQ.**
     WINGNUT SCHER, an individual, and
19   DOES 1-50, inclusive,                 **4.    BERKEL:  FAILURE TO TAKE ALL**
                                                  **REASONABLE STEPS NECESSARY**
20            Defendants.                         **TO PREVENT DISCRIMINATION**
                                                  **AND HARASSMENT FROM**
21                                                **OCCURRING – GOV'T CODE §§**
                                                  **12940, 12950 ET SEQ.**
22

23

24                                         **5.    BRAVERMAN-SMITH:  AIDING AND**
                                                  **ABETTING HARASSMENT – GOV'T**
25                                                **CODE § 12940(j)(1), (i)**

26                                         **6.    CHERNE:  SEXUAL HARASSMENT –**
27                                                **GOV'T CODE § 12940 ET SEQ.**

     PER LOCAL RULE 5 THIS
28   CASE IS ASSIGNED TO
     DEPT _____            (Cont'd on next page)          SUMMONS ISSUED

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455                         1
FAX: (925) 932-9468
     VERIFIED COMPLAINT
     *Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

7.  **CHERNE: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING – GOV'T CODE §§ 12940, 12950 ET SEQ.**

8.  **BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

9.  **BRAVERMAN-SMITH: FRAUD**

10. **BRAVERMAN-SMITH: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

11. **BMC: FRAUD**

12. **BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13. **ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD**

14. **ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, Winifred L. Gibson-Jones, alleges as follows:

## JURISDICTION

1.      Plaintiff, Winifred L. Gibson-Jones, (hereinafter, "Plaintiff") is, and at all times mentioned in this complaint was, a person domiciled in the State of California.

2.      Defendant, Berkel & Company Contractors, Inc., (hereinafter, "Berkel") is, and at all times mentioned in this complaint was, a foreign corporation doing business in California.

3.      Defendant, Cherne Contracting Corporation, (hereinafter, "Cherne"), is and at all times mentioned in this complaint was, a foreign corporation doing business in California.

4.      Defendant, Jessica Braverman-Smith, HR Consultant, (hereinafter, "Braverman-Smith"), is and at all times mentioned in this complaint was, a person doing business in California.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc. et al.*

1    5.    Defendant, Braverman Mediation and Consulting, (hereinafter, "BMC"), is a

2  business entity doing business in the state of California.  Plaintiff does not know BMC's legal

3  capacity, and will amend her Complaint when she has ascertained it.

4    6.    Defendant, Brian Zuckerman, (hereinafter, "Zuckerman"), is, and at all times

5  mentioned in this complaint was, a person doing business in California.

6    7.    Gregory A. Scher, aka Wingnut, (hereinafter, "Wingnut" or "Scher"), is and at

7  all times mentioned in this complaint was, an individual domiciled in the state of Missouri.

8    8.    At this time, Plaintiff does not know the true names of Defendants Does 1

9  through 50, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed

10  and believes that DOE Defendants are agents of named Defendants, acting in the course and

11  scope of their employment.

12    **FACTS COMMON TO ALL CAUSES OF ACTION**

13    9.    Plaintiff is a woman.

14    10.    Plaintiff is approximately 5'1" tall.

15    11.    At the time of the incidents alleged herein, Plaintiff was employed by Berkel as

16  an apprentice Pile Driver, earning $ 27.50 per hour plus benefits valued at approximately

17  $18.65 per hour.  Plaintiff is a member of Pile Drivers, Divers, Carpenters, Bridge, Wharf and

18  Dock Builders Local Union #34.

19    12.    Plaintiff was employed by Berkel pursuant to a Master Labor Agreement

20  between Associated General Contractors of California, Inc., and Pile Drivers, Divers,

21  Carpenters, Bridge, Wharf and Dock Builders Local Union #34.  On information and belief,

22  Plaintiff alleges that Berkel has contractual duties to Plaintiff under the Master Labor

23  Agreement.  Plaintiff intends to amend her Verified Complaint when she has ascertained the

24  precise legal relationship.

25    13.    Berkel was performing construction work as a subcontractor at the Tesoro

26  Refinery pursuant to a contract it had with Cherne Contracting Corporation, which was the

27  general contractor on the job.

28    14.    At all times relevant herein, Berkel was Plaintiff's employer within the meaning

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

3

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   of the California Fair Employment and Housing Act, Gov't Code § 12900 et seq., (hereinafter,

2   "FEHA").

3       15.    At all times relevant herein, Cherne was Plaintiff's employer within the

4   meaning of FEHA under the integrated employer test. Berkel was Cherne's subcontractor on

5   the Tesoro project; employees of both Cherne and Berkel worked side-by-side at the jobsite,

6   and Cherne managed certain areas of Berkel's business operations, including, for example,

7   safety training.

8       16.    At all times relevant herein, Braverman-Smith was acting as an agent of

9   Cherne.

10      17.    At all times relevant herein, Braverman-Smith was acting as an agent of Berkel.

11      18.    On information and belief, Plaintiff alleges that Braverman-Smith was acting as

12  an agent of BMC.

13      19.    On information and belief, Plaintiff alleges that Braverman-Smith is a

14  managing agent of BMC.

15      20.    At all times relevant herein, Zuckerman was a managing agent of Berkel.

16      21.    Wingnut is a man.

17      22.    Wingnut is approximately 6'5" tall, and weighs approximately 240 lbs.

18      23.    At all times relevant herein, Wingnut was an employee of Berkel, who

19  performed the job of crane operator.

20      24.    At all times relevant herein, Wingnut was Plaintiff's co-worker.

21      25.    Wingnut is domiciled in St. Louis, Missouri, and is a licensed crane operator.

22      26.    Berkel's practice is to have core crews of regular employees who travel

23  interstate to jobsites, where Berkel supplements the core crew with workers local to the

24  jobsite. Berkel pays travel expenses for the employees on its core crew, and compensates the

25  employees on its core crew differently than the local workers, in that they are eligible for

26  bonuses. Wingnut was a core crew member whom Berkel had flown from St. Louis to the Bay

27  Area, and who was housed in a local hotel at Berkel's expense.

28      27.    Plaintiff began working for Berkel at its Tesoro Refinery jobsite in Martinez,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94596
TEL: (925) 932-9455
FAX: (925) 932-9468

4

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  California, on September 13, 2006.  During the course of Plaintiff's employment, Wingnut

2  routinely engaged in a continuing pattern of conduct which included uttering sexual and ethnic

3  vulgarities and epithets, (hereinafter, Wingnut's "outrageous rants").

4      28.     Managers of Berkel were well aware of Wingnut's outrageous rants throughout

5  Plaintiff's employment with Berkel.

6      29.     Managers of Cherne were well aware of Wingnut's outrageous rants throughout

7  Plaintiff's employment with Berkel.

8      30.     Berkel routinely shuttled its employees by van from the parking lot at the

9  Tesoro Refinery to the jobsite itself.  Plaintiff and Wingnut were shuttled together in the van

10  on a routine basis, during which Wingnut engaged in his outrageous rants in the presence of

11  Berkel managers who were driving the van.

12      31.     Berkel and Cherne employees shared common lunch and break areas at the

13  Tesoro jobsite.  Plaintiff and Wingnut frequently crossed paths at the lunch tent and in the

14  smoking area, during which times Wingnut engaged in his outrageous rants in the presence of

15  Berkel and Cherne managers.

16      32.     Wingnut's outrageous rants were unwelcome to Plaintiff.  Plaintiff was

17  offended by Wingnut's outrageous rants.

18      33.     Plaintiff alleges that Berkel managers acquiesced, ratified, and authorized

19  Wingnut's outrageous rants.

20      34.     Plaintiff alleges that Cherne managers acquiesced, ratified, and authorized

21  Wingnut's outrageous rants.

22      35.     Plaintiff is a mature, intelligent, and articulate woman, who generally works on

23  heavy construction sites with otherwise all-male crews.  As a result, Plaintiff has become

24  somewhat inured to rough language in her work environment, and although she sometimes

25  was offended, her practice was to stay focused on the job and to ignore the offensive

26  comments to the best of her ability.  Plaintiff did so in part because she wanted to be accepted

27  as an equal among her male co-workers despite the fact that she is a woman, and in other part

28  because she wanted to demonstrate to her then-employer that she was a productive team

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

5

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  player.  It was with this attitude that Plaintiff approached her employment at the Tesoro

2  jobsite.

3       36.  Some time during the second week on the job, Plaintiff and Wingnut were in

4  the designated smoking area at the Tesoro jobsite, at which time Wingnut stated to her, "nice

5  tits."  Wingnut's statement to her, "nice tits," was different from all previous offensive

6  comments that she had endured because Wingnut addressed Plaintiff directly in what she

7  perceived to be an assertive, mean-spirited manner.

8       37.  Plaintiff alleges that Steve Paine, (hereinafter, "Paine"), Berkel's Superintendent

9  at the Tesoro Refiner jobsite, heard Wingnut say, "nice tits" to Plaintiff, but that Paine was

10  unresponsive.  As a result, Plaintiff inferred that Wingnut's conduct was acceptable in Berkel's

11  work environment.

12       38.  Plaintiff was personally offended; moreover, Plaintiff worried that Wingnut,

13  who towered over her, was going to sexually harass her on a routine basis.  However, in part

14  because it was merely her second week on the job and thus she believed that she had not yet

15  gained her new employer's confidence that she would be a productive team player, Plaintiff

16  was reluctant to take any action.  Moreover, because Paine had heard Wingnut's comment to

17  her but did not take any action, Plaintiff was fearful that Paine would consider her a

18  troublemaker if she complained.  Consequently, Plaintiff resolved to resort to self-help; to wit,

19  Plaintiff decided to stay away from Wingnut as much as possible, and to ignore his comments

20  when their paths crossed.  Plaintiff continued to worry that sooner or later Wingnut would

21  continue to harass her; nevertheless, Plaintiff hoped for the best and remained resolved to

22  focus on her livelihood.

23       39.  Plaintiff is a chain-smoker, and strict safety rules at the Tesoro refinery

24  prohibited smoking anywhere on the jobsite other than secure areas explicitly designated for

25  smokers. Wingnut also is a smoker, so there were many times when Plaintiff and Wingnut

26  were both in the smoking area at the same time.  It was in the smoking area, in the presence of

27  other Berkel and Cherne employees, including Joe Jensen, (hereinafter, "Jensen"), Plaintiff's

28  foreman, that the further incidents giving rise to this action largely occurred.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

6

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

40.    After approximately three weeks after Plaintiff first started on the job, Plaintiff was on a break in the smoking area along with Jensen, her foreman, and several other employees, including Wingnut. Plaintiff alleges that Wingnut subjected her to a vicious visual and verbal attack, to wit, Wingnut thrust his hips in a sexually suggestive manner while gesticulating that he held Plaintiff's head in his hands, and stated to Plaintiff,

> If you were my wife, I would give it to you until you had stretch marks around your mouth. But don't worry, I would respect you on your period; I would turn you over and fuck you in your ass.

Several of the men who were present laughed at Wingnut's vicious visual and verbal sexual attack on Plaintiff, including Jensen.

41.    Plaintiff alleges that Wingnut psychologically raped Plaintiff, to wit, he intended to force into Plaintiff's mind visualizations of him performing those demeaning and controlling sexual acts; moreover, Plaintiff alleges that he succeeded. As a result of Wingnut's vicious visual and verbal sexual attack, Plaintiff was in emotional shock. Plaintiff continues to have mental visualizations of Wingnut performing those demeaning and controlling sexual acts upon her; and Plaintiff cannot get them out of her mind. As a result, Plaintiff suffers from ongoing severe emotional distress related to those disgusting unwanted mental visualizations. Furthermore, Plaintiff was deeply humiliated because all of the men in the smoking area - her co-workers and her foreman - heard Wingnut's vicious attack. Plaintiff alleges that Wingnut intended to humiliate Plaintiff before her male co-workers, and that his acts were motivated by a perverse desire to entertain them at her expense.

42.    Although Plaintiff was emotionally distraught as a result of having been psychologically raped by Wingnut in the presence of her foreman and male co-workers, she still was afraid that if she lodged a complaint she would experience retaliation, especially since her foreman and many of her co-workers laughed at Wingnut's vicious attack. Plaintiff was afraid for her own safety.

43.    Plaintiff reported the incident to Paine, who told Plaintiff that he would talk to Wingnut. However, because Plaintiff was afraid of retaliation from Wingnut and others, she told Paine that she believed she could handle the matter on her own. On information and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

7

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  belief, Plaintiff alleges that Paine took no action to further investigate the facts or to take

2  corrective action.

3      44.    On October 16, 2006, Plaintiff and Wingnut were once again in the smoking

4  area at the same time. Also present were several other Berkel employees. Wingnut launched

5  into yet another outrageous rant, this time uttering ethnic vulgarities against Filipinos, the

6  disabled, Arabs, Jews, and women.   Plaintiff has a daughter who is half-Filipino, so for her,

7  Wingnut's rant about Filipinos was a mean-spirited, hateful attack on her child. For Plaintiff,

8  it was the final straw, and she turned to leave the area. As she turned to leave Wingnut stated,

9  "where are *you* going?" Plaintiff broke down emotionally and told Wingnut that her daughter

10  is half-Filipino, and that she was not going to take it anymore. In response, Wingnut stated to

11  Plaintiff, "you need to develop a thicker skin."

12      45.    As a result of all of Wingnut's outrageous rants and Berkel's and Cherne's

13  apparent acquiescence in and ratification of Wingnut's conduct, Plaintiff was emotionally

14  distraught, to wit, Plaintiff was weeping copiously and could not think straight.   She

15  immediately told Jerry Groce, (hereinafter, "Groce"), Berkel's General Superintendent on the

16  jobsite, that she was quitting and wanted her final paycheck, and the reasons therefor. Groce

17  asked Plaintiff to calm down, have a cigarette, and allow him to contact some people to

18  investigate. Plaintiff followed his direction, hopeful that at last someone in charge was going

19  to do the right thing.

20      46.    Shortly after Plaintiff's conversation with Groce, Plaintiff was approached by

21  Braverman-Smith, who introduced herself to Plaintiff as an HR Consultant whom Cherne

22  brought in because Berkel had no one on the jobsite to conduct an investigation. Braverman-

23  Smith told Plaintiff that she would be conducting an objective investigation into Plaintiff's

24  harassment complaint. Plaintiff asked Braverman-Smith for Wingnut's legal name, because

25  Plaintiff had decided to file a restraining order against him; however, Braverman-Smith told

26  Plaintiff that she did not know his legal name, but would let Plaintiff know after she

27  interviewed him.   Later that same day, Braverman-Smith informed Plaintiff that Wingnut

28  would be fired. Braverman-Smith also told Plaintiff that she still did not know Wingnut's legal

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

8

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   name, but assured Plaintiff that he would be gone.  Over the ensuing days, Braverman-Smith

2   attempted to ingratiate herself with Plaintiff on a woman-to-woman basis, and repeatedly

3   encouraged Plaintiff to meet with Zuckerman, whom Braverman-Smith represented was a fair

4   and decent man who would provide Plaintiff with a fair resolution of the matter.  Plaintiff,

5   however, was most concerned that Braverman-Smith conduct a thorough investigation, and

6   that Berkel take appropriate corrective action.  Plaintiff was in an emotionally fragile state, and

7   had relied on Braverman-Smith's representations related to her intention to conduct a thorough

8   investigation, and her assessment of Zuckerman's character.  Consequently, Plaintiff continued

9   to request information from Braverman-Smith concerning the progress and outcome of the

10  investigation; however, despite repeated requests, Braverman-Smith avoided responding to

11  Plaintiff and ultimately informed Plaintiff that she had turned over all of her files to Berkel,

12  and did not retain any copies.  Plaintiff alleges that Braverman-Smith intentionally deceived

13  Plaintiff, to wit, Braverman-Smith never intended to conduct an objective or thorough

14  investigation; rather, she intended to conduct an investigation calculated to minimize Cherne's

15  and Berkel's potential liability under FEHA.

16      47.    After repeated unsuccessful attempts to find out what Braverman-Smith's

17  investigation uncovered, Plaintiff met with Zuckerman.  Zuckerman finally provided Plaintiff

18  with a copy of a letter from Braverman-Smith purportedly recounting the results of her

19  investigation.  Plaintiff inferred from the letter that neither Berkel nor Braverman-Smith ever

20  intended to conduct an objective investigation despite their representations to her to the

21  contrary.  Plaintiff further alleges that neither Zuckerman nor Braverman-Smith ever intended

22  to conduct an objective investigation despite their legal duties pursuant to Berkel's contract

23  with Plaintiff's Union.  Plaintiff further alleges that Braverman-Smith and Zuckerman never

24  intended to conduct an objective investigation despite their legal duties under FEHA.

25      48.    Plaintiff's realization of Braverman-Smith's and Zuckerman's deceptions were

26  akin to an epiphany, thus causing Plaintiff further emotional distress.  Plaintiff was outraged,

27  and thought to herself, "They were playing me.  How dare they!"  Plaintiff continues to suffer

28  severe emotional distress as a result of Braverman-Smith's and Zuckerman's outrageous

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

9

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    attempts to deceive her.

2        49.    Plaintiff filed a Workers' Compensation Claim for the emotional injuries she

3    suffered as a result of the illegal harassment. Plaintiff alleges that Paine telephoned her and

4    informed her that her Workers' Compensation Claim was denied, and that she was terminated.

5        50.    Plaintiff alleges that after she met with Braverman-Smith, Groce approached

6    her and asked her if she would just drop the matter. Moreover, Groce suggest to Plaintiff that

7    she quit.

8        51.    Plaintiff alleges that Zuckerman and Braverman-Smith conspired to deceive

9    Plaintiff by falsely representing to her that they had met all of their legal obligations to her

10   under FEHA, including a false representation that their investigation into Plaintiff's complaint

11   of illegal harassment against Wingnut was objective and complete. Plaintiff further alleges

12   that Zuckerman and Braverman-Smith conspired to deceive Plaintiff in order to make the

13   problem go away with as little disruption to the construction project as possible, and in order

14   to minimize Berkel's potential civil liability under FEHA.

15       52.    Plaintiff alleges that Zuckerman intentionally deceived Plaintiff by representing

16   falsely the corrective action that Berkel had taken with Wingnut.

17       53.    Plaintiff alleges that Wingnut engaged in sexually harassing conduct with

18   another woman who was on the jobsite, a concrete inspector from the state of California. To

19   wit, Plaintiff alleges Wingnut made offensive comments to the woman, who subsequently

20   complained; and Wingnut apologized to her. Plaintiff saw Wingnut wearing a pink hardhat

21   and pink peacock-feathered earrings when the incident occurred. Furthermore, Plaintiff

22   alleges that Wingnut's foreman, Doug, also was asked to apologize to the woman because he,

23   too, had said something to her that she found offensive.

24       54.    Plaintiff alleges that Berkel is intentionally derelict in its duty to prevent sexual

25   harassment in the workplace.

26       55.    Plaintiff alleges that Berkel purposefully engages in retaliatory actions against

27   its employees who complain about sexual harassment.

28       56.    Plaintiff alleges that Berkel is intentionally derelict in its duty to take effective

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

10

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    corrective action in response to complaints of sexual harassment.

2         57.    Plaintiff alleges that Cherne is intentionally derelict in its duty to prevent sexual

3    harassment in the workplace.

4         58.    Plaintiff alleges that Cherne is intentionally derelict in its duty to take effective

5    corrective action in response to complaints of sexual harassment.

6         59.    On November 14, 2006, Plaintiff filed against Berkel and Zuckerman a

7    complaint of discrimination under the provisions of FEHA. On November 29, 2006, the

8    DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this

9    complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her

10   administrative remedies against Berkel pursuant to FEHA requirements.

11        60.    On September 20, 2007, Plaintiff filed against Cherne a complaint of

12   discrimination under the provisions of the FEHA. On September 24, 2007, the DFEH issued to

13   Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of

14   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

15   remedies against Cherne pursuant to FEHA requirements.

16        61.    On October 19, 2007, Plaintiff filed against Braverman-Smith, as an individual,

17   a complaint of discrimination under the provisions of FEHA. On October 22, 2007, the DFEH

18   issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of

19   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

20   remedies against Braverman-Smith pursuant to FEHA requirements.

21        62.    On October 19, 2007, Plaintiff filed against Braverman Mediation &

22   Consulting, complaint of discrimination under the provisions of FEHA. On October 22, 2007,

23   the DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this

24   complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her

25   administrative remedies against Braverman Mediation & Consulting, pursuant to FEHA

26   requirements.

27        63.    On September 19, 2007, Plaintiff filed against Scher a complaint of

28   discrimination under the provisions of FEHA. On September 20, 2007, the DFEH issued to

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

11

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  Plaintiff a notice of case closure and right-to-sue letter.   In filing this complaint of

2  discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

3  remedies against Scher pursuant to FEHA requirements.

4  ### FIRST CAUSE OF ACTION

5  ### [SCHER – SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]

6      64.    Plaintiff incorporates paragraphs 1-63 as if fully set forth.

7      65.    Plaintiff brings this action against Scher and alleges that Scher, as an individual,

8  subjected her to harassment because she is a woman, causing a hostile or abusive work

9  environment, pursuant to Gov't Code § 12940(j)(3).

10      66.    Plaintiff alleges that Scher's harassing conduct was so severe, widespread, or

11  persistent that a reasonable woman in Plaintiff's circumstances would have considered the

12  work environment to be hostile or abusive.  Scher's conduct as alleged hereinabove constituted

13  unlawful sexual harassment, and rendered plaintiff's employment environment hostile.

14      67.    Plaintiff alleges that she considered the work environment to be hostile or

15  abusive.

16      68.    Plaintiff alleges that she was harmed by Scher's conduct.

17      69.    Plaintiff alleges that Scher's conduct was a substantial factor in causing

18  Plaintiff's harm.

19      70.    As a direct, foreseeable, and proximate result of Scher's illegal acts, Plaintiff has

20  suffered substantial losses in earnings and job benefits, and has suffered and continues to suffer

21  humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's damage

22  in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

23  Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

24  pursuant to law.

25  ### SECOND CAUSE OF ACTION

26  ### [SCHER: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –

27  ### CIVIL CODE § 1714]

28      71.    Plaintiff incorporates paragraphs 1-70 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

12

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

72.     Plaintiff brings this action against Scher for Intentional Infliction of Emotional Distress and alleges that Scher's conduct caused her to suffer severe emotional distress.

73.     Plaintiff alleges that Scher's conduct as described hereinabove was outrageous.

74.     Plaintiff alleges that Scher intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

75.     Plaintiff alleges that Scher's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

76.     Plaintiff alleges that she that she suffered severe emotional distress, including suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is not fully known at this time, and the amount of damages caused by Scher's conduct is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at the time of trial.  Plaintiff claims this amount together with prejudgment interest pursuant to <u>Civil Code § 3287</u> and pursuant to any other provision of law providing for prejudgment interest.

### THIRD CAUSE OF ACTION

### [BERKEL: SEXUAL HARASSMENT  – GOV'T CODE § 12940 ET SEQ.]

77.     Plaintiff incorporates paragraphs 1-76 as if fully set forth.

78.     Plaintiff brings this action pursuant to FEHA, <u>Gov. Code §§ 12900</u> et seq., and the corresponding regulations of the California Fair Employment and Housing Commission.

79.     Plaintiff brings this action against Berkel and alleges that Berkel knew or should have known of Wingnut's illegal conduct and failed to take timely steps to conduct an objective investigation in order to prevent and correct Wingnut's unlawful conduct, thereby tacitly approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

80.     Plaintiff alleges that the harassing conduct was so severe, widespread, or persistent that a reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

81.     Plaintiff alleges that she considered the work environment to be hostile or abusive.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

13

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    82.    Plaintiff alleges that she was harmed by Scher's conduct.

2    83.    Plaintiff alleges that Scher's conduct was a substantial factor in causing

3    Plaintiff's harm.

4    84.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

5    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

6    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

7    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

8    Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

9    pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

10    Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

11    interest.

12    85.    Berkel committed the acts described in this complaint oppressively,

13    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

14    in an amount appropriate to punish and make an example of Berkel.

15    **FOURTH CAUSE OF ACTION**

16    **[BERKEL:  FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO**

17    **PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –**

18    **GOV'T CODE §§ 12940, 12950 ET SEQ.]**

19    86.    Plaintiff incorporates paragraphs 1-85 as if fully set forth.

20    87.    Plaintiff brings this action against Berkel for failure to prevent harassment

21    pursuant to Gov't Code § 12940, subd.(k), and alleges that Berkel failed to prevent harassment

22    based on sex/gender.

23    88.    Plaintiff alleges that she was subjected to harassing conduct and discrimination

24    because she is a woman.

25    89.    Plaintiff alleges that Berkel failed to take reasonable steps to prevent the

26    harassment.

27    90.    Plaintiff alleges that she was harmed as a result of the harassment.

28    91.    Plaintiff alleges that Berkel's failure to take reasonable steps to prevent

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

14

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1 | harassment was a substantial factor in causing Plaintiff's harm.

2 |     92.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

3 | has suffered substantial losses in earnings and job benefits, and has suffered and continues to

4 | suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

5 | damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

6 | Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

7 | pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

8 | Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

9 | interest.

10 |     93.    Berkel committed the acts described in this complaint oppressively,

11 | fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

12 | in an amount appropriate to punish and make an example of Berkel.

13 | **FIFTH CAUSE OF ACTION**

14 | **[BRAVERMAN-SMITH: AIDING AND ABETTING HARASSMENT –**

15 | **GOV'T CODE § 12940(j)(1), (i)]**

16 |     94.    Plaintiff incorporates paragraphs 1-93 as if fully set forth.

17 |     95.    Plaintiff brings this action against Braverman-Smith as an individual, pursuant

18 | to FEHA, Gov't Code § 12940, subd. (i), which prohibits any person from aiding and abetting

19 | any of the acts forbidden under FEHA.

20 |     96.    Plaintiff alleges that she was harmed as a result of Berkel's failure to prevent

21 | and correct sexual harassment.

22 |     97.    Plaintiff alleges that Berkel's failure to take reasonable steps to prevent

23 | harassment was a substantial factor in causing Plaintiff's harm.

24 |     98.    Plaintiff alleges that in doing the acts described hereinabove, Braverman-Smith

25 | aided and abetted Berkel in its intentional dereliction of its duty to prevent and correct sexual

26 | harassment.

27 |     99.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,

28 | Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

15

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to

2  Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be

3  proven at trial.  Plaintiff claims this amount along with attorney's fees and costs, and all other

4  relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest

5  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

6  prejudgment interest.

7       100.  Braverman-Smith committed the acts described in this complaint oppressively,

8  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

9  Braverman-Smith in an amount appropriate to punish and make an example of Braverman-

10  Smith.

11                      **SIXTH CAUSE OF ACTION**

12       **[CHERNE:  SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]**

13       101.  Plaintiff incorporates paragraphs 1-100 as if fully set forth.

14       102.  Plaintiff brings this action pursuant to FEHA, Gov. Code §§ 12940 et seq., and

15  the corresponding regulations of the California Fair Employment and Housing Commission.

16       103.  Plaintiff brings this action against Cherne and alleges that Cherne knew or

17  should have known of Wingnut's illegal conduct and failed to take timely steps to conduct an

18  objective investigation in order to prevent and correct Wingnut's unlawful conduct, thereby

19  tacitly approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

20       104.  Plaintiff alleges that the harassing conduct was so severe, widespread, or

21  persistent that a reasonable woman in Plaintiff's circumstances would have considered the

22  work environment to be hostile or abusive.

23       105.  Plaintiff alleges that she considered the work environment to be hostile or

24  abusive.

25       106.  Plaintiff alleges that she was harmed by Wingnut's conduct.

26       107.  Plaintiff alleges that Wingnut's conduct was a substantial factor in causing

27  Plaintiff's harm.

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

16

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    108.    As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff

2  has suffered substantial losses in earnings and job benefits, and has suffered and continues to

3  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

4  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

5  Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

6  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

7  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

8  interest.

9    109.    Cherne committed the acts described in this complaint oppressively,

10  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

11  Cherne in an amount appropriate to punish and make an example of Cherne.

12                          **SEVENTH CAUSE OF ACTION**

13            **[CHERNE:  FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO**

14            **PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –**

15                  **GOV'T CODE §§ 12940, 12950 ET SEQ.]**

16    110.    Plaintiff incorporates paragraphs 1-109 as if fully set forth.

17    111.    Plaintiff brings this action against Cherne for failure to prevent harassment

18  pursuant to Gov't Code § 12940, subd.(k), and alleges that Cherne failed to prevent harassment

19  based on sex/gender.

20    112.    Plaintiff alleges that Cherne was Plaintiff's employer under FEHA, pursuant to

21  the integrated employer test.

22    113.    Plaintiff alleges that she was subjected to harassing conduct and discrimination

23  because she is a woman.

24    114.    Plaintiff alleges that Cherne failed to take reasonable steps to prevent the

25  harassment.

26    115.    Plaintiff alleges that she was harmed as a result of the harassment.

27    116.    Plaintiff alleges that Cherne's failure to take reasonable steps to prevent

28  harassment was a substantial factor in causing Plaintiff's harm.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

17

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    117.    As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff

2    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

3    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

4    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

5    Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

6    pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

7    Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

8    interest.

9    118.    Cherne committed the acts described in this complaint oppressively,

10    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

11    Cherne in an amount appropriate to punish and make an example of Cherne.

### EIGHTH CAUSE OF ACTION

### [BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

### AND FAIR DEALING]

15    119.    Plaintiff incorporates paragraphs 1-118 as if fully set forth.

16    120.    Plaintiff brings this action against Berkel for Breach of the Implied Covenant of

17    Good Faith and Fair Dealing which provides that that neither party will do anything that will

18    injure the right of the other to receive the benefits of the agreement.

19    121.    Plaintiff alleges that pursuant to the Master Labor Agreement between

20    Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters,

21    Bridge, Wharf and Dock Builders Local Union #34, Berkel had a prevent and correct sexual

22    harassment from occurring, and that Berkel intentionally was derelict in these duties.

23    122.    Plaintiff alleges that in engaging in the acts described hereinabove, Zuckerman

24    and Braverman-Smith intended to deceive Plaintiff.

25    123.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

26    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

27    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

28    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

18

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

2  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

3  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

4  interest.

5      124.    Berkel committed the acts described in this complaint oppressively,

6  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

7  in an amount appropriate to punish and make an example of Berkel.

## NINTH CAUSE OF ACTION

### [BRAVERMAN-SMITH: FRAUD]

10     125.    Plaintiff incorporates paragraphs 1-124 as if fully set forth.

11     126.    Plaintiff alleges that Braverman-Smith made purposeful misrepresentations, to

12  wit, she concealed or failed to disclose such facts when she was under a duty to disclose those

13  facts;

14     127.    Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff

15  were false when she made them, or made them recklessly and without regard for their truth.

16     128.    Plaintiff alleges that Braverman-Smith made misrepresentations and concealed

17  facts with the intent to defraud the plaintiff.

18     129.    Plaintiff reasonably relied on Braverman-Smith's representations to her.

19     130.    Plaintiff's reliance on the representation were a substantial factor in causing the

20  harms Plaintiff has suffered.

21     131.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,

22  Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and

23  continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to

24  Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be

25  proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other

26  relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest

27  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

28  prejudgment interest.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

19

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   132.   Braverman-Smith committed the acts described in this complaint oppressively,

2   fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

3   Braverman-Smith in an amount appropriate to punish and make an example of Braverman-

4   Smith.

### TENTH CAUSE OF ACTION

### [BRAVERMAN-SMITH:  INTENTIONAL INFLICTION OF

### EMOTIONAL DISTRESS]

8   133.   Plaintiff incorporates paragraphs 1-132 as if fully set forth.

9   134.   Plaintiff brings this action for Intentional Infliction of Emotional Distress

10   against Braverman-Smith as an individual, pursuant to Civil Code § 1714, and alleges that

11   Braverman-Smith's conduct caused her to suffer severe emotional distress.

12   135.   Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was

13   outrageous.

14   136.   Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional

15   distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional

16   distress, knowing that Plaintiff was present when the conduct occurred.

17   137.   Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in

18   causing Plaintiff's severe emotional distress.

19   138.   Plaintiff alleges that she that she suffered severe emotional distress, including

20   suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

21   not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct

22   is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be

23   proven at the time of trial.  Plaintiff claims this amount together with prejudgment interest

24   pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

25   prejudgment interest.

### ELEVENTH CAUSE OF ACTION

### [BMC:  FRAUD]

28   139.   Plaintiff incorporates paragraphs 1-138 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9466

20

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

140.    Plaintiff alleges that Braverman-Smith was acting as an agent of BMC when she made purposeful misrepresentations to Plaintiff, to wit, she concealed or failed to disclose such facts when she was under a duty to disclose those facts, and that BMC is legally liable for the acts of its agents under principles of agency law.

141.    Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff were false when she made them, or made them recklessly and without regard for their truth.

142.    Plaintiff alleges that Braverman-Smith made misrepresentations and concealed facts with the intent to defraud the plaintiff.

143.    Plaintiff reasonably relied on Braverman-Smith's representations to her.

144.    Plaintiff's reliance on the representation were a substantial factor in causing the harms Plaintiff has suffered.

145.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts, Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment interest.

146.    Braverman-Smith committed the acts described in this complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against BMC in an amount appropriate to punish and make an example of BMC.

### TWELFTH CAUSE OF ACTION

### [BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

147.    Plaintiff incorporates paragraphs 1-146 as if fully set forth.

148.    Plaintiff brings this action for Intentional Infliction of Emotional Distress against BMC pursuant to Civil Code § 1714, and alleges that BMC is legally liable for Braverman-Smith's outrageous acts under principles of agency law.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

21

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   149.   Plaintiff alleges that Braverman-Smith's conduct caused her to suffer severe
2   emotional distress.

3   150.   Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was
4   outrageous.

5   151.   Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional
6   distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional
7   distress, knowing that Plaintiff was present when the conduct occurred.

8   152.   Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in
9   causing Plaintiff's severe emotional distress.

10  153.   Plaintiff alleges that she that she suffered severe emotional distress, including
11  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is
12  not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct
13  is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be
14  proven at the time of trial.  Plaintiff claims this amount together with prejudgment interest
15  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
16  prejudgment interest.

17  ### THIRTEENTH CAUSE OF ACTION

18  ### [ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD]

19  154.   Plaintiff incorporates paragraphs 1-153 as if fully set forth.

20  155.   Plaintiff alleges that Zuckerman conspired with Braverman-Smith to commit the
21  fraudulent acts described hereinabove.

22  156.   Plaintiff alleges that Zuckerman is liable as a joint tortfeasor in Braverman-
23  Smith's fraud on Plaintiff by virtue of their conspiracy to commit fraud against Plaintiff.

24  157.   Plaintiff has suffered substantial losses in earnings and job benefits, and has
25  suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,
26  and anger, all to Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of
27  which will be proven at trial.  Plaintiff claims this amount along with attorney's fees and costs,
28  and all other relief available pursuant to law.  Plaintiff claims this amount together with

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

22

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    prejudgment interest pursuant to <u>Civil Code § 3287</u> and pursuant to any other provision of law

2    providing for prejudgment interest.

3        158.    Zuckerman committed the acts described in this complaint oppressively,

4    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

5    Zuckerman an amount appropriate to punish and make an example of Zuckerman.

6    **FOURTEENTH CAUSE OF ACTION**

7    **[ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

8        159.    Plaintiff incorporates paragraphs 1-158 as if fully set forth.

9        160.    Plaintiff brings this action for Intentional Infliction of Emotional Distress

10   against Zuckerman pursuant to Civil Code § 1714 and alleges that Zuckerman's conduct caused

11   her to suffer severe emotional distress.

12       161.    Plaintiff alleges that Zuckerman's conduct as described hereinabove was

13   outrageous.

14       162.    Plaintiff alleges that Zuckerman intended to cause Plaintiff emotional distress,

15   or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress,

16   knowing that Plaintiff was present when the conduct occurred.

17       163.    Plaintiff alleges that Zuckerman's conduct was a substantial factor in causing

18   Plaintiff's severe emotional distress.

19       164.    Plaintiff alleges that she that she suffered severe emotional distress, including

20   suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

21   not fully known at this time, and the amount of damages caused by Zuckerman's conduct is not

22   yet fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at

23   the time of trial. Plaintiff claims this amount together with prejudgment interest pursuant to

24   <u>Civil Code § 3287</u> and pursuant to any other provision of law providing for prejudgment

25   interest.

26       **WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

27       1.    for general damages according to proof;

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    2.    for special damages according to proof;

2    3.    for incidental and consequential damages according to proof;

3    4.    for punitive damages;

4    5.    for attorney fees and costs;

5    6.    for prejudgment interest on all amounts claimed;

6    7.    for a court order requiring that Defendants remove all negative performance

7    information from Plaintiff's personnel file and limit future job reference disclosures to dates of

8    employment and job title, only;

9    8.    for any other and further relief that the court considers proper.

10                              **DEMAND FOR JURY TRIAL**

11       Plaintiff hereby demands a trial by jury.

12    DATED: November 29, 2007                    LAW OFFICES OF PATRICE R. ZABELL

13

14                                      By: _Patrice Zabell_

15                                          PATRICE R. ZABELL
                                            Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

                                          24

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

## VERIFICATION

1

2    I, Winifred Gibson-Jones, declare as follows:

3    I am the complainant in the above-entitled proceeding.  I have read the foregoing

4    complaint and know the contents thereof; that the same is true of my knowledge, except as to the

5    matters which are therein stated on my information or belief and as to those matters that I believe

6    them to be true.

7    I declare under penalty of perjury under the laws of the State of California that the

8    foregoing is true and correct.

9    Dated this 27 day of November, 2007, at Walnut Creek, California.

10

11

12                                            Winifred Gibson-Jones

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company, et al.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrice Zabell, Esq. (SBN 215459)<br>Law Offices of Patrice R. Zabell<br>2700 Ygnacio Valley Road, Suite 270<br>Walnut Creek, CA 94598<br><br>TELEPHONE NO.: 925-932-9455    FAX NO.: 925-932-9468<br>ATTORNEY FOR (Name): Plaintiff, Winifred Gibson-Jones | FILED<br><br>2007 NOV 29 P 12: 48<br><br>K ....<br>COURT ....<br>BY<br>C. ....., Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount<br>demanded<br>exceeds $25,000) | (Amount<br>demanded is<br>$25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER<br>C 07 - 02611<br>JUDGE:<br>DEPT: |
|---|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify): Fourteen

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 29, 2007

Patrice Zabell, Esq. (SBN 215459)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |



www.berkelandcompany.com

AUGER PRESSURE GROUTED PILING I DISPLACEMENT PILING I DRIVEN PILING I PRESSURE GROUTING I SHEETING & SHORING I MICRO PILING

Reply To: Regional Office
Berkel & Company Contractors, Inc.
855 Folsom Street, Suite 703
San Francisco, CA 94107
(415) 495-3627 • (415) 495-2746 fax

Winifred Gibson-Jones                                                November 7, 2006
381 Arthur Rd. #2C
Martinez, CA  94553

Dear Ms. Gibson-Jones:

This is to advise you that I reviewed your complaint of harassment by Mr. Greg Scher and also reviewed the preliminary investigation prepared by Chrene Contracting Corporation (a copy of which is attached).

Although the investigation by Chrene was inclusive, based on my review of this information, and Berkel and Company Contractors, Inc. policies prohibiting harassment based on sex (a copy of which is available for your review should you so request), I concluded that Mr. Scher's behavior towards you was unacceptable and not in compliance with Berkel's anti-harassment policies and that corrective action was necessary. I can inform you of the following:

1.    Mr. Scher is no longer employed with Berkel and will not in the future be employed with the company.
2.    Berkel intends to conduct anti-harassment training for all supervisory personnel at its Martinez project site as soon as staffing increases, which is expected to be in February 2007.

The company regrets the difficulties you experienced and has decided to pay you full salary for your employment with Berkel as a pile drive at the Tosoro Martinez project site through October 27, 2006. Please note that the project is rapidly concluding and numerous employees, including other pile drivers, have been laid-off over the last few weeks.

Please be assured that Berkel maintains a no retaliation policy (a copy of which is available for your review should you so request). In no manner does or will your complaint of harassment impact your eligibility to again work for Berkel. In fact, we invite you to come back and work for Berkel as staffing again increases and will consider you for employment as soon as you let us know of your interest.

Please do not hesitate to contact me, or your Union representative, if we can be of any additional assistance to you or should you have questions.

Sincerely,

Brian Zuckerman
Assistant West Coast Regional Manager
Berkel and Company Contractors, Inc.

P.S.:    I have transmitted your request for a lump sum payment to corporate and will let you know this Thursday if it has been approved.

cc:      Pat Karinen, NCCRC Senior Field Rep.

2649 S. 142nd Street, P.O. Box 335 • Bonner Springs, Kansas 66012 - (913) 422-5125 - (913) 441-0402 fax - Email: info@berkelapg.com

KANSAS CITY - ATLANTA - BALTIMORE - CHICAGO - HOUSTON - LOUISVILLE - ORLANDO - SAN FRANCISCO - WASHINGTON DC
"An Equal Opportunity Employer"