Dec 27 2007 12:23PM   HP LASERJET FAX        4153811177        P.2

1 | MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2 | **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3 | San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4 | Facsimile:  [415] 391-1177

5 | Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC. and
6 | **BRIAN ZUCKERMAN**

7

8 |                IN THE UNITED STATES DISTRICT COURT
9 |                           FOR THE
                 NORTHERN DISTRICT OF CALIFORNIA
10 |                          OAKLAND

11

12 | WINIFRED L. GIBSON-JONES,                    ) State Case No: **C 0 7 – 0 2 6 1 1**
                                                  )
13 |           Plaintiff,                          ) Federal Case No.: **C V  0 7 - 6 4 4 0  WDB**
                                                  )
14 | vs.                                           )
                                                  ) **DEFENDANTS BERKEL & COMPANY**
15 | BERKEL & COMPANY CONTRACTORS,                 ) **AND BRIAN ZUCKERMAN'S NOTICE**
   INC., a foreign corporation; CHERNE            ) **TO ADVERSE PARTY OF REMOVAL**
16 | CONSTRUCTION COMPANY, a foreign               ) **TO FEDERAL COURT**
   corporation; JESSICA BRAVERMAN-                )
17 | SMITH, an individual; BRAVERMAN               )
   MEDIATION AND CONSULTING, a                    )
18 | California business entity; BRIAN             )
   ZUCKERMAN, an individual; GREGORY A. )
19 | SCHER, AKA WINGNUT SCHER, an                  )
   individual, and DOES 1-50, inclusive,          )
20 |                                               )
              Defendants.                          )
21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV076440WDB]– BERKEL & ZUCKERMAN'S**
**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

*ORIGINAL FILED*

*DEC 2 7 2007*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

BY FAX

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile: [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC. and
6  BRIAN ZUCKERMAN

7

8              SUPERIOR COURT OF CALIFORNIA

9         IN AND FOR THE COUNTY OF CONTRA COSTA

10

11

12  WINIFRED L. GIBSON-JONES,          )  State Case No: **C 0 7 – 0 2 6 1 1**
                                        )
13              Plaintiff,              )  Federal Case No.: **C V  0 7 - 6 4 4 0  WDB**
                                        )
14  vs.                                 )
                                        )  **DEFENDANTS BERKEL & COMPANY**
15  BERKEL & COMPANY CONTRACTORS,       )  **AND BRIAN ZUCKERMAN'S NOTICE**
    INC., a foreign corporation; CHERNE )  **TO ADVERSE PARTY OF REMOVAL**
16  CONSTRUCTION COMPANY, a foreign     )  **TO FEDERAL COURT**
    corporation; JESSICA BRAVERMAN-     )
17  SMITH, an individual; BRAVERMAN     )
    MEDIATION AND CONSULTING, a         )
18  California business entity; BRIAN    )
    ZUCKERMAN, an individual; GREGORY A. )
19  SCHER, AKA WINGNUT SCHER, an        )
    individual, and DOES 1-50, inclusive, )
20                                       )
                Defendants.             )
21  _____ )

22

23

24

25

26

27

28

FILED
DEC 2 1 2007
K. THRRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA – WALNUT CREEK
by _____, Deputy Clerk

D. WEBER

BY FAX

10446582.tif - 12/21/2007 1:38:24 PM

1  **TO PLAINTIFF WINNIFRED GIBSON-JONES AND HER ATTORNEYS OF**
2  **RECORD:**

3      PLEASE TAKE NOTICE that the Notice of Removal of Action to Federal Court of
4  Defendant Berkel & Company and Brian Zuckerman was filed in the United States District
5  Court for the Northern District of California [San Francisco Division] on December 21, 2007
6  under federal case no. CV-076440 WDB.

7      A copy of the Notice of Removal is attached to this Notice as **Exhibit A** and is served
8  and filed with this Notice.

9

10  DATED:  December 21, 2007                **VARTAIN LAW GROUP**

11
                                    BY:
12                                          MICHAEL J. VARTAIN
                                          LINDA K. ADLER
13                                          Attorneys for Defendants
                                          BERKEL & COMPANY CONTRACTORS, INC.
14                                          and BRIAN ZUCKERMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [CCS # C 07-02611/USDC #CV076440WDB]– BERKEL &**
**ZUCKERMAN'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\NoticeAdverseParty.ple.doc                                    - 1 -

# Exhibit A

1    MICHAEL J. VARTAIN [SBN 92366]
     LINDA K. ADLER [SBN 199809]
2    **VARTAIN LAW GROUP**
     601 Montgomery Street, Suite 540
3    San Francisco, CA 94111-2608
     Telephone: [415] 391-1155
4    Facsimile: [415] 391-1177
     linda@vartainlaw.com
5
     Attorneys for Defendants
6    BERKEL & COMPANY CONTRACTORS, INC. and
     BRIAN ZUCKERMAN
7

8              IN THE UNITED STATES DISTRICT COURT
                             FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO
10

11                                              Case No.:    6440
12   WINIFRED L. GIBSON-JONES,               )
13             Plaintiff,                     )
                                             )
14   v.                                      )   **DEFENDANTS BERKEL & COMPANY**
                                             )   **CONTRACTORS, INC. AND BRIAN**
15   BERKEL & COMPANY CONTRACTORS,           )   **ZUCKERMAN'S NOTICE OF REMOVAL**
     INC., a foreign corporation; CHERNE     )   **TO FEDERAL COURT UNDER 28 U.S.C.**
16   CONSTRUCTION COMPANY, a foreign         )   **§1441(b)**
     corporation; JESSICA BRAVERMAN-         )   **(FEDERAL QUESTION AND/OR**
17   SMITH, an individual; BRAVERMAN         )   **DIVERSITY OF CITIZENSHIP)**
     MEDIATION AND CONSULTING, a             )
18   California business entity; BRIAN       )
     ZUCKERMAN, an individual; GREGORY A.    )
19   SCHER, AKA WINGNUT SCHER, an            )
     individual, and DOES 1-50, inclusive,   )
20                                           )
               Defendants.                   )
21   _____)

22

23

24

25

26

27

28
     _____
     **GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S**
                       **NOTICE OF REMOVAL TO FEDERAL COURT**
     S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\NoticeofRemoval.pie doc

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**
2  **DISTRICT OF CALIFORNIA (SAN FRANCISCO):**

3     PLEASE TAKE NOTICE that Defendants Berkel Company & Construction, Inc.
4  ("Berkel") and Brian Zuckerman ("Zuckerman"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441,
5  and 1446, file this Notice of Removal of Action to federal court, in order to remove Case
6  No. C07-02611 from the Superior Court in and for the City and County of Contra Costa,
7  California, to the United States District Court, Northern District of California (San Francisco),
8  and states as follows:

9     1.     On November 29, 2007, an action was commenced in the Superior Court of the
10  State of California in and for the County of Contra Costa, entitled, <u>Winifred Gibson-Jones,</u>
11  <u>Plaintiff, vs. Berkel & Company Construction, Inc., et al., Defendants</u>, as case number
12  C07-02611 ("Complaint"). A true and correct copy of the verified Complaint as obtained from
13  the Superior Court of Contra Costa County by the undersigned attorney within the last 30 days
14  is attached hereto as **Exhibit A**.   Berkel and Zuckerman have not yet been served with the
15  Summons and Complaint, nor, as far as the undersigned attorney is aware based on diligent
16  inquiry, have any of the other defendants been served.  **Exhibit A** constitutes all process,
17  pleadings, and orders on file in this action at Contra Costa County Superior Court.

18                              **Federal Question Jurisdiction**

19     2.     This Court has original jurisdiction over the above-described action, and/or
20  cause(s) of action contained therein, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446 for
21  claims contained in the Complaint arising under the federal Labor Management Relations Act
22  §301, 29 U.S.C. §185(a), and this Court has supplemental jurisdiction over all other claims, in
23  that:

24         a.     Plaintiff's eighth cause of action for breach of the implied covenant of
25  good faith and fair dealing is based on the collective bargaining agreement governing the
26  employment relationship between Plaintiff and Berkel.  Plaintiff's eighth cause of action for
27  \\
28  \\

1   breach of the implied covenant of good faith and fair dealing incorporates Paragraph 12 of the

2   Complaint, which states:

3            "Plaintiff was employed by Berkel pursuant to a Master Labor
             Agreement between Associated General Contractors of California,
4            Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock
             Builders Local Union #34.  On information and belief, Plaintiff
5            alleges that Berkel has contractual duties to Plaintiff under the
             Master Labor Agreement."
6            Complaint, Paragraph 12, lines 19-23.

7   In addition, Plaintiff's eighth cause of action alleges:

8            "Plaintiff alleges that pursuant to the Master Labor Agreement
             between Associated General Contractors of California, Inc., and
9            Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders
             Local Union #34, Berkel had [sic] a prevent and correct sexual
10           harassment from occurring, and that Berkel intentionally was
             derelict in these duties."
11           Complaint, Paragraph 121, lines 19-22.

12  The resolution of the eighth cause of action necessarily depends on the specifically pled

13  collective bargaining agreement, thus the action is preempted under the Labor Management

14  Relations Act §301, 29 U.S.C. §185(a).  Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993,

15  997-998 (9th Cir. 1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-211 (1985).

16  Therefore, as a matter of law, Plaintiff's claim for breach of the implied covenant of fair dealing

17  arises under federal law, and original jurisdiction over said claim lies in the United States

18  District Court.

19           b.      This Court has supplemental jurisdiction over the remainder of the claims

20  in this action because they are based on the same operative facts and arise from the same case or

21  controversy as those of the eighth cause of action.

22                              **Diversity Jurisdiction**

23       3.      This action is a civil action of which this Court has original jurisdiction under 28

24  U.S.C. §1332, and is one which may be removed to this Court by Berkel and Zuckerman

25  pursuant to the provisions of 28 U.S.C. §1441(b) in that: 1) it is a civil action between citizens

26  of different states, except as to certain "sham" defendants against whom Plaintiff has no

27  possibility of establishing liability; and 2) the matter in controversy exceeds the sum of $75,000,

28  exclusive of interest and costs.

1        4.     Berkel and Zuckerman are informed and believe that Plaintiff was, at the time if

2 the filing of this action, and still is, a citizen of the State of California.

3        5.     Berkel was, at the time of the filing of this action, and still is, a citizen of Kansas.

4 Berkel was incorporated in and has its place of primary business in the State of Kansas.

5        6.     Berkel and Zuckerman are informed and believe that Cherne Construction

6 Company ("Cherne") was, at the time of the filing of this action, and still is, a citizen of

7 Michigan. Cherne was incorporated in and has its primary place of business in the State of

8 Michigan.

9        7.     Berkel and Zukerman are informed and believe that Defendant Gregory A. Scher

10 ("Scher") was, at the time of the filing of this action, and still is, a citizen of Missouri.

11        8.     The Complaint also names as defendants Jessica Braverman-Smith

12 ("Braverman"), Braverman Mediation and Consulting ("BMC") and Zuckerman, each of whom

13 is a citizen of the same state as plaintiff. The citizenship of said defendants should be

14 disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C.

15 §1441(b) on the ground that there is no possibility that Plaintiff will be able to establish liability

16 against said defendants: the claims asserted against these defendants do not exist, as a matter of

17 law, on the facts pled, and will be the subject of a motion to dismiss under Federal Rule of Civil

18 Procedure §12(b). Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001);

19 McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

20        a.     Zuckerman: Plaintiff cannot state a cause of action against Zuckerman for

21 conspiracy to commit fraud and fraud or for intention infliction of emotional distress because

22 under California law, there is no tort recovery against a manager of plaintiff's employer for

23 management or personnel decisions. Sheppard v. Freeman, 67 Cal.App.4th 339, 349 (1998);

24 With regard to plaintiff's intentional infliction of emotional distress claim, the element of

25 outrageous conduct cannot be satisfied by allegations of an unfavorable or even a bad

26 management decision. Cole v. Fair Oaks Fire Protection District, 43 Cal.3d 148, 159-161

27 (1987). As for the conspiracy to commit fraud claim, Braverman was an agent of Berkel, and as

28 a matter of law, a company cannot be found to have conspired with its own agent. In addition,

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S
NOTICE OF REMOVAL TO FEDERAL COURT**

1  as a matter of law, Zuckerman could not have committed fraud with respect to an event—

2  plaintiff's alleged harassment—that had already taken place.

3          b.      Braverman and BMC: Plaintiff cannot establish liability against

4  Braverman because under CA law, an aider and abettor is someone who took part in the

5  harassment, not someone who investigated the alleged harassment.  Braverman did not

6  participate in the alleged harassment: she was merely retained to investigate plaintiff's

7  allegations, and as a result of her investigations, the alleged harasser was discharged. A true and

8  correct copy of Berkel's letter to Plaintiff informing her of Scher's termination is attached as

9  **Exhibit B**. Braverman could not have committed fraud with respect to an event—plaintiff's

10  alleged harassment—that had already taken place.  In addition, as a matter of law, there is no

11  tort recovery against an agent of plaintiff's employer for personnel decisions.  BMC is named

12  only because it is the company Braverman works for, and plaintiff has no stronger claim against

13  it than Braverman.

14          9.      Amount in Controversy:

15          a.      The aggregation of a plaintiff's claims against a defendant can satisfy the

16  jurisdictional minimum in diversity cases.  The Complaint alleges three separate causes of

17  action against Berkel, each in excess of $25,000; therefore, the aggregate of Plaintiff's claims

18  against Berkel as stated in the Complaint arguably exceeds $75,000. Since Plaintiff's claims

19  against Berkel satisfy the $75,000 threshold, the Court may exercise supplemental jurisdiction

20  over Plaintiff's claims against the other defendants in lesser amounts because all of Plaintiff's

21  claims arise out of the same case or controversy. 28 U.S.C. §1367(a).

22          b.      The amount in controversy is even higher than the above-stated amounts

23  as to Berkel in that Plaintiff also seeks punitive damages from each named defendant.

24          c.      In addition, because the Complaint also seeks attorneys' fees, which are

25  mandated under Plaintiff's Fair Employment and Housing Act (Cal. Gov't Code § 12900 et

26  seq.), claims, the fee claim must be included in determining the amount in controversy. Galt

27  G/S v. JSS Scandinavia,142 F.3d 1150, 1155-1156 (9th Cir. 1998). Berkel has already incurred

28  $23,875 (115 hours at average of $208/hr.) pre-litigation legal fees over the past ten months, and

GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S
NOTICE OF REMOVAL TO FEDERAL COURT

-4-

1    it is reasonable to believe that Plaintiff's counsel has invested a similar amount of time in this

2    matter thus far. To go forward with this matter would more likely than not involve an

3    investment of more than twice as many hours, and could easily result in at least $50,000 in fees.

4           D .    It is facially apparent from Plaintiff's claims for general damages, special

5    damages, incidental and consequential damages, punitive damages and attorneys' fees that the

6    amount in controversy exceeds $75,000.

7    10.    Time: This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b) in that

8    the Notice has been filed within thirty days of both the filing of the Complaint and Berkel and

9    Zuckerman's first receipt of the Complaint. Berkel and Zuckerman will give notice to Plaintiff

10   and her attorney of the filing of this Notice and will file notice with the Clerk of the Superior

11   Court of the County of Contra Costa, California, pursuant to 28 U.S.C. § 1446(d).

12   11.    Joinder: The removing defendants, Berkel and Zuckerman, neither of whom

13   have been served, consent to removal of the subject state court action to federal court as

14   reflected by the undersigned's signature on this notice. Joinders of Defendants Scher, Cherne,

15   Braverman and BMC have not been obtained. Berkel and Zuckerman have been unable to

16   contact Scher because his whereabouts have been unknown since Berkel discharged him on or

17   about October 2006, shortly after Braverman's investigation of Plaintiff's complaint of

18   harassment. Berkel and Zuckerman have been unsuccessful in their diligent attempts to

19   ascertain whether Cherne has been served. Regardless, the joinder of Scher, Cherne, Braverman

20   and BMC is not required on the following grounds:

21          a.     Braverman and BMC have not been served as of the date of the filing of

22   this Notice of Removal. Based on diligent inquiries and a review of Contra Costa County

23   Superior Court's register of action for this matter, which indicates that no proof of service has

24   been filed, Berkel and Zuckerman have been unable to confirm facts other than that no

25   defendant, including Scher and Cherne, has been served with a copy of the Summons and

26   Complaint.

27          b.     Defendants Braverman and BMC, for the same reasons articulated in

28   Paragraph 8 above, are "sham" defendants who have been named solely to prevent removal.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S NOTICE OF REMOVAL TO FEDERAL COURT**

1           c.     The basis for removal is the claim against Berkel for breach of the

2  implied covenant of good faith and fair dealing, which is "separate and independent" from the

3  claims against the other defendants, and as a result, their joinder is not required. 28 U.S.C.

4  1441(c).

5           d.     Defendants designated as Does 1 through 50, inclusive, are fictitious

6  defendants and are not parties to the action, and are therefore not required to file a joinder in the

7  Notice of Removal. Fristoe v. Reynolds Metal Company, 615 F.2d 1209, 1213 (9th Cir. 1980).

8

9  DATED:  December 21, 2007            **VARTAIN LAW GROUP**

10

11

12                              BY:

                                 MICHAEL J. VARTAIN

13                               LINDA K. ADLER

                               Attorneys for Defendants

14                               BERKEL COMPANY &

                               CONSTRUCTION, INC. and BRIAN

15                               ZUCKERMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

GIBSON-JONES VS BERKEL & CO

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02611

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  04/17/08       DEPT:  02       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  11/29/07          _____
                          CATHRYN GREEN, Deputy Clerk

# SUMMONS

**SUM-100**

## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



FILED

2007 NOV 29 P 12: 49

K. TORRE
COUNTY OF CONTRA COSTA, CALIF.
BY:
C. Green, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation;
CHERNE CONSTRUCTION COMPANY, a foreign corporation;
JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN
MEDIATION AND CONSULTING, a California business entity; BRIAN
ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT
SCHER, an individual, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WINIFRED L. GIBSON-JONES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>725 Court Street<br>P.O. Box 911<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>**C 07 - 02611** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrice R. Zabell, Esq.          925-932-9455
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, CA 94598

CLERK OF THE
SUPERIOR COURT

DATE: **NOV 29 2007**          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form PQS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  PATRICE R. ZABELL, SBN# 215459
2  LAW OFFICES OF PATRICE R. ZABELL
   2700 Ygnacio Valley Road, Suite 270
3  Walnut Creek, California 94598-3463
   Telephone:    (925) 932-9455
4  Facsimile:    (925) 932-9468

5  Attorney for Plaintiff
   WINIFRED L. GIBSON-JONES

FILED

2007 NOV 29 P 12: 49

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: _____ C. Creek, Deputy Clerk

6

7

8

9                       SUPERIOR COURT OF CALIFORNIA

10              IN AND FOR THE COUNTY OF CONTRA COSTA

11  WINIFRED L. GIBSON-JONES,            Case No.  **C  07 - 02611**

12        Plaintiff,

13                                       **VERIFIED COMPLAINT**

    v.
14                                       1.  **SCHER – SEXUAL HARASSMENT –**
15  BERKEL & COMPANY                         **GOV'T CODE § 12940 ET SEQ.**
    CONTRACTORS, INC., a foreign
16  corporation; CHERNE CONSTRUCTION
    COMPANY, a foreign corporation;     2.  **SCHER: INTENTIONAL INFLICTION**
    JESSICA BRAVERMAN-SMITH, an             **OF EMOTIONAL DISTRESS – CIVIL**
17  individual; BRAVERMAN MEDIATION         **CODE § 1714**
    AND CONSULTING, a California
18  business entity; BRIAN ZUCKERMAN, an 3.  **BERKEL: SEXUAL HARASSMENT –**
    individual; GREGORY A. SCHER, AKA       **GOV'T CODE § 12940 ET SEQ.**
19  WINGNUT SCHER, an individual, and
    DOES 1-50, inclusive,
20                                       4.  **BERKEL:  FAILURE TO TAKE ALL**
          Defendants.                        **REASONABLE STEPS NECESSARY**
21                                           **TO PREVENT DISCRIMINATION**
22                                           **AND HARASSMENT FROM**
                                             **OCCURRING – GOV'T CODE §§**
23                                           **12940, 12950 ET SEQ.**

24                                       5.  **BRAVERMAN-SMITH:  AIDING AND**
25                                           **ABETTING HARASSMENT – GOV'T**
                                             **CODE § 12940(j)(1), (i)**
26
                                         6.  **CHERNE: SEXUAL HARASSMENT –**
27                                           **GOV'T CODE § 12940 ET SEQ.**

28
                        PER LOCAL RULE 5 THIS
                        CASE IS ASSIGNED TO      (Cont'd on next page)       SUMMONS ISSUED
LAW OFFICES OF          DEPT _____
PATRICE R. ZABELL
2700 Ygnacio Valley Road                              1
    Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455     **VERIFIED COMPLAINT**
FAX: (925) 932-9468     *Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

7.    **CHERNE: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING – GOV'T CODE §§ 12940, 12950 ET SEQ.**

8.    **BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

9.    **BRAVERMAN-SMITH: FRAUD**

10.   **BRAVERMAN-SMITH: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

11.   **BMC: FRAUD**

12.   **BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13.   **ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD**

14.   **ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, Winifred L. Gibson-Jones, alleges as follows:

## JURISDICTION

1.    Plaintiff, Winifred L. Gibson-Jones, (hereinafter, "Plaintiff") is, and at all times mentioned in this complaint was, a person domiciled in the State of California.

2.    Defendant, Berkel & Company Contractors, Inc., (hereinafter, "Berkel") is, and at all times mentioned in this complaint was, a foreign corporation doing business in California.

3.    Defendant, Cherne Contracting Corporation, (hereinafter, "Cherne"), is and at all times mentioned in this complaint was, a foreign corporation doing business in California.

4.    Defendant, Jessica Braverman-Smith, HR Consultant, (hereinafter, "Braverman-Smith"), is and at all times mentioned in this complaint was, a person doing business in California.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1       5.    Defendant, Braverman Mediation and Consulting, (hereinafter, "BMC"), is a

2   business entity doing business in the state of California. Plaintiff does not know BMC's legal

3   capacity, and will amend her Complaint when she has ascertained it.

4       6.    Defendant, Brian Zuckerman, (hereinafter, "Zuckerman"), is, and at all times

5   mentioned in this complaint was, a person doing business in California.

6       7.    Gregory A. Scher, aka Wingnut, (hereinafter, "Wingnut" or "Scher"), is and at

7   all times mentioned in this complaint was, an individual domiciled in the state of Missouri.

8       8.    At this time, Plaintiff does not know the true names of Defendants Does 1

9   through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed

10  and believes that DOE Defendants are agents of named Defendants, acting in the course and

11  scope of their employment.

12                    **FACTS COMMON TO ALL CAUSES OF ACTION**

13      9.    Plaintiff is a woman.

14      10.    Plaintiff is approximately 5'1" tall.

15      11.    At the time of the incidents alleged herein, Plaintiff was employed by Berkel as

16  an apprentice Pile Driver, earning $ 27.50 per hour plus benefits valued at approximately

17  $18.65 per hour. Plaintiff is a member of Pile Drivers, Divers, Carpenters, Bridge, Wharf and

18  Dock Builders Local Union #34.

19      12.    Plaintiff was employed by Berkel pursuant to a Master Labor Agreement

20  between Associated General Contractors of California, Inc., and Pile Drivers, Divers,

21  Carpenters, Bridge, Wharf and Dock Builders Local Union #34. On information and belief,

22  Plaintiff alleges that Berkel has contractual duties to Plaintiff under the Master Labor

23  Agreement. Plaintiff intends to amend her Verified Complaint when she has ascertained the

24  precise legal relationship.

25      13.    Berkel was performing construction work as a subcontractor at the Tesoro

26  Refinery pursuant to a contract it had with Cherne Contracting Corporation, which was the

27  general contractor on the job.

28      14.    At all times relevant herein, Berkel was Plaintiff's employer within the meaning

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9466

3

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  of the California Fair Employment and Housing Act, Gov't Code § 12900 et seq., (hereinafter,

2  "FEHA").

3       15.    At all times relevant herein, Cherne was Plaintiff's employer within the

4  meaning of FEHA under the integrated employer test. Berkel was Cherne's subcontractor on

5  the Tesoro project; employees of both Cherne and Berkel worked side-by-side at the jobsite,

6  and Cherne managed certain areas of Berkel's business operations, including, for example,

7  safety training.

8       16.    At all times relevant herein, Braverman-Smith was acting as an agent of

9  Cherne.

10       17.    At all times relevant herein, Braverman-Smith was acting as an agent of Berkel.

11       18.    On information and belief, Plaintiff alleges that Braverman-Smith was acting as

12  an agent of BMC.

13       19.    On information and belief, Plaintiff alleges that Braverman-Smith is a

14  managing agent of BMC.

15       20.    At all times relevant herein, Zuckerman was a managing agent of Berkel.

16       21.    Wingnut is a man.

17       22.    Wingnut is approximately 6'5" tall, and weighs approximately 240 lbs.

18       23.    At all times relevant herein, Wingnut was an employee of Berkel, who

19  performed the job of crane operator.

20       24.    At all times relevant herein, Wingnut was Plaintiff's co-worker.

21       25.    Wingnut is domiciled in St. Louis, Missouri, and is a licensed crane operator.

22       26.    Berkel's practice is to have core crews of regular employees who travel

23  interstate to jobsites, where Berkel supplements the core crew with workers local to the

24  jobsite. Berkel pays travel expenses for the employees on its core crew, and compensates the

25  employees on its core crew differently than the local workers, in that they are eligible for

26  bonuses. Wingnut was a core crew member whom Berkel had flown from St. Louis to the Bay

27  Area, and who was housed in a local hotel at Berkel's expense.

28       27.    Plaintiff began working for Berkel at its Tesoro Refinery jobsite in Martinez,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

4

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   California, on September 13, 2006. During the course of Plaintiff's employment, Wingnut

2   routinely engaged in a continuing pattern of conduct which included uttering sexual and ethnic

3   vulgarities and epithets, (hereinafter, Wingnut's "outrageous rants").

4       28.     Managers of Berkel were well aware of Wingnut's outrageous rants throughout

5   Plaintiff's employment with Berkel.

6       29.     Managers of Cherne were well aware of Wingnut's outrageous rants throughout

7   Plaintiff's employment with Berkel.

8       30.     Berkel routinely shuttled its employees by van from the parking lot at the

9   Tesoro Refinery to the jobsite itself. Plaintiff and Wingnut were shuttled together in the van

10  on a routine basis, during which Wingnut engaged in his outrageous rants in the presence of

11  Berkel managers who were driving the van.

12      31.     Berkel and Cherne employees shared common lunch and break areas at the

13  Tesoro jobsite. Plaintiff and Wingnut frequently crossed paths at the lunch tent and in the

14  smoking area, during which times Wingnut engaged in his outrageous rants in the presence of

15  Berkel and Cherne managers.

16      32.     Wingnut's outrageous rants were unwelcome to Plaintiff. Plaintiff was

17  offended by Wingnut's outrageous rants.

18      33.     Plaintiff alleges that Berkel managers acquiesced, ratified, and authorized

19  Wingnut's outrageous rants.

20      34.     Plaintiff alleges that Cherne managers acquiesced, ratified, and authorized

21  Wingnut's outrageous rants.

22      35.     Plaintiff is a mature, intelligent, and articulate woman, who generally works on

23  heavy construction sites with otherwise all-male crews. As a result, Plaintiff has become

24  somewhat inured to rough language in her work environment, and although she sometimes

25  was offended, her practice was to stay focused on the job and to ignore the offensive

26  comments to the best of her ability. Plaintiff did so in part because she wanted to be accepted

27  as an equal among her male co-workers despite the fact that she is a woman, and in other part

28  because she wanted to demonstrate to her then-employer that she was a productive team

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9452

5

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    player.   It was with this attitude that Plaintiff approached her employment at the Tesoro
2    jobsite.

3          36.    Some time during the second week on the job, Plaintiff and Wingnut were in
4    the designated smoking area at the Tesoro jobsite, at which time Wingnut stated to her, "nice
5    tits."   Wingnut's statement to her, "nice tits," was different from all previous offensive
6    comments that she had endured because Wingnut addressed Plaintiff directly in what she
7    perceived to be an assertive, mean-spirited manner.

8          37.    Plaintiff alleges that Steve Paine, (hereinafter, "Paine"), Berkel's Superintendent
9    at the Tesoro Refiner jobsite, heard Wingnut say, "nice tits" to Plaintiff, but that Paine was
10   unresponsive.  As a result, Plaintiff inferred that Wingnut's conduct was acceptable in Berkel's
11   work environment.

12         38.    Plaintiff was personally offended; moreover, Plaintiff worried that Wingnut,
13   who towered over her, was going to sexually harass her on a routine basis.  However, in part
14   because it was merely her second week on the job and thus she believed that she had not yet
15   gained her new employer's confidence that she would be a productive team player, Plaintiff
16   was reluctant to take any action.  Moreover, because Paine had heard Wingnut's comment to
17   her but did not take any action, Plaintiff was fearful that Paine would consider her a
18   troublemaker if she complained.  Consequently, Plaintiff resolved to resort to self-help; to wit,
19   Plaintiff decided to stay away from Wingnut as much as possible, and to ignore his comments
20   when their paths crossed.  Plaintiff continued to worry that sooner or later Wingnut would
21   continue to harass her; nevertheless, Plaintiff hoped for the best and remained resolved to
22   focus on her livelihood.

23         39.    Plaintiff is a chain-smoker, and strict safety rules at the Tesoro refinery
24   prohibited smoking anywhere on the jobsite other than secure areas explicitly designated for
25   smokers.  Wingnut also is a smoker, so there were many times when Plaintiff and Wingnut
26   were both in the smoking area at the same time.  It was in the smoking area, in the presence of
27   other Berkel and Cherne employees, including Joe Jensen, (hereinafter, "Jensen"), Plaintiff's
28   foreman, that the further incidents giving rise to this action largely occurred.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9466

6

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

40.    After approximately three weeks after Plaintiff first started on the job, Plaintiff was on a break in the smoking area along with Jensen, her foreman, and several other employees, including Wingnut. Plaintiff alleges that Wingnut subjected her to a vicious visual and verbal attack, to wit, Wingnut thrust his hips in a sexually suggestive manner while gesticulating that he held Plaintiff's head in his hands, and stated to Plaintiff,

> If you were my wife, I would give it to you until you had stretch marks around your mouth.  But don't worry, I would respect you on your period; I would turn you over and fuck you in your ass.

Several of the men who were present laughed at Wingnut's vicious visual and verbal sexual attack on Plaintiff, including Jensen.

41.    Plaintiff alleges that Wingnut psychologically raped Plaintiff, to wit, he intended to force into Plaintiff's mind visualizations of him performing those demeaning and controlling sexual acts; moreover, Plaintiff alleges that he succeeded.  As a result of Wingnut's vicious visual and verbal sexual attack, Plaintiff was in emotional shock.  Plaintiff continues to have mental visualizations of Wingnut performing those demeaning and controlling sexual acts upon her; and Plaintiff cannot get them out of her mind.  As a result, Plaintiff suffers from ongoing severe emotional distress related to those disgusting unwanted mental visualizations.  Furthermore, Plaintiff was deeply humiliated because all of the men in the smoking area - her co-workers and her foreman - heard Wingnut's vicious attack.  Plaintiff alleges that Wingnut intended to humiliate Plaintiff before her male co-workers, and that his acts were motivated by a perverse desire to entertain them at her expense.

42.    Although Plaintiff was emotionally distraught as a result of having been psychologically raped by Wingnut in the presence of her foreman and male co-workers, she still was afraid that if she lodged a complaint she would experience retaliation, especially since her foreman and many of her co-workers laughed at Wingnut's vicious attack.  Plaintiff was afraid for her own safety.

43.    Plaintiff reported the incident to Paine, who told Plaintiff that he would talk to Wingnut.  However, because Plaintiff was afraid of retaliation from Wingnut and others, she told Paine that she believed she could handle the matter on her own.  On information and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

7

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    belief, Plaintiff alleges that Paine took no action to further investigate the facts or to take

2    corrective action.

3         44.    On October 16, 2006, Plaintiff and Wingnut were once again in the smoking

4    area at the same time. Also present were several other Berkel employees. Wingnut launched

5    into yet another outrageous rant, this time uttering ethnic vulgarities against Filipinos, the

6    disabled, Arabs, Jews, and women. Plaintiff has a daughter who is half-Filipino, so for her,

7    Wingnut's rant about Filipinos was a mean-spirited, hateful attack on her child. For Plaintiff,

8    it was the final straw, and she turned to leave the area. As she turned to leave Wingnut stated,

9    "where are *you* going?" Plaintiff broke down emotionally and told Wingnut that her daughter

10   is half-Filipino, and that she was not going to take it anymore. In response, Wingnut stated to

11   Plaintiff, "you need to develop a thicker skin."

12        45.    As a result of all of Wingnut's outrageous rants and Berkel's and Cherne's

13   apparent acquiescence in and ratification of Wingnut's conduct, Plaintiff was emotionally

14   distraught, to wit, Plaintiff was weeping copiously and could not think straight. She

15   immediately told Jerry Groce, (hereinafter, "Groce"), Berkel's General Superintendent on the

16   jobsite, that she was quitting and wanted her final paycheck, and the reasons therefor. Groce

17   asked Plaintiff to calm down, have a cigarette, and allow him to contact some people to

18   investigate. Plaintiff followed his direction, hopeful that at last someone in charge was going

19   to do the right thing.

20        46.    Shortly after Plaintiff's conversation with Groce, Plaintiff was approached by

21   Braverman-Smith, who introduced herself to Plaintiff as an HR Consultant whom Cherne

22   brought in because Berkel had no one on the jobsite to conduct an investigation. Braverman-

23   Smith told Plaintiff that she would be conducting an objective investigation into Plaintiff's

24   harassment complaint. Plaintiff asked Braverman-Smith for Wingnut's legal name, because

25   Plaintiff had decided to file a restraining order against him; however, Braverman-Smith told

26   Plaintiff that she did not know his legal name, but would let Plaintiff know after she

27   interviewed him. Later that same day, Braverman-Smith informed Plaintiff that Wingnut

28   would be fired. Braverman-Smith also told Plaintiff that she still did not know Wingnut's legal

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

8

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  name, but assured Plaintiff that he would be gone. Over the ensuing days, Braverman-Smith

2  attempted to ingratiate herself with Plaintiff on a woman-to-woman basis, and repeatedly

3  encouraged Plaintiff to meet with Zuckerman, whom Braverman-Smith represented was a fair

4  and decent man who would provide Plaintiff with a fair resolution of the matter. Plaintiff,

5  however, was most concerned that Braverman-Smith conduct a thorough investigation, and

6  that Berkel take appropriate corrective action. Plaintiff was in an emotionally fragile state, and

7  had relied on Braverman-Smith's representations related to her intention to conduct a thorough

8  investigation, and her assessment of Zuckerman's character. Consequently, Plaintiff continued

9  to request information from Braverman-Smith concerning the progress and outcome of the

10 investigation; however, despite repeated requests, Braverman-Smith avoided responding to

11 Plaintiff and ultimately informed Plaintiff that she had turned over all of her files to Berkel,

12 and did not retain any copies. Plaintiff alleges that Braverman-Smith intentionally deceived

13 Plaintiff, to wit, Braverman-Smith never intended to conduct an objective or thorough

14 investigation; rather, she intended to conduct an investigation calculated to minimize Cherne's

15 and Berkel's potential liability under FEHA.

16     47.    After repeated unsuccessful attempts to find out what Braverman-Smith's

17 investigation uncovered, Plaintiff met with Zuckerman. Zuckerman finally provided Plaintiff

18 with a copy of a letter from Braverman-Smith purportedly recounting the results of her

19 investigation. Plaintiff inferred from the letter that neither Berkel nor Braverman-Smith ever

20 intended to conduct an objective investigation despite their representations to her to the

21 contrary. Plaintiff further alleges that neither Zuckerman nor Braverman-Smith ever intended

22 to conduct an objective investigation despite their legal duties pursuant to Berkel's contract

23 with Plaintiff's Union. Plaintiff further alleges that Braverman-Smith and Zuckerman never

24 intended to conduct an objective investigation despite their legal duties under FEHA.

25     48.    Plaintiff's realization of Braverman-Smith's and Zuckerman's deceptions were

26 akin to an epiphany, thus causing Plaintiff further emotional distress. Plaintiff was outraged,

27 and thought to herself, "They were playing me. How dare they!" Plaintiff continues to suffer

28 severe emotional distress as a result of Braverman-Smith's and Zuckerman's outrageous

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

9

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   attempts to deceive her.

2       49.    Plaintiff filed a Workers' Compensation Claim for the emotional injuries she

3   suffered as a result of the illegal harassment. Plaintiff alleges that Paine telephoned her and

4   informed her that her Workers' Compensation Claim was denied, and that she was terminated.

5       50.    Plaintiff alleges that after she met with Braverman-Smith, Groce approached

6   her and asked her if she would just drop the matter. Moreover, Groce suggest to Plaintiff that

7   she quit.

8       51.    Plaintiff alleges that Zuckerman and Braverman-Smith conspired to deceive

9   Plaintiff by falsely representing to her that they had met all of their legal obligations to her

10  under FEHA, including a false representation that their investigation into Plaintiff's complaint

11  of illegal harassment against Wingnut was objective and complete. Plaintiff further alleges

12  that Zuckerman and Braverman-Smith conspired to deceive Plaintiff in order to make the

13  problem go away with as little disruption to the construction project as possible, and in order

14  to minimize Berkel's potential civil liability under FEHA.

15      52.    Plaintiff alleges that Zuckerman intentionally deceived Plaintiff by representing

16  falsely the corrective action that Berkel had taken with Wingnut.

17      53.    Plaintiff alleges that Wingnut engaged in sexually harassing conduct with

18  another woman who was on the jobsite, a concrete inspector from the state of California. To

19  wit, Plaintiff alleges Wingnut made offensive comments to the woman, who subsequently

20  complained; and Wingnut apologized to her. Plaintiff saw Wingnut wearing a pink hardhat

21  and pink peacock-feathered earrings when the incident occurred. Furthermore, Plaintiff

22  alleges that Wingnut's foreman, Doug, also was asked to apologize to the woman because he,

23  too, had said something to her that she found offensive.

24      54.    Plaintiff alleges that Berkel is intentionally derelict in its duty to prevent sexual

25  harassment in the workplace.

26      55.    Plaintiff alleges that Berkel purposefully engages in retaliatory actions against

27  its employees who complain about sexual harassment.

28      56.    Plaintiff alleges that Berkel is intentionally derelict in its duty to take effective

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

10

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1 | corrective action in response to complaints of sexual harassment.

2 |     57.    Plaintiff alleges that Cherne is intentionally derelict in its duty to prevent sexual

3 | harassment in the workplace.

4 |     58.    Plaintiff alleges that Cherne is intentionally derelict in its duty to take effective

5 | corrective action in response to complaints of sexual harassment.

6 |     59.    On November 14, 2006, Plaintiff filed against Berkel and Zuckerman a

7 | complaint of discrimination under the provisions of FEHA. On November 29, 2006, the

8 | DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this

9 | complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her

10 | administrative remedies against Berkel pursuant to FEHA requirements.

11 |     60.    On September 20, 2007, Plaintiff filed against Cherne a complaint of

12 | discrimination under the provisions of the FEHA. On September 24, 2007, the DFEH issued to

13 | Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of

14 | discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

15 | remedies against Cherne pursuant to FEHA requirements.

16 |     61.    On October 19, 2007, Plaintiff filed against Braverman-Smith, as an individual,

17 | a complaint of discrimination under the provisions of FEHA. On October 22, 2007, the DFEH

18 | issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of

19 | discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

20 | remedies against Braverman-Smith pursuant to FEHA requirements.

21 |     62.    On October 19, 2007, Plaintiff filed against Braverman Mediation &

22 | Consulting, complaint of discrimination under the provisions of FEHA. On October 22, 2007,

23 | the DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this

24 | complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her

25 | administrative remedies against Braverman Mediation & Consulting, pursuant to FEHA

26 | requirements.

27 |     63.    On September 19, 2007, Plaintiff filed against Scher a complaint of

28 | discrimination under the provisions of FEHA. On September 20, 2007, the DFEH issued to

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

11

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1   Plaintiff a notice of case closure and right-to-sue letter.    In filing this complaint of

2   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative

3   remedies against Scher pursuant to FEHA requirements.

### FIRST CAUSE OF ACTION

### [SCHER – SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]

6       64.     Plaintiff incorporates paragraphs 1-63 as if fully set forth.

7       65.     Plaintiff brings this action against Scher and alleges that Scher, as an individual,

8   subjected her to harassment because she is a woman, causing a hostile or abusive work

9   environment, pursuant to Gov't Code § 12940(j)(3).

10      66.     Plaintiff alleges that Scher's harassing conduct was so severe, widespread, or

11  persistent that a reasonable woman in Plaintiff's circumstances would have considered the

12  work environment to be hostile or abusive.  Scher's conduct as alleged hereinabove constituted

13  unlawful sexual harassment, and rendered plaintiff's employment environment hostile.

14      67.     Plaintiff alleges that she considered the work environment to be hostile or

15  abusive.

16      68.     Plaintiff alleges that she was harmed by Scher's conduct.

17      69.     Plaintiff alleges that Scher's conduct was a substantial factor in causing

18  Plaintiff's harm.

19      70.     As a direct, foreseeable, and proximate result of Scher's illegal acts, Plaintiff has

20  suffered substantial losses in earnings and job benefits, and has suffered and continues to suffer

21  humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's damage

22  in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

23  Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

24  pursuant to law.

### SECOND CAUSE OF ACTION

### [SCHER: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –

### CIVIL CODE § 1714]

28      71.     Plaintiff incorporates paragraphs 1-70 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

12

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1     72.    Plaintiff brings this action against Scher for Intentional Infliction of Emotional

2  Distress and alleges that Scher's conduct caused her to suffer severe emotional distress.

3     73.    Plaintiff alleges that Scher's conduct as described hereinabove was outrageous.

4     74.    Plaintiff alleges that Scher intended to cause Plaintiff emotional distress, or

5  acted with reckless disregard of the probability that Plaintiff would suffer emotional distress,

6  knowing that Plaintiff was present when the conduct occurred.

7     75.    Plaintiff alleges that Scher's conduct was a substantial factor in causing

8  Plaintiff's severe emotional distress.

9     76.    Plaintiff alleges that she that she suffered severe emotional distress, including

10  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

11  not fully known at this time, and the amount of damages caused by Scher's conduct is not yet

12  fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at the

13  time of trial. Plaintiff claims this amount together with prejudgment interest pursuant to Civil

14  Code § 3287 and pursuant to any other provision of law providing for prejudgment interest.

15               **THIRD CAUSE OF ACTION**

16      **[BERKEL: SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]**

17     77.    Plaintiff incorporates paragraphs 1-76 as if fully set forth.

18     78.    Plaintiff brings this action pursuant to FEHA, Gov. Code §§ 12900 et seq., and

19  the corresponding regulations of the California Fair Employment and Housing Commission.

20     79.    Plaintiff brings this action against Berkel and alleges that Berkel knew or should

21  have known of Wingnut's illegal conduct and failed to take timely steps to conduct an objective

22  investigation in order to prevent and correct Wingnut's unlawful conduct, thereby tacitly

23  approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

24     80.    Plaintiff alleges that the harassing conduct was so severe, widespread, or

25  persistent that a reasonable woman in Plaintiff's circumstances would have considered the

26  work environment to be hostile or abusive.

27     81.    Plaintiff alleges that she considered the work environment to be hostile or

28  abusive.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

13

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1    82.    Plaintiff alleges that she was harmed by Scher's conduct.

2    83.    Plaintiff alleges that Scher's conduct was a substantial factor in causing

3    Plaintiff's harm.

4    84.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

5    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

6    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

7    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

8    Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

9    pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

10   Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

11   interest.

12   85.    Berkel committed the acts described in this complaint oppressively,

13   fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

14   in an amount appropriate to punish and make an example of Berkel.

15   ## FOURTH CAUSE OF ACTION

16   ## [BERKEL: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO

17   ## PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –

18   ## GOV'T CODE §§ 12940, 12950 ET SEQ.]

19   86.    Plaintiff incorporates paragraphs 1-85 as if fully set forth.

20   87.    Plaintiff brings this action against Berkel for failure to prevent harassment

21   pursuant to Gov't Code § 12940, subd.(k), and alleges that Berkel failed to prevent harassment

22   based on sex/gender.

23   88.    Plaintiff alleges that she was subjected to harassing conduct and discrimination

24   because she is a woman.

25   89.    Plaintiff alleges that Berkel failed to take reasonable steps to prevent the

26   harassment.

27   90.    Plaintiff alleges that she was harmed as a result of the harassment.

28   91.    Plaintiff alleges that Berkel's failure to take reasonable steps to prevent

LAW OFFICES OF:
PATRICE R. ZABELL
1700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

14

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    harassment was a substantial factor in causing Plaintiff's harm.

2        92.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

3    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

4    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

5    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

6    Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

7    pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

8    Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

9    interest.

10       93.    Berkel committed the acts described in this complaint oppressively,

11   fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

12   in an amount appropriate to punish and make an example of Berkel.

13                         **FIFTH CAUSE OF ACTION**

14          **[BRAVERMAN-SMITH:  AIDING AND ABETTING HARASSMENT –**

15                    **GOV'T CODE § 12940(j)(1), (i)]**

16       94.    Plaintiff incorporates paragraphs 1-93 as if fully set forth.

17       95.    Plaintiff brings this action against Braverman-Smith as an individual, pursuant

18   to FEHA, Gov't Code § 12940, subd. (i), which prohibits any person from aiding and abetting

19   any of the acts forbidden under FEHA.

20       96.    Plaintiff alleges that she was harmed as a result of Berkel's failure to prevent

21   and correct sexual harassment.

22       97.    Plaintiff alleges that Berkel's failure to take reasonable steps to prevent

23   harassment was a substantial factor in causing Plaintiff's harm.

24       98.    Plaintiff alleges that in doing the acts described hereinabove, Braverman-Smith

25   aided and abetted Berkel in its intentional dereliction of its duty to prevent and correct sexual

26   harassment.

27       99.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,

28   Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

15

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to

2    Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be

3    proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other

4    relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest

5    pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

6    prejudgment interest.

7         100.    Braverman-Smith committed the acts described in this complaint oppressively,

8    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

9    Braverman-Smith in an amount appropriate to punish and make an example of Braverman-

10    Smith.

11    **SIXTH CAUSE OF ACTION**

12    **[CHERNE: SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]**

13         101.    Plaintiff incorporates paragraphs 1-100 as if fully set forth.

14         102.    Plaintiff brings this action pursuant to FEHA, Gov. Code §§ 12940 et seq., and

15    the corresponding regulations of the California Fair Employment and Housing Commission.

16         103.    Plaintiff brings this action against Cherne and alleges that Cherne knew or

17    should have known of Wingnut's illegal conduct and failed to take timely steps to conduct an

18    objective investigation in order to prevent and correct Wingnut's unlawful conduct, thereby

19    tacitly approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

20         104.    Plaintiff alleges that the harassing conduct was so severe, widespread, or

21    persistent that a reasonable woman in Plaintiff's circumstances would have considered the

22    work environment to be hostile or abusive.

23         105.    Plaintiff alleges that she considered the work environment to be hostile or

24    abusive.

25         106.    Plaintiff alleges that she was harmed by Wingnut's conduct.

26         107.    Plaintiff alleges that Wingnut's conduct was a substantial factor in causing

27    Plaintiff's harm.

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

16

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    108.    As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff

2  has suffered substantial losses in earnings and job benefits, and has suffered and continues to

3  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

4  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

5  Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

6  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

7  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

8  interest.

9    109.    Cherne committed the acts described in this complaint oppressively,

10  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

11  Cherne in an amount appropriate to punish and make an example of Cherne.

12                            **SEVENTH CAUSE OF ACTION**

13          **[CHERNE: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO**

14            **PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –**

15                            **GOV'T CODE §§ 12940, 12950 ET SEQ.]**

16    110.    Plaintiff incorporates paragraphs 1-109 as if fully set forth.

17    111.    Plaintiff brings this action against Cherne for failure to prevent harassment

18  pursuant to Gov't Code § 12940, subd.(k), and alleges that Cherne failed to prevent harassment

19  based on sex/gender.

20    112.    Plaintiff alleges that Cherne was Plaintiff's employer under FEHA, pursuant to

21  the integrated employer test.

22    113.    Plaintiff alleges that she was subjected to harassing conduct and discrimination

23  because she is a woman.

24    114.    Plaintiff alleges that Cherne failed to take reasonable steps to prevent the

25  harassment.

26    115.    Plaintiff alleges that she was harmed as a result of the harassment.

27    116.    Plaintiff alleges that Cherne's failure to take reasonable steps to prevent

28  harassment was a substantial factor in causing Plaintiff's harm.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

17

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1       117.   As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff
2   has suffered substantial losses in earnings and job benefits, and has suffered and continues to
3   suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's
4   damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.
5   Plaintiff claims this amount along with attorney's fees and costs, and all other relief available
6   pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to
7   Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment
8   interest.

9       118.   Cherne committed the acts described in this complaint oppressively,
10  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against
11  Cherne in an amount appropriate to punish and make an example of Cherne.

12                          **EIGHTH CAUSE OF ACTION**

13          **[BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH**
14                          **AND FAIR DEALING]**

15      119.   Plaintiff incorporates paragraphs 1-118 as if fully set forth.

16      120.   Plaintiff brings this action against Berkel for Breach of the Implied Covenant of
17  Good Faith and Fair Dealing which provides that that neither party will do anything that will
18  injure the right of the other to receive the benefits of the agreement.

19      121.   Plaintiff alleges that pursuant to the Master Labor Agreement between
20  Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters,
21  Bridge, Wharf and Dock Builders Local Union #34, Berkel had a prevent and correct sexual
22  harassment from occurring, and that Berkel intentionally was derelict in these duties.

23      122.   Plaintiff alleges that in engaging in the acts described hereinabove, Zuckerman
24  and Braverman-Smith intended to deceive Plaintiff.

25      123.   As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff
26  has suffered substantial losses in earnings and job benefits, and has suffered and continues to
27  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's
28  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**18**

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  Plaintiff claims this amount along with attorneys fees and costs, and all other relief available
2  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to
3  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment
4  interest.

5       124.    Berkel committed the acts described in this complaint oppressively,
6  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel
7  in an amount appropriate to punish and make an example of Berkel.

8                              **NINTH CAUSE OF ACTION**
9                              **[BRAVERMAN-SMITH: FRAUD]**

10      125.    Plaintiff incorporates paragraphs 1-124 as if fully set forth.

11      126.    Plaintiff alleges that Braverman-Smith made purposeful misrepresentations, to
12 wit, she concealed or failed to disclose such facts when she was under a duty to disclose those
13 facts;

14      127.    Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff
15 were false when she made them, or made them recklessly and without regard for their truth.

16      128.    Plaintiff alleges that Braverman-Smith made misrepresentations and concealed
17 facts with the intent to defraud the plaintiff.

18      129.    Plaintiff reasonably relied on Braverman-Smith's representations to her.

19      130.    Plaintiff's reliance on the representation were a substantial factor in causing the
20 harms Plaintiff has suffered.

21      131.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,
22 Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and
23 continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to
24 Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be
25 proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other
26 relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest
27 pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
28 prejudgment interest.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

19

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    132.    Braverman-Smith committed the acts described in this complaint oppressively,

2  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

3  Braverman-Smith in an amount appropriate to punish and make an example of Braverman-

4  Smith.

### TENTH CAUSE OF ACTION

### [BRAVERMAN-SMITH: INTENTIONAL INFLICTION OF
### EMOTIONAL DISTRESS]

8    133.    Plaintiff incorporates paragraphs 1-132 as if fully set forth.

9    134.    Plaintiff brings this action for Intentional Infliction of Emotional Distress

10  against Braverman-Smith as an individual, pursuant to Civil Code § 1714, and alleges that

11  Braverman-Smith's conduct caused her to suffer severe emotional distress.

12    135.    Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was

13  outrageous.

14    136.    Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional

15  distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional

16  distress, knowing that Plaintiff was present when the conduct occurred.

17    137.    Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in

18  causing Plaintiff's severe emotional distress.

19    138.    Plaintiff alleges that she that she suffered severe emotional distress, including

20  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

21  not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct

22  is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be

23  proven at the time of trial. Plaintiff claims this amount together with prejudgment interest

24  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

25  prejudgment interest.

### ELEVENTH CAUSE OF ACTION

### [BMC: FRAUD]

28    139.    Plaintiff incorporates paragraphs 1-138 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

20

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    140.    Plaintiff alleges that Braverman-Smith was acting as an agent of BMC when she

2    made purposeful misrepresentations to Plaintiff, to wit, she concealed or failed to disclose such

3    facts when she was under a duty to disclose those facts, and that BMC is legally liable for the

4    acts of its agents under principles of agency law.

5    141.    Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff

6    were false when she made them, or made them recklessly and without regard for their truth.

7    142.    Plaintiff alleges that Braverman-Smith made misrepresentations and concealed

8    facts with the intent to defraud the plaintiff.

9    143.    Plaintiff reasonably relied on Braverman-Smith's representations to her.

10    144.    Plaintiff's reliance on the representation were a substantial factor in causing the

11    harms Plaintiff has suffered.

12    145.    As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,

13    Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and

14    continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to

15    Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be

16    proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other

17    relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest

18    pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

19    prejudgment interest.

20    146.    Braverman-Smith committed the acts described in this complaint oppressively,

21    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against BMC

22    in an amount appropriate to punish and make an example of BMC.

23                      **TWELFTH CAUSE OF ACTION**

24          **[BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

25    147.    Plaintiff incorporates paragraphs 1-146 as if fully set forth.

26    148.    Plaintiff brings this action for Intentional Infliction of Emotional Distress

27    against BMC pursuant to Civil Code § 1714, and alleges that BMC is legally liable for

28    Braverman-Smith's outrageous acts under principles of agency law.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

21

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1       149.    Plaintiff alleges that Braverman-Smith's conduct caused her to suffer severe

2 emotional distress.

3       150.    Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was

4 outrageous.

5       151.    Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional

6 distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional

7 distress, knowing that Plaintiff was present when the conduct occurred.

8       152.    Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in

9 causing Plaintiff's severe emotional distress.

10       153.    Plaintiff alleges that she that she suffered severe emotional distress, including

11 suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

12 not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct

13 is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be

14 proven at the time of trial. Plaintiff claims this amount together with prejudgment interest

15 pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

16 prejudgment interest.

17                       **THIRTEENTH CAUSE OF ACTION**

18       **[ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD]**

19       154.    Plaintiff incorporates paragraphs 1-153 as if fully set forth.

20       155.    Plaintiff alleges that Zuckerman conspired with Braverman-Smith to commit the

21 fraudulent acts described hereinabove.

22       156.    Plaintiff alleges that Zuckerman is liable as a joint tortfeasor in Braverman-

23 Smith's fraud on Plaintiff by virtue of their conspiracy to commit fraud against Plaintiff.

24       157.    Plaintiff has suffered substantial losses in earnings and job benefits, and has

25 suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

26 and anger, all to Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of

27 which will be proven at trial. Plaintiff claims this amount along with attorney's fees and costs,

28 and all other relief available pursuant to law. Plaintiff claims this amount together with

LAW OFFICES OF
PATRICE R. ZABELL
700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

22

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  prejudgment interest pursuant to <u>Civil Code § 3287</u> and pursuant to any other provision of law

2  providing for prejudgment interest.

3      158.    Zuckerman committed the acts described in this complaint oppressively,

4  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

5  Zuckerman an amount appropriate to punish and make an example of Zuckerman.

6  **FOURTEENTH CAUSE OF ACTION**

7  **[ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

8      159.    Plaintiff incorporates paragraphs 1-158 as if fully set forth.

9      160.    Plaintiff brings this action for Intentional Infliction of Emotional Distress

10  against Zuckerman pursuant to Civil Code § 1714 and alleges that Zuckerman's conduct caused

11  her to suffer severe emotional distress.

12      161.    Plaintiff alleges that Zuckerman's conduct as described hereinabove was

13  outrageous.

14      162.    Plaintiff alleges that Zuckerman intended to cause Plaintiff emotional distress,

15  or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress,

16  knowing that Plaintiff was present when the conduct occurred.

17      163.    Plaintiff alleges that Zuckerman's conduct was a substantial factor in causing

18  Plaintiff's severe emotional distress.

19      164.    Plaintiff alleges that she that she suffered severe emotional distress, including

20  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

21  not fully known at this time, and the amount of damages caused by Zuckerman's conduct is not

22  yet fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at

23  the time of trial.  Plaintiff claims this amount together with prejudgment interest pursuant to

24  <u>Civil Code § 3287</u> and pursuant to any other provision of law providing for prejudgment

25  interest.

26      **WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

27      1.    for general damages according to proof;

28

LAW OFFICES OF
PATRICE R. ZABELL
1700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9466

23

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1      2.     for special damages according to proof;

2      3.     for incidental and consequential damages according to proof;

3      4.     for punitive damages;

4      5.     for attorney fees and costs;

5      6.     for prejudgment interest on all amounts claimed;

6      7.     for a court order requiring that Defendants remove all negative performance

7      information from Plaintiff's personnel file and limit future job reference disclosures to dates of

8      employment and job title, only;

9      8.     for any other and further relief that the court considers proper.

10                              **DEMAND FOR JURY TRIAL**

11     Plaintiff hereby demands a trial by jury.

12     DATED: November 29, 2007                    LAW OFFICES OF PATRICE R. ZABELL

13

14                                          By: _____
                                               PATRICE R. ZABELL
15                                             Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

24

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

## **VERIFICATION**

1

2      I, Winifred Gibson-Jones, declare as follows:

3      I am the complainant in the above-entitled proceeding.  I have read the foregoing

4   complaint and know the contents thereof; that the same is true of my knowledge, except as to the

5   matters which are therein stated on my information or belief and as to those matters that I believe

6   them to be true.

7      I declare under penalty of perjury under the laws of the State of California that the

8   foregoing is true and correct.

9      Dated this 2 7 day of November, 2007, at Walnut Creek, California.

10

11

12                                         _Winifred Gibson-Jones_
                                           Winifred Gibson-Jones

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company, et al.*

CM-010

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Patrice Zabell, Esq. (SBN 215459)<br>Law Offices of Patrice R. Zabell<br>2700 Ygnacio Valley Road, Suite 270<br>Walnut Creek, CA 94598 | | FOR COURT USE ONLY<br><br>FILED |

TELEPHONE NO.: 925-932-9455    FAX NO.: 925-932-9468
ATTORNEY FOR *(Name):* Plaintiff, Winifred Gibson-Jones

2007 NOV 29 P 12: 48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

COUNTY OF CONTRA COSTA DISTRICT
BY:
C. Smith, Deputy Clerk

CASE NAME: Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C 07 - 02611 |
| | | | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Fourteen
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 29, 2007

Patrice Zabell, Esq. (SBN 215459)
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET<br>Legal Solutions | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# Exhibit B



www.berkelandcompany.com

AUGER PRESSURE GROUTED PILING I DISPLACEMENT PILING I DRIVEN PILING I PRESSURE GROUTING I SHEETING & SHORING I MICRO PILING

Reply To: Regional Office
Berkel & Company Contractors, Inc.
855 Folsom Street, Suite 703
San Francisco, CA 94107
(415) 495-3627 • (415) 495-2746 fax

Winifred Gibson-Jones                                                    November 7, 2006
381 Arthur Rd. #2C
Martinez, CA 94553

Dear Ms. Gibson-Jones:

This is to advise you that I reviewed your complaint of harassment by Mr. Greg Scher and also reviewed the preliminary investigation prepared by Chrene Contracting Corporation (a copy of which is attached).

Although the investigation by Chrene was inclusive, based on my review of this information, and Berkel and Company Contractors, Inc. policies prohibiting harassment based on sex (a copy of which is available for your review should you so request), I concluded that Mr. Scher's behavior towards you was unacceptable and not in compliance with Berkel's anti-harassment policies and that corrective action was necessary. I can inform you of the following:

1.      Mr. Scher is no longer employed with Berkel and will not in the future be employed with the company.
2.      Berkel intends to conduct anti-harassment training for all supervisory personnel at its Martinez project site as soon as staffing increases, which is expected to be in February 2007.

The company regrets the difficulties you experienced and has decided to pay you full salary for your employment with Berkel as a pile drive at the Tosoro Martinez project site through October 27, 2006. Please note that the project is rapidly concluding and numerous employees, including other pile drivers, have been laid-off over the last few weeks.

Please be assured that Berkel maintains a no retaliation policy (a copy of which is available for your review should you so request). In no manner does or will your complaint of harassment impact your eligibility to again work for Berkel. In fact, we invite you to come back and work for Berkel as staffing again increases and will consider you for employment as soon as you let us know of your interest.

Please do not hesitate to contact me, or your Union representative, if we can be of any additional assistance to you or should you have questions.

Sincerely,

Brian Zuckerman
Assistant West Coast Regional Manager
Berkel and Company Contractors, Inc.

P.S.:    I have transmitted your request for a lump sum payment to corporate and will let you know this Thursday if it has been approved.

cc:      Pat Karinen, NCCRC Senior Field Rep.

2649 S. 142nd Street, P.O. Box 335 • Bonner Springs, Kansas 66012 - **(913) 422-5125** - (913) 441-0402 fax - Email: info@berkelapg.com

KANSAS CITY - ATLANTA - BALTIMORE - CHICAGO - HOUSTON - LOUISVILLE - ORLANDO - SAN FRANCISCO - WASHINGTON DC
"An Equal Opportunity Employer"

1   MICHAEL J. VARTAIN [SBN 92366]
    LINDA K. ADLER  [SBN 199809]
2   **VARTAIN LAW GROUP**
    601 Montgomery Street, Suite 540
3   San Francisco, CA 94111-2608
    Telephone:  [415] 391-1155
4   Facsimile:  [415] 391-1177

5   Attorneys for Defendants
    BERKEL & COMPANY CONTRACTORS, INC. and
6   BRIAN ZUCKERMAN

7

8                    IN THE UNITED STATES DISTRICT COURT
                              FOR THE
9                    NORTHERN DISTRICT OF CALIFORNIA
                            SAN FRANCISCO
10

11

12   WINIFRED L. GIBSON-JONES,           ) Case No.:  **C V 0 7 - 6 4 4 0  WDB**
                                         )
13            Plaintiff,                 )
                                         ) **DEFENDANTS BERKEL & COMPANY**
14   vs.                                 ) **CONTRACTORS, INC. AND BRIAN**
                                         ) **ZUCKERMAN'S CERTIFICATE OF**
15   BERKEL & COMPANY CONTRACTORS,       ) **SERVICE OF NOTICE OF REMOVAL**
     INC., a foreign corporation; CHERNE ) **TO FEDERAL COURT**
16   CONSTRUCTION COMPANY, a foreign     ) **(FEDERAL QUESTION AND/OR**
     corporation; JESSICA BRAVERMAN-     ) **DIVERSITY OF CITIZENSHIP)**
17   SMITH, an individual; BRAVERMAN     )
     MEDIATION AND CONSULTING, a         )
18   California business entity; BRIAN   )
     ZUCKERMAN, an individual; GREGORY A. )
19   SCHER, AKA WINGNUT SCHER, an        )
     individual, and DOES 1-50, inclusive, )
20                                       )
              Defendants.                )
21   _____)

22

23

24

25

26

27

28
     _____
     **GIBSON-JONES v. BERKEL & COMPANY [USDC #CV076440 WDB] – BERKEL & COMP & BRIAN**
     **ZUCKERMAN'S CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL TO FEDERAL COURT**
     S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Cert. Service.ple.doc

1 | **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**
2 | **DISTRICT OF CALIFORNIA (SAN FRANCISCO):**

3 | Charissa Gung certifies and declares as follows:

4 | I am over the age of 18 years and not a party to this action.

5 | My business address is 601 Montgomery Street, Suite 540, San Francisco, California
6 | 94111-2608, which is located in the city, county, and state where the mailing described below
7 | took place.

8 | On December 21, 2007, I deposited in the United States Mail at San Francisco,
9 | California, a copy of the Notice to Adverse Party of Removal of Action to Federal Court dated
10 | December 21, 2007, a copy of which is attached to this Certificate as **Exhibit A**.

11 | I declare under penalty of perjury that the foregoing is true and correct.

12 | Executed on December 21, 2007.

_____
**Charissa Gung**

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile: [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC. and
6  BRIAN ZUCKERMAN

7

8              IN THE UNITED STATES DISTRICT COURT
                              FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA
                         SAN FRANCISCO
10

11

12  WINIFRED L. GIBSON-JONES,              )   Case No.: **CV  0 7 – 0 6 4 4 0  WDB**
                                           )
13              Plaintiff,                 )
                                           )   **PROOF OF SERVICE**
14  vs.                                    )
                                           )
15  BERKEL & COMPANY CONTRACTORS,          )
    INC., a foreign corporation; CHERNE    )
16  CONSTRUCTION COMPANY, a foreign        )
    corporation; JESSICA BRAVERMAN-        )
17  SMITH, an individual; BRAVERMAN        )
    MEDIATION AND CONSULTING, a            )
18  California business entity; BRIAN       )
    ZUCKERMAN, an individual; GREGORY A.   )
19  SCHER, AKA WINGNUT SCHER, an           )
    individual, and DOES 1-50, inclusive,  )
20                                         )
                Defendants.                )
21  _____)

22

23

24

25

26

27

28

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\ProofService20071221.doc

**PROOF OF SERVICE**

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

1

2     I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco,

3     California 94111-2608. On December 21, 2007, I served the following document(s) by the method indicated below:

4     • **DEFENDANTS BERKEL & COMPANY AND BRIAN ZUCKERMAN'S NOTICE TO
          ADVERSE PARTY OF REMOVAL TO FEDERAL COURT;**

5     • **DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND BRIAN
          ZUCKERMAN'S CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL TO FEDERAL

6          COURT (FEDERAL QUESTION AND/OR DIVERSITY OF CITIZENSHIP);**
      • **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES;**

7     • **STANDING ORDER – US MAGISTRATE JUDGE WAYNE D. BRAZIL;**
      • **STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA;**

8     • **ECF REGISTRATION INFORMATION HANDOUT**
      • **NOTICE OF ASSIGNMENT OF A CASE TO A UNITED STATES MAGISTRATE JUDGE

9          FOR TRIAL;**
      • **CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE [BLANK]; and**

10    • **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR
          REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE [BLANK].**

11    | **X** | By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the

12    United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be

13    deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

14    cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed

15    above to the facsimile numbers(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine properly issued the transmission

16    report, which is attached to this proof of service. Service by facsimile was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2003(3).

17    By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. Signed proof of service by the process

18    server or delivery service is attached to this proof of service.

19    By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

20    By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the

21    address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

22    Attorneys for Plaintiff,
      Winifred L. Gibson-Jones

23    Patrice R. Zabell, Esq.
      Law Offices

24    2700 Ygnacio Valley Road, Ste. 270
      Walnut Creek, CA 94598

25    Telephone: 1.925.932.9455
      Facsimile: 1.925.932.9468

26    I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on December 21, 2007, at San Francisco, California.

27

28                                                                              Charissa Gung

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV076440WDB]– PROOF OF SERVICE**