1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC. and
6  BRIAN ZUCKERMAN

7

8                    IN THE UNITED STATES DISTRICT COURT
9                                  FOR THE
                      NORTHERN DISTRICT OF CALIFORNIA
10                                 OAKLAND

11

12  WINIFRED L. GIBSON-JONES,              )  State Case No:  **C 0 7 – 0 2 6 1 1**
                                           )
13              Plaintiff,                 )  Federal Case No**.:  C V  0 7 - 6 4 4 0  WDB**
                                           )
14  vs.                                    )
                                           )  **DEFENDANTS BERKEL & COMPANY**
15  BERKEL & COMPANY CONTRACTORS,          )  **AND BRIAN ZUCKERMAN'S NOTICE**
    INC., a foreign corporation; CHERNE    )  **OF REMOVAL TO FEDERAL COURT**
16  CONSTRUCTION COMPANY, a foreign        )
    corporation; JESSICA BRAVERMAN-        )
17  SMITH, an individual; BRAVERMAN        )
    MEDIATION AND CONSULTING, a            )
18  California business entity; BRIAN       )
    ZUCKERMAN, an individual; GREGORY A.   )
19  SCHER, AKA WINGNUT SCHER, an           )
    individual, and DOES 1-50, inclusive,  )
20                                         )
                Defendants.                )
21  _____)

22

23

24

25

26

27

28

1  **TO DEFENDANTS CHERNE CONTRACTING CORPORATION, JESSICA**

2  **BRAVERMAN, BRAVERMAN MEDIATION AND CONSULTING, GREGORY A.**

3  **SCHER, AKA WINGNUT SCHER, AND ATTORNEYS OF RECORD:**

4      PLEASE TAKE NOTICE that the Notice of Removal of Action to Federal Court of

5  Defendant Berkel & Company and Brian Zuckerman was filed in the United States District

6  Court for the Northern District of California [Oakland Division] on December 21, 2007 under

7  federal case no. CV-076440 WDB.

8      A copy of the Notice of Removal is attached to this Notice as **Exhibit A** and is served

9  and filed with this Notice.

10

11 DATED:  January 2, 2008              **VARTAIN LAW GROUP**

12

                                  BY:  /S/ Linda K. Adler
13                                     MICHAEL J. VARTAIN
                                       LINDA K. ADLER
14                                     Attorneys for Defendants
                                       BERKEL & COMPANY CONTRACTORS, INC.
15                                     and BRIAN ZUCKERMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [CCS # C 07-02611/USDC #CV076440WDB]– BERKEL &
ZUCKERMAN'S NOTICE OF REMOVAL TO FEDERAL COURT**

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC. and
6  BRIAN ZUCKERMAN

7

8                    IN THE UNITED STATES DISTRICT COURT
                                  FOR THE
9                    NORTHERN DISTRICT OF CALIFORNIA
                                  OAKLAND
10

11

12  WINIFRED L. GIBSON-JONES,          )   State Case No:  **C 0 7 – 0 2 6 1 1**
                                       )
13             Plaintiff,              )   Federal Case No**.:  C V   0 7 - 6 4 4 0  WDB**
                                       )
14  vs.                                )
                                       )   **PROOF OF SERVICE**
15  BERKEL & COMPANY CONTRACTORS,      )
    INC., a foreign corporation; CHERNE )
16  CONSTRUCTION COMPANY, a foreign    )
    corporation; JESSICA BRAVERMAN-    )
17  SMITH, an individual; BRAVERMAN    )
    MEDIATION AND CONSULTING, a        )
18  California business entity; BRIAN  )
    ZUCKERMAN, an individual; GREGORY A. )
19  SCHER, AKA WINGNUT SCHER, an       )
    individual, and DOES 1-50, inclusive, )
20                                     )
               Defendants.             )
21  _____ )

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY, et al [CCS # C07-02611; USDC-ND #CV076440WDB] –**
**PROOF OF SERVICE**

**PROOF OF SERVICE**

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.   My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On January 3, 2008, I served the following document(s) by the method indicated below:

- **DEFENDANTS BERKEL & COMPANY AND BRIAN ZUCKERMAN'S NOTICE OF REMOVAL TO FEDERAL COURT**

[ X ] By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ] By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  The transmitting fax machine properly issued the transmission report, which is attached to this proof of service.  Service by facsimile was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct. 2003(3).

[   ] By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  Signed proof of service by the process server or delivery service is attached to this proof of service.

[   ] By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[   ] By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

Defendants: Jessica Braverman and
Braverman Mediation & Consulting:

Jessica Braverman, Esq.
Braverman Mediation & Consulting
PO Box 3695
Walnut Creek, CA 94598
Telephone: (925) 798-8008
Facsimile: (925) 798-8008

Agent For Service Of Process, Defendant
Cherne Contracting Corporation:

C T Corporation System
818 West Seventh St
Los Angeles, Ca 90017

Defendant Gregory A. Scher, aka Wingnut
Scher:

Gregory A.Scher
60 Pierre Drive
O Fallon, Mo 63366-3060

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on January 3, 2008, at San Francisco, California.

_____
/S/ Charissa Gung

Charissa Gung

---

**GIBSON-JONES v. BERKEL & COMPANY, et al [CCS # C07-02611; USDC-ND #CV076440WDB] – PROOF OF SERVICE**

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile: [415] 391-1177
   linda@vartainlaw.com
5
   Attorneys for Defendants
6  BERKEL & COMPANY CONTRACTORS, INC. and
   BRIAN ZUCKERMAN
7

8              IN THE UNITED STATES DISTRICT COURT
                            FOR THE
9             NORTHERN DISTRICT OF CALIFORNIA
                         SAN FRANCISCO
10

11

12  WINIFRED L. GIBSON-JONES,              )  Case No.:
                                           )
13              Plaintiff,                  )
                                           )
14  v.                                     )  **DEFENDANTS BERKEL & COMPANY
                                           )  CONTRACTORS, INC. AND BRIAN
15  BERKEL & COMPANY CONTRACTORS,          )  ZUCKERMAN'S NOTICE OF REMOVAL
    INC., a foreign corporation; CHERNE    )  TO FEDERAL COURT UNDER 28 U.S.C.
16  CONSTRUCTION COMPANY, a foreign        )  §1441(b)
    corporation; JESSICA BRAVERMAN-        )  (FEDERAL QUESTION AND/OR
17  SMITH, an individual; BRAVERMAN        )  DIVERSITY OF CITIZENSHIP)**
    MEDIATION AND CONSULTING, a            )
18  California business entity; BRIAN      )
    ZUCKERMAN, an individual; GREGORY A.   )
19  SCHER, AKA WINGNUT SCHER, an           )
    individual, and DOES 1-50, inclusive,  )
20                                         )
                Defendants.                 )
21  _____)

22

23

24

25

26

27

28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**
2    **DISTRICT OF CALIFORNIA (SAN FRANCISCO):**

3        PLEASE TAKE NOTICE that Defendants Berkel Company & Construction, Inc.
4    ("Berkel") and Brian Zuckerman ("Zuckerman"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441,
5    and 1446, file this Notice of Removal of Action to federal court, in order to remove Case
6    No. C07-02611 from the Superior Court in and for the City and County of Contra Costa,
7    California, to the United States District Court, Northern District of California (San Francisco),
8    and states as follows:

9        1.    On November 29, 2007, an action was commenced in the Superior Court of the
10   State of California in and for the County of Contra Costa, entitled, <u>Winifred Gibson-Jones,</u>
11   <u>Plaintiff, vs. Berkel & Company Construction, Inc., et al., Defendants,</u> as case number
12   C07-02611 ("Complaint"). A true and correct copy of the verified Complaint as obtained from
13   the Superior Court of Contra Costa County by the undersigned attorney within the last 30 days
14   is attached hereto as **Exhibit A**. Berkel and Zuckerman have not yet been served with the
15   Summons and Complaint, nor, as far as the undersigned attorney is aware based on diligent
16   inquiry, have any of the other defendants been served. **Exhibit A** constitutes all process,
17   pleadings, and orders on file in this action at Contra Costa County Superior Court.

18       **Federal Question Jurisdiction**

19       2.    This Court has original jurisdiction over the above-described action, and/or
20   cause(s) of action contained therein, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446 for
21   claims contained in the Complaint arising under the federal Labor Management Relations Act
22   §301, 29 U.S.C. §185(a), and this Court has supplemental jurisdiction over all other claims, in
23   that:

24       a.    Plaintiff's eighth cause of action for breach of the implied covenant of
25   good faith and fair dealing is based on the collective bargaining agreement governing the
26   employment relationship between Plaintiff and Berkel. Plaintiff's eighth cause of action for
27   \\
28   \\

1  breach of the implied covenant of good faith and fair dealing incorporates Paragraph 12 of the

2  Complaint, which states:

3      "Plaintiff was employed by Berkel pursuant to a Master Labor
       Agreement between Associated General Contractors of California,
4      Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock
       Builders Local Union #34.  On information and belief, Plaintiff
5      alleges that Berkel has contractual duties to Plaintiff under the
       Master Labor Agreement."
6      Complaint, Paragraph 12, lines 19-23.

7  In addition, Plaintiff's eighth cause of action alleges:

8      "Plaintiff alleges that pursuant to the Master Labor Agreement
       between Associated General Contractors of California, Inc., and
9      Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders
       Local Union #34, Berkel had [sic] a prevent and correct sexual
10     harassment from occurring, and that Berkel intentionally was
       derelict in these duties."
11     Complaint, Paragraph 121, lines 19-22.

12  The resolution of the eighth cause of action necessarily depends on the specifically pled

13  collective bargaining agreement, thus the action is preempted under the Labor Management

14  Relations Act §301, 29 U.S.C. §185(a).  Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993,

15  997-998 (9th Cir. 1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-211 (1985).

16  Therefore, as a matter of law, Plaintiff's claim for breach of the implied covenant of fair dealing

17  arises under federal law, and original jurisdiction over said claim lies in the United States

18  District Court.

19      b.      This Court has supplemental jurisdiction over the remainder of the claims

20  in this action because they are based on the same operative facts and arise from the same case or

21  controversy as those of the eighth cause of action.

22                          **Diversity Jurisdiction**

23      3.      This action is a civil action of which this Court has original jurisdiction under 28

24  U.S.C. §1332, and is one which may be removed to this Court by Berkel and Zuckerman

25  pursuant to the provisions of 28 U.S.C. §1441(b) in that: 1) it is a civil action between citizens

26  of different states, except as to certain "sham" defendants against whom Plaintiff has no

27  possibility of establishing liability; and 2) the matter in controversy exceeds the sum of $75,000,

28  exclusive of interest and costs.

1    4.    Berkel and Zuckerman are informed and believe that Plaintiff was, at the time if
2    the filing of this action, and still is, a citizen of the State of California.

3    5.    Berkel was, at the time of the filing of this action, and still is, a citizen of Kansas.
4    Berkel was incorporated in and has its place of primary business in the State of Kansas.

5    6.    Berkel and Zuckerman are informed and believe that Cherne Construction
6    Company ("Cherne") was, at the time of the filing of this action, and still is, a citizen of
7    Michigan. Cherne was incorporated in and has its primary place of business in the State of
8    Michigan.

9    7.    Berkel and Zukerman are informed and believe that Defendant Gregory A. Scher
10   ("Scher") was, at the time of the filing of this action, and still is, a citizen of Missouri.

11   8.    The Complaint also names as defendants Jessica Braverman-Smith
12   ("Braverman"), Braverman Mediation and Consulting ("BMC") and Zuckerman, each of whom
13   is a citizen of the same state as plaintiff. The citizenship of said defendants should be
14   disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C.
15   §1441(b) on the ground that there is no possibility that Plaintiff will be able to establish liability
16   against said defendants: the claims asserted against these defendants do not exist, as a matter of
17   law, on the facts pled, and will be the subject of a motion to dismiss under Federal Rule of Civil
18   Procedure §12(b). Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001);
19   McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

20         a.    Zuckerman: Plaintiff cannot state a cause of action against Zuckerman for
21   conspiracy to commit fraud and fraud or for intention infliction of emotional distress because
22   under California law, there is no tort recovery against a manager of plaintiff's employer for
23   management or personnel decisions. Sheppard v. Freeman, 67 Cal.App.4th 339, 349 (1998);
24   With regard to plaintiff's intentional infliction of emotional distress claim, the element of
25   outrageous conduct cannot be satisfied by allegations of an unfavorable or even a bad
26   management decision. Cole v. Fair Oaks Fire Protection District, 43 Cal.3d 148, 159-161
27   (1987). As for the conspiracy to commit fraud claim, Braverman was an agent of Berkel, and as
28   a matter of law, a company cannot be found to have conspired with its own agent. In addition,

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S
NOTICE OF REMOVAL TO FEDERAL COURT**

1   as a matter of law, Zuckerman could not have committed fraud with respect to an event—

2   plaintiff's alleged harassment—that had already taken place.

3           b.    <u>Braverman and BMC</u>: Plaintiff cannot establish liability against

4   Braverman because under CA law, an aider and abettor is someone who took part in the

5   harassment, not someone who investigated the alleged harassment.   Braverman did not

6   participate in the alleged harassment: she was merely retained to investigate plaintiff's

7   allegations, and as a result of her investigations, the alleged harasser was discharged. A true and

8   correct copy of Berkel's letter to Plaintiff informing her of Scher's termination is attached as

9   **Exhibit B**. Braverman could not have committed fraud with respect to an event—plaintiff's

10  alleged harassment—that had already taken place. In addition, as a matter of law, there is no

11  tort recovery against an agent of plaintiff's employer for personnel decisions. BMC is named

12  only because it is the company Braverman works for, and plaintiff has no stronger claim against

13  it than Braverman.

14         9.    <u>Amount in Controversy</u>:

15          a.    The aggregation of a plaintiff's claims against a defendant can satisfy the

16  jurisdictional minimum in diversity cases. The Complaint alleges three separate causes of

17  action against Berkel, each in excess of $25,000; therefore, the aggregate of Plaintiff's claims

18  against Berkel as stated in the Complaint arguably exceeds $75,000. Since Plaintiff's claims

19  against Berkel satisfy the $75,000 threshold, the Court may exercise supplemental jurisdiction

20  over Plaintiff's claims against the other defendants in lesser amounts because all of Plaintiff's

21  claims arise out of the same case or controversy. 28 U.S.C. §1367(a).

22          b.    The amount in controversy is even higher than the above-stated amounts

23  as to Berkel in that Plaintiff also seeks punitive damages from each named defendant.

24          c.    In addition, because the Complaint also seeks attorneys' fees, which are

25  mandated under Plaintiff's Fair Employment and Housing Act (Cal. Gov't Code § 12900 et

26  seq.), claims, the fee claim must be included in determining the amount in controversy. <u>Galt</u>

27  <u>G/S v. JSS Scandinavia</u>,142 F.3d 1150, 1155-1156 (9th Cir. 1998). Berkel has already incurred

28  $23,875 (115 hours at average of $208/hr.) pre-litigation legal fees over the past ten months, and

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S
NOTICE OF REMOVAL TO FEDERAL COURT**

-4-

1    it is reasonable to believe that Plaintiff's counsel has invested a similar amount of time in this

2    matter thus far.   To go forward with this matter would more likely than not involve an

3    investment of more than twice as many hours, and could easily result in at least $50,000 in fees.

4         D .   It is facially apparent from Plaintiff's claims for general damages, special

5    damages, incidental and consequential damages, punitive damages and attorneys' fees that the

6    amount in controversy exceeds $75,000.

7         10.   Time: This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b) in that

8    the Notice has been filed within thirty days of both the filing of the Complaint and Berkel and

9    Zuckerman's first receipt of the Complaint.  Berkel and Zuckerman will give notice to Plaintiff

10   and her attorney of the filing of this Notice and will file notice with the Clerk of the Superior

11   Court of the County of Contra Costa, California, pursuant to 28 U.S.C. § 1446(d).

12        11.   Joinder: The removing defendants, Berkel and Zuckerman, neither of whom

13   have been served, consent to removal of the subject state court action to federal court as

14   reflected by the undersigned's signature on this notice.  Joinders of Defendants Scher, Cherne,

15   Braverman and BMC have not been obtained.  Berkel and Zuckerman have been unable to

16   contact Scher because his whereabouts have been unknown since Berkel discharged him on or

17   about October 2006, shortly after Braverman's investigation of Plaintiff's complaint of

18   harassment.   Berkel and Zuckerman have been unsuccessful in their diligent attempts to

19   ascertain whether Cherne has been served.  Regardless, the joinder of Scher, Cherne, Braverman

20   and BMC is not required on the following grounds:

21        a.   Braverman and BMC have not been served as of the date of the filing of

22   this Notice of Removal.  Based on diligent inquiries and a review of Contra Costa County

23   Superior Court's register of action for this matter, which indicates that no proof of service has

24   been filed, Berkel and Zuckerman have been unable to confirm facts other than that no

25   defendant, including Scher and Cherne, has been served with a copy of the Summons and

26   Complaint.

27        b.   Defendants Braverman and BMC, for the same reasons articulated in

28   Paragraph 8 above, are "sham" defendants who have been named solely to prevent removal.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC] – DEFENDANTS BERKEL AND ZUCKERMAN'S**
**NOTICE OF REMOVAL TO FEDERAL COURT**

1            c.       The basis for removal is the claim against Berkel for breach of the

2 implied covenant of good faith and fair dealing, which is "separate and independent" from the

3 claims against the other defendants, and as a result, their joinder is not required. 28 U.S.C.

4 1441(c).

5            d.       Defendants designated as Does 1 through 50, inclusive, are fictitious

6 defendants and are not parties to the action, and are therefore not required to file a joinder in the

7 Notice of Removal. <u>Fristoe v. Reynolds Metal Company</u>, 615 F.2d 1209, 1213 (9th Cir. 1980).

8

9 DATED: December 21, 2007                      **VARTAIN LAW GROUP**

10

11

12                                 BY:

13                                 MICHAEL J. VARTAIN
                                LINDA K. ADLER

14                                 Attorneys for Defendants
                                BERKEL COMPANY &

15                                 CONSTRUCTION, INC. and BRIAN
                                ZUCKERMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

GIBSON-JONES VS BERKEL & CO

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02611

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  04/17/08        DEPT:  02        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE-QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   11/29/07        _____
                          CATHRYN GREEN, Deputy Clerk

## SUMMONS
### (CITACION JUDICIAL)



**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2007 NOV 29 P 12: 49

K. TO[...]
COUNTY OF CONTRA COSTA, CAL[...] COURT

BY: _____
C. Gibson, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation;
CHERNE CONSTRUCTION COMPANY, a foreign corporation;
JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN
MEDIATION AND CONSULTING, a California business entity; BRIAN
ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT
SCHER, an individual, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WINIFRED L. GIBSON-JONES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Contra Costa County Superior Court 725 Court Street P.O. Box 911 Martinez, CA 94553 | CASE NUMBER *(Número del Caso):* 07 - 02611 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrice R. Zabell, Esq.                                925-932-9455
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, CA 94598

DATE: NOV 29 2007                    CLERK OF THE SUPERIOR COURT
*(Fecha)*                    Clerk, by _____, Deputy
                             *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form PQS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL] SUPERIOR COURT

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

1  PATRICE R. ZABELL, SBN# 215459
   LAW OFFICES OF PATRICE R. ZABELL
2  2700 Ygnacio Valley Road, Suite 270
   Walnut Creek, California 94598-3463
3  Telephone:   (925) 932-9455
   Facsimile:    (925) 932-9468
4
   Attorney for Plaintiff
5  WINIFRED L. GIBSON-JONES

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9            IN AND FOR THE COUNTY OF CONTRA COSTA

10

11 WINIFRED L. GIBSON-JONES,              Case No. **C  07 - 02611**

12        Plaintiff,
                                          **VERIFIED COMPLAINT**
13
   v.
14                                        1.   **SCHER – SEXUAL HARASSMENT –**
   BERKEL & COMPANY                            **GOV'T CODE § 12940 ET SEQ.**
15 CONTRACTORS, INC., a foreign
   corporation; CHERNE CONSTRUCTION
16 COMPANY, a foreign corporation;       2.   **SCHER: INTENTIONAL INFLICTION**
   JESSICA BRAVERMAN-SMITH, an                **OF EMOTIONAL DISTRESS – CIVIL**
17 individual; BRAVERMAN MEDIATION            **CODE § 1714**
   AND CONSULTING, a California
18 business entity; BRIAN ZUCKERMAN, an   3.   **BERKEL: SEXUAL HARASSMENT –**
   individual; GREGORY A. SCHER, AKA          **GOV'T CODE § 12940 ET SEQ.**
19 WINGNUT SCHER, an individual, and
   DOES 1-50, inclusive,
20                                        4.   **BERKEL: FAILURE TO TAKE ALL**
          Defendants.                          **REASONABLE STEPS NECESSARY**
21                                             **TO PREVENT DISCRIMINATION**
                                               **AND HARASSMENT FROM**
22                                             **OCCURRING – GOV'T CODE §§**
                                               **12940, 12950 ET SEQ.**
23

24                                        5.   **BRAVERMAN-SMITH: AIDING AND**
                                               **ABETTING HARASSMENT – GOV'T**
25                                             **CODE § 12940(j)(1), (i)**

26

27                                        6.   **CHERNE: SEXUAL HARASSMENT –**
                                               **GOV'T CODE § 12940 ET SEQ.**
28   PER LOCAL RULE 5 THIS
     CASE IS ASSIGNED TO                  (Cont'd on next page)
     DEPT ___
LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270                                          1
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468
VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

| | |
|---|---|
| 7. | **CHERNE: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING – GOV'T CODE §§ 12940, 12950 ET SEQ.** |
| 8. | **BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 9. | **BRAVERMAN-SMITH: FRAUD** |
| 10. | **BRAVERMAN-SMITH: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| 11. | **BMC: FRAUD** |
| 12. | **BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| 13. | **ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD** |
| 14. | **ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, Winifred L. Gibson-Jones, alleges as follows:

## JURISDICTION

1.    Plaintiff, Winifred L. Gibson-Jones, (hereinafter, "Plaintiff") is, and at all times mentioned in this complaint was, a person domiciled in the State of California.

2.    Defendant, Berkel & Company Contractors, Inc., (hereinafter, "Berkel") is, and at all times mentioned in this complaint was, a foreign corporation doing business in California.

3.    Defendant, Cherne Contracting Corporation, (hereinafter, "Cherne"), is and at all times mentioned in this complaint was, a foreign corporation doing business in California.

4.    Defendant, Jessica Braverman-Smith, HR Consultant, (hereinafter, "Braverman-Smith"), is and at all times mentioned in this complaint was, a person doing business in California.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1     5.     Defendant, Braverman Mediation and Consulting, (hereinafter, "BMC"), is a

2  business entity doing business in the state of California.  Plaintiff does not know BMC's legal

3  capacity, and will amend her Complaint when she has ascertained it.

4     6.     Defendant, Brian Zuckerman, (hereinafter, "Zuckerman"), is, and at all times

5  mentioned in this complaint was, a person doing business in California.

6     7.     Gregory A. Scher, aka Wingnut, (hereinafter, "Wingnut" or "Scher"), is and at

7  all times mentioned in this complaint was, an individual domiciled in the state of Missouri.

8     8.     At this time, Plaintiff does not know the true names of Defendants Does 1

9  through 50, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed

10  and believes that DOE Defendants are agents of named Defendants, acting in the course and

11  scope of their employment.

12                    **FACTS COMMON TO ALL CAUSES OF ACTION**

13     9.     Plaintiff is a woman.

14     10.     Plaintiff is approximately 5'1" tall.

15     11.     At the time of the incidents alleged herein, Plaintiff was employed by Berkel as

16  an apprentice Pile Driver, earning $ 27.50 per hour plus benefits valued at approximately

17  $18.65 per hour.  Plaintiff is a member of Pile Drivers, Divers, Carpenters, Bridge, Wharf and

18  Dock Builders Local Union #34.

19     12.     Plaintiff was employed by Berkel pursuant to a Master Labor Agreement

20  between Associated General Contractors of California, Inc., and Pile Drivers, Divers,

21  Carpenters, Bridge, Wharf and Dock Builders Local Union #34.  On information and belief,

22  Plaintiff alleges that Berkel has contractual duties to Plaintiff under the Master Labor

23  Agreement.  Plaintiff intends to amend her Verified Complaint when she has ascertained the

24  precise legal relationship.

25     13.     Berkel was performing construction work as a subcontractor at the Tesoro

26  Refinery pursuant to a contract it had with Cherne Contracting Corporation, which was the

27  general contractor on the job.

28     14.     At all times relevant herein, Berkel was Plaintiff's employer within the meaning

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

3

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   of the California Fair Employment and Housing Act, <u>Gov't Code § 12900</u> et seq., (hereinafter,

2   "FEHA").

3        15.    At all times relevant herein, Cherne was Plaintiff's employer within the

4   meaning of FEHA under the integrated employer test. Berkel was Cherne's subcontractor on

5   the Tesoro project; employees of both Cherne and Berkel worked side-by-side at the jobsite,

6   and Cherne managed certain areas of Berkel's business operations, including, for example,

7   safety training.

8        16.    At all times relevant herein, Braverman-Smith was acting as an agent of

9   Cherne.

10       17.    At all times relevant herein, Braverman-Smith was acting as an agent of Berkel.

11       18.    On information and belief, Plaintiff alleges that Braverman-Smith was acting as

12   an agent of BMC.

13       19.    On information and belief, Plaintiff alleges that Braverman-Smith is a

14   managing agent of BMC.

15       20.    At all times relevant herein, Zuckerman was a managing agent of Berkel.

16       21.    Wingnut is a man.

17       22.    Wingnut is approximately 6'5" tall, and weighs approximately 240 lbs.

18       23.    At all times relevant herein, Wingnut was an employee of Berkel, who

19   performed the job of crane operator.

20       24.    At all times relevant herein, Wingnut was Plaintiff's co-worker.

21       25.    Wingnut is domiciled in St. Louis, Missouri, and is a licensed crane operator.

22       26.    Berkel's practice is to have core crews of regular employees who travel

23   interstate to jobsites, where Berkel supplements the core crew with workers local to the

24   jobsite. Berkel pays travel expenses for the employees on its core crew, and compensates the

25   employees on its core crew differently than the local workers, in that they are eligible for

26   bonuses. Wingnut was a core crew member whom Berkel had flown from St. Louis to the Bay

27   Area, and who was housed in a local hotel at Berkel's expense.

28       27.    Plaintiff began working for Berkel at its Tesoro Refinery jobsite in Martinez,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

4

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    California, on September 13, 2006.  During the course of Plaintiff's employment, Wingnut

2    routinely engaged in a continuing pattern of conduct which included uttering sexual and ethnic

3    vulgarities and epithets, (hereinafter, Wingnut's "outrageous rants").

4        28.    Managers of Berkel were well aware of Wingnut's outrageous rants throughout

5    Plaintiff's employment with Berkel.

6        29.    Managers of Cherne were well aware of Wingnut's outrageous rants throughout

7    Plaintiff's employment with Berkel.

8        30.    Berkel routinely shuttled its employees by van from the parking lot at the

9    Tesoro Refinery to the jobsite itself.  Plaintiff and Wingnut were shuttled together in the van

10   on a routine basis, during which Wingnut engaged in his outrageous rants in the presence of

11   Berkel managers who were driving the van.

12       31.    Berkel and Cherne employees shared common lunch and break areas at the

13   Tesoro jobsite.  Plaintiff and Wingnut frequently crossed paths at the lunch tent and in the

14   smoking area, during which times Wingnut engaged in his outrageous rants in the presence of

15   Berkel and Cherne managers.

16       32.    Wingnut's outrageous rants were unwelcome to Plaintiff.  Plaintiff was

17   offended by Wingnut's outrageous rants.

18       33.    Plaintiff alleges that Berkel managers acquiesced, ratified, and authorized

19   Wingnut's outrageous rants.

20       34.    Plaintiff alleges that Cherne managers acquiesced, ratified, and authorized

21   Wingnut's outrageous rants.

22       35.    Plaintiff is a mature, intelligent, and articulate woman, who generally works on

23   heavy construction sites with otherwise all-male crews.  As a result, Plaintiff has become

24   somewhat inured to rough language in her work environment, and although she sometimes

25   was offended, her practice was to stay focused on the job and to ignore the offensive

26   comments to the best of her ability.  Plaintiff did so in part because she wanted to be accepted

27   as an equal among her male co-workers despite the fact that she is a woman, and in other part

28   because she wanted to demonstrate to her then-employer that she was a productive team

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

5

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  player. It was with this attitude that Plaintiff approached her employment at the Tesoro
2  jobsite.

3      36.    Some time during the second week on the job, Plaintiff and Wingnut were in
4  the designated smoking area at the Tesoro jobsite, at which time Wingnut stated to her, "nice
5  tits." Wingnut's statement to her, "nice tits," was different from all previous offensive
6  comments that she had endured because Wingnut addressed Plaintiff directly in what she
7  perceived to be an assertive, mean-spirited manner.

8      37.    Plaintiff alleges that Steve Paine, (hereinafter, "Paine"), Berkel's Superintendent
9  at the Tesoro Refiner jobsite, heard Wingnut say, "nice tits" to Plaintiff, but that Paine was
10 unresponsive. As a result, Plaintiff inferred that Wingnut's conduct was acceptable in Berkel's
11 work environment.

12     38.    Plaintiff was personally offended; moreover, Plaintiff worried that Wingnut,
13 who towered over her, was going to sexually harass her on a routine basis. However, in part
14 because it was merely her second week on the job and thus she believed that she had not yet
15 gained her new employer's confidence that she would be a productive team player, Plaintiff
16 was reluctant to take any action. Moreover, because Paine had heard Wingnut's comment to
17 her but did not take any action, Plaintiff was fearful that Paine would consider her a
18 troublemaker if she complained. Consequently, Plaintiff resolved to resort to self-help; to wit,
19 Plaintiff decided to stay away from Wingnut as much as possible, and to ignore his comments
20 when their paths crossed. Plaintiff continued to worry that sooner or later Wingnut would
21 continue to harass her; nevertheless, Plaintiff hoped for the best and remained resolved to
22 focus on her livelihood.

23     39.    Plaintiff is a chain-smoker, and strict safety rules at the Tesoro refinery
24 prohibited smoking anywhere on the jobsite other than secure areas explicitly designated for
25 smokers. Wingnut also is a smoker, so there were many times when Plaintiff and Wingnut
26 were both in the smoking area at the same time. It was in the smoking area, in the presence of
27 other Berkel and Cherne employees, including Joe Jensen, (hereinafter, "Jensen"), Plaintiff's
28 foreman, that the further incidents giving rise to this action largely occurred.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

6

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1       40.     After approximately three weeks after Plaintiff first started on the job, Plaintiff

2   was on a break in the smoking area along with Jensen, her foreman, and several other

3   employees, including Wingnut. Plaintiff alleges that Wingnut subjected her to a vicious visual

4   and verbal attack, to wit, Wingnut thrust his hips in a sexually suggestive manner while

5   gesticulating that he held Plaintiff's head in his hands, and stated to Plaintiff,

6
7                       If you were my wife, I would give it to you until you had stretch marks
                    around your mouth. But don't worry, I would respect you on your
                    period; I would turn you over and fuck you in your ass.

8
9   Several of the men who were present laughed at Wingnut's vicious visual and verbal sexual

attack on Plaintiff, including Jensen.

10
11      41.     Plaintiff alleges that Wingnut psychologically raped Plaintiff, to wit, he intended

to force into Plaintiff's mind visualizations of him performing those demeaning and controlling

12
13  sexual acts; moreover, Plaintiff alleges that he succeeded. As a result of Wingnut's vicious

visual and verbal sexual attack, Plaintiff was in emotional shock. Plaintiff continues to have

14
15  mental visualizations of Wingnut performing those demeaning and controlling sexual acts upon

her; and Plaintiff cannot get them out of her mind. As a result, Plaintiff suffers from ongoing

16
17  severe emotional distress related to those disgusting unwanted mental visualizations.

Furthermore, Plaintiff was deeply humiliated because all of the men in the smoking area - her

18
19  co-workers and her foreman - heard Wingnut's vicious attack. Plaintiff alleges that Wingnut

intended to humiliate Plaintiff before her male co-workers, and that his acts were motivated by

20
a perverse desire to entertain them at her expense.

21
22      42.     Although Plaintiff was emotionally distraught as a result of having been

psychologically raped by Wingnut in the presence of her foreman and male co-workers, she

23
24  still was afraid that if she lodged a complaint she would experience retaliation, especially since

her foreman and many of her co-workers laughed at Wingnut's vicious attack. Plaintiff was

25
afraid for her own safety.

26
27      43.     Plaintiff reported the incident to Paine, who told Plaintiff that he would talk to

Wingnut. However, because Plaintiff was afraid of retaliation from Wingnut and others, she

28
told Paine that she believed she could handle the matter on her own. On information and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

7

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1   belief, Plaintiff alleges that Paine took no action to further investigate the facts or to take
2   corrective action.

3        44.    On October 16, 2006, Plaintiff and Wingnut were once again in the smoking
4   area at the same time. Also present were several other Berkel employees. Wingnut launched
5   into yet another outrageous rant, this time uttering ethnic vulgarities against Filipinos, the
6   disabled, Arabs, Jews, and women. Plaintiff has a daughter who is half-Filipino, so for her,
7   Wingnut's rant about Filipinos was a mean-spirited, hateful attack on her child. For Plaintiff,
8   it was the final straw, and she turned to leave the area. As she turned to leave Wingnut stated,
9   "where are *you* going?" Plaintiff broke down emotionally and told Wingnut that her daughter
10   is half-Filipino, and that she was not going to take it anymore. In response, Wingnut stated to
11   Plaintiff, "you need to develop a thicker skin."

12        45.    As a result of all of Wingnut's outrageous rants and Berkel's and Cherne's
13   apparent acquiescence in and ratification of Wingnut's conduct, Plaintiff was emotionally
14   distraught, to wit, Plaintiff was weeping copiously and could not think straight. She
15   immediately told Jerry Groce, (hereinafter, "Groce"), Berkel's General Superintendent on the
16   jobsite, that she was quitting and wanted her final paycheck, and the reasons therefor. Groce
17   asked Plaintiff to calm down, have a cigarette, and allow him to contact some people to
18   investigate. Plaintiff followed his direction, hopeful that at last someone in charge was going
19   to do the right thing.

20        46.    Shortly after Plaintiff's conversation with Groce, Plaintiff was approached by
21   Braverman-Smith, who introduced herself to Plaintiff as an HR Consultant whom Cherne
22   brought in because Berkel had no one on the jobsite to conduct an investigation. Braverman-
23   Smith told Plaintiff that she would be conducting an objective investigation into Plaintiff's
24   harassment complaint. Plaintiff asked Braverman-Smith for Wingnut's legal name, because
25   Plaintiff had decided to file a restraining order against him; however, Braverman-Smith told
26   Plaintiff that she did not know his legal name, but would let Plaintiff know after she
27   interviewed him. Later that same day, Braverman-Smith informed Plaintiff that Wingnut
28   would be fired. Braverman-Smith also told Plaintiff that she still did not know Wingnut's legal

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

8

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  name, but assured Plaintiff that he would be gone. Over the ensuing days, Braverman-Smith
2  attempted to ingratiate herself with Plaintiff on a woman-to-woman basis, and repeatedly
3  encouraged Plaintiff to meet with Zuckerman, whom Braverman-Smith represented was a fair
4  and decent man who would provide Plaintiff with a fair resolution of the matter. Plaintiff,
5  however, was most concerned that Braverman-Smith conduct a thorough investigation, and
6  that Berkel take appropriate corrective action. Plaintiff was in an emotionally fragile state, and
7  had relied on Braverman-Smith's representations related to her intention to conduct a thorough
8  investigation, and her assessment of Zuckerman's character. Consequently, Plaintiff continued
9  to request information from Braverman-Smith concerning the progress and outcome of the
10  investigation; however, despite repeated requests, Braverman-Smith avoided responding to
11  Plaintiff and ultimately informed Plaintiff that she had turned over all of her files to Berkel,
12  and did not retain any copies. Plaintiff alleges that Braverman-Smith intentionally deceived
13  Plaintiff, to wit, Braverman-Smith never intended to conduct an objective or thorough
14  investigation; rather, she intended to conduct an investigation calculated to minimize Cherne's
15  and Berkel's potential liability under FEHA.

16      47.    After repeated unsuccessful attempts to find out what Braverman-Smith's
17  investigation uncovered, Plaintiff met with Zuckerman. Zuckerman finally provided Plaintiff
18  with a copy of a letter from Braverman-Smith purportedly recounting the results of her
19  investigation. Plaintiff inferred from the letter that neither Berkel nor Braverman-Smith ever
20  intended to conduct an objective investigation despite their representations to her to the
21  contrary. Plaintiff further alleges that neither Zuckerman nor Braverman-Smith ever intended
22  to conduct an objective investigation despite their legal duties pursuant to Berkel's contract
23  with Plaintiff's Union. Plaintiff further alleges that Braverman-Smith and Zuckerman never
24  intended to conduct an objective investigation despite their legal duties under FEHA.

25      48.    Plaintiff's realization of Braverman-Smith's and Zuckerman's deceptions were
26  akin to an epiphany, thus causing Plaintiff further emotional distress. Plaintiff was outraged,
27  and thought to herself, "They were playing me. How dare they!" Plaintiff continues to suffer
28  severe emotional distress as a result of Braverman-Smith's and Zuckerman's outrageous

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

9

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    attempts to deceive her.

2        49.    Plaintiff filed a Workers' Compensation Claim for the emotional injuries she
3    suffered as a result of the illegal harassment. Plaintiff alleges that Paine telephoned her and
4    informed her that her Workers' Compensation Claim was denied, and that she was terminated.

5        50.    Plaintiff alleges that after she met with Braverman-Smith, Groce approached
6    her and asked her if she would just drop the matter. Moreover, Groce suggest to Plaintiff that
7    she quit.

8        51.    Plaintiff alleges that Zuckerman and Braverman-Smith conspired to deceive
9    Plaintiff by falsely representing to her that they had met all of their legal obligations to her
10   under FEHA, including a false representation that their investigation into Plaintiff's complaint
11   of illegal harassment against Wingnut was objective and complete. Plaintiff further alleges
12   that Zuckerman and Braverman-Smith conspired to deceive Plaintiff in order to make the
13   problem go away with as little disruption to the construction project as possible, and in order
14   to minimize Berkel's potential civil liability under FEHA.

15       52.    Plaintiff alleges that Zuckerman intentionally deceived Plaintiff by representing
16   falsely the corrective action that Berkel had taken with Wingnut.

17       53.    Plaintiff alleges that Wingnut engaged in sexually harassing conduct with
18   another woman who was on the jobsite, a concrete inspector from the state of California. To
19   wit, Plaintiff alleges Wingnut made offensive comments to the woman, who subsequently
20   complained; and Wingnut apologized to her. Plaintiff saw Wingnut wearing a pink hardhat
21   and pink peacock-feathered earrings when the incident occurred. Furthermore, Plaintiff
22   alleges that Wingnut's foreman, Doug, also was asked to apologize to the woman because he,
23   too, had said something to her that she found offensive.

24       54.    Plaintiff alleges that Berkel is intentionally derelict in its duty to prevent sexual
25   harassment in the workplace.

26       55.    Plaintiff alleges that Berkel purposefully engages in retaliatory actions against
27   its employees who complain about sexual harassment.

28       56.    Plaintiff alleges that Berkel is intentionally derelict in its duty to take effective

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

10

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1    corrective action in response to complaints of sexual harassment.

2        57.    Plaintiff alleges that Cherne is intentionally derelict in its duty to prevent sexual
3    harassment in the workplace.

4        58.    Plaintiff alleges that Cherne is intentionally derelict in its duty to take effective
5    corrective action in response to complaints of sexual harassment.

6        59.    On November 14, 2006, Plaintiff filed against Berkel and Zuckerman a
7    complaint of discrimination under the provisions of FEHA. On November 29, 2006, the
8    DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this
9    complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her
10   administrative remedies against Berkel pursuant to FEHA requirements.

11       60.    On September 20, 2007, Plaintiff filed against Cherne a complaint of
12   discrimination under the provisions of the FEHA. On September 24, 2007, the DFEH issued to
13   Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of
14   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative
15   remedies against Cherne pursuant to FEHA requirements.

16       61.    On October 19, 2007, Plaintiff filed against Braverman-Smith, as an individual,
17   a complaint of discrimination under the provisions of FEHA. On October 22, 2007, the DFEH
18   issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this complaint of
19   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative
20   remedies against Braverman-Smith pursuant to FEHA requirements.

21       62.    On October 19, 2007, Plaintiff filed against Braverman Mediation &
22   Consulting, complaint of discrimination under the provisions of FEHA. On October 22, 2007,
23   the DFEH issued to Plaintiff a notice of case closure and right-to-sue letter. In filing this
24   complaint of discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her
25   administrative remedies against Braverman Mediation & Consulting, pursuant to FEHA
26   requirements.

27       63.    On September 19, 2007, Plaintiff filed against Scher a complaint of
28   discrimination under the provisions of FEHA. On September 20, 2007, the DFEH issued to

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

11

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1   Plaintiff a notice of case closure and right-to-sue letter.   In filing this complaint of
2   discrimination and receiving a right-to-sue letter, Plaintiff has exhausted her administrative
3   remedies against Scher pursuant to FEHA requirements.

## FIRST CAUSE OF ACTION

### [SCHER – SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]

6   64.   Plaintiff incorporates paragraphs 1-63 as if fully set forth.

7   65.   Plaintiff brings this action against Scher and alleges that Scher, as an individual,
8   subjected her to harassment because she is a woman, causing a hostile or abusive work
9   environment, pursuant to Gov't Code § 12940(j)(3).

10   66.   Plaintiff alleges that Scher's harassing conduct was so severe, widespread, or
11   persistent that a reasonable woman in Plaintiff's circumstances would have considered the
12   work environment to be hostile or abusive.  Scher's conduct as alleged hereinabove constituted
13   unlawful sexual harassment, and rendered plaintiff's employment environment hostile.

14   67.   Plaintiff alleges that she considered the work environment to be hostile or
15   abusive.

16   68.   Plaintiff alleges that she was harmed by Scher's conduct.

17   69.   Plaintiff alleges that Scher's conduct was a substantial factor in causing
18   Plaintiff's harm.

19   70.   As a direct, foreseeable, and proximate result of Scher's illegal acts, Plaintiff has
20   suffered substantial losses in earnings and job benefits, and has suffered and continues to suffer
21   humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's damage
22   in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.
23   Plaintiff claims this amount along with attorneys fees and costs, and all other relief available
24   pursuant to law.

## SECOND CAUSE OF ACTION

### [SCHER: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –
### CIVIL CODE § 1714]

28   71.   Plaintiff incorporates paragraphs 1-70 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9466

12

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1      72.     Plaintiff brings this action against Scher for Intentional Infliction of Emotional

2  Distress and alleges that Scher's conduct caused her to suffer severe emotional distress.

3      73.     Plaintiff alleges that Scher's conduct as described hereinabove was outrageous.

4      74.     Plaintiff alleges that Scher intended to cause Plaintiff emotional distress, or

5  acted with reckless disregard of the probability that Plaintiff would suffer emotional distress,

6  knowing that Plaintiff was present when the conduct occurred.

7      75.     Plaintiff alleges that Scher's conduct was a substantial factor in causing

8  Plaintiff's severe emotional distress.

9      76.     Plaintiff alleges that she that she suffered severe emotional distress, including

10  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

11  not fully known at this time, and the amount of damages caused by Scher's conduct is not yet

12  fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at the

13  time of trial. Plaintiff claims this amount together with prejudgment interest pursuant to <u>Civil</u>

14  <u>Code § 3287</u> and pursuant to any other provision of law providing for prejudgment interest.

15                            **THIRD CAUSE OF ACTION**

16        **[BERKEL: SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]**

17      77.     Plaintiff incorporates paragraphs 1-76 as if fully set forth.

18      78.     Plaintiff brings this action pursuant to FEHA, <u>Gov. Code §§ 12900</u> et seq., and

19  the corresponding regulations of the California Fair Employment and Housing Commission.

20      79.     Plaintiff brings this action against Berkel and alleges that Berkel knew or should

21  have known of Wingnut's illegal conduct and failed to take timely steps to conduct an objective

22  investigation in order to prevent and correct Wingnut's unlawful conduct, thereby tacitly

23  approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

24      80.     Plaintiff alleges that the harassing conduct was so severe, widespread, or

25  persistent that a reasonable woman in Plaintiff's circumstances would have considered the

26  work environment to be hostile or abusive.

27      81.     Plaintiff alleges that she considered the work environment to be hostile or

28  abusive.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

13

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1     82.     Plaintiff alleges that she was harmed by Scher's conduct.

2     83.     Plaintiff alleges that Scher's conduct was a substantial factor in causing

3  Plaintiff's harm.

4     84.     As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

5  has suffered substantial losses in earnings and job benefits, and has suffered and continues to

6  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

7  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

8  Plaintiff claims this amount along with attorneys fees and costs, and all other relief available

9  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

10  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

11  interest.

12     85.     Berkel committed the acts described in this complaint oppressively,

13  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel

14  in an amount appropriate to punish and make an example of Berkel.

15                         **FOURTH CAUSE OF ACTION**

16      **[BERKEL: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO**

17       **PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –**

18              **GOV'T CODE §§ 12940, 12950 ET SEQ.]**

19     86.     Plaintiff incorporates paragraphs 1-85 as if fully set forth.

20     87.     Plaintiff brings this action against Berkel for failure to prevent harassment

21  pursuant to Gov't Code § 12940, subd.(k), and alleges that Berkel failed to prevent harassment

22  based on sex/gender.

23     88.     Plaintiff alleges that she was subjected to harassing conduct and discrimination

24  because she is a woman.

25     89.     Plaintiff alleges that Berkel failed to take reasonable steps to prevent the

26  harassment.

27     90.     Plaintiff alleges that she was harmed as a result of the harassment.

28     91.     Plaintiff alleges that Berkel's failure to take reasonable steps to prevent

LAW OFFICES OF
PATRICE R. ZABELL
1700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

14

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  harassment was a substantial factor in causing Plaintiff's harm.

2      92.      As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff
3  has suffered substantial losses in earnings and job benefits, and has suffered and continues to
4  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's
5  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.
6  Plaintiff claims this amount along with attorney's fees and costs, and all other relief available
7  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to
8  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment
9  interest.

10     93.      Berkel committed the acts described in this complaint oppressively,
11 fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel
12 in an amount appropriate to punish and make an example of Berkel.

13                              **FIFTH CAUSE OF ACTION**

14           **[BRAVERMAN-SMITH:  AIDING AND ABETTING HARASSMENT –**

15                         **GOV'T CODE § 12940(j)(1), (i)]**

16     94.      Plaintiff incorporates paragraphs 1-93 as if fully set forth.

17     95.      Plaintiff brings this action against Braverman-Smith as an individual, pursuant
18 to FEHA, Gov't Code § 12940, subd. (i), which prohibits any person from aiding and abetting
19 any of the acts forbidden under FEHA.

20     96.      Plaintiff alleges that she was harmed as a result of Berkel's failure to prevent
21 and correct sexual harassment.

22     97.      Plaintiff alleges that Berkel's failure to take reasonable steps to prevent
23 harassment was a substantial factor in causing Plaintiff's harm.

24     98.      Plaintiff alleges that in doing the acts described hereinabove, Braverman-Smith
25 aided and abetted Berkel in its intentional dereliction of its duty to prevent and correct sexual
26 harassment.

27     99.      As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,
28 Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

                                        15

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1  continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to
2  Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be
3  proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other
4  relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest
5  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
6  prejudgment interest.

7       100.    Braverman-Smith committed the acts described in this complaint oppressively,
8  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against
9  Braverman-Smith in an amount appropriate to punish and make an example of Braverman-
10  Smith.

11                              **SIXTH CAUSE OF ACTION**

12            **[CHERNE: SEXUAL HARASSMENT – GOV'T CODE § 12940 ET SEQ.]**

13       101.    Plaintiff incorporates paragraphs 1-100 as if fully set forth.

14       102.    Plaintiff brings this action pursuant to FEHA, Gov. Code §§ 12940 et seq., and
15  the corresponding regulations of the California Fair Employment and Housing Commission.

16       103.    Plaintiff brings this action against Cherne and alleges that Cherne knew or
17  should have known of Wingnut's illegal conduct and failed to take timely steps to conduct an
18  objective investigation in order to prevent and correct Wingnut's unlawful conduct, thereby
19  tacitly approving, acquiescing in, and ratifying Wingnut's sexual harassment of Plaintiff.

20       104.    Plaintiff alleges that the harassing conduct was so severe, widespread, or
21  persistent that a reasonable woman in Plaintiff's circumstances would have considered the
22  work environment to be hostile or abusive.

23       105.    Plaintiff alleges that she considered the work environment to be hostile or
24  abusive.

25       106.    Plaintiff alleges that she was harmed by Wingnut's conduct.

26       107.    Plaintiff alleges that Wingnut's conduct was a substantial factor in causing
27  Plaintiff's harm.

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

                                      16

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    108.    As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff

2  has suffered substantial losses in earnings and job benefits, and has suffered and continues to

3  suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

4  damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

5  Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

6  pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

7  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

8  interest.

9    109.    Cherne    committed    the    acts    described    in    this    complaint    oppressively,

10  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

11  Cherne in an amount appropriate to punish and make an example of Cherne.

12                          **SEVENTH CAUSE OF ACTION**

13          **[CHERNE: FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO**

14              **PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING –**

15                          **GOV'T CODE §§ 12940, 12950 ET SEQ.]**

16    110.    Plaintiff incorporates paragraphs 1-109 as if fully set forth.

17    111.    Plaintiff brings this action against Cherne for failure to prevent harassment

18  pursuant to Gov't Code § 12940, subd.(k), and alleges that Cherne failed to prevent harassment

19  based on sex/gender.

20    112.    Plaintiff alleges that Cherne was Plaintiff's employer under FEHA, pursuant to

21  the integrated employer test.

22    113.    Plaintiff alleges that she was subjected to harassing conduct and discrimination

23  because she is a woman.

24    114.    Plaintiff alleges that Cherne failed to take reasonable steps to prevent the

25  harassment.

26    115.    Plaintiff alleges that she was harmed as a result of the harassment.

27    116.    Plaintiff alleges that Cherne's failure to take reasonable steps to prevent

28  harassment was a substantial factor in causing Plaintiff's harm.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9456

17

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    117.    As a direct, foreseeable, and proximate result of Cherne's illegal acts, Plaintiff

2    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

3    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

4    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

5    Plaintiff claims this amount along with attorney's fees and costs, and all other relief available

6    pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to

7    Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment

8    interest.

9    118.    Cherne committed the acts described in this complaint oppressively,

10    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

11    Cherne in an amount appropriate to punish and make an example of Cherne.

## EIGHTH CAUSE OF ACTION

### [BERKEL: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

### AND FAIR DEALING]

15    119.    Plaintiff incorporates paragraphs 1-118 as if fully set forth.

16    120.    Plaintiff brings this action against Berkel for Breach of the Implied Covenant of

17    Good Faith and Fair Dealing which provides that that neither party will do anything that will

18    injure the right of the other to receive the benefits of the agreement.

19    121.    Plaintiff alleges that pursuant to the Master Labor Agreement between

20    Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters,

21    Bridge, Wharf and Dock Builders Local Union #34, Berkel had a prevent and correct sexual

22    harassment from occurring, and that Berkel intentionally was derelict in these duties.

23    122.    Plaintiff alleges that in engaging in the acts described hereinabove, Zuckerman

24    and Braverman-Smith intended to deceive Plaintiff.

25    123.    As a direct, foreseeable, and proximate result of Berkel's illegal acts, Plaintiff

26    has suffered substantial losses in earnings and job benefits, and has suffered and continues to

27    suffer humiliation, embarrassment, mental and emotional distress, and anger, all to Plaintiff's

28    damage in an amount in excess of $ 25,000, the precise amount of which will be proven at trial.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

18

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1 | Plaintiff claims this amount along with attorneys fees and costs, and all other relief available
2 | pursuant to law. Plaintiff claims this amount together with prejudgment interest pursuant to
3 | Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment
4 | interest.

5 | 124. Berkel committed the acts described in this complaint oppressively,
6 | fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against Berkel
7 | in an amount appropriate to punish and make an example of Berkel.

8 | ## NINTH CAUSE OF ACTION

9 | ## [BRAVERMAN-SMITH: FRAUD]

10 | 125. Plaintiff incorporates paragraphs 1-124 as if fully set forth.

11 | 126. Plaintiff alleges that Braverman-Smith made purposeful misrepresentations, to
12 | wit, she concealed or failed to disclose such facts when she was under a duty to disclose those
13 | facts;

14 | 127. Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff
15 | were false when she made them, or made them recklessly and without regard for their truth.

16 | 128. Plaintiff alleges that Braverman-Smith made misrepresentations and concealed
17 | facts with the intent to defraud the plaintiff.

18 | 129. Plaintiff reasonably relied on Braverman-Smith's representations to her.

19 | 130. Plaintiff's reliance on the representation were a substantial factor in causing the
20 | harms Plaintiff has suffered.

21 | 131. As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,
22 | Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and
23 | continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to
24 | Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be
25 | proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other
26 | relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest
27 | pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
28 | prejudgment interest.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

19

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    132.    Braverman-Smith committed the acts described in this complaint oppressively,

2    fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against

3    Braverman-Smith in an amount appropriate to punish and make an example of Braverman-

4    Smith.

5    **TENTH CAUSE OF ACTION**

6    **[BRAVERMAN-SMITH: INTENTIONAL INFLICTION OF**

7    **EMOTIONAL DISTRESS]**

8    133.    Plaintiff incorporates paragraphs 1-132 as if fully set forth.

9    134.    Plaintiff brings this action for Intentional Infliction of Emotional Distress

10   against Braverman-Smith as an individual, pursuant to Civil Code § 1714, and alleges that

11   Braverman-Smith's conduct caused her to suffer severe emotional distress.

12   135.    Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was

13   outrageous.

14   136.    Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional

15   distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional

16   distress, knowing that Plaintiff was present when the conduct occurred.

17   137.    Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in

18   causing Plaintiff's severe emotional distress.

19   138.    Plaintiff alleges that she that she suffered severe emotional distress, including

20   suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is

21   not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct

22   is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be

23   proven at the time of trial.  Plaintiff claims this amount together with prejudgment interest

24   pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for

25   prejudgment interest.

26   **ELEVENTH CAUSE OF ACTION**

27   **[BMC: FRAUD]**

28   139.    Plaintiff incorporates paragraphs 1-138 as if fully set forth.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

20

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1    140.   Plaintiff alleges that Braverman-Smith was acting as an agent of BMC when she
2  made purposeful misrepresentations to Plaintiff, to wit, she concealed or failed to disclose such
3  facts when she was under a duty to disclose those facts, and that BMC is legally liable for the
4  acts of its agents under principles of agency law.

5    141.   Plaintiff alleges that Braverman-Smith knew that her representations to Plaintiff
6  were false when she made them, or made them recklessly and without regard for their truth.

7    142.   Plaintiff alleges that Braverman-Smith made misrepresentations and concealed
8  facts with the intent to defraud the plaintiff.

9    143.   Plaintiff reasonably relied on Braverman-Smith's representations to her.

10   144.   Plaintiff's reliance on the representation were a substantial factor in causing the
11  harms Plaintiff has suffered.

12   145.   As a direct, foreseeable, and proximate result of Braverman-Smith's illegal acts,
13  Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered and
14  continues to suffer humiliation, embarrassment, mental and emotional distress, and anger, all to
15  Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of which will be
16  proven at trial. Plaintiff claims this amount along with attorney's fees and costs, and all other
17  relief available pursuant to law. Plaintiff claims this amount together with prejudgment interest
18  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
19  prejudgment interest.

20   146.   Braverman-Smith committed the acts described in this complaint oppressively,
21  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against BMC
22  in an amount appropriate to punish and make an example of BMC.

### TWELFTH CAUSE OF ACTION

### [BMC: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

25   147.   Plaintiff incorporates paragraphs 1-146 as if fully set forth.

26   148.   Plaintiff brings this action for Intentional Infliction of Emotional Distress
27  against BMC pursuant to Civil Code § 1714, and alleges that BMC is legally liable for
28  Braverman-Smith's outrageous acts under principles of agency law.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

21

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1     149.    Plaintiff alleges that Braverman-Smith's conduct caused her to suffer severe
2  emotional distress.

3     150.    Plaintiff alleges that Braverman-Smith's conduct as described hereinabove was
4  outrageous.

5     151.    Plaintiff alleges that Braverman-Smith intended to cause Plaintiff emotional
6  distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional
7  distress, knowing that Plaintiff was present when the conduct occurred.

8     152.    Plaintiff alleges that Braverman-Smith's conduct was a substantial factor in
9  causing Plaintiff's severe emotional distress.

10    153.    Plaintiff alleges that she that she suffered severe emotional distress, including
11  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is
12  not fully known at this time, and the amount of damages caused by Braverman-Smith's conduct
13  is not yet fully ascertained but in an amount in excess of $25,000, the precise amount to be
14  proven at the time of trial.  Plaintiff claims this amount together with prejudgment interest
15  pursuant to Civil Code § 3287 and pursuant to any other provision of law providing for
16  prejudgment interest.

17                    **THIRTEENTH CAUSE OF ACTION**

18            **[ZUCKERMAN: CONSPIRACY TO COMMIT FRAUD AND FRAUD]**

19    154.    Plaintiff incorporates paragraphs 1-153 as if fully set forth.

20    155.    Plaintiff alleges that Zuckerman conspired with Braverman-Smith to commit the
21  fraudulent acts described hereinabove.

22    156.    Plaintiff alleges that Zuckerman is liable as a joint tortfeasor in Braverman-
23  Smith's fraud on Plaintiff by virtue of their conspiracy to commit fraud against Plaintiff.

24    157.    Plaintiff has suffered substantial losses in earnings and job benefits, and has
25  suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,
26  and anger, all to Plaintiff's damage in an amount in excess of $ 25,000, the precise amount of
27  which will be proven at trial.  Plaintiff claims this amount along with attorney's fees and costs,
28  and all other relief available pursuant to law.  Plaintiff claims this amount together with

LAW OFFICES OF
PATRICE R. ZABELL
700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

22

VERIFIED COMPLAINT
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

1  prejudgment interest pursuant to Civil Code § 3287 and pursuant to any other provision of law
2  providing for prejudgment interest.

3      158.    Zuckerman committed the acts described in this complaint oppressively,
4  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against
5  Zuckerman an amount appropriate to punish and make an example of Zuckerman.

6  **FOURTEENTH CAUSE OF ACTION**

7  **[ZUCKERMAN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

8      159.    Plaintiff incorporates paragraphs 1-158 as if fully set forth.

9      160.    Plaintiff brings this action for Intentional Infliction of Emotional Distress
10  against Zuckerman pursuant to Civil Code § 1714 and alleges that Zuckerman's conduct caused
11  her to suffer severe emotional distress.

12      161.    Plaintiff alleges that Zuckerman's conduct as described hereinabove was
13  outrageous.

14      162.    Plaintiff alleges that Zuckerman intended to cause Plaintiff emotional distress,
15  or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress,
16  knowing that Plaintiff was present when the conduct occurred.

17      163.    Plaintiff alleges that Zuckerman's conduct was a substantial factor in causing
18  Plaintiff's severe emotional distress.

19      164.    Plaintiff alleges that she that she suffered severe emotional distress, including
20  suffering, anguish, nervousness, anxiety, worry, shock, and humiliation, the extent of which is
21  not fully known at this time, and the amount of damages caused by Zuckerman's conduct is not
22  yet fully ascertained but in an amount in excess of $25,000, the precise amount to be proven at
23  the time of trial.  Plaintiff claims this amount together with prejudgment interest pursuant to
24  Civil Code § 3287 and pursuant to any other provision of law providing for prejudgment
25  interest.

26      **WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

27      1.    for general damages according to proof;

28

LAW OFFICES OF
PATRICE R. ZABELL
1700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

23

VERIFIED COMPLAINT
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

1    2.    for special damages according to proof;

2    3.    for incidental and consequential damages according to proof;

3    4.    for punitive damages;

4    5.    for attorney fees and costs;

5    6.    for prejudgment interest on all amounts claimed;

6    7.    for a court order requiring that Defendants remove all negative performance

7  information from Plaintiff's personnel file and limit future job reference disclosures to dates of

8  employment and job title, only;

9    8.    for any other and further relief that the court considers proper.

10                        **DEMAND FOR JURY TRIAL**

11        Plaintiff hereby demands a trial by jury.

12  DATED: November 29, 2007                    LAW OFFICES OF PATRICE R. ZABELL

13

14                                        By: _____
                                              PATRICE R. ZABELL
15                                            Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

24

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*

## VERIFICATION

1

2      I, Winifred Gibson-Jones, declare as follows:

3      I am the complainant in the above-entitled proceeding. I have read the foregoing

4   complaint and know the contents thereof; that the same is true of my knowledge, except as to the

5   matters which are therein stated on my information or belief and as to those matters that I believe

6   them to be true.

7      I declare under penalty of perjury under the laws of the State of California that the

8   foregoing is true and correct.

9      Dated this 27 day of November, 2007, at Walnut Creek, California.

10

11

12                                                    _____
                                                      Winifred Gibson-Jones
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9458

**VERIFIED COMPLAINT**
*Gibson-Jones v. Berkel & Company, et al.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Sta... number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrice Zabell, Esq. (SBN 215459)<br>Law Offices of Patrice R. Zabell<br>2700 Ygnacio Valley Road, Suite 270<br>Walnut Creek, CA 94598 | FILED |

TELEPHONE NO.: 925-932-9455    FAX NO.: 925-932-9468

ATTORNEY FOR *(Name):* Plaintiff, Winifred Gibson-Jones

2007 NOV 29 P 12: 48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

COURT OF _____
BY _____
C. _____, Deputy Clerk

CASE NAME: Gibson-Jones v. Berkel & Company Contractors, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C 07 - 02611<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Fourteen
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 29, 2007

Patrice Zabell, Esq. (SBN 215459)
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# Exhibit B



www.berkelandcompany.com

AUGER PRESSURE GROUTED PILING I DISPLACEMENT PILING I DRIVEN PILING I PRESSURE GROUTING I SHEETING & SHORING I MICRO PILING

Reply To: Regional Office
Berkel & Company Contractors, Inc.
855 Folsom Street, Suite 703
San Francisco, CA 94107
(415) 495-3627 • (415) 495-2746 fax

November 7, 2006

Winifred Gibson-Jones
381 Arthur Rd. #2C
Martinez, CA 94553

Dear Ms. Gibson-Jones:

This is to advise you that I reviewed your complaint of harassment by Mr. Greg Scher and also reviewed the preliminary investigation prepared by Chrene Contracting Corporation (a copy of which is attached).

Although the investigation by Chrene was inclusive, based on my review of this information, and Berkel and Company Contractors, Inc. policies prohibiting harassment based on sex (a copy of which is available for your review should you so request), I concluded that Mr. Scher's behavior towards you was unacceptable and not in compliance with Berkel's anti-harassment policies and that corrective action was necessary. I can inform you of the following:

1.    Mr. Scher is no longer employed with Berkel and will not in the future be employed with the company.
2.    Berkel intends to conduct anti-harassment training for all supervisory personnel at its Martinez project site as soon as staffing increases, which is expected to be in February 2007.

The company regrets the difficulties you experienced and has decided to pay you full salary for your employment with Berkel as a pile drive at the Tosoro Martinez project site through October 27, 2006. Please note that the project is rapidly concluding and numerous employees, including other pile drivers, have been laid-off over the last few weeks.

Please be assured that Berkel maintains a no retaliation policy (a copy of which is available for your review should you so request). In no manner does or will your complaint of harassment impact your eligibility to again work for Berkel. In fact, we invite you to come back and work for Berkel as staffing again increases and will consider you for employment as soon as you let us know of your interest.

Please do not hesitate to contact me, or your Union representative, if we can be of any additional assistance to you or should you have questions.

Sincerely,

Brian Zuckerman
Assistant West Coast Regional Manager
Berkel and Company Contractors, Inc.

P.S.:    I have transmitted your request for a lump sum payment to corporate and will let you know this Thursday if it has been approved.

cc:    Pat Karinen, NCCRC Senior Field Rep.

2649 S. 142nd Street, P.O. Box 335 • Bonner Springs, Kansas 66012  -  (913) 422-5125 - (913) 441-0402 fax  -  Email: info@berkelapg.com

KANSAS CITY - ATLANTA - BALTIMORE - CHICAGO - HOUSTON - LOUISVILLE - ORLANDO - SAN FRANCISCO - WASHINGTON DC
"An Equal Opportunity Employer"