MICHAEL J. VARTAIN [SBN 92366]
LINDA K. ADLER  [SBN 199809]
**VARTAIN LAW GROUP**
601 Montgomery Street, Suite 540
San Francisco, CA 94111-2608
Telephone:  [415] 391-1155
Facsimile:  [415] 391-1177
linda@vartainlaw.com

Attorneys for Defendants
BERKEL & COMPANY CONTRACTORS, INC.,
BRIAN ZUCKERMAN, JESSICA BRAVERMAN-SMITH
AND BRAVERMAN MEDIATION & CONSULTING

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>    Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.:  **CV 07 – 06440  WDB**<br><br>**DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN ZUCKERMAN, JESSICA BRAVERMAN-SMITH AND BRAVERMAN MEDIATION AND CONSULTING'S NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; AND PROPOSED ORDER**<br><br>**[F.R.C.P. RULE 12(b)]** |

Hearing Date:  February 27, 2008
Time:     3:00 p.m.
Courtroom:   Courtroom 4, 3rd Floor
Judge:     Hon. Wayne D. Brazil
Complaint Filed: November 29, 2007

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. iii

NOTICE OF MOTION........................................................................................................ 1

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS .......................... 1

I.      INTRODUCTION ................................................................................................... 1

        A.      THE DEFENDANTS ................................................................................... 1

        B.      PROCEDURAL HISTORY ......................................................................... 2

II.     SUMMARY OF THE ARGUMENT ....................................................................... 2

III.    ALLEGATIONS IN THE COMPLAINT ................................................................. 5

IV.     LEGAL ARGUMENT............................................................................................. 7

        A.      THE THIRD CAUSE OF ACTION AGAINST BERKEL FOR
                SEXUAL HARASSMENT COMMITTED BY BERKEL IN
                VIOLATION OF THE FEHA FAILS BECAUSE THE
                COMPLAINT ALLEGES THAT THE HARASSMENT WAS NOT
                COMMITTED BY ANY MANAGER OR SUPERVISORY
                EMPLOYEE, BUT BY A RANK-AND-FILE EMPLOYEE. ............................ 7

        B.      THE FOURTH CAUSE OF ACTION AGAINST BERKEL FOR
                FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY
                TO PREVENT DISCRIMINATION AND HARASSMENT FROM
                OCCURRING IN VIOLATION OF FEHA FAILS BECAUSE
                PLAINTIFF HAS NOT ALLEGED FACTS NECESSARY TO THE
                CLAIM. ..................................................................................................... 7

        C.      THE EIGHTH CAUSE OF ACTION AGAINST BERKEL FOR
                BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
                DEALING ARISING OUT OF THE COLLECTIVE
                BARGAINING AGREEMENT FAILS BECAUSE PLAINTIFF
                DOES NOT ALLEGE THAT SHE EXHAUSTED HER
                GRIEVANCE RIGHTS UNDER THE CBA OR THAT THE
                UNION VIOLATED ITS DUTY OF FAIR REPRESENTATION. ..................... 9

        D.      THE THIRTEENTH AND FOURTEENTH CAUSES OF ACTION
                AGAINST ZUCKERMAN FOR FRAUD AND CONSPIRACY TO
                COMMIT FRAUD AND INTENTIONAL INFLICTION OF
                EMOTIONAL DISTRESS FAIL BECAUSE, AS A MATTER OF
                LAW, MANAGERS OF THE EMPLOYER CANNOT BE HELD
                PERSONALLY LIABLE FOR COMMON LAW TORT CLAIMS
                BASED ON PERSONNEL ACTIONS AND  DECISIONS. ............................ 10

E.    IN THE ALTERNATIVE, THE THIRTEENTH  CAUSE OF ACTION AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD FAILS BECAUSE AN EMPLOYEE CANNOT CONSPIRE WITH AN EMPLOYER. ........................ 11

F.    IN THE ALTERNATIVE, THE THIRTEENTH CAUSE OF ACTION AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD FAILS BECAUSE  THE ESSENTIAL PLED, NOR IS THE CLAIM PLED WITH THE REQUISITE SPECIFICITY ELEMENTS OF FRAUD ARE NOT. .................. 12

G.    IN THE ALTERNATIVE, THE FOURTEENTH CAUSE OF ACTION AGAINST ZUCKERMAN FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE PLAINTIFF HAS NOT PLED THE ESSENTIAL ELEMENT OF "OUTRAGEOUS CONDUCT" AND BECAUSE THE CLAIM IS BARRED BY THE EXCLUSIVE REMEDY RULE. ....................................... 13

        1.    Plaintiff Has Not And Cannot State Facts Sufficient To Meet The High Standard For "Outrageous Conduct.""............................ 13

        2.    The Claim Is Pre-Empted By Workers' Compensation Laws.......................................................................................... 13

H.    THE FIFTH CAUSE OF ACTION AGAINST BRAVERMAN FOR THE FEHA VIOLATION OF AIDING AND ABETTING HARASSMENT FAILS FOR SEVERAL REASONS. ...................................... 14

        1.    As A Matter Of Law, An Agent  Cannot Aid Or Abet A Corporate Principal.......................................................................... 14

        2.    In The Alternative, Defendant Braverman Cannot Be Held Liable As A FEHA Aider And Abettor For Merely Assisting Berkel In A Personnel Management Action, Such As The Investigation Of A Sexual Harassment Complaint. .................... 15

I.    THE NINTH AND ELEVENTH CAUSES OF ACTION AGAINST BRAVERMAN AND BMC, RESPECTIVELY, FAIL BECAUSE NOT ALL OF THE ESSENTIAL ELEMENTS OF FRAUD ARE PLED, NOR ARE THE CLAIMS PLED WITH THE REQUISITE SPECIFICITY. ......................................................................... 16

J.    THE TENTH AND TWELFTH CAUSES OF ACTION AGAINST BRAVERMAN AND BMC, RESPECTIVELY, FAIL BECAUSE THEY DO NOT STATE FACTS OF "OUTRAGEOUS CONDUCT" AS DEFINED BY CALIFORNIA LAW. ..................................................................................................... 17

K.    THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND. ........................................................ 18

V.    CONCLUSION.......................................................................................... 18

1

# TABLE OF AUTHORITIES

**Federal Cases**

**Albrecht v. Lund**
(9th Cir. 1988) 845 F.2d 193 ................................................................... 5, 18

**Allis-Chalmers Corp. v. Lueck**
(1985) 471 U.S. 202, 210-211 ................................................................. 3, 9

**Ellison v. Brady**
(9th Cir. 1991) 924 F.2d 872 .................................................................. 2, 8

**Hines v. Anchor Motor Freight**
(1976) 424 U.S. 554 ............................................................................... 3, 10

**Reddy v. Litton Industries, Inc.**
(9th Cir. 1990) 912 F.2d 291, 296 ........................................................... 5, 18

**Vaca v. Sipes**
(1967) 386 U.S. 171, 185-189 ................................................................. 3, 10

**Young v. Anthony's Fish Grottos, Inc.**
(9th Cir. 1987) 830 F.2d 993, 997-998 .................................................... 3, 9


**State Cases**

**Applied Equipment Corp. v. Litton Saudi Arabia Ltd.**
(1994) 7 Cal.4th 503 ............................................................................... 3, 12

**Black v. Bank of America N.T. & S.A**
(1994) 30 Cal.App.4th 1 ......................................................................... 3, 12

**Bockover v. Perko**
(1994) 28 Cal.App.4th 479 ..................................................................... 3, 10

**Cole v. Fair Oaks Fire Protection District**
(1987) 43 Cal.3d 148 ............................................................................. 4, 13, 14

**Fiol v. Doellstedt**
(1996) 50 Cal.App.4th 1318 ............................... 2, 3, 4, 7, 10, 11, 14, 15, 16

**Jacobs v. Universal Development Corp.**
(1997) 53 Cal.App.4th 692 ..................................................................... 3, 10

**Janken v. GM Hughes Electronics**
(1996) 46 Cal.App.4th 55 ................................................. 4, 5, 10, 11, 13, 15, 17

**Lacher v. Superior Court**
(1991) 230 Cal. App.3d 1038 ................................................................. 4, 5, 17

**Lazar v. Superior Court**
(1996) 12 Cal.4th 631 ............................................................................. 3, 12

**Livitsanos v. Superior Court**
(1992) 2 Cal.4th 744 ......................................................................................... 4, 13, 14

**Magpali v. Farmers Group, Inc.**
(1996) 48 Cal.App.4th 471 ................................................................................. 4, 5, 17

**Mathews v. Superior Court of Los Angeles County**
(1995) 34 Cal.App.4th 598 .................................................................................. 4, 15

**Palmer v. Regents of the University of California**
(2003) 107 Cal.App.4th 899, rev. den., July 9, 2003 ......................................... 3, 10

**Phillips v. Gemini Moving Specialists**
(1998) 63 Cal.App.4th 563 .................................................................................. 3, 10

**Reno v. Baird**
(1998) 18 Cal.4th 640 ......................................................................................... 3, 10

**Saunders v. Superior Court**
(1994) 27 Cal.App.4th 832 .................................................................................. 4, 15

**Sheppard v. Freeman,**
(1998) 67 Cal.App.4th 339 .................................................................................. 3, 10

**Small v. Fritz Companies, Inc.**
(2003) 30 Cal.4th 167 ......................................................................... 4, 5, 12, 13, 16

**State Department of Health Services v. Superior Court of Sacramento County**
(2003) 31 Cal. 4th 1026 ...................................................................................... 2, 7

**Tarmann v. State Farm Mut. Auto. Ins. Co.**
(1991) 2 Cal.App.4th 153 ................................................................................... 3, 4, 12

**Tenzer v. Superscope, Inc.**
(1985) 39 Cal.3d 18 ............................................................................................ 4, 17

**Vergos v. McNeal**
(2007) 146 Cal.App.4th 1387 ............................................................... 3, 4, 10, 15

**Vernon v. State of California**
(2004) 116 Cal.App.4th 114 ............................................................................... 4, 15

**Westlake Community Hospital v. Superior Court**
(1976) 17 Cal.3d 465 .......................................................................................... 3, 10

**Zumbrun v. University of Southern California**
(1972) 25 Cal.App.3d 1 ...................................................................................... 3, 12

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on February 27, 2008 at 3:00 p.m. in Courtroom 4 of the above-entitled court, or as soon thereafter as the matter may be heard, Defendants Berkel & Company Contractors, Inc. ("Berkel"), Brian Zuckerman ("Zuckerman"), Jessica Braverman-Smith ("Braverman") and Braverman Mediation & Consulting ("BMC") (collectively "the Moving Defendants") will move the Court pursuant to Federal Rules of Civil Procedure, Rule 12(b), for an order dismissing the Moving Defendants from all claims filed against them[1] in the Complaint ("Complaint") filed by Plaintiff Winifred Gibson-Jones ("Plaintiff").

This motion is based on this Notice, Memorandum of Points and Authorities, Request for Judicial Notice, the Proposed Order, all pleadings and papers on file with the Court, oral argument, and upon such other evidence as the Court deems appropriate.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### I.    INTRODUCTION

#### A.    THE DEFENDANTS

**Berkel** employed Plaintiff at its construction site at the Tesoro Martinez refinery as a pile driver starting on September 13, 2006. Approximately October 27, 2006, Berkel's project wound down and its construction employees, including Plaintiff and the other pile drivers, left the site.

**Defendant Cherne** was a construction contractor at the site.

**Defendant Scher** was employed by Berkel as a crane operator at the site.

**Defendant Zuckerman** was Assistant Regional Manager of Berkel, and made the decision to engage a neutral investigator to investigate Plaintiff's harassment complaint against Scher and thereafter to impose corrective action by discharging Scher.

**Defendant Braverman-Smith** is a trained harassment investigator. She assisted Berkel in its investigation of Plaintiff's harassment complaint.

---

[1] Berkel as to the Third, Fourth and Eighth Causes of Action; Zuckerman as to the Thirteenth and Fourteenth Causes of Action, Braverman as to the Fifth, Ninth and Tenth Causes of Action; and BMC as to the Eleventh and Twelfth Causes of Action from the Complaint.

1    BMC is an entity owned by Defendant Braverman that has no involvement in this case,

2    since Braverman was not acting as an agent of BMC with respect to any of the events alleged in

3    Plaintiff's Complaint.

4    **B.    PROCEDURAL HISTORY**

5    Plaintiff filed the subject Complaint in Contra Costa County Superior Court, Case No.

6    C07-02611, on November 29, 2007.

7    On December 21, 2007, Defendants Berkel and Zuckerman filed a notice of removal to

8    United Stated District Court for the Northern District of California, Federal Case No. CV 07-

9    6440, on the grounds that: 1) the  Complaint raises federal questions governed by the Labor

10   Management Relations Act; and 2) diversity of citizenship (complete diversity exists between

11   Plaintiff and the named defendants, apart from Zuckerman, Braverman and BMC, who are

12   "sham" defendants).

13   **II.    SUMMARY OF THE ARGUMENT**

14   **REGARDING DEFENDANT BERKEL:**

15   1.    Plaintiff's Third Cause of Action for sexual harassment on the part of Berkel in

16   violation of California Fair Employment and Housing Act ("FEHA") does not state facts

17   sufficient to constitute a claim because it: (1) does not allege any facts showing that any

18   manager or supervisory employee (as distinguished from a rank-and-file employee, such as

19   Defendant Scher) employed by Berkel engaged in any act of sexual harassment against Plaintiff.

20   State Department of Health Services v. Superior Court of Sacramento County (2003) 31 Cal.4th

21   1026, 1040-1041; Fiol v. Doellstedt (1996) 50 Cal.App.4th 1318, 1328; and State Department of

22   Health Services v. Superior Court of Sacramento County (2003) 31 Cal.4th 1026, 1040.

23   2.    Plaintiff's Fourth Cause of Action for violation of FEHA by Berkel, for failure

24   to take reasonable steps to prevent harassment from occurring by failing to take corrective

25   action, does not state facts sufficient to constitute the claim because Berkel's act of promptly

26   investigating and then discharging Scher as a matter of law satisfies the duty of corrective

27   action.  Ellison v. Brady (9th Cir. 1991) 924 F.2d 872, 882.

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1      3.    Plaintiff's Eighth Cause of Action against Berkel, for violation of the collective

2  bargaining agreement, fails to state facts necessary to the claim, namely, that Plaintiff exhausted

3  her grievance rights under said collective bargaining agreement and that the union violated its

4  duty of fair representation. <u>Vaca v. Sipes</u>, 386 U.S. 171, 185-189 (1967); <u>Hines v. Anchor</u>

5  <u>Motor Freight</u>, 424 U.S. 554 (1976); <u>Palmer v. Regents of the University of California</u> (2003)

6  107 Cal.App.4th 899, rev. den., July 9, 2003; <u>Bockover v. Perko</u> (1994) 28 Cal.App.4th 479,

7  486; and <u>Westlake Community Hospital v. Superior Court</u> (1976) 17 Cal.3d 465, 474–477; <u>see</u>

8  <u>also</u>, <u>Young v. Anthony's Fish Grottos, Inc</u>., 830 F.2d 993, 997-998 (9th Cir. 1987) and <u>Allis-</u>

9  <u>Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-211 (1985).

10  **REGARDING DEFENDANT ZUCKERMAN:**

11      4.    Plaintiff's Thirteenth Cause of Action for fraud and conspiracy to commit fraud

12  by Zuckerman, fails to state facts sufficient to constitute a claim, because California does not

13  provide for tort claims against the manager of an employer for personnel action decisions.

14  <u>Sheppard v. Freeman</u>, 67 Cal.App.4th 339, 349 (1998); <u>Phillips v. Gemini Moving Specialists</u>

15  (1998) 63 Cal.App.4th 563, 576; <u>Jacobs v. Universal Development Corp.</u> (1997) 53

16  Cal.App.4th 692, 704.; <u>see also</u> <u>Reno v. Baird</u> (1998) 18 Cal.4th 640, 645; <u>Vergos v. McNeal</u>

17  (2007) 146 Cal.App.4th 1387, 1396-1397, quoting <u>Fiol v. Doellstedt</u> (1996) 50 Cal.App.4th

18  1318, 1327-1328.

19      5.    Plaintiff's Thirteenth Cause of Action for fraud and conspiracy to commit fraud

20  by Zuckerman fails to state facts sufficient to constitute a claim because an employee cannot be

21  held to have conspired with his or her employer. <u>Applied Equipment Corp. v. Litton Saudi</u>

22  <u>Arabia Ltd</u>. (1994) 7 Cal.4th 503, 510-511; <u>Zumbrun v. University of Southern California</u>

23  (1972) 25 Cal.App.3d 1,12; <u>Black v. Bank of America N.T. & S.A.</u> (1994) 30 Cal.App.4th 1, 6.

24      6.    Additionally, Plaintiff's Thirteenth Cause of Action for conspiracy to commit

25  fraud by Zuckerman fails to state facts sufficient to constitute the claim because not all of the

26  essential elements of fraud are pled, nor is the claim pled with the specificity required by law for

27  a fraud claim. <u>Lazar v. Superior Court</u> (1996) 12 Cal.4th 631, 645 (quoting <u>Tarmann v. State</u>

28

1    Farm Mut. Auto. Ins. Co. (1991) 2 Cal.App.4th 153, 157). Small v. Fritz Companies, Inc.

2    (2003) 30 Cal.4th 167.

3        7.    Plaintiff's Fourteenth Cause of Action for intentional infliction of emotional

4    distress by Zuckerman fails to state facts sufficient to constitute the claim because an action that

5    involves only personnel management decisions is not "outrageous conduct" as defined by

6    California law.  Janken v. GM Hughes Electronics (1996) 46 Cal.App.4th 55, 80.

7        8.    Additionally, Plaintiff's Fourteenth Cause of Action for intentional infliction of

8    emotional distress by Zuckerman fails to state facts sufficient to constitute the claim because it

9    is preempted by the California Workers' Compensation Act.  Cole v. Fair Oaks Fire Protection

10   Dist. (1987) 43 Cal.3d 148, 160; Livitsanos v. Superior Court (1992) 2 Cal.4th 744.

11   **REGARDING DEFENDANT BRAVERMAN:**

12       9.    Plaintiff's Fifth Cause of Action against Ms. Braverman-Smith for "aiding and

13   abetting" harassment in violation of the California Fair Employment and Housing Act fails to

14   state facts sufficient to constitute the claim because Braverman cannot be held liable as an aider

15   and abettor for merely assisting Berkel in a personnel management action, such as the

16   investigation of a sexual harassment complaint where Braverman herself did not engage in acts

17   of sexual harassment.    Fiol v. Deillstedt, supra, 50 Cal.App.4th at pp. 1325-1327, 1331;

18   Saunders v. Superior Court (1994) 27 Cal.App.4th 832, 846; Matthews v. Superior Court of Los

19   Angeles County (1995) 34 Cal.App.4th 598; Vernon v. State of California (2004) 116

20   Cal.App.4th 114, 131; Vergos v. McNeal (2007) 146 Cal.App.4th 1387, 1396-1397.

21       10.   Plaintiff's Ninth Cause of Action fails to state facts sufficient to constitute the

22   claim.  Facts constituting the California elements of fraud are not pled, nor is the claim pled

23   with the specificity required by law.  Small v. Fritz Companies, Inc. (2003) 30 Cal.4th 167, 184;

24   Lacher v. Superior Court (1991) 230 Cal. App.3d 1038, 1046; Tenzer v. Superscope, Inc. (1985)

25   39 Cal.3d 30-31; Magpali v. Farmers Group, Inc. (1996) 48 Cal.App.4th 471, 481.

26       11.   Plaintiff's Tenth Cause of Action for intentional infliction of emotional distress

27   by Braverman fails to state facts sufficient to constitute the claim because    personnel

28

---

1    management actions are not "outrageous conduct" as defined by California law.  Janken v. GM

2    Hughes Electronics (1996) 46 Cal.App.4th 55, 80.

3    **REGARDING DEFENDANT BMC:**

4        12.    Plaintiff's Eleventh Cause of Action for fraud by BMC fails to state facts

5    sufficient to constitute the claim.  Facts constituting the California elements of fraud are not

6    pled, nor is the claim pled with the specificity required by law.  Small v. Fritz Companies, Inc.

7    (2003) 30 Cal.4th 167, 184; Lacher v. Superior Court (1991) 230 Cal. App.3d 1038, 1046;

8    Tenzer v. Superscope, Inc. (1985) 39 Cal.3d 30-31; Magpali v. Farmers Group, Inc. (1996) 48

9    Cal.App.4th 471, 481.

10        13.    Plaintiff's Twelfth Cause of Action for intentional infliction of emotional distress

11    by  BMC fails to state facts sufficient to constitute the claim, because personnel management

12    actions are not "outrageous conduct" as defined by California law.  Janken v. GM Hughes

13    Electronics (1996) 46 Cal.App.4th 55, 80.

14    **LEAVE TO AMEND SHOULD BE DENIED:**

15        14.    Leave to amend should be denied. Reddy v. Litton Industries, Inc., 912 F.2d 291,

16    296 (9th Cir. 1990); Albrecht v. Lund, 845 F.2d 193 (9th Cir. 1988).

17                **III.    ALLEGATIONS IN THE COMPLAINT**

18        Plaintiff alleges she was a member of the Pile Drivers, Divers, Carpenters, Bridge,

19    Wharf and Dock Builders Local Union #34 ("Union"), and that she was employed by Berkel

20    pursuant to that labor agreement. [Complaint ¶ 11, 3:15 to ¶ 12, 3:23]  Plaintiff alleges that

21    Berkel was performing construction project work at the Tesoro Refinery [Complaint ¶ 13, 3:25-

22    27]

23        Plaintiff alleges that she was hired by Berkel on September 13, 2006 to assist with

24    construction work [Complaint ¶ 27, 4:27-5:1]

25        Plaintiff alleges that during her second week on the job, another member of the

26    construction crew, Defendant Scher, made sexually offensive comments to her. [Complaint ¶

27    36, 6:3-7]

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1    Plaintiff alleges that during her third week on the job, Defendant Scher again made
2    sexually offensive comments to her. [Complaint ¶ 40, 7:1-10]

3    Plaintiff alleges that after the harassing words by Scher, during Plaintiff's third week on
4    the job, Plaintiff reported the harassment to Berkel's Superintendent, Mr. Paine, who stated that
5    he would talk to Scher, but Plaintiff told Mr. Paine that she "could handle the matter on her
6    own." [Complaint ¶ 43, 7:26-28]

7    Plaintiff alleges that on October 16, 2006, (4th week on the job), Scher, made offensive
8    comments to her. [Complaint ¶ 44, 8:1-11]  Plaintiff alleges that she  reported the harassment to
9    Berkel's General Superintendent, Mr. Groce who "shortly" thereafter retained Braverman  to
10   investigate the harassment complaint.  [Complaint ¶ 45, 8:17 to ¶ 46, 8:22]

11   Plaintiff alleges that later that same day, Braverman conducted her investigation and
12   informed Plaintiff that Scher would be fired. [Complaint ¶ 46, 8:27-28]  Plaintiff alleges
13   Zuckerman provided her a copy of Braverman's investigative report [Complaint ¶ 47, 9:18];
14   however, Plaintiff did not attach the investigative report to the Complaint.  The letter is
15   submitted as Request for Judicial Notice, **Exhibit A,** and states that Berkel decided on October
16   17 to "remove  Party 2 (Scher) from the site."  Two weeks later, Zuckerman informed Plaintiff
17   in writing that, "Mr. Scher is no longer employed with Berkel and will not in the future be
18   employed with the company."  The letter is submitted as Request for Judicial Notice, **Exhibit B**.

19   Other than these facts, Plaintiff alleges that Braverman encouraged her as a woman;
20   encouraged her to meet with Zuckerman; stated that Zuckerman was a "fair and decent man";
21   and stated that her intention was to do a fair and thorough investigation." Plaintiff alleges that
22   when she read Braverman's investigation report, Plaintiff concluded that Braverman did not do
23   a fair and thorough investigation, and decided that Braverman  and  Zuckerman engaged in
24   "deceptions" of Plaintiff. [Complaint ¶ 46, 9:1-12]

25   \\

26   \\

27   \\

28   \\

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1

## IV.    LEGAL ARGUMENT

2

### A.    THE THIRD CAUSE OF ACTION AGAINST BERKEL FOR SEXUAL HARASSMENT COMMITTED BY BERKEL IN VIOLATION OF THE FEHA FAILS BECAUSE THE COMPLAINT ALLEGES THAT THE HARASSMENT WAS NOT COMMITTED BY ANY MANAGER OR SUPERVISORY EMPLOYEE, BUT BY A RANK-AND-FILE EMPLOYEE.

3

4

5

An employer can be vicariously liable for acts of harassment committed against an

6

employee by its **managers or supervisors**:

7

8

> "The FEHA imposes two standards of employer liability for sexual harassment, depending on whether the person engaging in the harassment is the victim's supervisor or a nonsupervisory coemployee.  The employer is liable for harassment by a nonsupervisory employee only if the employer (a) knew or should have known of the harassing conduct and (b) failed to take immediate and appropriate corrective action.  This is a negligence standard.  Because the FEHA imposes this negligence standard only for harassment 'by an employee other than an agent or supervisor', by implication the FEHA makes the employer strictly liable for harassment by a supervisor (internal citations omitted)."

9

10

11

12

State Department of Health Services v. Superior Court of Sacramento County (2003) 31 Cal. 4th

13

1026, 1040-1041; see also, Fiol v. Doellstedt (1996) 50 Cal.App.4th 1318, 1328.

14

The Third Cause of Action contains no allegations whatsoever that Scher was a manager

15

or supervisory employee of Berkel or that any other manager or supervisor engaged in acts of

16

harassment against Plaintiff.[2]    Accordingly, Plaintiff's Third Cause of Action should be

17

dismissed.

18

### B.    THE FOURTH CAUSE OF ACTION AGAINST BERKEL FOR FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT DISCRIMINATION AND HARASSMENT FROM OCCURRING IN VIOLATION OF FEHA FAILS BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS NECESSARY TO THE CLAIM.

19

20

21

22

In her Fourth Cause of Action against Berkel, Plaintiff makes conclusory allegations

23

that, "Berkel failed to take reasonable steps to prevent the harassment" and "Berkel is

24

intentionally derelict in its duty to take effective corrective action in response to complaints of

25

26

---

[2]  FEHA does provide for a specific FEHA claim against the employer for failure to prevent and correct the acts of harassment by a non-manager and non-supervisor. State Department of Health Services v. Superior Court of Sacramento County (2003) 31 Cal.4th 1026, 1040.  The Fourth Cause of Action explicitly pleads such a claim and the argument on the motion to dismiss that claim is set forth, infra, at Section IV. B.

27

28

1  sexual harassment." [Complaint ¶ 79, 13:20-23; ¶ 89, 14:28-25:26; ¶ 56, 10:28-11:1]

2  Inconsistent with this conclusion, the actual facts pled by Plaintiff are that:

3      • After being on the job for a short time, Scher made offensive comments to
4          Plaintiff and that upon inquiry by a Berkel supervisor, Plaintiff told the
5          supervisor she would first try to "handle the matter on her own;" [Complaint ¶
6          40, 7:1-9; ¶ 43, 7: 26-28]

7      • About a week later, on October 16, 2006, Scher again made offensive comments
8          that Plaintiff reported to Berkel's General Superintendent on the jobsite;
9          [Complaint ¶ 44, 8:3-11]

10     • Berkel immediately retained investigator Braverman; [Complaint ¶ 46, 8:20-24]

11     • Investigator Braverman began the investigation immediately; [Complaint ¶ 46,
12         8:20-24]

13     • Plaintiff was informed that Scher would be fired [Complaint ¶46, 8:27-28];

14  These alleged facts negate, rather than support,   the conclusory allegations that Berkel failed to

15  prevent and correct sexual harassment.  Indeed, the facts pled by Plaintiff show that Berkel took

16  immediate action upon notice of the situation once Plaintiff no longer asked to handle the matter

17  on her own: Berkel retained Braverman to conduct an investigation and subsequently fired

18  Scher.   There are no allegations other than that, once Plaintiff made Berkel aware that she

19  wanted intervention, having previously expressed a preference to deal with her co-worker on her

20  own, Berkel promptly took action to investigate and then discharge Berkel.  [Complaint ¶ 43, 7:

21  26-28]

22      Such prompt termination of an alleged harasser  satisfies the statutory obligation to take

23  corrective action.  Ellison v. Brady (9th Cir. 1991) 924 F.2d 872, 882 [holding that corrective

24  action for sexual harassment should be "reasonably calculated to end the harassment," and that

25  not all harassment warrants dismissal.]

26      Accordingly, Plaintiff's Fourth Cause of Action should be dismissed.

27  \\

28  \\

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

**C.    THE EIGHTH CAUSE OF ACTION AGAINST BERKEL FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING ARISING OUT OF THE COLLECTIVE BARGAINING AGREEMENT FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE THAT SHE EXHAUSTED HER GRIEVANCE RIGHTS UNDER THE CBA OR THAT THE UNION VIOLATED ITS DUTY OF FAIR REPRESENTATION.**

Plaintiff's Eighth Cause of Action against Berkel alleges an implied covenant of good faith violation for breaching the collective bargaining agreement ("CBA"), the Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34 ("Union").

This claim is based on the collective bargaining agreement governing the employment relationship.

Paragraph 12 of the Complaint, states:

"Plaintiff was employed by Berkel pursuant to a Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34.  On information and belief, Plaintiff alleges that Berkel has contractual duties to Plaintiff under the Master Labor Agreement."
Complaint, Paragraph 12, lines 19-23.

Plaintiff's Eighth Cause of Action alleges:

"Plaintiff alleges that pursuant to the Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34, Berkel had [sic] a prevent and correct sexual harassment from occurring, and that Berkel intentionally was derelict in these duties."
Complaint, Paragraph 121, lines 19-22.

The resolution of the Eighth Cause of Action, as pled by Plaintiff herself, thus necessarily depends on the CBA; indeed,  it is the CBA that Plaintiff alleges was violated.

Where  the resolution of a purported state law claim  necessarily depends on the CBA, the action is converted to a   federal claim of violation of a collective bargaining agreement. arising under   the Labor Management Relations Act §301, 29 U.S.C. §185(a).   Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997-998 (9th Cir. 1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-211 (1985).

\\

\\

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1   A federal claim of violation of a collective bargaining agreement must allege the

2   necessary facts that the employee has exhausted her grievance rights under the CBA, and  that

3   the Union violated its duty of fair representation.  <u>Vaca v. Sipes</u>, 386 U.S. 171, 185-189 (1967);

4   <u>Hines v. Anchor Motor Freight</u>, 424 U.S. 554 (1976); <u>Palmer v. Regents of the University of</u>

5   <u>California</u> (2003) 107 Cal.App.4th 899, rev. den., July 9, 2003; <u>Bockover v. Perko</u> (1994) 28

6   Cal.App.4th 479, 486; and <u>Westlake Community Hospital v. Superior Court</u> (1976) 17 Cal.3d

7   465, 474–477.

8   Here,  Plaintiff has not done so.  Accordingly, as a matter of law, Plaintiff's Eighth

9   Cause of Action  fails to state facts sufficient to constitute a claim and should be dismissed.

10      **D.      THE THIRTEENTH AND FOURTEENTH CAUSES OF ACTION
            AGAINST ZUCKERMAN FOR FRAUD AND CONSPIRACY TO**
11          **COMMIT FRAUD AND INTENTIONAL INFLICTION OF EMOTIONAL
            DISTRESS FAIL BECAUSE, AS A MATTER OF LAW, MANAGERS OF**
12          **THE EMPLOYER CANNOT BE HELD PERSONALLY LIABLE FOR
            COMMON LAW TORT CLAIMS BASED ON PERSONNEL ACTIONS**
13          **AND  DECISIONS.**

14   It is well-established California law that managerial employees cannot be held

15   personally liable for employment claims based on personnel actions and decisions.   One

16   appellate court has explained the rule as follows: "[E]mployees, regardless of their scope of

17   employment or personal motives, cannot be held individually liable for their acts or words

18   relating to personnel actions unless such liability arises from statute." <u>Sheppard v. Freeman</u>

19   (1998) 67 Cal.App.4th 339, 349; <u>Phillips v. Gemini Moving Specialists</u> (1998) 63 Cal.App.4th

20   563, 576; and <u>Jacobs v. Universal Development Corp.</u> (1997) 53 Cal.App.4th 692, 704; <u>see</u> <u>also</u>

21   <u>Reno v. Baird</u> (1998) 18 Cal.4th 640, 645, citing to <u>Janken v. GM Hughes Electronics</u> (1996) 46

22   Cal.App.4th 55 [holding managers cannot be held personally liable under the FEHA for

23   "personnel management decisions."]; <u>Vergos v. McNeal</u> (2007) 146 Cal.App.4th 1387, 1396-

24   1397, quoting  <u>Fiol v. Doellstedt</u> (1996) 50 Cal.App.4th 1318, 1327-1328 [holding that

25   "supervisory employees should not be placed at risk of personal liability, however, for personnel

26   management decisions which have been delegated to the supervisor by the employer, such as

27   deciding whether to investigate or take action on a complaint of sexual harassment."]

28

1        As explained by the <u>Janken</u> court, "personnel management actions" include necessary

2    management functions such as hiring and firing, job assignments, promotion and demotion,

3    performance evaluations, layoffs and the like.    <u>Janken v. GM Hughes Electronics</u>, <u>supra</u>, 45

4    Cal.App.4th at 64-65.

5        Here, Plaintiff brings tort claims for fraud and conspiracy to commit fraud and

6    intentional infliction of emotional distress against Defendant Zuckerman, who was "a managing

7    agent of Berkel." [Complaint, ¶ 20, 4:15]  The gravamen of Plaintiff's claims against Defendant

8    Zuckerman are that he conspired with Braverman to deceive Plaintiff by falsely representing to

9    her "that their investigation into Plaintiff's complaint of illegal harassment against Wingnut

10   (Scher) was objective and complete." [Complaint, ¶ 51, 10:8-11]   Plaintiff also alleges that

11   "Zuckerman intentionally deceived Plaintiff by representing falsely the corrective action that

12   Berkel had taken with Wingnut."  [Complaint,  ¶ 52, 10:15-16]

13       Thus, all of Plaintiff's allegations against Defendant Zuckerman hinge on the adequacy

14   of personnel management  actions taken by Berkel in response to Plaintiff's sexual harassment

15   complaint. Yet, as a matter of law, those facts do not state a California tort claim against a

16   managerial employee.  <u>Fiol v. Doellstedt</u>, supra, 50 Cal.App.4th at 1327-1328 ["supervisory

17   employees should not be placed at risk of personal liability"].

18       Therefore, both Plaintiff's Thirteenth and Fourteenth Causes of Action against

19   Defendant Zuckerman for conspiracy to commit fraud and fraud and intentional infliction of

20   emotional distress should be dismissed.

21       **E.    IN THE ALTERNATIVE, THE THIRTEENTH  CAUSE OF ACTION AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD

22   AND FRAUD FAILS BECAUSE AN EMPLOYEE CANNOT CONSPIRE WITH AN EMPLOYER.**

23       The Complaint alleges, "Zuckerman is liable as a joint tortfeasor in Braverman-Smith's

24   fraud on Plaintiff by virtue of their conspiracy to commit fraud against Plaintiff." [Complaint, ¶

25   156, 22:22-23]

26       Conspiracy is not a claim; rather, it is a legal doctrine that imposes liability on persons

27   who, although not actually committing a tort themselves, share with the tortfeasors a common

28

plan in its perpetration.  Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503, 510-511.  It is settled law that agents or employees of a corporation cannot conspire with the corporation while acting in their official capacities on behalf of the corporation rather than as individuals acting for their own advantage.  Zumbrun v. University of Southern California (1972) 25 Cal.App.3d 1, 12; Black v. Bank of America N.T. & S.A. (1994) 30 Cal.App.4th 1, 6.

Here, the Complaint  contains allegations that Defendant Zuckerman, a "managing agent of Berkel" [Complaint, ¶ 20:4:15], acted on behalf of Berkel.   Accordingly, Defendant Zuckerman cannot be held liable as a joint tortfeasor for Defendant Braverman's alleged fraud.

Therefore, as Plaintiff has not, and cannot, state a claim for conspiracy to commit fraud and fraud against Defendant Zuckerman, this claim should be dismissed.

**F.    IN THE ALTERNATIVE, THE THIRTEENTH CAUSE OF ACTION AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD FAILS BECAUSE  THE ESSENTIAL ELEMENTS OF FRAUD ARE NOT PLED, NOR IS THE CLAIM PLED WITH THE REQUISITE SPECIFICITY.**

Plaintiff's Thirteenth Cause of Action for conspiracy to commit fraud and fraud against Zuckerman are claims that must be pled with particular specificity: general and conclusory allegations will not suffice.   Small v. Fritz Companies, Inc. (2003) 30 Cal.4th 167, 184. Further, as stated by the California Supreme Court:

> "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater.  In such a case, the plaintiff must 'allege the names of persons who made the allegedly fraudulent representations, their authority to speak, to **whom they spoke, what they said or wrote, and when it was said or written.'"** (emphasis added)

Lazar v. Superior Court (1996) 12 Cal.4th 631, 645 (quoting Tarmann v. State Farm Mut. Auto. Ins. Co. (1991) 2 Cal.App.4th 153, 157.

Here, Plaintiff has only generally alleged in the "Facts Common to All Causes of Action" section of the Complaint that, "Zuckerman intentionally deceived Plaintiff by representing falsely the corrective action that Berkel had taken with Wingnut."  [Complaint ¶ 52, 10:15-16]   Plaintiff has nowhere stated the specific facts supporting this conclusory

1   allegation, including what was purportedly said, to whom and when. <u>Small v. Fritz Companies,</u>

2   <u>Inc.</u>, <u>supra</u>, 30 Cal.4th at  184.

3          Thus, the claim fails in its entirety, and should be dismissed.

4   **G.    IN THE ALTERNATIVE, THE FOURTEENTH CAUSE OF ACTION**
    **AGAINST ZUCKERMAN FOR INTENTIONAL INFLICTION OF**
5   **EMOTIONAL DISTRESS FAILS BECAUSE PLAINTIFF HAS NOT**
    **PLED THE ESSENTIAL ELEMENT OF "OUTRAGEOUS CONDUCT"**
6   **AND BECAUSE THE CLAIM IS BARRED BY THE EXCLUSIVE**
    **REMEDY RULE.**

7
    **1.    Plaintiff Has Not And Cannot State Facts Sufficient To Meet The**
8   **High Standard For "Outrageous Conduct."**

9          As a matter of law, an action that involves managing personnel "is not outrageous

10  conduct beyond the bounds of human decency" and "is insufficient to support a claim of

11  intentional infliction of emotional distress…" <u>Janken v. GM Hughes Electronics </u>(1996) 46

12  Cal.App.4th 55, 80.

13         Here, all of the allegations against Defendant Zuckerman pertain to Berkel's personnel

14  management actions of investigating Plaintiff's sexual harassment complaint and then taking

15  corrective action by discharging Scher.  Thus,  as a matter of law, the element of "outrageous

16  conduct" is not  satisfied by these allegations.  <u>Id</u>.  Accordingly, this claim should be dismissed.

17         **2.    This Claim Is Pre-Empted By Workers' Compensation Laws.**

18         Plaintiff's Fourteenth Cause of Action for intentional infliction of emotional distress

19  against Zuckerman incorporates Paragraph 12 of the Complaint, which states that, "Plaintiff

20  was employed by Berkel pursuant to a Master Labor Agreement …" [Complaint ¶ 12, 3:19-20]

21         It is well settled California law that California Labor Code Section 3600 <u>et seq</u>. provides

22  the exclusive remedy for injuries, including emotional distress, arising out of and in the course

23  of employment, without regard to whether the injury of the employee results from alleged

24  negligence or alleged intentional misconduct by the employer.  <u>Livitsanos v. Superior Court</u>

25  (1992) 2 Cal.4th 744; <u>Cole v. Fair Oaks Fire Protection Dist.</u> (1987) 43 Cal.3d 148, 160

26  ["[W]hen the misconduct attributed to the employer is actions which are a normal part of the

27  employment relationship, such as demotions, criticism of work practices, and frictions in

28  negotiations as to grievances, an employee suffering emotional distress causing disability may

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1   not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's

2   decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional

3   disturbance resulting in disability."]

4          Here, Plaintiff alleges that Zuckerman, who is an employee of Berkel, "intended to

5   cause Plaintiff emotional distress, or acted with reckless disregard of the probability that

6   Plaintiff would suffer emotional distress..."  [Complaint, ¶ ¶ 20, 4:15; 162, 23:14-15]  This

7   claim falls squarely within the holdings of <u>Livitsanos</u> and <u>Cole</u>.  In these decisions, the Supreme

8   Court of California ruled that the common law claims of intentional and negligent infliction of

9   emotional distress are barred as a matter of law by the exclusive remedy provisions of the

10  Workers' Compensation Act.  Plaintiff should not be permitted to circumvent the exclusive

11  remedy rule by individually naming an employee rather than her employer, particularly since

12  supervising employees such as Defendant Zuckerman cannot be personally held liable for

13  personnel management decisions.

14         As Plaintiff has not, and cannot, state a claim for intentional infliction of emotional

15  distress, the Court should dismiss the Fourteenth Cause of Action.

16  **H.     THE FIFTH CAUSE OF ACTION AGAINST BRAVERMAN FOR THE**
**         FEHA VIOLATION OF AIDING AND ABETTING HARASSMENT**
17  **         FAILS FOR SEVERAL REASONS.**

18  **        1.      As A Matter Of Law, An Agent Cannot Aid Or Abet A Corporate**
**                Principal**
19

20         In the Fifth Cause of Action against Braverman for aiding and abetting harassment,

21  Plaintiff alleges that, "Braverman-Smith aided and abetted Berkel in intentional dereliction of its

22  duty to prevent and correct sexual harassment." [Complaint, ¶ 98, 15:24-26]  Plaintiff's fifth

23  claim incorporates Paragraph 17, which states, "At all times relevant herein, Braverman-Smith

24  was acting as an agent of Berkel." [Complaint, ¶ 17, 4:10]

25         An agent of the employer cannot aid and abet his or her corporate employer nor can an

26  agent be liable for conspiring with the principal when the agent is acting in an official capacity

27  on behalf of the principal.  <u>Fiol v. Doellstedt</u> (1996) 50 Cal.App.4th 1318, 1326 [holding

28  supervisor not liable as aider and abettor of employer for failing to prevent sexual harassment];

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1    Janken v. GM Hughes Electronics (1996) 46 Cal.App.4th 55, 77-79 [employee cannot be held

2    liable for aiding and abetting corporate employer when employee acts on behalf of corporation

3    by making personnel decision].  A corporation can only act through its agents and thus an agent

4    cannot act in concert or conspiracy with the principal. Id.

5        Here, Plaintiff alleges Defendant Braverman was acting as an agent of Berkel;

6    accordingly, she cannot be held to have aided and abetted Berkel in its alleged failure to prevent

7    or correct harassment and this claim should be dismissed.

8            **2.    In The Alternative, Defendant Braverman Cannot Be Held Liable As
                    A FEHA Aider And Abettor For Merely Assisting Berkel In A
9                   Personnel Management Action, Such As The Investigation Of A
                    Sexual Harassment Complaint.**
10

11       Since FEHA provides no definition of aiding and abetting, courts have used the common

12   law definition, "'Liability may… be imposed on one who aids and abets the commission of an

13   intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives

14   substantial assistance or encouragement to the other to so act or (b) gives substantial assistance

15   to the other in accomplishing a tortious result and the person's own conduct, separately

16   considered, constitutes a breach of duty to the third person.'"  Fiol v. Deillstedt, supra, 50

17   Cal.App.4th at pp. 1325-1326, quoting Saunders v. Superior Court (1994) 27 Cal.App.4th 832,

18   846.

19       Accordingly, California courts hold that that liability for aiding and abetting harassment

20   can only be imposed on supervisory employees who **actually participated in the acts of**

21   **sexual harassment or substantially assisted or encouraged the actual acts of harassment;**

22   under FEHA, mere inaction or failing to take action to prevent harassment does not constitute

23   aiding and abetting.    Fiol v. Deillstedt, supra, 50 Cal.App.4th at pp. 1326, 1327, 1331;

24   Matthews v. Superior Court of Los Angeles County (1995) 34 Cal.App.4th 598; Vernon v. State

25   of California (2004) 116 Cal.App.4th 114, 131; Vergos v. McNeal (2007) 146 Cal.App.4th

26   1387, 1396-1397 [denying plaintiff's claim for aiding and abetting sexual harassment against

27   supervisory employee (McNeal) responsible for determining merits of sexual harassment

28

1  complaint, "Plaintiff fails to point to any allegation of any aiding and abetting conduct by

2  McNeal, other than her hearing, processing, and deciding his (plaintiff's) grievances."]

3      Here,  Plaintiff alleges that Braverman was acting as an agent of Berkel in her role of

4  investigating Plaintiff's sexual harassment complaint. [**Exhibits A** and **B** to Defendants'

5  Request for Judicial Notice.]   As discussed in the above-cited legal authority, Defendant

6  Braverman cannot be held liable as an aider or abettor for assisting Berkel in personnel

7  management actions, such as the investigation of an employee's sexual harassment complaint,

8  or for any failure to act in connection with her investigation.   Fiol v. Deillstedt, supra, 50

9  Cal.App.4th at pp. 1326, 1327, 1328, 1331 ["Such individual supervisory employees should not

10  be placed at risk of personal liability, however, for personnel management decisions which have

11  been delegated to the supervisor by the employer, such as deciding whether to investigate or

12  take action on a complaint of sexual harassment."]

13      Therefore, Plaintiff's Fifth Cause of Action for aiding and abetting harassment against

14  Defendant Braverman should be dismissed.

15    **I.      THE NINTH AND ELEVENTH CAUSES OF ACTION AGAINST
              BRAVERMAN AND BMC, RESPECTIVELY, FAIL BECAUSE NOT ALL
16            OF THE ESSENTIAL ELEMENTS OF FRAUD ARE PLED, NOR ARE
              THE CLAIMS PLED WITH THE REQUISITE SPECIFICITY.**
17

18      Plaintiff's Ninth Cause of Action for fraud against Braverman and Eleventh Cause of

19  Action for fraud against BMC are claims that must be pled with particular specificity: general

20  and conclusory allegations will not suffice.   Small v. Fritz Companies, Inc. (2003) 30 Cal.4th

21  167, 184.

22      Plaintiff alleges that Defendant Braverman "made purposeful misrepresentations, to wit,

23  she concealed or failed to disclose such facts when she was under a duty to disclose those facts."

24  [Complaint, ¶ 126, 19: 11-12]  However, Plaintiff does not specify what information Braverman

25  allegedly failed to disclose, and there are no allegations supporting this vague, conclusory

26  statement.

27      Plaintiff  generally alleges that she inferred from Braverman's investigative report that

28  despite her representations to the contrary, Braverman had no intention to conduct an objective

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

1   investigation.  [Complaint ¶ 47, 9:19-21]  However, the mere allegation that any vague promise

2   to conduct an objective investigation was breached is patently insufficient under California law

3   to state a claim for fraud: intent is a necessary element that must be specifically pled, and mere

4   breach of a promise is inadequate. <u>Lacher v. Superior Court</u> (1991) 230 Cal.App.3d 1038, 1046

5   ["It is the element of intent which makes the fraud actionable, irrespective of any contractual or

6   fiduciary duty one party might owe the other"]. Something more then "mere non-performance"

7   is necessary to prove a defendant's intent not to perform at the time the promise was made.

8   <u>Tenzer v. Superscope, Inc.</u> (1985) 39 Cal.3d 18, 30-31; <u>Magpali v. Farmers Group, Inc.</u> (1996)

9   48 Cal.App.4th 471, 481. As the Court in <u>Tenzer</u> concluded, "…if plaintiff adduces no further

10  evidence of fraudulent intent then proof of nonperformance of an oral promise, he will never

11  reach a jury." <u>Tenzer</u>, 39 Cal.3d at 30-31.

12      Plaintiff asserts the same allegations against BMC under the principles of agency law.

13  [Complaint ¶ 140, 21:1-4]  BMC is only named because it is the company Braverman works for,

14  and Plaintiff has no stronger claim against BMC than Braverman.

15      Because Plaintiff has not and cannot truthfully plead facts to state claims for fraud

16  against either Braverman or BMC, Plaintiff's Ninth and Eleventh Causes of Action should be

17  dismissed.

18      **J**.    **THE TENTH AND TWELFTH CAUSES OF ACTION AGAINST**
        **BRAVERMAN AND BMC, RESPECTIVELY, FAIL BECAUSE THEY DO**
19      **NOT STATE FACTS OF  "OUTRAGEOUS CONDUCT" AS DEFINED**
        **BY CALIFORNIA LAW.**
20

21      Plaintiff alleges Braverman was an agent of Berkel.  [Complaint, ¶ 17, 4:10]

22      As a matter of law, personnel management  actions are "not outrageous conduct beyond

23  the bounds of human decency" and are "insufficient to support a claim of intentional infliction

24  of emotional distress…" <u>Janken v. GM Hughes Electronics </u>(1996) 46 Cal.App.4th 55, 80.

25      Braverman's investigation of an employee's harassment complaint as an agent on behalf

26  of Berkel is a personnel management action  and the element of "outrageous conduct" cannot

27  thereby be satisfied.  <u>Id</u>.

28

1    Plaintiff asserts the same allegations against BMC under the principles of agency law.

2    [Complaint ¶ 148, 21:26-28]   BMC is only named because it is the company Braverman

3    currently works for, and Plaintiff has no stronger claim against BMC than Braverman.

4    Because Plaintiff has not and cannot truthfully plead facts to state claims for intentional

5    infliction of emotional distress against Braverman or BMC, both of these claims should be

6    dismissed.

7    **K.    THE MOTION TO DISMISS  SHOULD BE GRANTED WITHOUT
          LEAVE TO AMEND.**

8

9    Dismissal without leave to amend should be granted. The Court may exercise its

10   discretion to deny a request for leave to amend when it would be futile to do so; for example,

11   when the Plaintiff cannot explain how she can state a viable  claim.  Reddy v. Litton Industries,

12   Inc., 912 F.2d 291, 296 (9th Cir. 1990); Albrecht v. Lund, 845 F.2d 193 (9th Cir. 1988).

13   Granting Plaintiff leave to amend in the instant case would serve no useful purpose

14   given the fact that none of the above-referenced claims can be cured by amendment.   Therefore,

15   dismissal should be granted as to Defendants Berkel, Zuckerman, Braverman and BMC without

16   leave to amend.

17   **V.    CONCLUSION**

18   For all the foregoing reasons, the Moving Defendants respectfully request the Court

19   grant their motion to dismiss  Berkel, Zuckerman, Braverman and BMC without leave to amend.

20

21   DATED:   January 10, 2008            **VARTAIN LAW GROUP**

22

23                      BY:  /S/ Linda K. Adler
                             MICHAEL J. VARTAIN
24                           LINDA K. ADLER
                             Attorneys for Defendants
25                           BERKEL & COMPANY CONTRACTORS, INC.,
                             BRIAN ZUCKERMAN, JESSICA
26                           BRAVERMAN-SMITH AND BRAVERMAN
                             MEDIATION & CONSULTING

27

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFENDANTS' MOTION TO DISMISS**

MICHAEL J. VARTAIN [SBN 92366]
LINDA K. ADLER  [SBN 199809]
**VARTAIN LAW GROUP**
601 Montgomery Street, Suite 540
San Francisco, CA 94111-2608
Telephone:  [415] 391-1155
Facsimile:  [415] 391-1177
linda@vartainlaw.com

Attorneys for Defendants
BERKEL & COMPANY CONTRACTORS, INC.,
BRIAN ZUCKERMAN, JESSICA BRAVERMAN-SMITH
AND BRAVERMAN MEDIATION & CONSULTING

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>                  Plaintiff,<br><br>vs.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>                  Defendants. | Case No.: **CV  0 7 – 0 6 4 4 0  WDB**<br><br>**PROOF OF SERVICE**<br><br><br><br><br><br>Hearing Date:     February 27, 2008<br>Time:                 3:00 p.m.<br>Courtroom:       Courtroom 4, 3rd Floor<br>Judge:              Hon. Wayne D. Brazil<br>Complaint Filed:  November 29, 2007 |

**PROOF OF SERVICE**

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On January 10, 2008, I served the following document(s) by the method indicated below:

- **DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN ZUCKERMAN, JESSICA BRAVERMAN-SMITH AND BRAVERMAN MEDIATION AND CONSULTING'S NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; AND PROPOSED ORDER [F.R.C.P. RULE 12(b)];**
- **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS[F.R.C.P. RULE 12(b)]; and**
- **PROPOSED ORDER RE DEFENDANTS' MOTION TO DISMISS [F.R.C.P. RULE 12(b)].**

**[X]** By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]** By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine properly issued the transmission report, which is attached to this proof of service. Service by facsimile was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2003(3).

**[ ]** By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. Signed proof of service by the process server or delivery service is attached to this proof of service.

**[ ]** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**[ ]** By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on January 10, 2008, at San Francisco, California.

/S/ Charissa Gung
Charissa Gung

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**