1    PATRICE R. ZABELL, SBN# 215459
2    LAW OFFICES OF PATRICE R. ZABELL
     2700 Ygnacio Valley Road, Suite 270
3    Walnut Creek, California 94598-3463
     Telephone:    (925) 932-9455
4    Facsimile:    (925) 932-9468

5    Attorney for Plaintiff
     WINIFRED L. GIBSON-JONES

6

7

8                    UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

10

11   WINIFRED L. GIBSON-JONES,              Case No. C V 0 7 - 6 4 4 0 WDB

12          Plaintiff,                      **PLAINTIFF'S MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN OPPOSITION TO
13      v.                                  DEFENDANTS BERKEL & COMPANY
                                            CONTRACTORS, INC., BRIAN
14   BERKEL & COMPANY                       ZUCKERMAN, JESSICA
     CONTRACTORS, INC., a foreign          BRAVERMAN-SMITH AND
15   corporation; CHERNE CONSTRUCTION       BRAVERMAN MEDIATION AND
     COMPANY, a foreign corporation;        CONSULTING'S MOTION TO DISMISS**
16   JESSICA BRAVERMAN-SMITH, an
     individual; BRAVERMAN MEDIATION
17   AND CONSULTING, a California
     business entity; BRIAN ZUCKERMAN, an
18   individual; GREGORY A. SCHER, AKA
     WINGNUT SCHER, an individual, and      **Hearing Date: February 27, 2008
19   DOES 1-50, inclusive,                  Time: 3:00 p.m.
                                            Courtroom: Courtroom 4, 3rd Floor
20          Defendants.                     Judge: Hon. Wayne D. Brazil
                                            Complaint Filed: November 29, 2007**
21

22

23

24

25

26

27

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                Case No. CV 07 – 06440 WDB

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      INTRODUCTION ...................................................................................................... 1

        A.      PLAINTIFF'S CIVIL RIGHTS ...................................................................... 1

        B.      PROCEDURAL HISTORY .............................................................................. 2

II.     SUMMARY OF THE ARGUMENT ......................................................................... 2

III.    ALLEGATIONS IN THE COMPLAINT .................................................................. 7

IV.     LEGAL ARGUMENT ................................................................................................ 7

        A.      THE THIRD COA AGAINST BERKEL FOR SEXUAL HARASSMENT
                COMMITTED BY BERKEL IN VIOLATION OF FEHA IS VIABLE
                BECAUSE UNDER FEHA, AN EMPLOYER IS LIABLE FOR CO-
                WORKER HARASSMENT WHERE IT, OR ITS AGENTS OR
                SUPERIVOSRS, KNOWS OR SHOULD HAVE KNOWN OF THE
                CONDUCT AND FAILS TO TAKE IMMEDIATITE AND
                APPROPRIATE CORRECTIVE ACTION. ....................................................... 7

        B.      THE FOURTH COA AGAINST BERKEL FOR FAILURE TO TAKE
                ALL REASONABLE STEPS NECESSARY TO PREVENT
                DISCRIMINATION AND HARASSMENT FROM OCCURING IN
                VIOLATION OF FEHA ALLEGES FACTS NECESSARY TO THE
                CLAIM. ................................................................................................................ 8

        C.      THE EIGHTH COA AGAINST BERKEL FOR BREACH OF THE
                COVENANT OF GOOD FAITH AND FAIR DEALING ARISING OUT
                OF THE COLLECTIVE BARGAINING AGREEMENT IS NOT
                PREEMPTED BY FEDERAL LAW, AND PLAINTIFF IS NOT
                REQUIRED TO PLEAD A COA AGAINST HER UNION FOR
                BREACH OF THE DUTY OF FAIR REPRESENTATION. ........................... 11

        D.      THE THIRTEENTH AND FOURTEENTH COA AGAINST
                ZUCKERMAN FOR FRAUD AND CONSPIRACY TO COMMIT
                FRAUD AND INTENTIONAL INFLICTION OF EMOTION DISTRESS
                … [FAIL BECAUSE, AS A MATTER OF LAW. MANAGERS OF THE
                EMPLOYER CANNOT BE HELD PERSONALLY LIABLE FOR
                COMMON LAW TORT CLAIMS BASED ON PERSONNEL ACTION
                AND DECISIONS]. ............................................................................................ 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

i

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

E.     THE THIRTEENTH COA AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD IS VIABLE BECAUSE THE CONSPIRACY ALLEGED IS BASED ON ZUCKERMAN'S AND BRAVERMAN'S CONCURRENCE IN THE FRAUDULENT ACTS .................................................................. 13

F.     THE THIRTEENTH COA AGAINST ZUCKERMAN FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD … [FAILS BECAUSE THE ESSENTIAL (sic) PLED, NOR IS THE CLAIM PLED WITH THE REQUISITE SPECIFICITY ELEMENTS OF FRAUD ARE NOT]. ........................................................................................... 15

G.     PLAINTIFF'S FOURTEENTH COA AGAINST ZUCKERMAN FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDES ALL OF THE ESSENTIAL ELEMENTS OF "OUTRAGEOUS CONDUCT;" THE CLAIM IS NOT BARRED BY THE EXCLUSIVE REMEDY RULE. ............................................... 16

        1.     Plaintiff Has Stated Facts Sufficient To Meet The High Standard For Outrageous Conduct. ........................................................ 16

        2.     The Claim Is Not Pre-Empted By Workers' Compensation Laws ......... 18

H.     THE FIFTH COA AGAINST BRAVERMAN FOR THE FEHA VIOLATION OF AIDING AND ABETTING HARASSMENT IS VIABLE BASED ON FEHA'S PROVISION THAT IT IS AN UNLAWFUL EMPLOYMENT PRACTICE FOR ANY PERSON TO AID, ABET, INCITE, COMPEL, OR COERCE THE DOING OF ANY OF THE ACTS FORBIDDEN UNDER PART 2.8 .......................................... 19

I.     THE NINTH AND ELEVENTH COA AGAINST BRAVERMAN AND BMC INCLUDE ALL OF THE ESSENTIAL ELEMENTS OF FRAUD, AND THE CLAIMS ARE PLED WITH THE REQUISITE SPECIFICITY. .................................................................................. 20

J.     THE TENTH AND TWELFTH COA AGAINST BRAVERMAN AND BMC STATE A VALID CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. .................................................. 21

V.     CONCLUSION .......................................................................... 23

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

## __TABLE OF AUTHORITIES__

1

2  __Federal Cases__

3  *Berg v. La Crosse Cooler Co.* (7th Cir.1980) 612 F.2d 1041 .................................................... 19

4

5  *Espinal v. Northwest Airlines* (C.A.9 (Cal.), 1996) 90 F.3d 1452 ................................... 4, 11, 12

6  *Pereira v. Schlage Electronics* (N.D.Cal.1995) 902 F.Supp. 1095 ..................................... 2, 7, 8

7  *Sarro v. City of Sacramento* (E.D.Cal.1999) 78 F.Supp.2d 1057 ........................................... 3, 9

8  *Thomson v. Verizon MD, Inc.* (D. Md. 2001) 140 F. Supp. 2d 546 ....................................... 3, 11

9  __State Cases__

10
   *Accardi v. Sup.Ct. (City of Simi Valley)* (1993) 17 Cal.App.4th 341 ................................... 6, 19
11

12  *Alcorn v. Anvro Engineering, Inc.* (1970) 2 Cal.3d 493 ......................................... 5, 13, 15, 20

13  *Allen v. Jones* (1980) 104 Cal.App.3d 207 ....................................................................... 16, 21

14  *Birschtein v. New United Motor Mfg., Inc.* (2001) 92 Cal.App.4th 994 ...................................... 8

15  *Bradley v. California Dept. of Corrections and Rehabilitation* --- Cal.Rptr.3d ----,
16  2008 WL 152452 (Cal.App. 5 Dist.), 08 Cal. Daily Op. Serv. 817,

17  2008 Daily Journal D.A.R. 896. ........................................................................................ 2, 8

18  *Cabesuela v. Browning-Ferris Industries of California, Inc.*
   (1998) 68 Cal.App.4th 101 ......................................................................................... 6, 17, 22
19

20  *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513 ....................................... 5, 15, 20

21  *Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132 ............................................ 8

22  *Chapman v. Enos* (2004) 116 Cal.App.4th 920 ....................................................................... 8

23  *Cochran v. Cochran* (1998) 65 Cal.App.4th 488 ......................................................... 6, 17, 22

24  *Commodore Home Systems, Inc. v. Superior Court*
25  (1982) 32 Cal.3d 211 ........................................................... 1, 4, 5, 13, 14, 15, 20

26  *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318 ......................................................... 4, 12, 14, 19

27  *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467 .............................. 3, 9, 10, 19

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

iii

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*　　　　Case No. CV 07 – 06440 WDB

*Hailey v. California Physicians' Service* (2007) 158 Cal.App.4th 452 ........................... 6, 17, 22

*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*
(2005) 129 Cal.App.4th 1228 ................................................................................... 16, 21

*Jones v. R.J. Donovan Correctional Facility* (2007) 152 Cal.App.4th 1367 .............................. 9

*Livitsanos v. Sup.Ct. (Continental Culture Specialists, Inc.)* (1992) 2 Cal.4th 744 ............... 6, 18

*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592 ......... 5, 6, 15, 16, 20, 21

*Reno v. Baird* (1998) 18 Cal.4th 640 ......................................................... 4, 12, 14, 19

*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798 ........................................................ 6, 19

*Rieger v. Arnold* (2002) 104 Cal.App.4th 451 ............................................................... 3, 9

*Sheppard v. Freeman* (1998) 67 Cal.App.4th 339 ......................................................... 4, 12, 14

*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773 ...................................................... 5, 14

## State Statutes

Gov't Code
    §12920 ......................................................................................... 4, 20
    § 12920.5 ........................................................................................ 1
    § 12921 ................................................................................ 1, 13, 14, 20
    § 12933, subd. (a) ............................................................................ 1
    § 12940, subd. (i) ........................................................................ 13, 19
    § 12940, subd. (j)(1) ......................................................................... 8
    §12940, subd. (k) ............................................................................ 3, 9
    §12950 ...................................................................................... 3, 10, 11

Labor Code § 1412 ..................................................................................... 13, 14, 20

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

iv

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No. CV 07 – 06440 WDB

# I.    INTRODUCTION

## A.    PLAINTIFF'S CIVIL RIGHTS

California Gov't Code, Part 2.8., Ch. 3, § 12920.5. provides:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution. Gov't Code § 12920.5

CA Gov't Code § 12921 provides:

(a) The opportunity to seek, obtain and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation is hereby recognized as and declared to be a civil right.
(b) The opportunity to seek, obtain, and hold housing without discrimination because of race, color, religion, sex, sexual orientation, marital status, national origin, ancestry, familial status, disability, or any other basis prohibited by Section 51 of the Civil Code is hereby recognized as and declared to be a civil right.

The FEHA advances the fundamental public policy of eliminating discrimination in the workplace, and the provisions of the act are to be construed broadly and liberally in order to accomplish its purposes. (§ 12933, subd. (a)). Indeed, … a "policy that promotes the right to seek and hold employment free of prejudice is fundamental. Job discrimination 'foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general.' [(Quoting § 12920).]   The statute's aim is to provide effective remedies against this evil."  *Commodore Home Systems, Inc. v. Superior Court of San Bernardino County* (1982) 32 Cal.3d 211, 220.  Since the opportunity for employment free of discrimination is a civil right, … plaintiff's status as an employee should entitle him to a greater degree of protection from insult and outrage than if he were a stranger to defendants...." *Id.*

The fundamental public policies embodied in the comprehensive statutory framework of FEHA, the State's interest in promoting civil rights pursuant to its police power, underlie all of the issues in Defendants' Motion to Dismiss.   Therefore, Defendants' motion should be

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1   scrutinized with great care, and it should be overruled in its entirety. In the alternative, Plaintiff

2   requests leave to amend her complaint.

3       **B.      PROCEDURAL HISTORY**

4       Plaintiff filed her Verified Complaint in the Superior Court for the County of Contra

5   Costa on November 29, 2007. On December 21, 2007, without having been served, defendants

6   Berkel, Zuckerman, Braverman-Smith, and BMC removed the action to this Court, asserting that

7   this Court has jurisdiction based on complete diversity of citizenship, despite the fact that

8   Plaintiff has named three defendants who are citizens of California. In this regard, defendants do

9   not contest the citizenship of Zuckerman, Braverman-Smith, and BMC, but rather, assert that

10  these three defendants are fraudulently joined and should be disregarded for purposes of

11  establishing complete diversity. For the reasons set forth below, Defendants Zuckerman,

12  Braverman-Smith, and BMC are not fraudulently joined, and are subject to liability under FEHA

13  and common law. Accordingly, Plaintiff hereby moves to remand this matter to the Superior

14  Court for the County of Contra Costa. In the alternative, Plaintiff will promptly file a separate

15  Motion to Remand. On this basis, Defendants' Motion to Dismiss should not be decided by this

16  Court. In the alternative, Plaintiff opposes Defendants' Motion to Dismiss for the reasons set

17  forth below, and requests that the Court overrule the Motion to Dismiss in its entirety.

18      **II.      SUMMARY OF THE ARGUMENT**

19      1.      Plaintiff's Third Cause of Action (hereinafter, "COA"), against Berkel for sexual

20  harassment committed by Berkel in violation of FEHA is viable because, under California law,

21  employer is strictly liable for harassing conduct of its agents and supervisors, and is liable for co-

22  worker harassment where it, or its agents or supervisors, knows or should have known of

23  conduct and fails to take immediate and appropriate corrective action. *Pereira v. Schlage*

24  *Electronics* (N.D.Cal.1995) 902 F.Supp. 1095. When harassment in the workplace is committed

25  by a non-supervisory employee, an employer's liability under … FEHA is predicated not on the

26  conduct itself, but on the employer's response once it learns of the conduct. *Bradley v.*

27  *California Dept. of Corrections and Rehabilitation* --- Cal.Rptr.3d ----, 2008 WL 152452

28  (Cal.App. 5 Dist.), 08 Cal. Daily Op. Serv. 817, 2008 Daily Journal D.A.R. 896. Berkel had

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*      Case No. CV 07 – 06440 WDB

1    knowledge of defendant Scher's propensity to engage in severe and pervasive sexual harassment

2    even before the Plaintiff was hired, and on this basis is liable for all damages he inflicted on

3    Plaintiff.

4        2.      Plaintiff's Fourth COA against Berkel for failure to take all reasonable steps

5    necessary to prevent discrimination and harassment from occurring alleges facts necessary to the

6    claim.   Once an employer becomes aware of co-worker sexual harassment, the employer must

7    take adequate remedial measures in order to avoid liability for the harassment; those measures

8    must include immediate corrective action reasonably calculated to (1) end the current

9    harassment, and (2) to deter future harassment from the same offender or others.  *Sarro v. City of*

10   *Sacramento* (E.D.Cal.1999) 78 F.Supp.2d 1057.   Under the Fair Employment and Housing Act

11   (FEHA), an employing entity can not only be directly liable for sexual harassment, but indirectly

12   liable as well for the actions of its agents and supervisors or for the actions of its nonsupervisory

13   employees if it was or should have been aware of them and did not take remedial measures.

14   *Rieger v. Arnold* (2002) 104 Cal.App.4th 451.   Supervisor of employee subject to sexual

15   harassment by co-worker had statutory duty under California Fair Employment and Housing Act

16   (CFEHA) to take immediate action to end sexual harassment.   *Flait v. North American Watch*

17   *Corp.*  (1992) 3 Cal.App.4th 467.   Failure to take all reasonable steps to prevent discrimination

18   and harassment from occurring is another unlawful employment practice under the FEHA. [Gov.

19   Code, §§ 12940, subd. (k), 12950.   Berkel failed to meet these standards.

20       3.      Plaintiff's Eighth COA against Berkel for breach of the covenant of good faith and

21   fair dealing arising out of the collective bargaining agreement is not preempted by federal law,

22   and Plaintiff is not required to plead a COA against her union for breach of the duty of fair

23   representation.   Not all state law claims for violation of contracts between an employer and a

24   labor organization are preempted by LMRA; only those that require interpretation of the

25   collective bargaining agreement for adjudication will be preempted by the federal law. *Thomson*

26   *v. Verizon MD, Inc.* (D. Md. 2001) 140 F. Supp. 2d 546.   FEHA articulated sufficiently clear

27   standard to evaluate airline ramp service worker's discrimination claims against airline without

28   considering overlapping provisions of collective bargaining agreement between union and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*            Case No. CV 07 – 06440 WDB

1  airline, as would avoid RLA preemption. *Espinal v. Northwest Airlines* (C.A.9 (Cal.), 1996) 90

2  F.3d 1452. California Fair Employment and Housing Act's (FEHA) express provision that right

3  to employment without discrimination based on physical handicap was public policy of the state

4  showed intent not to allow Act's prohibitions to be altered or removed by private contract, as

5  would avoid RLA preemption of those claims. *Id.*  Plaintiff's COA does not require interpretation

6  of the collecting bargaining agreement for adjudication; rather, it implicates common law

7  principles of good faith and fair dealing between the employer and the individual employee.

8  Accordingly, Plaintiff's Eighth COA Against Berkel is not preempted by the MLRA, and

9  Defendants' Motion to Dismiss the Eighth COA should be overruled.

10      4.      Plaintiff's Thirteenth and Fourteenth COA against Zuckerman for fraud and

11  conspiracy to commit fraud and intentional infliction of emotional distress are viable because,

12  [s]upervisors and coworkers may be held personally liable for intentional torts involving physical

13  touching of the plaintiff, such as assault and battery, false imprisonment and intentional infliction

14  of emotional distress; and for invasion of privacy.  *See, Sheppard v. Freeman* (1998) 67

15  Cal.App.4th 339, 343.  Liability may be imposed on one who aids and abets commission of

16  intentional tort if person knows other's conduct constitutes breach of duty and gives substantial

17  assistance or encouragement to other to so act, or gives substantial assistance to other in

18  accomplishing tortious result and person's own conduct, separately considered, constitutes

19  breach of duty to third person.  *Fiol v. Doellstedt*  (1996) 50 Cal.App.4th 1318.  Courts should

20  give meaning to every word of a statute if possible, and should avoid a construction making any

21  word surplusage.  *Reno v. Baird* (1998) 18 Cal.4th 640. Gov't Code § 12940 subd. (i) provides

22  that it is an unlawful employment practice for any person to aid, abet, incite, compel, or coerce

23  the doing of any of the acts forbidden under this part, or to attempt to do so. The policy that

24  promotes the right to seek and hold employment free of prejudice is fundamental. Job

25  discrimination "foments domestic strife and unrest, deprives the state of the fullest utilization of

26  its capacities for development and advance, and substantially and adversely affects the interest of

27  employees, employers, and the public in general." (§ 12920.) The statute's aim is to provide

28  effective remedies against the evil. *Commodore Home Systems, Inc. v. Superior Court* (1982) 32

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

1    Cal.3d 211, 220.  Since the opportunity for employment free of discrimination is a civil right, …

2    plaintiff's status as an employee should entitle him to a greater degree of protection from insult

3    and outrage than if he were a stranger to defendants...." (*Alcorn v. Anvro Engineering, Inc.*

4    (1970) 2 Cal.3d 493); *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211,

5    220.   These statutes are part of the statutory framework underlying the State's interest in

6    eliminating job discrimination.   In the instant action, Plaintiff alleged that Zuckerman and

7    Braverman engaged in fraudulent acts that caused Plaintiff to suffer severe emotional distress.

8    Fraud requires an intentional act, i.e., scienter.   Braverman is a trained harassment investigator.

9    (Def.s' Mot. to Dismiss, p. 2:24-25).   Holding Zuckerman and Braverman liable promotes the

10   State's interest in eliminating job discrimination, and deters future fraudulent acts.   Based on the

11   foregoing, Defendants' Motion to Dismiss Plaintiff's Thirteenth and Fourteenth COA for aiding

12   and abetting harassment against Zuckerman should be overruled.

13        5.    Plaintiff's Thirteenth COA against Zuckerman for conspiracy to commit fraud and

14   fraud is viable because the conspiracy alleged is based on Zuckerman's and Braverman's

15   concurrence in the fraudulent acts.   A plaintiff is entitled to damages from those defendants who

16   concurred in the tortious scheme with knowledge of its unlawful purpose.   *Wyatt v. Union*

17   *Mortgage Co.* (1979) 24 Cal.3d 773.   Tacit consent, as well as express approval, will suffice to

18   hold a person liable as a coconspirator.

19        6.    Plaintiff's Thirteenth COA against Zuckerman for conspiracy to commit fraud and

20   fraud contains all of the essential elements of a fraud claim; additionally, the claim is pled with

21   the requisite specificity elements of fraud.   The elements of a COA for fraud are: (1) a

22   misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity

23   of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4)

24   justifiable reliance; and (5) resulting damages.   *Cadlo v. Owens-Illinois, Inc.* (2004) 125

25   Cal.App.4th 513.   In her Verified Complaint, Plaintiff alleged in paragraphs 51-53, 155-158,

26   every essential element of fraud.

27        A cardinal rule of pleading is that only the ultimate facts need be alleged.   *Ludgate Ins.*

28   *Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592.   Particularity required in pleading

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

5

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

1  facts depends on the extent to which the defendant in fairness needs detailed information that can

2  be conveniently provided by the plaintiff, and less particularity is required where the defendant

3  may be assumed to have knowledge of the facts equal to that possessed by the plaintiff. *Id.*

4        7.      Plaintiff's Fourteenth COA against Zuckerman for intentional infliction of

5  emotional distress includes all of the essential elements of "outrageous conduct;" the claim is not

6  barred by the exclusive remedy rule.  Behavior may be considered outrageous, for purposes of

7  intentional infliction of emotional distress claim, if a defendant (1) abuses a relation or position

8  which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to

9  injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition

10  that the acts are likely to result in illness through mental distress.  *Hailey v. California*

11  *Physicians' Service* (2007) 158 Cal.App.4th 452.  In evaluating whether the defendant's conduct

12  was outrageous, as required to support claim for intentional infliction of emotional distress, it is

13  not enough that the defendant has acted with an intent which is tortious or even criminal, or that

14  he has intended to inflict emotional distress, or even that his conduct has been characterized by

15  malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for

16  another tort.  *Cochran v. Cochran* (1998) 65 Cal.App.4th 488.  But in *Cabesuela v. Browning-*

17  *Ferris Industries of California, Inc.*, truck driver who stated COA for wrongful termination in

18  violation of public policy, based on discharge that followed his complaints about allegedly

19  unsafe working conditions, also stated COA for intentional infliction of emotional distress.

20  *Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101.

21        The exclusivity rule does not bar a suit for emotional distress damages resulting from

22  sexual harassment, unlawful discrimination or other misconduct that "exceed(s) the normal risks

23  of the employment relationship."  *Livitsanos v. Sup.Ct. (Continental Culture Specialists, Inc.)*

24  (1992) 2 Cal.4th 744, 756—emotional distress resulting from employer's defamation and

25  harassment.  "The Legislature did not intend that an employer be allowed to raise the exclusivity

26  rule for the purpose of deflecting a claim of discriminatory practices."  *Accardi v. Sup.Ct. (City*

27  *of Simi Valley)* (1993) 17 Cal.App.4th 341, 352 (disapproved on other grounds in *Richards v.*

28  *CH2M Hill, Inc.* (2001) 26 C4th 798).

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                  Case No. CV 07 – 06440 WDB

8.      Plaintiff's Fifth COA against Braverman for the FEHA violation of aiding and abetting harassment is viable based on FEHA's provision that it is an unlawful employment practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under part 2.8. See Plaintiff's argument summary above in para. 4.

9.      Plaintiff's Ninth and Eleventh COA against Braverman and BMC include all of the essential elements of fraud, and the claims are pled with the requisite specificity, as discussed above in para. 6.

10.     Plaintiff's Tenth and Twelfth COA against Braverman and BMC state a valid claim for intentional infliction of emotional distress, as discussed above in para. 7.

11.     Defendants' Motion to Dismiss should be denied.

12.     In the alternative, Plaintiff should be granted leave to amend her complaint.

## III.      ALLEGATIONS IN THE COMPLAINT

The specific allegations in Plaintiff's Verified Complaint which are relevant to Defendants' Motion to Dismiss include the following:

| | |
|---|---|
| Allegation Nos. 26-28,  pp. 4:22-5:5 | Allegation Nos. 51-53, pp. 10:8-23 |
| Allegation Nos. 30-33, pp. 5:8-19 | Allegation Nos. 87-93, pp. 14:2015:12 |
| Allegation Nos. 36-37, pp. 6:3-11 | Allegation Nos. 126-127, pp. 19:11-15 |
| Allegation Nos. 39-40, pp. 6:23-7:10 | Allegation Nos. 129-132, pp. 19:18-20:4 |
| Allegation Nos. 42-44, pp. 7:21-8:11 | Allegation Nos. 140-146, pp. 21:1-22 |
| Allegation Nos. 46-48, pp. 8:20-10:1 | Allegation Nos. 155-158, pp.22:20-23:5 |

## IV. LEGAL ARGUMENT

**A.      THE THIRD COA AGAINST BERKEL FOR SEXUAL HARASSMENT COMMITTED BY BERKEL IN VIOLATION OF FEHA IS VIABLE BECAUSE UNDER FEHA, AN EMPLOYER IS LIABLE FOR CO-WORKER HARASSMENT WHERE IT, OR ITS AGENTS OR SUPERIVOSRS, KNOWS OR SHOULD HAVE KNOWN OF THE CONDUCT AND FAILS TO TAKE IMMEDIATE AND APPROPRIATE CORRECTIVE ACTION.**

Under California law, employer is strictly liable for harassing conduct of its agents and supervisors, and is liable for co-worker harassment where it, or its agents or supervisors, knows or should have known of conduct and fails to take immediate and appropriate corrective action. *Pereira v. Schlage Electronics* (N.D.Cal.1995) 902 F.Supp. 1095.  Employers are liable for

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

1   failing to remedy a hostile or offensive work environment of which management-level

2   employees knew, or should have known. *Birschtein v. New United Motor Mfg., Inc.* (2001) 92

3   Cal.App.4th 994.   When harassment in the workplace is committed by a non-supervisory

4   employee, an employer's liability under the California Fair Employment and Housing Act

5   (FEHA) is predicated not on the conduct itself, but on the employer's response once it learns of

6   the conduct.  *Bradley v. California Dept. of Corrections and Rehabilitation* --- Cal.Rptr.3d ----,

7   2008 WL 152452 (Cal.App. 5 Dist.), 08 Cal. Daily Op. Serv. 817, 2008 Daily Journal D.A.R.

8   896.

9       Specifically, it is an unlawful employment practice for an employer to harass an

10   employee based on his or her sex. (§ 12940, subd. (j)(1).) The statutory scheme requires an

11   employer to take all reasonable steps to prevent harassment from occurring in the workplace

12   and to take immediate and appropriate action when it is or should be aware that harassment has

13   occurred.  *Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132, 1139,  superseded

14   by statute on other grounds as noted in *Chapman v. Enos* (2004) 116 Cal.App.4th 920, 928, fn.

15   7.   Therefore, if the employer fails to take immediate and appropriate action when it is or

16   should be aware that harassment has occurred, then the employer is held to have harassed the

17   employee.

18       In her Verified Complaint, Plaintiff alleged: 27, 28, 30, 31, 32, 33, 37, 40, and 44.

19   These allegations are sufficient to state a claim of sexual harassment against Scher, Plaintiff's

20   co-worker.  Moreover, these allegations are sufficient to establish a claim that Berkel knew or

21   should have known of Scher's illegal conduct.  Based on the liability standards established by

22   (§ Gov't Code § 12940, subd. (j)(1), *Pereira v. Schlage Electronics, Birschtein v. New United*

23   *Motor Mfg., Inc., Carrisales v. Department of Corrections*, and *Chapman v. Enos*, Plaintiff's

24   Third COA for Sexual Harassment against Berkel is viable, and Defendants' Motion to Dismiss

25   this action should be overruled.

26   **B.    THE FOURTH COA AGAINST BERKEL FOR FAILURE TO TAKE**
**        ALL   REASONABLE   STEPS   NECESSARY   TO   PREVENT**
27   **        DISCRIMINATION   AND   HARASSMENT   FROM   OCCURING   IN**

28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

**VIOLATION OF FEHA ALLEGES FACTS NECESSARY TO THE CLAIM.**

Sexual harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives its victim of her statutory right to work in a place free of discrimination when the sexually harassing conduct sufficiently offends, humiliates, distresses or intrudes upon its victim, so as to disrupt her emotional tranquility in the workplace, affects her ability to perform her job as usual, or otherwise interferes with and undermines her personal sense of well-being.  *Jones v. R.J. Donovan Correctional Facility* (2007) 152 Cal.App.4th 1367.  Once an employer becomes aware of co-worker sexual harassment, the employer must take adequate remedial measures in order to avoid liability for the harassment; those measures must include immediate corrective action reasonably calculated to (1) end the current harassment, and (2) to deter future harassment from the same offender or others.  *Sarro v. City of Sacramento* (E.D.Cal.1999) 78 F.Supp.2d 1057.  Under the Fair Employment and Housing Act (FEHA), an employing entity can not only be directly liable for sexual harassment, but indirectly liable as well for the actions of its agents and supervisors or for the actions of its nonsupervisory employees if it was or should have been aware of them and did not take remedial measures.  *Rieger v. Arnold* (2002) 104 Cal.App.4th 451.  Supervisor of employee subject to sexual harassment by co-worker had statutory duty under California Fair Employment and Housing Act (CFEHA) to take immediate action to end sexual harassment. *Flait v. North American Watch Corp.*  (1992) 3 Cal.App.4th 467.

Failure to take all reasonable steps to prevent discrimination and harassment from occurring is another unlawful employment practice under the FEHA. [Gov. Code, § 12940, subd. (k)] Additionally, an employer must post, in a prominent and accessible location in the workplace, a poster, distributed by the Department of Fair Employment and Housing, relating to the illegality of sexual harassment. The employer also must distribute to its employees either the department's information sheet on sexual harassment, or equivalent information regarding such matters as a description and examples of sexual harassment, the internal complaint process of the employer that is available to the employee, legal remedies and complaint processes available through the Department of Fair Employment and Housing and the Fair Employment

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

1    and Housing Commission, directions on how to contact the department and commission, and

2    protection against retaliation for opposing employer practices.  Gov. Code § 12950.   In the

3    caption in the instant action, and under her Fourth COA, Plaintiff enumerated Gov't Code §

4    12950 et seq.

5        Plaintiff's relevant allegations include 26, 27, 30, 36, 37, 39-40, 42-44, 87-93, from

6    which it can be inferred that Berkel knew, before it assigned Greg Scher to the local jobsite,

7    that he ubiquitously engaged in illegal conduct; that managers at the local jobsite were well

8    aware of Scher's outrageous conduct, failed to take remedial steps required under FEHA, and

9    thereby ratified and acquiesced in Scher's illegal conduct; that managers at the first-line level

10   of supervision and other male co-workers laughed at Scher's outrageous conduct in Plaintiff's

11   presence, thereby encouraging the illegal conduct and further intimidating Plaintiff because she

12   was afraid to complain and feared for her own safety; that Plaintiff was psychologically raped;

13   that only after the Plaintiff mentally broke down as a result of Scher's final racial and sexual

14   verbal assault did the employer take any action; and that when the employer finally took action,

15   its agents acted fraudulently to protect the company's interest and caused Plaintiff further

16   severe emotional distress.  Moreover, it can be inferred that the employer failed to take steps to

17   prevent harassment as required by Gov't Code § 12950, in that it failed to properly train

18   managers, and failed to provide Plaintiff with the written notification of her rights.

19       Defendants argue, on the other hand, that Plaintiff's claim fails as a matter of law

20   because the facts show that Berkel took immediate Berkel took immediate action upon notice

21   of the situation once Plaintiff no longer asked to handle the matter on her own: Berkel retained

22   Braverman to conduct an investigation and subsequently fired Scher. (Def.s' Motion to

23   Dismiss, 8:15-21.   *Flait v. North American Watch Corp.*, *supra,* however, provides that a

24   supervisor of employee subject to sexual harassment by co-worker had statutory duty under

25   California Fair Employment and Housing Act (CFEHA) to take immediate action to end sexual

26   harassment.  The employer cannot escape liability because the employee stated that she wished

27   to handle the matter on her own.  The FEHA places liability on the employer as soon as it has

28   knowledge, or as soon as it should have had knowledge of the illegal conduct of the coworker,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

1    unless it takes immediate steps to investigate and remedy the harassment. Defendant Scher's

2    illegal conduct was severe and pervasive, Berkel management knew or should have known of

3    the conduct, and it failed to take steps to prevent Scher from harassing Plaintiff from her very

4    first day on the job. Whether Berkel breached its duty to prevent harassment in the workplace

5    is a core issue here, and the underlying allegations in the instant matter, if proven, demonstrate

6    the destructive results when an employer breaches that duty. It was only a matter of time

7    before Scher's verbal and visual attacks on Plaintiff caused irreparable harm. Based on the

8    foregoing, Defendants' Motion to Dismiss Plaintiff's Fourth COA should be overruled. In the

9    alternative, Plaintiff requests leave to amend her Verified Complaint to plead with greater

10   specificity Berkel's failure to prevent discrimination pursuant to Gov't Code § 12950 et seq.

11   **C.    THE EIGHTH COA AGAINST BERKEL FOR BREACH OF THE**
12   **COVENANT OF GOOD FAITH AND FAIR DEALING ARISING**
       **OUT OF THE COLLECTIVE BARGAINING AGREEMENT IS**
13   **NOT PREEMPTED BY FEDERAL LAW, AND PLAINTIFF IS NOT**
       **REQUIRED TO PLEAD A COA AGAINST HER UNION FOR**
14   **BREACH OF THE DUTY OF FAIR REPRESENTATION.**

15   Not all state law claims for violation of contracts between an employer and a labor

16   organization are preempted by LMRA; only those that require interpretation of the collective

17   bargaining agreement for adjudication will be preempted by the federal law. *Thomson v.*

18   *Verizon MD, Inc.* (D. Md. 2001) 140 F. Supp. 2d 546. Collective bargaining agreement

19   between union and airline did not establish comprehensive framework for challenging

20   determination that employee failed to meet physical fitness requirements, as required for RLA

21   to preempt ramp service worker's disability discrimination claim under California Fair

22   Employment and Housing Act (FEHA); CBA provided that "continued employment is

23   dependent upon remaining physically and mentally fit," and airline developed minimum

24   medical qualifications, but CBA did not provide framework for challenging determinations that

25   employee was not physically fit, nor did it provide mechanism to accommodate disabled

26   workers. *Espinal v. Northwest Airlines* (C.A.9 (Cal.), 1996) 90 F.3d 1452. California Fair

27   Employment and Housing Act (FEHA) articulated sufficiently clear standard to evaluate airline

28   ramp service worker's discrimination claims against airline without considering overlapping

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No. CV 07 – 06440 WDB

provisions of collective bargaining agreement between union and airline, as would avoid RLA preemption. *Id.* California Fair Employment and Housing Act's (FEHA) express provision that right to employment without discrimination based on physical handicap was public policy of the state showed intent not to allow Act's prohibitions to be altered or removed by private contract, as would avoid RLA preemption of those claims. *Id.*

In the instant action, Plaintiff alleges breach of the implied covenant of good faith and fair dealing, based upon the employer's violation of FEHA, and fraudulent acts perpetrated by agents of the employer.  This COA does not require interpretation of the collecting bargaining agreement for adjudication; rather, it implicates common law principles of good faith and fair dealing between the employer and the individual employee.  Accordingly, Plaintiff's Eighth COA Against Berkel for breach of the covenant of good faith and fair dealing is not preempted by the MLRA, and Defendants' Motion to Dismiss the Eighth COA should be overruled.

> **D.    THE THIRTEENTH AND FOURTEENTH COA AGAINST ZUCKERMAN FOR FRAUD AND CONSPIRACY TO COMMIT FRAUD AND INTENTIONAL INFLICTION OF EMOTION DISTRESS … [FAIL BECAUSE, AS A MATTER OF LAW. MANAGERS OF THE EMPLOYER CANNOT BE HELD PERSONALLY LIABLE FOR COMMON LAW TORT CLAIMS BASED ON PERSONNEL ACTION AND DECISIONS].**

Supervisors and coworkers may be held personally liable for intentional torts involving physical touching of the plaintiff, such as assault and battery, false imprisonment and intentional infliction of emotional distress; and for invasion of privacy.  *See, Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 343.  Liability may be imposed on one who aids and abets commission of intentional tort if person knows other's conduct constitutes breach of duty and gives substantial assistance or encouragement to other to so act, or gives substantial assistance to other in accomplishing tortious result and person's own conduct, separately considered, constitutes breach of duty to third person.  *Fiol v. Doellstedt*  (1996) 50 Cal.App.4th 1318.

Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage.  *Reno v. Baird* (1998) 18 Cal.4th 640. Gov't Code §

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No. CV 07 – 06440 WDB

1    <u>12940</u> subd. (i) provides that it is an unlawful employment practice for any person to aid, abet,

2    incite, compel, or coerce *the doing of any of the acts forbidden under this part*, or to attempt to

3    do so. (emphasis added). The policy that promotes the right to seek and hold employment free

4    of prejudice is fundamental. Job discrimination "foments domestic strife and unrest, deprives

5    the state of the fullest utilization of its capacities for development and advance, and

6    substantially and adversely affects the interest of employees, employers, and the public in

7    general." (§ 12920.) The statute's aim is to provide effective remedies against the evil.

8    *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220.  Since the

9    opportunity for employment free of discrimination is a civil right, said Alcorn (see former

10   Lab.Code, § 1412; now Gov.Code, § 12921, supra), "plaintiff's status as an employee should

11   entitle him to a greater degree of protection from insult and outrage than if he were a stranger to

12   defendants...." (*Alcorn v. Anvro Engineering, Inc.* (1970) 2 Cal.3d 493) *Commodore Home*

13   *Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220.

14       These statutes summarized above are part of the statutory framework underlying the

15   State's interest in eliminating job discrimination.  In the instant action, Plaintiff alleged that

16   Braverman engaged in ***fraudulent acts*** that caused Plaintiff to suffer severe emotional distress.

17   Fraud requires an intentional act, i.e., scienter. Braverman is a trained harassment investigator.

18   (Def.s' Mot. to Dismiss, p. 2:24-25).  Holding Braverman personally liable promotes the

19   State's interest in eliminating job discrimination, and deters future fraudulent acts.  Defendants

20   cite *Janken v. GM Hughes Electronics* for the rule that a corporation can only act through its

21   agents (and thus an agent cannot act in concert or conspiracy with the principal).  (Parentheses

22   added).  (Def.s' Mot. to Dismiss, 15:3-4).  Indeed, because a corporation can only act through

23   its agents, its agents should be personally liable for fraudulent acts which undermine

24   fundamental public policy and cause physical injury to an employee.  Based on the foregoing,

25   Defendants' Motion to Dismiss Plaintiff's Thirteenth and Fourteenth COA for aiding and

26   abetting harassment against Zuckerman should be overruled.

27

28      **E.    THE    THIRTEENTH    COA    AGAINST    ZUCKERMAN    FOR CONSPIRACY TO COMMIT FRAUD AND FRAUD IS VIABLE BECAUSE THE CONSPIRACY ALLEGED IS BASED ON**

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No. CV 07 – 06440 WDB

## ZUCKERMAN'S AND BRAVERMAN'S CONCURRENCE IN THE FRAUDULENT ACTS

A plaintiff is entitled to damages from those defendants who concurred in the tortious scheme with knowledge of its unlawful purpose. *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773. Tacit consent, as well as express approval, will suffice to hold a person liable as a coconspirator.

In her Verified Complaint, Plaintiff alleged conspiratorial acts between Zuckerman and Braverman-Smith (Verified Complaint, para. 51-53, 154-158). Supervisors and coworkers may be held personally liable for intentional torts involving physical touching of the plaintiff, such as assault and battery, false imprisonment and intentional infliction of emotional distress; and for invasion of privacy. *See, Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 343. Liability may be imposed on one who aids and abets commission of intentional tort if person knows other's conduct constitutes breach of duty and gives substantial assistance or encouragement to other to so act, or gives substantial assistance to other in accomplishing tortious result and person's own conduct, separately considered, constitutes breach of duty to third person. *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318.

Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage. *Reno v. Baird* (1998) 18 Cal.4th 640. Gov't Code § 12940 subd. (i) provides that it is an unlawful employment practice for any person to aid, abet, incite, compel, or coerce *the doing of any of the acts forbidden under this part*, or to attempt to do so. (emphasis added). The policy that promotes the right to seek and hold employment free of prejudice is fundamental. Job discrimination "foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general." (§ 12920.) The statute's aim is to provide effective remedies against the evil. *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220. Since the opportunity for employment free of discrimination is a civil right, said Alcorn (see former Lab.Code, § 1412; now Gov.Code, § 12921, supra), "plaintiff's status as an employee should entitle him to a greater degree of protection from insult and outrage than if he were a stranger to

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

1  defendants...." (*Alcorn v. Anvro Engineering, Inc.* (1970) 2 Cal.3d 493) *Commodore Home*
2  *Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220.

3      These statutes summarized above are part of the statutory framework underlying the
4  State's interest in eliminating job discrimination.  In the instant action, Plaintiff alleged that
5  Zuckerman and Braverman engaged in ***fraudulent acts*** that caused Plaintiff to suffer severe
6  emotional distress.  Fraud requires an intentional act, i.e., scienter. Braverman is a trained
7  harassment investigator.  (Def.s' Mot. to Dismiss, p. 2:24-25).  Holding Braverman liable
8  promotes the State's interest in eliminating job discrimination, and deters future fraudulent acts,
9  and holding Zuckerman liable  for concurring in the tortious scheme with knowledge of its
10  unlawful purpose promotes the State's interest in eliminating job discrimination, and deters
11  future fraudulent acts. Defendants cite *Janken v. GM Hughes Electronics* for the rule that a
12  corporation can only act through its agents (and thus an agent cannot act in concert or
13  conspiracy with the principal).  (parentheses added).  (Def.s' Mot. to Dismiss, 15:3-4).  Indeed,
14  because a corporation can only act through its agents, its agents should be liable for fraudulent
15  acts which undermine fundamental public policy and cause physical injury to an employee.
16  Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Thirteenth and Fourteenth
17  COA for aiding and abetting harassment against Zuckerman should be overruled.

18      **F.    THE    THIRTEENTH    COA    AGAINST    ZUCKERMAN    FOR**
19           **CONSPIRACY TO COMMIT FRAUD AND FRAUD IS BASED ON**
            **ZUCKERMAN'S AND BRAVERMAN'S CONCURRENCE IN THE**
20           **FRAUDULENT ACTS, IS VIABLE ON THAT BASIS, AND IS PLED**
            **WITH SUFFICIENT SPECIFICITY.**
21
22      The elements of a COA for fraud are: (1) a misrepresentation, which includes a
23  concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e.,
24  scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5)
25  resulting damages.  *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513.   In her Verified
26  Complaint, Plaintiff alleged in paragraphs 51-53, 155-158, every essential element of fraud.  A
27  cardinal rule of pleading is that only the ultimate facts need be alleged.  *Ludgate Ins. Co. v.*
28  *Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592.  Particularity required in pleading facts

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

15

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*            Case No. CV 07 – 06440 WDB

depends on the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff, and less particularity is required where the defendant may be assumed to have knowledge of the facts equal to that possessed by the plaintiff. *Id.* A plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source, and extent of his COA. *Id.* With respect to the particulars of Plaintiff's Ninth and Eleventh COA, Plaintiff alleged in paragraphs 46-48 with great specificity Braverman's and Zuckerman's intentional deceptions. Based on the foregoing, Defendants' Motion to Dismiss should be overruled. In the alternative, Plaintiff requests leave to amend her complaint.

### G.    PLAINTIFF'S FOURTEENTH COA AGAINST ZUCKERMAN FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDES ALL OF THE ESSENTIAL ELEMENTS OF "OUTRAGEOUS CONDUCT;" THE CLAIM IS NOT BARRED BY THE EXCLUSIVE REMEDY RULE.

#### 1.    Plaintiff Has Stated Facts Sufficient To Meet The High Standard For Outrageous Conduct.

CA BAJI 12.74 defines "outrageous conduct" as follows:

> Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind. Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

Peace of mind is recognized as a legally protected interest, the intentional invasion of which is an independent wrong, giving rise to liability without the necessity of showing the elements of any of the traditional torts. *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228.

Mental distress damages may be recovered in an action for deceit, but allegations of intentional wrongdoing must be specific and will be closely scrutinized. *Allen v. Jones* (1980) 104 Cal.App.3d 207. Behavior may be considered outrageous, for purposes of intentional

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1    infliction of emotional distress claim, if a defendant (1) abuses a relation or position which

2    gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to

3    injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition

4    that the acts are likely to result in illness through mental distress.  *Hailey v. California*

5    *Physicians' Service* (2007) 158 Cal.App.4th 452.  That defendant knew the plaintiff had a

6    special susceptibility to emotional distress is a factor which may be considered in determining

7    whether the alleged conduct was outrageous, as required to support claim for intentional

8    infliction of emotional distress.  *Cochran v. Cochran* (1998) 65 Cal.App.4th 488.

9        In evaluating whether the defendant's conduct was outrageous, as required to support

10    claim for intentional infliction of emotional distress, it is not enough that the defendant has

11    acted with an intent which is tortious or even criminal, or that he has intended to inflict

12    emotional distress, or even that his conduct has been characterized by malice, or a degree of

13    aggravation which would entitle the plaintiff to punitive damages for another tort.  *Cochran v.*

14    *Cochran* (1998) 65 Cal.App.4th 488.  But in *Cabesuela v. Browning-Ferris Industries of*

15    *California, Inc.*, truck driver who stated COA for wrongful termination in violation of public

16    policy, based on discharge that followed his complaints about allegedly unsafe working

17    conditions, also stated COA for intentional infliction of emotional distress.  *Cabesuela v.*

18    *Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101.  In the instant

19    action, Plaintiff has alleged sexual harassment perpetrated by a co-worker that was severe, as

20    well as facts from which a reasonable person may infer that the employer knew about

21    defendant Scher's propensity to engage in acts of severe sexual harassment before Plaintiff was

22    hired.  Further, Plaintiff alleges that Zuckerman and Braverman-Smith conspired to deceive

23    Plaintiff by falsely representing to her that they had met all of their legal obligations to her

24    under FEHA, including a false representation that their investigation into Plaintiff's complaint

25    of illegal harassment against Scher was objective and complete in order to make the problem

26    go away with as little disruption to the construction project as possible, and in order to

27    minimize Berkel's potential civil liability under FEHA.  Moreover, Plaintiff alleged that

28    Zuckerman intentionally deceived Plaintiff by representing falsely the corrective action that

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

17

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

1   Berkel had taken with defendant Scher. (Verified Complaint, para 51-52).  In short, this

2   employer is purposely derelict in its duty to prevent harassment and discrimination from

3   occurring, and when a seriously-injured female employee suffers a mental breakdown as a

4   direct result of severe hostile environment harassment, this employer jumps into action to give

5   the appearance that it has met its statutory duty under FEHA to remedy the illegal conduct, up

6   to an including deceiving the victim in order to minimize its damages under FEHA.  This

7   alleged conduct is so extreme as to exceed all bounds of that tolerated under FEHA and

8   relevant case law, and when Plaintiff discovered that Zuckerman and Braverman had deceived

9   her, she was outraged.  On the basis of the foregoing, Defendants' Motion to Dismiss Plaintiff's

10  Fourteenth COA against Zuckerman should be overruled.

11          In the alternative, Plaintiff requests leave to amend her Verified Complaint to add the

12  following allegations:

13  ·    when Zuckerman and Braverman first notified Plaintiff that Scher was fired, he had not in

14       fact been fired but was merely transferred to another jobsite;

15  ·    that Plaintiff was confidentially informed by Berkel's safety officer, that Berkel lied to her
16       about firing Scher, and that it had in fact merely transferred him to another jobsite;

17  ·    on information and belief, that Berkel's safety officer who confidentially informed Plaintiff
18       that Berkel lied to her about firing Scher subsequently was fired;

19  ·    that Zuckerman represented to Plaintiff in a letter he wrote to her dated November 7, 2006,
20       that Scher had been fired; and

21  ·    on information and belief, Zuckerman only fired Scher, if in fact he did at all, after Berkel
         discovered that Plaintiff had been told that they lied to her about firing Scher.

22

23          **2.    The Claim Is Not Pre-Empted By Workers' Compensation Laws**

24          The exclusivity rule does not bar a suit for emotional distress damages resulting from

25  sexual harassment, unlawful discrimination or other misconduct that "exceed(s) the normal

26  risks of the employment relationship." *Livitsanos v. Sup.Ct.* (Continental Culture Specialists,

27  Inc.) (1992) 2 Cal.4th 744, 756—emotional distress resulting from employer's defamation and

28  harassment.  "The Legislature did not intend that an employer be allowed to raise the

18

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*        Case No. CV 07 – 06440 WDB

1   exclusivity rule for the purpose of deflecting a claim of discriminatory practices." *Accardi v.*

2   *Sup.Ct. (City of Simi Valley)* (1993) 17 Cal.App.4th 341, 352 (disapproved on other grounds in

3   *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798). Employee's claims of emotional distress

4   arising from violation by employer of California Fair Employment and Housing Act (CFEHA)

5   were not barred by exclusive remedy provision of Workers' Compensation Act. *Flait v. North*

6   *American Watch Corp.* (1992) 3 Cal.App.4th 467. Both the state and federal statutes are

7   designed to foster open communication between an employer and its employees regarding

8   perceived misconduct, encouraging employees to call their employers' attention to unlawful

9   practices of which the employer might be unaware and which might result in litigation if not

10  voluntarily changed. (*Berg v. La Crosse Cooler Co.* (7th Cir.1980) 612 F.2d 1041, 1045.)

11  CFEHA goes even further than the federal statute by requiring that supervisors "take immediate

12  and appropriate corrective action" when harassment is brought to their attention. (Gov.Code, §

13  12940, subd. (h).) *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476.

### H.    THE FIFTH COA AGAINST BRAVERMAN FOR THE FEHA VIOLATION OF AIDING AND ABETTING HARASSMENT IS VIABLE BASED ON FEHA'S PROVISION THAT IT IS AN UNLAWFUL EMPLOYMENT PRACTICE FOR ANY PERSON TO AID, ABET, INCITE, COMPEL, OR COERCE THE DOING OF ANY OF THE ACTS FORBIDDEN UNDER PART 2.8

18  Liability may be imposed on one who aids and abets commission of intentional tort if

19  person knows other's conduct constitutes breach of duty and gives substantial assistance or

20  encouragement to other to so act, or gives substantial assistance to other in accomplishing

21  tortious result and person's own conduct, separately considered, constitutes breach of duty to

22  third person. *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318.

23  Courts should give meaning to every word of a statute if possible, and should avoid a

24  construction making any word surplusage. *Reno v. Baird* (1998) 18 Cal.4th 640. <u>Gov't Code §</u>

25  <u>12940</u> subd. (i) provides that it is an unlawful employment practice for any person to aid, abet,

26  incite, compel, or coerce *the doing of any of the acts forbidden under this part*, or to attempt to

27  do so. (emphasis added). The policy that promotes the right to seek and hold employment free

28  of prejudice is fundamental. Job discrimination "foments domestic strife and unrest, deprives

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

19

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. CV 07 – 06440 WDB

1    the state of the fullest utilization of its capacities for development and advance, and

2    substantially and adversely affects the interest of employees, employers, and the public in

3    general." (§ 12920.) The statute's aim is to provide effective remedies against the evil.

4    *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220.   Since the

5    opportunity for employment free of discrimination is a civil right, said Alcorn (see former

6    Lab.Code, § 1412; now Gov.Code, § 12921, supra), "plaintiff's status as an employee should

7    entitle him to a greater degree of protection from insult and outrage than if he were a stranger to

8    defendants...." (*Alcorn v. Anvro Engineering, Inc.* (1970) 2 Cal.3d 493)  *Id.* These statutes are

9    part of the statutory framework underlying the State's interest in eliminating job discrimination.

10   In the instant action, Plaintiff alleged that Braverman engaged in ***fraudulent acts*** that caused

11   Plaintiff to suffer severe emotional distress.   Fraud requires an intentional act, i.e., scienter.

12   Braverman is a trained harassment investigator.   (Def.s' Mot. to Dismiss, p. 2:24-25).   Holding

13   Braverman liable promotes the State's interest in eliminating job discrimination, and deters

14   future fraudulent acts.   Defendants cite *Janken v. GM Hughes Electronics* for the rule that a

15   corporation can only act through its agents (and thus an agent cannot act in concert or

16   conspiracy with the principal).  (Parentheses added).  (Def.s' Mot. to Dismiss, 15:3-4).  Indeed,

17   because a corporation can only act through its agents, its agents should be liable for fraudulent

18   acts which undermine fundamental public policy and cause physical injury to an employee.

19   Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Fifth COA for aiding and

20   abetting harassment against Braverman should be overruled.

21       **I.      THE NINTH AND ELEVENTH COA AGAINST BRAVERMAN AND**
22              **BMC INCLUDE ALL OF THE ESSENTIAL ELEMENTS OF FRAUD,**
              **AND THE CLAIMS ARE PLED WITH THE REQUISITE SPECIFICITY.**
23
               The elements of a COA for fraud are: (1) a misrepresentation, which includes a
24
      concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e.,
25
      scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5)
26
      resulting damages.   *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513.   In her Verified
27
      Complaint, Plaintiff alleged in paragraphs 51-53, 126-132, every essential element of fraud.   A
28
      cardinal rule of pleading is that only the ultimate facts need be alleged.   *Ludgate Ins. Co. v.*

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*        Case No. CV 07 – 06440 WDB

1    *Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592. Particularity required in pleading facts

2    depends on the extent to which the defendant in fairness needs detailed information that can be

3    conveniently provided by the plaintiff, and less particularity is required where the defendant

4    may be assumed to have knowledge of the facts equal to that possessed by the plaintiff. *Id.* A

5    plaintiff is required only to set forth the essential facts of his case with reasonable precision and

6    with particularity sufficient to acquaint a defendant with the nature, source, and extent of his

7    COA. *Id.* With respect to the particulars of Plaintiff's Ninth and Eleventh COA, Plaintiff

8    alleged in paragraphs 46-48 with great specificity Braverman's and Zuckerman's intentional

9    deceptions. Based on the foregoing, Defendants' Motion to Dismiss should be overruled. In

10   the alternative, Plaintiff requests leave to amend her complaint.

### J.    THE TENTH AND TWELFTH COA AGAINST BRAVERMAN AND BMC STATE A VALID CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

CA BAJI 12.74 defines "outrageous conduct" as follows:

Extreme and outrageous conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Extreme and outrageous conduct is not mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. All persons must necessarily be expected and required to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind. Extreme and outrageous conduct, however, is conduct which would cause an average member of the community to immediately react in outrage.

Peace of mind is recognized as a legally protected interest, the intentional invasion of which is an independent wrong, giving rise to liability without the necessity of showing the elements of any of the traditional torts. *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228. Mental distress damages may be recovered in an action for deceit, but allegations of intentional wrongdoing must be specific and will be closely scrutinized. *Allen v. Jones* (1980) 104 Cal.App.3d 207. Behavior may be considered outrageous, for purposes of intentional infliction of emotional distress claim, if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. *Hailey v. California Physicians' Service* (2007) 158 Cal.App.4th 452. That defendant knew the plaintiff had a special susceptibility to emotional distress is a factor which may be considered in determining whether the alleged conduct was outrageous, as required to support claim for intentional infliction of emotional distress. *Cochran v. Cochran* (1998) 65 Cal.App.4th 488. In evaluating whether the defendant's conduct was outrageous, as required to support claim for intentional infliction of emotional distress, it is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Cochran v. Cochran* (1998) 65 Cal.App.4th 488. But in *Cabesuela v. Browning-Ferris Industries of California, Inc.*, truck driver who stated COA for wrongful termination in violation of public policy, based on discharge that followed his complaints about allegedly unsafe working conditions, also stated COA for intentional infliction of emotional distress. *Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101. In the instant action, Plaintiff has alleged sexual harassment perpetrated by a co-worker that was severe, as well as facts from which a reasonable person may infer that the employer knew about defendant Scher's propensity to engage in acts of severe sexual harassment predated Plaintiff's hire. Further, Plaintiff alleged that Zuckerman and Braverman-Smith conspired to deceive Plaintiff by falsely representing to her that they had met all of their legal obligations to her under FEHA, including a false representation that their investigation into Plaintiff's complaint of illegal harassment against Scher was objective and complete, in order to make the problem go away with as little disruption to the construction project as possible, and in order to minimize Berkel's potential civil liability under FEHA. Moreover, Plaintiff alleged that Zuckerman intentionally deceived her by representing falsely the corrective action that Berkel had taken with defendant Scher. (Verified Complaint, para 51-52). In short, this employer was knowingly derelict in its duty to prevent harassment and discrimination from occurring, and it was not until Plaintiff suffered a mental breakdown as a direct result of severe hostile

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

22

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB

environment harassment, that Berkel jumped into action to give the appearance that it met its statutory duty under FEHA. Moreover, Berkel deceived the victim in order to minimize its damages under FEHA. This alleged conduct is so extreme as to exceed all bounds of that tolerated under FEHA and relevant case law, and when Plaintiff discovered that Zuckerman and Braverman had deceived her, she was outraged. On the basis of the foregoing, Defendants' Motion to Dismiss Plaintiff's Tenth and Twelfth COA against Zuckerman should be overruled. In the alternative, Plaintiff requests leave to amend her Verified Complaint to add the following allegations:

·   when Zuckerman and Braverman first notified Plaintiff that Scher was fired, he had not in fact been fired but was merely transferred to another jobsite;

·   that Braverman knew when she first told Plaintiff that Berkel had fired Scher that he in fact had merely been transferred to another job site;

·   that Plaintiff was confidentially informed by Berkel's safety officer, that Berkel lied to her about firing Scher, and that it had in fact merely transferred him to another jobsite;

·   on information and belief, that Berkel's safety officer who confidentially informed Plaintiff that Berkel lied to her about firing Scher subsequently was fired;

·   that Zuckerman represented to Plaintiff in a letter he wrote to her dated November 7, 2006, that Scher had been fired; and

·   on information and belief, Zuckerman only fired Scher, if in fact he did at all, after Berkel discovered that Plaintiff had been told that they lied to her about firing Scher.

## V.    <u>CONCLUSION</u>

The district court lacks jurisdiction over this matter because there is not complete diversity of citizenship among the Plaintiff and all Defendants, and the action does not involve any federal question. Accordingly, Plaintiff requests that this Court remand the matter back to the Superior Court of Contra Costa County. In the alternative, for all of the reasons set forth above, Defendants' Motion to Dismiss should be overruled.

DATED: February 6, 2008               LAW OFFICES OF PATRICE R. ZABELL


By:___/s/ Patrice R. Zabell_____
      Patrice R. Zabell
      Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

23

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07 – 06440 WDB