1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.,
6  BRIAN ZUCKERMAN, JESSICA BRAVERMAN (erroneously sued as
   JESSICA BRAVERMAN-SMITH) AND BRAVERMAN
7  MEDIATION & CONSULTING

8
                    IN THE UNITED STATES DISTRICT COURT
9                              FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
10                             OAKLAND

11

12  WINIFRED L. GIBSON-JONES,              )  Case No.:  **CV 07 – 06440  WDB**
                                          )
13              Plaintiff,                 )
                                          )  **REPLY MEMORANDUM OF**
14  v.                                     )  **DEFENDANTS BERKEL & COMPANY**
                                          )  **CONTRACTORS, INC., BRIAN**
15  BERKEL & COMPANY CONTRACTORS,          )  **ZUCKERMAN, JESSICA**
    INC., a foreign corporation; CHERNE    )  **BRAVERMAN AND BRAVERMAN**
16  CONSTRUCTION COMPANY, a foreign        )  **MEDIATION AND CONSULTING IN**
    corporation; JESSICA BRAVERMAN-        )  **SUPPORT OF MOTION TO DISMISS**
17  SMITH, an individual; BRAVERMAN        )  **WITHOUT LEAVE TO AMEND**
    MEDIATION AND CONSULTING, a            )
18  California business entity; BRIAN       )  **[F.R.C.P. RULE 12(b)]**
    ZUCKERMAN, an individual; GREGORY A.   )
19  SCHER, AKA WINGNUT SCHER, an           )
    individual, and DOES 1-50, inclusive,  )  _____
20                                         )
                Defendants.                )
21                                         )  Hearing Date:    February 27, 2008
                                          )  Time:            3:00 p.m.
22                                         )  Courtroom:       Courtroom 4, 3rd Floor
                                          )  Judge:           Hon. Wayne D. Brazil
23  _____       )  Complaint Removed: December 21, 2007

24

25

26

27

28

**GIBSON-JONES v. BERKEL [USDC-ND #CV076440 WDB]– REPLY MEMORANDUM OF DEFS IN
SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ iii

I.     INTRODUCTION .................................................................................................. 1

II.    SUMMARY OF REPLY ARGUMENT ................................................................ 1

III.   REPLY ARGUMENT OF THE INDIVIDUAL
       DEFENDANTS ...................................................................................................... 2

       A.    PLAINTIFF'S OPPOSITION SHOWS THAT THERE
             IS NO LEGAL BASIS FOR THE FRAUD,
             CONSPIRACY TO COMMIT FRAUD, AND
             INTENTIONAL INFLICTION OF EMOTIONAL
             DISTRESS CLAIMS AGAINST ZUCKERMAN (13TH
             AND 14TH CLAIMS) ................................................................................ 3

             1.    No Actionable Facts Against Zuckerman: ..................................... 3

             2.    No Legal Support for Claims Against
                   Zuckerman ...................................................................................... 3

             3.    No Actionable Facts Against Braverman/BMC ................................ 6

             4.    No Legal Support for Claims Against
                   Braverman/BMC .............................................................................. 6

       B.    PLAINTIFF PREMISES HER REQUEST FOR
             LEAVE TO PLEAD ANEW  AGAINST THE
             INDIVIDUALS UPON "NEW FACTS" THAT ADD
             NOTHING TO HER DEFECTIVE CLAIMS, THUS
             SHOWING THAT IT IS "FUTILE" AND
             THEREFORE WHOLLY UNNECESSARY TO
             GRANT LEAVE TO AMEND. .................................................................. 8

IV.    REPLY ARGUMENT OF THE EMPLOYER, BERKEL ...................................... 9

       A.    BY CONCEDING THAT THIS IS *NOT* A CASE OF
             BERKEL'S STRICT LIABILITY (BECAUSE THE
             HARASSER WAS A CO-WORKER WHO HAD NO
             SUPERVISORY AUTHORITY), PLAINTIFF
             NECESSARILY CONCEDES THAT THE THIRD
             CLAIM FOR BERKEL'S SEXUAL HARASSMENT IS
             WITHOUT MERIT ................................................................................... 9

       B     VIEWING PLAINTIFF'S ALLEGATIONS IN THE
             COMPLAINT, AND HER NON-OPPOSITION TO
             THE REQUEST FOR JUDICIAL NOTICE,
             PLAINTIFF'S FOURTH CLAIM FOR FAILURE TO
             TAKE PROMPT CORRECTIVE ACTION PLAINLY
             DOES NOT STATE FACTS SUFFICIENT TO
             CONSTITUTE THE CLAIM ................................................................. 10

GIBSON-JONES v. BERKEL [USDC-ND #CV076440 WDB]– REPLY MEMORANDUM OF DEFS IN
SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                    -i-

C.     THE EIGHTH CLAIM AGAINST BERKEL, STYLED AS "BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING," MUST BE DISMISSED ON A NUMBER OF DIFFERENT GROUNDS. ........................................................ 12

1.     Under Federal Labor Law, There Can Be No State Law Employee-Employer Contract Claim Where There Is A Collective Bargaining Agreement ("CBA") ........................................ 12

2.     After Restyling This As A Breach Of CBA Claim, The Claim Still Fails Because It Does Not Plead The Factual Elements That Plaintiff Exhausted Her CBA Grievance Rights Or That Her Union Violated Its Duty Of Fair Representation ...................................... 13

V.     THE FUTILITY DOCTRINE RENDERS LEAVE TO AMEND WHOLLY UNNECESSARY .......................................... 14

VI.     PLAINTIFF'S OFF-HANDED REQUEST FOR REMAND SHOULD BE DENIED AS PLAINTIFF HAS NOT MADE THE REQUISITE MOTION AND BECAUSE THERE IS BOTH DIVERSITY AND FEDERAL QUESTION JURISDICTION. ........................................................ 14

VII.     CONCLUSION ........................................................ 15

---

GIBSON-JONES v. BERKEL [USDC-ND #CV076440 WDB]– REPLY MEMORANDUM OF DEFS IN
SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc     -ii-

1

## TABLE OF AUTHORITIES

2

**Federal Cases**

3

**Albrecht v. Lund**
(9th Cir. 1988) 845 F.2d 193 ........................................................................... 14

4

5

**Allis-Chalmers Corp. v. Lueck**
(1985) 471 U.S. 202 .................................................................................. 12, 13

6

**Chmiel v. Beverly Wilshire Hotel Co.**
(9th Cir. 1989) 873 F.2d 1283, 1286 ............................................................. 13

7

8

**Doe v. United States**
(9th Cir. 1995) 58 F.3d 494, 497 ................................................................ 8, 14

9

**Espinal v. Northwest Airlines**
(9th Cir. 1996) 90 F.3d 1452 .......................................................................... 13

10

**Gallagher v. Univ. of California, Hastings College of the Law, et al.**
2001 U.S. Dist. LEXIS 13435 (N.D.Cal.) ..................................................... 14

11

12

**Havas v. Thornton**
(9th Cir. 1979) 609 F.2d 372 ...................................................................... 8, 14

13

**Hines v. Anchor Motor Freight**
(1976) 424 U.S. 554 ........................................................................................ 13

14

15

**McCabe v. General Foods Corp.**
(9th Cir. 1987) 811 F.2d 1336, 1339 ............................................................. 15

16

**Morris v. Princess Cruises, Inc.**
(9th Cir. 2001) 236 F.3d 1061, 1067 ............................................................. 15

17

18

**Reddy v. Litton Industries, Inc.**
(9th Cir. 1990) 912 F.2d 291 .......................................................................... 14

19

**Schreiber Dist. Co. v. Serv-Well Furniture Co.**
(9th Cir. 1986) 806 F.2d 1393, 1401 ........................................................... 8, 14

20

21

**Vaca v. Sipes**
(1967) 386 U.S. 171 ........................................................................................ 13

22

**Young v. Anthony's Fish Grottos, Inc.**
(9th Cir. 1987) 830 F.2d 993 ..................................................................... 12, 13

23

24

25

**State Cases**

26

**Accardi v. Sup. Ct.**
(1993) 17 Cal.App.4th 341 ............................................................................... 6

27

**Allen v. Jones**
(1980) 104 Cal.App.3d 207 .............................................................................. 4

28

**GIBSON-JONES v. BERKEL [USDC-ND #CV076440 WDB]– REPLY MEMORANDUM OF DEFS IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc

-iii-

**Cabesuela v. Browning-Ferris Industries of California, Inc.**
(1998) 68 Cal.App.4th 101 ............................................................................................ 5

**Cochran v. Cochran**
(1998) 65 Cal.App.4th 488 ............................................................................................ 5

**Fiol v. Doellstedt**
(1996) 50 Cal.App.4th 1318 ................................................................................ 3, 4, 7, 9

**Flait v. North American Watch Corporation**
(1992) 3 Cal.App.4th 467 .............................................................................................. 6

**Hailey v. California Physicians' Service**
(2007) 158 Cal.App.4th 452 ....................................................................................... 4, 5

**Jacobs v. Universal Development Corp.**
(1997) 53 Cal.App.4th 692 ............................................................................................ 3

**Janken v. GM Hughes Electronics**
(1996) 46 Cal.App.4th 55 ......................................................................................... 3, 4, 8

**Lazar v. Superior Court**
(1996) 12 Cal.4th 631 ................................................................................................. 4, 7

**Phillips v. Gemini Moving Specialists**
(1998) 63 Cal.App.4th 563 ............................................................................................ 3

**Reno v. Baird**
(1998) 18 Cal.4th 640 ................................................................................................... 3

**Saunders v. Superior Court**
(1994) 27 Cal.App.4th 832 ............................................................................................ 7

**Sheppard v. Freeman,**
(1998) 67 Cal.App.4th 339 ............................................................................................ 3

**Small v. Fritz Companies, Inc.**
(2003) 30 Cal.4th 167 ................................................................................................. 4, 7

**State Department of Health Services v. Superior Court of Sacramento County**
(2003) 31 Cal.4th 1026 ................................................................................................. 9

**Tarmann v. State Farm Mut. Auto. Ins. Co.**
(1991) 2 Cal.App.4th 153 ........................................................................................... 4, 7

**Vergos v. McNeal**
(2007) 146 Cal.App.4th 1387 ........................................................................................ 3

**Vernon v. State of California**
(2004) 116 Cal.App.4th 114 .......................................................................................... 7

## REPLY MEMORANDUM  IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND

### I.   INTRODUCTION

Defendants Berkel & Company Contractors, Inc. ("Berkel"), Brian Zuckerman ("Zuckerman"), Jessica Braverman[1] ("Braverman") and Braverman Mediation & Consulting ("BMC") (collectively "the Moving Defendants")[2] file this Reply Memorandum in support of their Rule 12(b) motion to dismiss, **without leave to amend,** the Moving Defendants from all claims filed against them[3] in the Complaint ("Complaint") filed by Plaintiff Winifred Gibson-Jones ("Plaintiff").

### II.   SUMMARY OF REPLY ARGUMENT

This is a simple employment case, with one limited fact transaction that is pled, now summarized:

> Plaintiff's co-worker (Scher) on the construction site harassed Plaintiff with bad words. Plaintiff first told her employer (Berkel) that she wanted to handle Scher herself. A week later, Plaintiff changed her mind and told Berkel. Berkel then immediately hired an experienced harassment complaint investigator. Within days, Berkel fired Scher.

That is the fact pleading, stripped of the irrelevant verbiage. Out of this fact situation, Plaintiff brings fourteen claims against six defendants. To test the sufficiency of this limited fact pattern against the applicable employment law, the four Moving Defendants, three who are not the employer (Zuckerman, Braverman and BMC), and one who is the employer (Berkel), have filed this motion to dismiss.

In her 23-page Opposition brief, Plaintiff fails to offer <u>any</u> legal basis to oppose dismissal of the ten claims against the four Moving Defendants. That Plaintiff primarily relies on generalized policy arguments, rather than concrete legal precedent applicable to the facts of this case, underscores the fact that her Opposition lacks merit.

---

[1] Erroneously sued as Jessica Braverman-Smith.
[2] Moving Defendants believe the remaining defendants—Defendant Scher,  the alleged perpetrator of the alleged harassment against Plaintiff, and Defendant Cherne Construction—have not yet appeared in the action.
[3] Berkel as to the Third, Fourth and Eighth Claims; Zuckerman as to the Thirteenth and Fourteenth Claims; Braverman as to the Fifth, Ninth and Tenth Claims; and BMC as to the Eleventh and Twelfth Claims from the Complaint.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                    -1-

1    Similarly, Plaintiff offers no argument, much less legal authority, in support of her

2 casual request for remand, which should be the subject of a separate and properly briefed

3 motion.  This is especially true in this case, where the Court has both federal question and

4 diversity jurisdiction over Plaintiff's claims.  Plaintiff's Eighth Claim for breach of the implied

5 covenant of good faith and fair dealing based on breach of the collective bargaining agreement

6 arises under federal law, and affords the Court with original jurisdiction over said claim and

7 supplemental jurisdiction over all of the other claims.  In addition, complete diversity exists

8 between plaintiff and the defendants because, as shown by Berkel and Zuckerman's Notice of

9 Removal, Defendants Zuckerman, Braverman and BMC, all California citizens, are merely

10 "sham" defendants named for the sole purpose of destroying diversity and avoiding removal to

11 federal court.

12    Further, and most importantly, while Plaintiff proposes to amend her failed complaint

13 by pleading several additional facts following the granting of this motion, the proposed facts

14 will not, when added to the current facts, state a claim against the Moving Defendants.  For

15 that reason, it would be futile to grant leave to amend.  Accordingly, the Court should issue an

16 order granting the motion to dismiss without leave to amend and enter judgment for the four

17 Moving Defendants.

18    Lastly, the Request for Judicial Notice[4] ("RJN") of two documents, one of which is

19 referred to in the Complaint, is unopposed and thus should be granted.

20    ### III.  REPLY ARGUMENT OF THE INDIVIDUAL DEFENDANTS

21    According to the pleading, **Defendant Zuckerman** is Assistant Regional Manager of

22 Berkel, the employer, and Zuckerman made the decisions, first to engage a neutral investigator

23 to investigate Plaintiff's harassment complaint against Scher and thereafter to discharge Scher.

24    **Defendant Braverman** is the trained harassment investigator hired by Zuckerman to

25 assist in Berkel's investigation of Plaintiff's harassment complaint.  **BMC** is an entity owned

26 by Braverman, and there are no allegations that **BMC** engaged in any independent conduct in

27 this case.

28
[4] Defendants' Request for Judicial Notice in Support of Motion to Dismiss, filed on January 10, 2008

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

**A.    PLAINTIFF'S OPPOSITION SHOWS THAT THERE IS NO LEGAL BASIS FOR THE FRAUD, CONSPIRACY TO COMMIT FRAUD, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS AGAINST ZUCKERMAN (13TH AND 14TH CLAIMS).**

**1.    No Actionable Facts Against Zuckerman:**

Plaintiff's sole allegations about Zuckerman are: on October 16, 2006, (Plaintiff's fourth week on the job), Scher again made offensive comments to Plaintiff; Zuckerman "shortly" thereafter retained Braverman to investigate the harassment complaint and later that same day, Braverman conducted her investigation; Braverman then informed Plaintiff that Scher would be fired; Zuckerman provided Plaintiff with a copy of Braverman's investigative report; and Zuckerman informed Plaintiff in writing that "Mr. Scher is no longer employed with Berkel and will not in the future be employed with the company." [Complaint ¶ 44-47; Exs. A and B to Unopposed RJN]

**2.    No Legal Support for Claims Against Zuckerman:**

**a.    No Tort Recovery for Personnel Decisions:** Plaintiff cites to the same well-established California law relied on by Moving Defendants, which squarely holds that a managerial employee of a plaintiff's employer cannot be held personally liable in common law tort for a plaintiff's employment claims based on the manager's personnel decisions. Vergos v. McNeal, 146 Cal.App.4th 1387, 1396-1397 (2007), quoting Fiol v. Doellstedt, 50 Cal.App.4th 1318, 1327-1328 (1996) ["supervisory employees should not be placed at risk of personal liability, however, for personnel management decisions which have been delegated to the supervisor by the employer, such as deciding whether to investigate or take action on a complaint of sexual harassment"]; Sheppard v. Freeman, 67 Cal.App.4th 339, 349 (1998) ["[E]mployees, regardless of their scope of employment or personal motives, cannot be held individually liable for their acts or words relating to personnel actions unless such liability arises from statute"]; Phillips v. Gemini Moving Specialists, 63 Cal.App.4th 563, 576 (1998); and Jacobs v. Universal Development Corp., 53 Cal.App.4th 692, 704 (1997); see also, Reno v. Baird, 18 Cal.4th 640, 645 (1998), citing to Janken v. GM Hughes Electronics, 46 Cal.App.4th 55 (1996) [managers cannot be held personally liable under the FEHA for "personnel management decisions"].

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                    -3-

1    Here, Plaintiff brings tort claims against the manager, Zuckerman, whom she alleges is

2    "a managing agent of Berkel," her employer [Complaint, ¶ 20, 4:15], for fraud, conspiracy to

3    commit fraud and intentional infliction of emotional distress.  However, Plaintiff has nowhere

4    alleged that Defendant Zuckerman sexually harassed her: indeed, she alleges that he did

5    nothing but make personnel decisions about the investigation and the alleged harasser's

6    discharge.

7    Plaintiff seeks to apply California tort law to challenge the **adequacy** of Zuckerman's

8    personnel decisions; however, as a matter of law, this theory is not available against a manager

9    of a plaintiff's employer under California law.  Fiol v. Doellstedt, 50 Cal.App.4th at 1327-1328

10   (1996) ["supervisory employees should not be placed at risk of personal liability"].

11   b.    Fraud:  Additionally, Plaintiff's Thirteenth Claim for fraud

12   against Zuckerman fails to plead any of the essential elements of this claim, much less with the

13   specificity required by California law for fraud.  Lazar v. Superior Court, 12 Cal.4th 631, 645

14   (1996) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157 (1991);

15   Small v. Fritz Companies, Inc., 30 Cal.4th 167, 184 (2003).  Under FRCP Rule 9(b), fraud

16   allegations must be pled with specificity, which Plaintiff has not done.

17   c.    Intentional Infliction of Emotional Distress: Likewise, apart from

18   the immunity of an employer's supervisors from tort action regarding their personnel

19   management decisions, it is well-established that California claims of intentional infliction of

20   emotional distress are limited to only those rare cases involving "outrageous conduct."  Janken

21   v. GM Hughes Electronics, 46 Cal.App.4th 55, 80 (1996).

22   The cases Plaintiff cites offer no authority that the facts of this employment case meet

23   the high standard for "outrageous conduct," and if anything, the cited cases only serve to

24   undermine her position.  In Allen v. Jones, 104 Cal.App.3d 207 (1980), the court held that

25   plaintiff's allegations of outrageous conduct were too vague and conclusory to state a claim in

26   a mishandled cremation remains case.  Id. at 209.  In Hailey v. California Physicians' Service,

27   158 Cal.App.4th 452 (2007), the court stated that most claims of outrageous conduct by

28   insurance companies—including failure to investigate claims and blatantly accusing insureds

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                    -4-

1    of fraud—are rejected.  Id. at 461, 474.  In a particularly egregious situation, the Hailey court

2    specifically held that an insurance company's conduct of retroactively cancelling coverage

3    after the insured was involved in a catastrophic car accident resulting in total disability and

4    over $450,000 in medical expenses on the pretext that the insured had failed to disclose his

5    obesity on his insurance application rose to the level of outrageous conduct—a far cry from the

6    allegations in the instant case.  Id. at 461.

7           Plaintiff relies on another non-employment case, Cochran v. Cochran, 65 Cal.App.4th

8    488 (1998), for the proposition that defendant's knowledge of a plaintiff's special susceptibility

9    to emotional distress may be considered as a factor in determining whether conduct is

10   outrageous.    However, in Cochran, the court's discussion arose in the context of an

11   acrimonious "palimony" action brought by plaintiff against her former longtime cohabitant.

12   Id.  Plaintiff claimed defendant knew she was especially susceptible to emotional distress in the

13   form of threats based on their turbulent past relationship.  Id. at 494, 495, 498.  This set of facts

14   could not be less relevant to the instant situation.  However, the Cochran court did make the

15   important distinction that the conduct must be objectively outrageous to "an average member

16   of the community" and not just to plaintiff.  Id. at 499.  Here, it is impossible that the "average

17   member of the community" would construe Zuckerman's personnel management decisions as

18   outrageous, when Plaintiff herself alleges that the discussion of her complaint promptly

19   resulted in the alleged harasser's termination.

20          Likewise, all of the cases Plaintiff cites in support of her position that the intentional

21   infliction of emotional distress claim against Zuckerman is not preempted by the California

22   Worker's Compensation exclusive remedy provisions, are inapposite.    In Cabesuela v.

23   Browning-Ferris Industries of California, Inc., 68 Cal.App.4th 101 (1998), the Court held that a

24   plaintiff's emotional distress claim, based on his termination after complaining about unsafe

25   working conditions, was not preempted by the exclusive remedy rule due to public health and

26   safety policy considerations.  Id. at 113.  Here, Plaintiff's tort claims against Zuckerman do not

27   implicate comparable public policy concerns.  If anything, the primary public policy concern

28   arising out of Plaintiff's claims against Zuckerman are those dictating that individual

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1    supervisors should not be held personally liable for management decisions.  The holdings in

2    <u>Accardi v. Sup. Ct</u>. and <u>Flait v. North American Watch Corporation</u>, both FEHA

3    discrimination cases, are not relevant for similar reasons: those cases were decided based on

4    the FEHA public policy against allowing an **employer** to escape liability for discriminatory

5    practices, not the public policy that the employer's employees should be immune from tort

6    liability.  <u>Accardi v. Sup. Ct.</u>, 17 Cal.App.4th 341, 352 (1993); <u>Flait v. North American Watch</u>

7    <u>Corporation</u>, 3 Cal.App.4th 467, 480 (1992).  Here, Zuckerman is not the employer, but rather,

8    an individual employee, and the claims against him are for various torts related to his

9    management decisions— not for statutory FEHA discrimination.

10        Therefore, as all of Plaintiff's claims against Defendant Zuckerman should be

11    dismissed, and they cannot be cured by amendment, dismissal should be entered as to the

12    Thirteenth and Fourteenth claims without leave to amend.

13            **3.    No Actionable Facts Against Braveman/BMC:**

14        Plaintiff's sole allegations concerning Braveman are: Braverman was retained to

15    investigate the harassment complaint; that same day, after Braverman conducted her

16    investigation, Braverman informed Plaintiff that Scher would be fired; and shortly thereafter,

17    Scher was fired.  Other than these facts, Plaintiff offers only a <u>conclusion</u> unsupported by any

18    facts: that Braverman engaged in "deceptions" of Plaintiff [Complaint ¶ 46], that Braverman

19    stated her intention was to do a "fair and thorough investigation;" that Braverman encouraged

20    her to meet with Zuckerman, stating that Zuckerman was a "fair and decent man;" and that

21    upon Plaintiff's reading of Braverman's investigation report, Plaintiff concluded that it did not

22    reveal a "fair and thorough investigation."  [Complaint ¶ 44-47, Exs. A and B to Unopposed

23    RJN]

24            **4.    No Legal Support For Claims Against Braverman/BMC:**

25            a.    Aiding and Abetting Harassment:  Once again, Plaintiff cites to

26    the same well-established California law laid out in the Moving Defendants' motion.  For

27    example, Plaintiff evidently concurs that the California FEHA claim of "aiding and abetting

28    harassment" requires allegations that the defendant personally participated or assisted the

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1    perpetrator's acts of sexual harassment, since Plaintiff also cites to Fiol v. Deillstedt, 50

2    Cal.App.4th 1318, 1325-1327, 1331 (1996).    See also, Saunders v. Superior Court, 27

3    Cal.App.4th 832, 846 (1994); Vernon v. State of California, 116 Cal.App.4th 114, 131, 133

4    (2004).

5        And yet the Opposition does not, and cannot, allege even one fact of such participation

6    on Braverman's part in Scher's alleged harassment, which is not surprising given the fact that

7    Braverman is alleged to have come on the scene *after* the acts of harassment took place, that

8    she investigated them, and that thereupon the harasser was discharged.

9        In Vergos v. McNeal, 146 Cal.App.4th 1387, 1396-1397 (2007), the court rejected the

10    plaintiff's very similar claim that supervisory employee (McNeal) aided and abetted sexual

11    harassment when he evaluated the merits of the plaintiff's sexual harassment complaint:

12    "Plaintiff fails to point to any allegation of any aiding and abetting conduct by McNeal, other

13    than her hearing, processing, and deciding his (plaintiff's) grievances." As in Vergos,

14    Braverman was involved in the post-harassment investigation of the complaint; thus, as a

15    matter of law, she could not have participated in the harassment such that an "aiding and

16    abetting" FEHA claim could be stated.

17            b.    Fraud:  Turning to the fraud claim against Braverman, as with

18    the same claim against Zuckerman, no facts constituting the California elements of fraud are

19    pled, much less with the specificity required by law.  Lazar v. Superior Court, 12 Cal.4th 631,

20    645 (1996) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157

21    (1991); and Small v. Fritz Companies, Inc., 30 Cal.4th 167, 184 (2003).

22        In this regard, Plaintiff alleges in broad brush manner, that Defendant Braverman

23    "made purposeful misrepresentations, to wit, she concealed or failed to disclose such facts

24    when she was under a duty to disclose those facts." [Complaint, ¶ 126, 19: 11-12]  However,

25    Plaintiff does not specify what information Braverman allegedly failed to disclose, how it was

26    intentional, what reliance there was, or how Plaintiff was damaged. These are essential

27    elements of a fraud claim, yet none are supported by alleged facts, much less pled with the

28    requisite specificity required by law.

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1          c.    Intentional Infliction of Emotional Distress: Evaluating the

2    intentional infliction of emotional distress claim against Braverman necessarily yields the same

3    result as with Zuckerman: Plaintiff alleges Braverman acted as the employer's (Berkel) agent,

4    conducting personnel management activities of investigating the complaint—an activity that

5    plainly cannot qualify as "outrageous conduct" under California law. <u>Janken v. GM Hughes</u>

6    <u>Electronics</u>, 46 Cal.App.4th 55, 80 (1996).

7          Here, again, the Opposition agrees that this is the law; however, the problem with

8    Plaintiff's Opposition is that she fails to explain how the facts of what Braverman allegedly

9    did—investigating the claim and informing Plaintiff that the harasser would be fired—could

10   possibly meet the standard for outrageous conduct.

11         Therefore, all of Plaintiff's claims against Braverman should also be dismissed, and for

12   the same reasons stated for Zuckerman, without leave to amend.

13         **B.    PLAINTIFF PREMISES HER REQUEST FOR LEAVE TO PLEAD**
           **ANEW   AGAINST THE INDIVIDUALS UPON "NEW FACTS" THAT**
14         **ADD NOTHING TO HER DEFECTIVE CLAIMS, THUS SHOWING**
           **THAT IT IS "FUTILE" AND THEREFORE WHOLLY UNNECESSARY**
15         **TO GRANT LEAVE TO AMEND.**

16         Plaintiff's Opposition proposes the following additional allegations: upon completing

17   the investigation of the harassment complaint, Braverman and Zuckerman informed Plaintiff

18   that the harasser would be fired, but initially, he was only transferred to a different Berkel

19   location and **then,** subsequently, he was fired. Looking into Berkel's mind, Plaintiff then

20   proposes to amend her Complaint to allege Berkel really did not want to fire Scher; rather,

21   Berkel did so only to avoid Plaintiff's discovery that Berkel, contrary to its earlier statement

22   that Scher would be fired, actually had no intention of terminating him. [Plaintiff's Opposition

23   ("Opp."), 23:9-18.]

24          It is well established that if the plaintiff's planned amendment is futile because it

25   would not create a viable claim, denial of leave to amend shall be affirmed on appeal.   <u>Havas</u>

26   <u>v. Thornton,</u> 609 F.2d 372, 376-77 (9th Cir. 1979); <u>Schreiber Dist. Co. v. Serv-Well Furniture</u>

27   <u>Co.</u> 806 F.2d 1393, 1401 (9th Cir. 1986); and <u>Doe v. United States</u> 58 F.3d 494, 497 (9th Cir.

28   1995). The proposed amendments fit this situation of futility to a "T". The proposed facts will

1   not change the law that a plaintiff employee cannot bring state law tort claims against a

2   manager whose only conduct was to make personnel management decisions on behalf of the

3   employer.  Nor can the proposed facts change the law that the harassment investigator who did

4   not participate in, but who investigated the harassment, as a matter of law, is <u>not</u> a FEHA aider

5   and abettor of the preceding harassment.  Likewise, nothing in the proposed claims even

6   remotely intersects with fraud; to the contrary, they show that Scher was fired after the

7   defendants said that he would be fired.

8          Therefore, Zuckerman, Braverman and BMC are entitled to entry of an order of

9   dismissal without leave to amend, and to final judgment in their favor.

10          **IV.   <u>REPLY ARGUMENT OF THE EMPLOYER, BERKEL</u>**

11          Moving Defendants now take the claims against Berkel, one by one, and address the

12   few unpersuasive arguments that the Opposition brings forward.

13          **A.    BY CONCEDING THAT THIS IS *NOT* A CASE OF BERKEL'S STRICT
            LIABILITY (BECAUSE THE HARASSER WAS A CO-WORKER WHO**

14          **HAD NO SUPERVISORY AUTHORITY), PLAINTIFF NECESSARILY
            CONCEDES THAT THE THIRD CLAIM FOR BERKEL'S SEXUAL**

15          **HARASSMENT IS WITHOUT MERIT.**

16          An employer can only be **strictly** liable for harassment committed against an employee

17   by his/her **managers or supervisors,** but not for harassment committed by the employee's co-

18   workers—a different standard applies in the latter situation:

19          "The FEHA imposes two standards of employer liability for sexual
            harassment, depending on whether the person engaging in the harassment is

20          the victim's supervisor or a nonsupervisory coemployee.  The employer is
            liable for harassment by a nonsupervisory employee only if the employer (a)

21          knew or should have known of the harassing conduct and (b) failed to take
            immediate and appropriate corrective action.  This is a negligence standard.

22          Because the FEHA imposes this negligence standard only for harassment
            'by an employee other than an agent or supervisor,' by implication the

23          FEHA makes the employer strictly liable for harassment by a supervisor
            (internal citations omitted)."

24

25   <u>State Department of Health Services v. Superior Court of Sacramento County</u>, 31 Cal. 4th

26   1026, 1040-1041 (2003); <u>see</u> also, <u>Fiol</u> v. <u>Doellstedt</u>, 50 Cal.App.4th 1318, 1328 (1996).

27          Plaintiff alleges that Scher was her co-worker, rather than her supervisor.  Hence,

28   Plaintiff's Opposition explicitly acknowledges that Berkel cannot be held strictly liable; rather,

1    Plaintiff can only state a claim against Berkel based on the alternative theory that it failed to

2    prevent Scher's conduct (a theory that Plaintiff pleads in the Fourth Claim):

> "Under California law, (sic) employer is strictly liable for harassing conduct of its agents and supervisors, and is liable for co-worker harassment where it, or its agents or supervisors, knows or should have known of conduct and fails to take immediate and appropriate corrective action." [Opp. 7:25-17]

> "When harassment in the workplace is committed by a non-supervisory employee, an employer's liability under the California Fair Employment and Housing act is predicated not on the conduct itself, but on the employer's response once it learns of the conduct." [Opp. 8:3-6]

9    In her Third Claim, Plaintiff's allegation is pled on the conduct itself, not on the fact

10   that Berkel failed to take immediate and appropriate corrective action—this latter allegation is

11   left for the Fourth Claim against Berkel. Plaintiff's Third Claim is for the actual sexual

12   harassment conduct itself, the very claim that Plaintiff has acknowledged **cannot stand**

13   because, as she concedes, the "employer's liability under the California Fair Employment and

14   Housing act is predicated not on the conduct itself, but on the employer's response once it

15   learns of the conduct." [Opp. 8:3-6]

16   Therefore, because the Third Claim is for strict liability, but that theory is unavailable

17   as a matter of law since here the harasser is a co-worker, the motion as to Third Claim against

18   Berkel should be granted.[5]

19

20        **B.    VIEWING PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT, AND HER NON-OPPOSITION TO THE REQUEST FOR JUDICIAL NOTICE, PLAINTIFF'S FOURTH CLAIM FOR FAILURE TO TAKE PROMPT CORRECTIVE ACTION PLAINLY DOES NOT STATE FACTS SUFFICIENT TO CONSTITUTE THE CLAIM.**

23   As to this claim, the Court need only follow the fact pattern of the Complaint itself,

24   minus the conclusory language, to determine that the motion to dismiss should be granted.

25   Although she pleads the <u>conclusion</u> (not the fact) that "Berkel is intentionally derelict in

26   its duty to take effective corrective action in response to complaints of sexual harassment"

27

28   ---
     [5] Nothing in this argument suggests that the Third Claim should not remain extant as to the alleged harasser, Scher.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                    -10-

1  [Complaint ¶ 79, 13:20-23; ¶ 89, 14:28-25:26; ¶ 56, 10:28-11:1], the actual facts pled by

2  Plaintiff are that:

3          After being employed on the job for a short time, Scher made offensive
           comments to Plaintiff. A Berkel supervisor asked Plaintiff if she would like
4          help, but Plaintiff told the supervisor she would first try to "handle the matter
           on her own;" [Complaint ¶ 40, 7:1-9; ¶ 43, 7: 26-28]
5

6          About a week later, Scher again made offensive comments that this time,
           Plaintiff reported to Berkel's General Superintendent on the jobsite, seeking
7          to enlist his help; [Complaint ¶ 44, 8:3-11]

8          Berkel immediately retained investigator Braverman who immediately began
           the investigation; [Complaint ¶ 46, 8:20-24]; and
9
           Scher was fired. [Complaint ¶ 46, 8:27-28; Exs. A and B to RJN]

10         Plaintiff's Opposition does not point to any facts or law that show such action does not

11  meet the FEHA standard of prompt and effective corrective action. This is not surprising,

12  given the fact that there is case law exactly on point establishing that Berkel's response was

13  prompt and appropriate in compliance with law.

14         In Hardage v. CBS Broadcasting Inc., 427 F.3d 1177 (9th Cir. 2005), the Ninth Circuit

15  explained that notice of sexually harassing conduct triggers an employer's duty to take prompt

16  corrective action that is "reasonably calculated to end the harassment." Id. at 1186. There,

17  plaintiff reported to management that his female supervisor had made repeated, unwanted,

18  sexual advances that he rejected. Id. at 1182. The employer informed plaintiff of his options,

19  and offered to intervene on the employee's behalf. Id. at 1182, 1186. The employee refused

20  his employer's offer to intervene, **stating that he wanted to handle the situation himself**.

21  Hardage, 427 F.3d at 1182, 1186. Subsequently, the employee sued his employer for failure

22  to investigate his sexual harassment complaint or discipline the alleged harasser. Id. at 1186.

23  The Court, in affirming summary judgment for the employer, held that the employer's

24  response was "both prompt and reasonable as a matter of law," based on the employee's

25  request to handle the matter himself. Id. at 1186-1187.

26         Here, there can be no doubt that Berkel took prompt corrective action calculated to end

27  the harassment: according to the allegations, immediately upon notice from Plaintiff that

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1    Plaintiff wanted Berkel's intervention, Berkel conducted an investigation and removed the

2    harasser from the workplace forever.

3         Accordingly, Plaintiff's Fourth Claim should likewise be dismissed.

4    **C.    THE EIGHTH CLAIM AGAINST BERKEL, STYLED AS "BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING," MUST BE DISMISSED ON A NUMBER OF DIFFERENT GROUNDS.**

5

6         **1.    Under Federal Labor Law, There Can Be No State Law Employee-Employer Contract Claim Where There Is A Collective Bargaining Agreement ("CBA").**

7

8         To determine the merits of the motion to dismiss as to Plaintiff's Eighth Claim for

9    violation of the implied covenant of good faith, the Court need only read Plaintiff's factual

10   allegations and the precedents of the Ninth Circuit.

11        First, Plaintiff's allegations are as follows:

12        "Plaintiff alleges she was a member of the Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34 ("Union"), and that she was employed by Berkel pursuant to that labor agreement. [Complaint ¶ 11, 3:15 to ¶ 12, 3:23]

13

14

15        "Plaintiff alleges that pursuant to the Master Labor Agreement between Associated General Contractors of California, Inc., and Pile Drivers, Divers, Carpenters, Bridge, Wharf and Dock Builders Local Union #34, Berkel had [sic] a prevent and correct sexual harassment from occurring, and that Berkel intentionally was derelict in these duties." [Complaint, ¶ 121, l8:19-22.]

16

17

18        Thus, as pled by Plaintiff herself, the claim is wholly based on the Union CBA; indeed,

19   the CBA's violation is the predicate for the claim.

20        Now to the court of appeals' legal precedents: Where the purported state law contract

21   claim is based on violation of a CBA's terms, the action is legally converted to a federal claim

22   for violation of a collective bargaining agreement arising under the Labor Management

23   Relations Act §301, 29 U.S.C. §185(a).  <u>Young v. Anthony's Fish Grottos, Inc.</u>, 830 F.2d 993,

24   997-998 (9th Cir. 1987); <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 210-211 (1985).

25        Here, Plaintiff acknowledges in the Eighth Claim a violation of the CBA as the basis

26   for her implied contract claim.  Yet, illogically, Plaintiff argues that, in order to prove this

27   violation of the CBA, the Court need not interpret the CBA's provisions and thus her state law

28   claim is not legally converted to a federal labor law claim. [Opp. 11:17]    This argument is

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Reply MPA MTD FINAL.doc                                    -12-

1   directly contrary to Ninth Circuit law: <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 394 (1987)

2   ["Section 301 governs claims founded directly on rights created by collective-bargaining

3   agreements, *and also claims 'substantially dependent on analysis of a collective-bargaining*

4   *agreement.'*" (citing <u>Allis-Chalmers Corp. v. L</u>ueck, 471 U.S. 202, 220 (1985); emphasis

5   added)]; <u>Young</u>, 830 F.2d at 997 ["The preemptive force of section 301 is so powerful as to

6   displace entirely any state claim based on a collective bargaining agreement, and *any state*

7   *claim whose outcome depends on analysis of the terms of the agreement.*" (citations omitted;

8   emphasis added.)]  Section 301 also preempts claims for breach of the covenant of good faith

9   and fair dealing for the same reasons.  <u>Chmiel v. Beverly Wilshire Hotel Co.</u>, 873 F.2d 1283,

10  1286 (9th Cir. 1989); <u>Young</u>, 830 F.2d at 999-1000.

11      Plaintiff then goes on to argue a straw horse, that statutory discrimination and

12  harassment claims are not barred by the CBA.  Plaintiff inexplicably relies on the court's

13  holding in <u>Espinal v. Northwest Airlines</u>, 90 F.3d 1452 (9th Cir. 1996), to make her case;

14  however, this reliance is misplaced, as it actually support's the Moving Defendant's position.

15  Indeed, the <u>Espinal</u> court held that the plaintiff's contractual claims for breach of contract and

16  breach of the covenant of good faith and fair dealing **were** preempted by federal law, but that

17  plaintiff's discrimination claims were not.  <u>Id</u>. at 1457-1459.  Moving Defendants agree—it is

18  not the Fourth Claim's statutory FEHA claim that is barred by the federal labor law—it is the

19  state common law covenant claim contained in the Eighth Claim that is barred.

20          **2.    After Restyling This As A Breach Of CBA Claim, The Claim Still**
                **Fails Because It Does Not Plead The Factual Elements That Plaintiff**
21              **Exhausted Her CBA Grievance Rights Or That Her Union Violated**
                **Its Duty Of Fair Representation.**
22

23      Since the Eighth Claim must be converted to a federal labor claim, it must plead the

24  requisite elements of a CBA violation claim under established federal law, which are: (1) that

25  the employee has exhausted her grievance arbitration rights under the CBA, or if not, that the

26  Union violated its statutory duty of fair representation by not advancing the matter through the

27  grievance procedure; and (2) that the employer's conduct violated the terms of the CBA. <u>Vaca</u>

28

1   v. Sipes, 386 U.S. 171, 186 (1967); Hines v. Anchor Motor Freight, 424 U.S. 554 (1976);

2   Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-221 (1985).

3        Here, it is plain that neither of these two facts has been alleged, and in her Opposition,

4   Plaintiff does not assert that she can truthfully plead these facts. [Opp. 23:9-19]  Accordingly,

5   the Eighth Claim should be dismissed without leave to amend, as Plaintiff has not even averred

6   that she is capable of amending facts to satisfy the elements of a federal CBA violation.

7   **V.      THE FUTILITY DOCTRINE RENDERS  LEAVE TO AMEND WHOLLY**
            **UNNECESSARY.**
8

9        The court has complete discretion to deny a request for leave to amend, when the

10   record shows it would be futile to do so; for example, when the plaintiff cannot explain how he

11   or she can state a viable claim.  Havas v. Thornton, 609 F.2d 372, 376-77 (9th Cir. 1979);

12   Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); and Doe

13   v. United States, 58 F.3d 494, 501(9th Cir. 1995). Reddy v. Litton Industries, Inc., 912 F.2d

14   291, 296 (9th Cir. 1990); Albrecht v. Lund, 845 F.2d 193 (9th Cir. 1988).

15        Where, as here, the same legal bars that apply to the instant complaint would equally

16   apply to the claims of the anticipated amended complaint, leave to amend should therefore be

17   denied. Gallagher v. Univ. of California, Hastings College of the Law, et al., 2001 U.S. Dist.

18   LEXIS 13435 at 13 (N.D.Cal.).

19        In the instant case, granting Plaintiff leave to amend would not serve any useful

20   purpose given the fact that none of the above-referenced claims can be cured by amendment.

21   Therefore, dismissal should be granted as to Defendants Berkel, Zuckerman, Braverman and

22   BMC without leave to amend.

23   **VI.     PLAINTIFF'S OFF-HANDED REQUEST FOR REMAND SHOULD BE**
            **DENIED AS PLAINTIFF HAS NOT MADE THE REQUISITE MOTION AND**
24          **BECAUSE THERE IS BOTH DIVERSITY AND FEDERAL QUESTION**
                              **JURISDICTION.**
25

26        In her Opposition, Plaintiff summarily requests the Court to remand this matter to

27   Contra Costa County Superior Court, without citing to any authority or facts, much less

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1    bringing the requisite motion to remand pursuant to 28 U.S.C. §1447(c). Plaintiff's request for

2    remand should be denied on this ground alone.

3        As an additional ground, Plaintiff's request should be denied because this Court has

4    diversity jurisdiction over the matter: Defendants Zuckerman, Braverman and BMC, who are

5    all California citizens, are merely sham defendants named by Plaintiff for the sole purpose of

6    destroying diversity and avoiding removal to federal court. *See* Berkel and Zuckerman's

7    Notice of Removal, **Ex. A**. Indeed, the Moving Defendant's Motion to Dismiss has shown that

8    Zuckerman, Braverman and BMC's citizenship should be disregarded for purposes of

9    determining jurisdiction under 28 U.S.C. §1441(b) because there is no possibility Plaintiff will

10   be able to establish liability against said defendants. Quite simply, as a matter of law, as

11   shown above, the claims asserted against these defendants do not and cannot exist. Morris v.

12   Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); McCabe v. General Foods Corp.,

13   811 F.2d 1336, 1339 (9th Cir. 1987).

14       As a further ground, Plaintiff's request should be denied because the instant Motion to

15   Dismiss establishes that the Eighth Claim is actually a federal claim, which precludes remand

16   to state court.

17                          **VII.    CONCLUSION**

18       For all the foregoing reasons, the Moving Defendants respectfully request that the

19   Court grant their motion to dismiss Berkel, Zuckerman, Braverman and BMC, and to do so

20   without leave to amend, thus permitting final judgment to be entered for these defendants.

21

22   DATED:   February 13, 2008                 **VARTAIN LAW GROUP**

23

24                                  BY:  /S/ Linda K. Adler
                                         MICHAEL J. VARTAIN
25                                       LINDA K. ADLER
                                         Attorneys for Defendants
26                                       BERKEL & COMPANY CONTRACTORS, INC.,
                                         BRIAN ZUCKERMAN, JESSICA BRAVERMAN
27                                       AND BRAVERMAN MEDIATION &
                                         CONSULTING
28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]–DEFS' REPLY**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

MICHAEL J. VARTAIN [SBN 92366]
LINDA K. ADLER  [SBN 199809]
**VARTAIN LAW GROUP**
601 Montgomery Street, Suite 540
San Francisco, CA 94111-2608
Telephone:  [415] 391-1155
Facsimile:  [415] 391-1177
linda@vartainlaw.com

Attorneys for Defendants
BERKEL & COMPANY CONTRACTORS, INC.,
BRIAN ZUCKERMAN, JESSICA BRAVERMAN-SMITH
AND BRAVERMAN MEDIATION & CONSULTING

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND

| | |
|---|---|
| WINIFRED L. GIBSON-JONES, ) | Case No.: **CV  07-06440 WDB** |
| ) | |
| Plaintiff, ) | |
| ) | **PROOF OF SERVICE** |
| vs. ) | |
| ) | |
| BERKEL & COMPANY CONTRACTORS, ) | |
| INC., a foreign corporation; CHERNE ) | |
| CONSTRUCTION COMPANY, a foreign ) | |
| corporation; JESSICA BRAVERMAN- ) | |
| SMITH, an individual; BRAVERMAN ) | |
| MEDIATION AND CONSULTING, a ) | |
| California business entity; BRIAN ) | |
| ZUCKERMAN, an individual; GREGORY A. ) | |
| SCHER, AKA WINGNUT SCHER, an ) | Hearing Date:     February 27, 2008 |
| individual, and DOES 1-50, inclusive, ) | Time:              3:00 p.m. |
| ) | Courtroom:      Courtroom 4, 3rd Floor |
| Defendants. ) | Judge:            Hon. Wayne D. Brazil |
| _____ ) | Complaint Removed: December 21, 2007 |

**PROOF OF SERVICE**

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On February 13, 2008, I served the following document(s) by the method indicated below:

- **REPLY MEMORANDUM OF DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN ZUCKERMAN, JESSICA BRAVERMAN AND BRAVERMAN MEDIATION AND CONSULTING IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND [F.R.C.P. RULE 12(b)].**

**X**   By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine properly issued the transmission report, which is attached to this proof of service. Service by facsimile was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2003(3).

☐   By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. Signed proof of service by the process server or delivery service is attached to this proof of service.

☐   By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on February 13, 2008, at San Francisco, California.

/S/ Charissa Gung
Charissa Gung

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**