UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED L. GIBSON-JONES, | No. C 07-6440 WDB |
| Plaintiff, | ORDER RE MOTION TO DISMISS |
| v. | |
| BERKEL & COMPANY CONTRACTORS, INC., et al. | |
| Defendants. | |

On December 21, 2007, Defendants Berkel & Company Contractors, Inc. ("Berkel") and Brian Zuckerman filed a notice of removal of this action from Contra Costa Superior Court. On January 10, 2008, Defendants Berkel, Zuckerman, Jessica Braverman, and Braverman Mediation and Consulting ("BMC") filed a motion to dismiss. In her opposition to the motion to dismiss, Plaintiff moves to remand this action to the Superior Court for lack of federal subject matter jurisdiction. The Court must determine whether it has subject matter jurisdiction and may remand the action sua sponte, other than for procedural defects; no further briefing on the motion to remand is necessary. *See Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998).

Not all defendants have appeared in this action, and this Court has not secured consent as required by 28 U.S.C. § 636(c). Accordingly, once the matter has been fully submitted, this Court will issue a Report and Recommendation on Defendants' motion

to dismiss and Plaintiff's motion to remand, and will order the Clerk of the Court to randomly reassign this action to a District Judge.

Having reviewed the papers and authorities cited therein, it is our view that the Eighth Cause of Action is preempted by Section 301 of the Labor Management Relations Act, and that federal question removal was proper. It is also our view that diversity jurisdiction does not exist because the complaint names two California residents, as well as a business entity doing business in California. Defendants have not met their burden to prove fraudulent joinder of the nondiverse parties by showing that Plaintiff fails to state a cause of action against the resident defendants, and that the failure is obvious according to the settled rules of state law. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998).

By **Monday, February 25, 2008**, Plaintiff shall file a surreply indicating whether she will dismiss the Eighth Cause of Action from the complaint, or whether she will seek leave to amend that claim to state a cause of action arising under Section 301. Should Plaintiff elect to dismiss the Eighth Cause of Action, the undersigned will recommend to the District Judge that the pendent state law claims be remanded to the Superior Court. Should Plaintiff elect not to dismiss the Eighth Cause of Action, the undersigned will issue a report and recommendation on Defendant's motion to dismiss that cause of action.

**IT IS SO ORDERED.**

Dated: February 15, 2008

WAYNE D. BRAZIL
United States Magistrate Judge