1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile: [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.,
6  BRIAN ZUCKERMAN, JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)
7  AND BRAVERMAN MEDIATION & CONSULTING

8              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND
10

11  WINIFRED L. GIBSON-JONES,          )  Case No.:  **CV 07 – 06440 WDB**
                                       )
12              Plaintiff,             )
                                       )
13  v.                                 )  **DEFENDANT BERKEL & COMPANY**
                                       )  **CONTRACTORS, INC.'S REQUEST**
                                       )  **FOR HEARING AND/OR OBJECTION**
14  BERKEL & COMPANY CONTRACTORS,      )  **TO ORDER RE MOTION TO DISMISS**
    INC., a foreign corporation; CHERNE )  **AND REQUEST FOR DE NOVO**
15  CONSTRUCTION COMPANY, a foreign    )  **DETERMINATION**
    corporation; JESSICA BRAVERMAN-    )
16  SMITH, an individual; BRAVERMAN    )  _____
    MEDIATION AND CONSULTING, a        )
17  California business entity; BRIAN   )
    ZUCKERMAN, an individual; GREGORY A. )
18  SCHER, AKA WINGNUT SCHER, an       )  Hearing Date:    February 27, 2008
    individual, and DOES 1-50, inclusive, )  Time:            3:00 p.m.
19                                     )  Courtroom:       Courtroom 4, 3rd Floor
                Defendants.            )  Judge:           Hon. Wayne D. Brazil
20  _____)  Complaint Removed: December 21, 2007

21

22  **ATTACHED DOCUMENTS:**

23     1.   **DECLARATION OF BRIAN ZUCKERMAN**

24     2.   **DECLARATION OF JESSICA BRAVERMAN**

25     3.   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
            **DEFNDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN**
26          **ZUCKERMAN, JESSICA BRAVERMAN-SMITH AND BRAVERMAN**
            **MEDIATION AND CONSULTING'S MOTION TO DISMISS [Previously**
27          **Filed]**

28

_____
      **GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST**
         **FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Objection-RequestFINAL.doc

4.    **REPLY MEMORANDUM OF DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN ZUCKERMAN, JESSICA BRAVERMAN AND BRAVERMAN MEDIATION AND CONSULTING IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND [Previously Filed]**

5.    **DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND BRIAN ZUCKERMAN'S NOTICE OF REMOVAL [Previously Filed]**

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ 1

II.  PROCEDURAL STATUS ........................................................................... 1

III. GOVERNING LAW ................................................................................... 2

IV.  ANALYSIS AND ARGUMENT ................................................................. 4

    A.  BERKEL IS ENTITLED TO AN OPPORTUNITY TO BE
        HEARD ON THE JURISDICTIONAL DIVERSITY ISSUES
        RAISED IN THE COURT'S ORDER RE MOTION TO
        DISMISS .......................................................................................... 4

    B.  PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION
        AGAINST THE NONDIVERSE DEFENDANTS IS OBVIOUS
        ACCORDING TO STATE RULES OF PLEADING AND
        THE COURT SHOULD FIND THAT DEFENDANTS
        ZUCKERMAN, BRAVERMAN AND BMC ARE SHAM
        DEFENDANTS. ............................................................................... 5

        1.  Plaintiff's Opposition Concurs With The Moving
            Defendants' Statement Of The Controlling California
            Law ....................................................................................... 5

        2.  The Court May Take Judicial Notice Of The Documents
            That Are The Subject Of The Moving Defendants'
            Request For Judicial Notice. ............................................... 5

        3.  The Court May Take Judicial Notice of Matters Not
            Reasonably Subject to Dispute, Such As Matters
            Alleged In The Complaint ................................................... 6

    C.  IN THE ALTERNATIVE, BERKEL OBJECTS TO THE
        ORDER RE MOTION TO DISMISS TO THE EXTENT
        THAT IT IS FINAL AND SPECIFICALLY REQUESTS A
        DE NOVO DETERMINATION BY THE DISTRICT COURT
        JUDGE ON THE ISSUE OF WHETHER DIVERSITY
        JURISDICTION EXISTS. ................................................................ 7

V.   CONCLUSION ............................................................................................ 8

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST
FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Objection-RequestFINAL.doc                                    -1-

1

## I.     INTRODUCTION

2      Defendant Berkel & Company Contractors, Inc. ("Berkel"), a Kansas corporation,

3    respectfully files this Request for Hearing on the issue of whether diversity jurisdiction exists

4    over this matter, which was an issue raised in the Court's Order Re Motion to Dismiss, dated

5    February 15, 2008.

6      The Court's determination of the motion to dismiss brought by Berkel and three

7    nondiverse, "sham" defendants—Mr. Zuckerman, Ms. Braverman and Braverman Mediation

8    and Consulting—necessarily hinges on the issue of whether this Court has jurisdiction over this

9    matter based on diversity of citizenship.

10      Accordingly, Berkel requests that the hearing on the Moving Defendants'[1] motion to

11    dismiss currently set for February 27, 2008 be maintained and that Berkel be permitted to be

12    heard at that time on the issue of whether this Court has diversity jurisdiction over this action.

13      In the alternative, in the event that the Court denies this request for hearing, Berkel

14    hereby objects to the Order Re Motion to Dismiss on the grounds and for the reasons stated

15    below.

16

## II.     PROCEDURAL STATUS

17      Berkel removed the case to federal court on December 21, 2007.   The Notice of

18    Removal asserted two grounds for removal: (1) federal question as to the 8th Claim of the

19    Complaint; and (2) diversity of citizenship as to the entirety of the Complaint on the ground

20    that those non-diverse defendants who had been served, Mr. Brian Zuckerman ("Mr.

21    Zuckerman") and Ms. Jessica Braverman/Braverman Mediation and Consulting ("Ms.

22    Braverman") are sham defendants.  *See* Notice of Removal, attached as **Exhibit ("Ex.") A**.

23      Thereafter, on January 10, 2008, Berkel, Mr. Zuckerman and Ms. Braverman filed their

24    motion to dismiss on the grounds that the Complaint did not state a cause of action against any

25    of the Moving Defendants under state law, and that the 8th Claim did not state a cause of action

26    against Berkel under federal law.   In its Order re Motion to Dismiss, the Court stated that

27
_____
[1] Defendants Berkel, Mr. Brian Zuckerman, Ms. Jessica Braverman and Braverman Mediation and Consulting
28    ("BMC").

1    removal was proper because the Complaint contained a federal question as to the 8th Claim of

2    the Complaint.

3        Plaintiff Winifred Gibson-Jones ("Plaintiff") filed her Opposition (inclusive of a

4    section thereof purporting to establish a motion to remand) on February 6, 2008[2]; and Berkel,

5    Mr. Zuckerman and Ms. Braverman filed their reply memorandum on February 13, 2008.

6        In its Order re Motion to Dismiss, the Court stated that as to diversity of citizenship,

7    "[d]efendants have not met their burden to prove fraudulent joinder of the nondiverse parties

8    by showing that Plaintiff fails to state a cause of action against the resident defendants, and that

9    the failure is obvious according to settled rules of state law. *Ritchey v. Upjohn Drug Co.,* 139

10    F.3d 1313, 1319 (9th Cir. 1998)."

11        In its Order re Motion to Dismiss, the Court further stated that by February 25, 2008,

12    Plaintiff shall file a pleading stating whether Plaintiff shall dismiss the 8th Claim, and if so, the

13    Court shall recommend to the District Judge that the pendent state claims be remanded to state

14    court.

### III.    GOVERNING LAW

16        Under *Ritchey v. Upjohn Drug Co.,*  "[i]f the Plaintiff fails to state a cause of action

17    against a resident defendant, and the failure is obvious according to the settled rules of the

18    state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.,* 139

19    F.3d 1313, 1318 (9th Cir. 1998).

20        The *Upjohn* court further stated,

21        Where fraudulent joinder is an issue, we will go somewhat further. "The
22        defendant seeking removal to the federal court is entitled to present the
         facts showing the joinder to be fraudulent."
                                    …
23        **[A] defendant must have the opportunity to show that the individuals
         joined in the action cannot be liable on any theory.**

24    *Id.;* (alteration in original) (citations omitted) (emphasis added).

25

26

27    ──────────────────────
      [2] Plaintiff did not follow the proper procedure for a motion to remand, as it was not made in accordance with
28    motion practice.  FRCP Rule 7(b) and NDCA Rule 7-1.

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST
FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

1    Moreover, the holding in *Upjohn* was concisely stated by the court as follows:

2
Nevertheless, the fact is that Ritchey [plaintiff] did not state a
3    cause of action against anyone [the local defendants] …
demonstrates beyond peradventure that they were sham defendants
4    for purposes of removal.

5    It is true that … [plaintiff] joined non-diverse parties [names
omitted] but he has not spelled out a cause of action against them
6    under California law. That being so, we hold that they were
fraudulently joined for diversity and removal purposes.

7    *Id.* at 1320; (alteration in original).

8    In *Upjohn*, the court cited with approval a case on all fours to the instant matter, where

9    the local defendants included managers of the employer being sued for wrongful employment

10    actions toward the plaintiff-employee:

11    Here the district court had before it the pleadings plus the sworn
declaration of Moltz and Ladson that they had acted in the interests
12    of their employer and not to benefit themselves and, in addition,
there was a relevant declaration of McCabe.
13    On the basis of the complaint alone, the district court could rightly
conclude that no cause of action had been stated against Moltz and
14    Ladson. Their actions, according to the complaint, had been in
their managerial capacity. Their actions, according to the
15    complaint, had been ratified by General Foods. They were not
alleged to have acted on their own initiative. McCabe's own
16    declaration alleged that they were motivated 'in part' by ill will.
But it is clear that "if an advisor is motivated in part by a desire to
17    benefit his principal," his conduct is, under California law,
privileged. *Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328
18    (9th Cir. 1982).* Under California law no wrongful discharge case
was stated against them.
19
McCabe concedes in his brief that another asserted cause of action
20    for emotional distress damages, negligently caused, "flows from
his cause of action for interference with a contractual relationship."
21    But McCabe failed to state a good cause of action for interference
with a contractual relationship. His cause of action for negligence
22    against Moltz and Ladson therefore failed. He alleged no duty that
they owed to him. His additional cause of action for emotional
23    distress, intentionally inflicted, failed to state the requisite
outrageousness, *see infra*, slip op. p. 9.
24
McCabe failed to state any cause of action against Moltz and
25    Ladson; their joinder to General Foods as defendants was sham;
their presence did not destroy diversity.
26
*McCabe v. General Foods Corporation,* 811 F.2d 1336, 1339 (9th Cir. 1987).

27

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST
FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

IV.     **ANALYSIS AND ARGUMENT**

A.     **BERKEL IS ENTITLED TO AN OPPORTUNITY TO BE HEARD ON THE JURISDICTIONAL DIVERSITY ISSUES RAISED IN THE COURT'S ORDER RE MOTION TO DISMISS.**

Berkel can and will show, if provided its right to a hearing, that Plaintiff "did not state a cause of action against" Mr. Zuckerman and Ms. Braverman, which "demonstrates beyond peradventure that they were sham defendants for purposes of removal." *Upjohn,* 139 F.3d at 1320.

Further, Berkel can and will show at such hearing that: (1) the nondiverse defendants are a sham and that as a result, the Court has jurisdiction to determine the entirety of the motion to dismiss of both Berkel and the local defendants; (2) the Moving Defendants are entitled to have their motion to dismiss granted; and (3) grant of leave to amend would be futile and thus should be denied, thereby entitling the Court to enter judgment of dismissal of the Moving Defendants on the merits, and dismissing, without prejudice, the unserved defendants.[3] *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); and *Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988).

Because the Court's determination of the Moving Defendants' motion to dismiss necessarily hinges on the jurisdictional diversity of citizenship issues raised in the Court's Order Re Motion to Dismiss, Berkel requests that the hearing currently set for February 27, 2008 remain on calendar for the dual purpose of: (1) allowing Berkel an opportunity to be heard—which is Berkel's right pursuant to *Upjohn*—on the issue of whether this Court has diversity jurisdiction over this action; and (2) addressing the Moving Defendants' motion to dismiss.

\\

\\

\\

\\

\\

---

[3] Defendant Cherne Contracting Corporation and Defendant Gregory A. Scher.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

**B.    PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION AGAINST THE NONDIVERSE DEFENDANTS IS OBVIOUS ACCORDING TO STATE RULES OF PLEADING AND THE COURT SHOULD FIND THAT DEFENDANTS ZUCKERMAN, BRAVERMAN AND BMC ARE SHAM DEFENDANTS.**

**1.    Plaintiff's Opposition Concurs With The Moving Defendants' Statement Of The Controlling California Law.**

The legal authority relied on in the Moving Defendants' motion to dismiss is long ago and well-established California law.  Indeed, Plaintiff cited no countervailing cases, and, in fact, relied on the same definitions of controlling California law that were cited by the Moving Defendants in their motion to dismiss.  For example, the state rules of pleading provide for demurrers to dispose of purported causes of action against the managers of a plaintiff's employer, as evidenced by the fact that a number of the cases cited by the Moving Defendants in their motion to dismiss are based on pleading motions.

**2.    The Court May Take Judicial Notice Of The Documents That Are The Subject Of The Moving Defendants' Request For Judicial Notice.**

In addition, while none of the documents for which Berkel has sought judicial notice are necessary for the Court's determination that Plaintiff's failure to state a cause of action against the nondiverse defendants is obvious, under the settled principles of California law, in ruling on a demurrer, a court may rely on matters that are judicially noticed.  California Code of Civil Procedure § 430.70 provides:

> When the ground of demurrer is based on a matter of which the court may take judicial notice pursuant to Section 452 or 453 of the Evidence Code, such matter shall be specified in the demurrer, or in the supporting points and authorities for the purpose of invoking such notice, except as the court may otherwise permit.

California Code of Civil Procedure § 430.30(a) provides:

> When any ground for objection to a complaint … appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading.

Court decisions also support a request for judicial notice in connection with a demurrer.  For example, *Del. E. Webb Corp. v. Structural Materials Co.* states: "[A] pleading valid on its face

GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Objection-RequestFINAL.doc                    -5-

1    may nevertheless be subject to demurrer when matters judicially noticed render the complaint

2    meritless." *Del. E. Webb Corp. v. Structural Materials Co.*, 123 Cal. App.3d 593, 604 (1981).

### 3.    The Court May Take Judicial Notice Of Matters Not Reasonably Subject To Dispute, Such As Matters Alleged In The Complaint.

Evidence Code § 452 authorizes the court to take judicial notice of matters not reasonably subject to dispute:

> Judicial notice may be taken of the following matters …
>
> (h) Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.

Facts appearing in documents identified in the Plaintiff's own pleading, or referenced in or related to the allegations, should be judicially noticed. *Bethman v. City of Ukiah,* 216 Cal.App.3d 1395, 1399 (1989) (documents not attached to complaint but indisputably referenced therein); *Hardman v. Feinstein,* 195 Cal.App.3d 157, 160 fn.2 (1987); *Ascherman v. General Reinsurance Corp.,* 183 Cal.App.3d 307, 310 (1986); (reinsurance contract and release in action for payment under reinsurance contract); and *Dryden v. Tri-Valley Growers* (1977) 65 Cal.App.3d 990, 997 (1977) (two letters incorporated in the pleading).

Moreover, under Federal Rules of Evidence, Rule 201 and established federal case law, the Court may take judicial notice of documents both referenced by plaintiff's complaint but not attached and relied upon in plaintiff's complaint, but not mentioned. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) [overruled on other grounds]; *Knievel v. ESPN,* 393 F.3d 1068, 1076-1077 (9th Cir. 2005); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

\\

\\

\\

\\

\\

\\

\\

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Objection-RequestFINAL.doc    -6-

**C.    IN THE ALTERNATIVE, BERKEL OBJECTS TO THE ORDER RE MOTION TO DISMISS TO THE EXTENT THAT IT IS FINAL AND SPECIFICALLY REQUESTS A DE NOVO DETERMINATION BY THE DISTRICT COURT JUDGE ON THE ISSUE OF WHETHER DIVERSITY JURISDICTION EXISTS.**

Berkel objects to the portion of the Court's February 15, 2008 Order Re Motion to Dismiss that states,

> It is our view that diversity jurisdiction does not exist because the complaint names two California residents, as well as a business entity doing business in California. Defendants have not met their burden to prove fraudulent joinder of nondiverse parties by showing that Plaintiff fails to state a cause of action against the resident defendants, and that the failure is obvious according to the settled rules of state law. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1319 (9th Cir. 1998).

> Should Plaintiff elect to dismiss the Eighth Cause of Action, the undersigned will recommend to the District Judge that the pendent state law claims be remanded to the Superior Court.

Berkel objects to these specified portions of the Order suggesting that diversity jurisdiction does not exist, because the nondiverse defendants in this action are in fact sham defendants, in that Plaintiff has failed to state a claim against them, which is obvious according to settled law. Plaintiff's tort claims against Mr. Zuckerman are barred, as a matter of law, because managers of a plaintiff's employer cannot be held liable for personnel management decisions. (*See* the Moving Defendants' Motion to Dismiss and Reply memorandum of points and authorities, **Exs. B** and **C**, respectively, and Declaration of Mr. Brian Zuckerman, **Ex. D**.) Furthermore, Plaintiff's claims against Ms. Braverman, who was an agent of Berkel, are also barred: As a matter of law, as a neutral investigator, Ms. Braverman cannot be liable for alleged acts of harassment by Defendant Scher because she did not participate in or assist in his alleged acts of harassment. (*See* **Exs. B** and **C**, and Declaration of Ms. Jessica Braverman, **Ex. E**.)

\\

\\

\\

\\

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

1

**V.    CONCLUSION**

2      Berkel hereby requests a hearing for the reasons set forth above.  Alternatively, Berkel

3  objects to the Order Re Motion to Dismiss and requests a de novo determination by the District

4  Court Judge on the issue of whether diversity jurisdiction exists.

5

6  DATED:   February 21, 2008                     **VARTAIN LAW GROUP**

7

8

9                                          BY:  /S/ Linda K. Adler
                                              _____
10                                             MICHAEL J. VARTAIN
                                              LINDA K. ADLER
                                              Attorneys for Defendants
11                                             BERKEL & COMPANY CONTRACTORS, INC.,
                                              BRIAN ZUCKERMAN, JESSICA BRAVERMAN
12                                             (erroneously sued as JESSICA BRAVERMAN-
                                              SMITH)AND BRAVERMAN MEDIATION &
13                                             CONSULTING

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– DEFENDANTS REQUEST
FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**

1 | MICHAEL J. VARTAIN [SBN 92366]
LINDA K. ADLER  [SBN 199809]
2 | **VARTAIN LAW GROUP**
601 Montgomery Street, Suite 540
3 | San Francisco, CA 94111-2608
Telephone:  [415] 391-1155
4 | Facsimile:  [415] 391-1177

5 | Attorneys for Defendants
BERKEL & COMPANY CONTRACTORS, INC.,
6 | BRIAN ZUCKERMAN, JESSICA BRAVERMAN
(erroneously sued as JESSICA BRAVERMAN-SMITH)
7 | AND BRAVERMAN MEDIATION & CONSULTING

8 | IN THE UNITED STATES DISTRICT COURT
FOR THE
9 | NORTHERN DISTRICT OF

10

11 | WINIFRED L. GIBSON-JONES,                )   Case No.: **CV  0 7 – 0 6 4 4 0  WDB**
                                           )
12 |                    Plaintiff,           )
                                           )   **PROOF OF SERVICE**
13 | vs.                                     )
                                           )
14 | BERKEL & COMPANY CONTRACTORS,           )
INC., a foreign corporation; CHERNE        )
15 | CONSTRUCTION COMPANY, a foreign         )
corporation; JESSICA BRAVERMAN-            )
16 | SMITH, an individual; BRAVERMAN         )
MEDIATION AND CONSULTING, a                )
17 | California business entity; BRIAN       )
ZUCKERMAN, an individual; GREGORY A. )
18 | SCHER, AKA WINGNUT SCHER, an            )   Hearing Date:      February 27, 2008
individual, and DOES 1-50, inclusive,      )   Time:              3:00 p.m.
19 |                                         )   Courtroom:         Courtroom 4, 3rd Floor
                   Defendants.              )   Judge:             Hon. Wayne D. Brazil
20 | _____ )   Complaint Removed: December 21, 2007

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion to Dismiss\Objection-RequestFINAL.doc

### PROOF OF SERVICE

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.   My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On February 21, 2008, I served the following document(s) by the method indicated below:

- **DEFENDANT BERKEL & COMPANY CONTRACTORS, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS  AND REQUEST FOR DE NOVO DETERMINATION;**
- **DECLARATION OF BRIAN ZUCKERMAN; and**
- **DECLARATION OF JESSICA BRAVERMAN.**

☐ By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  The transmitting fax machine properly issued the transmission report, which is attached to this proof of service.  Service by facsimile was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct. 2003(3).

☐ By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  Signed proof of service by the process server or delivery service is attached to this proof of service.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on February 21, 2008, at San Francisco, California.

_____
/S/ Charissa Gung
Charissa Gung

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

From:    Origin ID: APCA  (415)391-1155
Linda Adler

Vartain Law Group
601 Montgomery Street, Suite 540
**San Francisco, CA 94111**



CLS128787/21/24

SHIP TO: 925.932.9455          BILL SENDER
**Patrice Zabell**
**Law Offices**
**2700 YGNACIO VALLEY RD STE 270**

**WALNUT CREEK, CA 945983463**



Ship Date: 21FEB08
ActWgt: 1 LB
System#: 3969973/INET8011
Account#: S *********

Delivery Address Bar Code



Ref #    Gibson-Jones v. Berkel
Invoice #
PO #
Dept #

TRK#
0201    7904 5331 5437

FRI - 22FEB          A2
**PRIORITY OVERNIGHT**

**94598**
CA-US

OAK

# WA CCRA



---