```
 1  MICHAEL J. VARTAIN [SBN 92366]
    LINDA K. ADLER  [SBN 199809]
 2  VARTAIN LAW GROUP
    601 Montgomery Street, Suite 540
 3  San Francisco, CA 94111-2608
    Telephone:  [415] 391-1155
 4  Facsimile:   [415] 391-1177

 5  Attorneys for Defendants
    BERKEL & COMPANY CONTRACTORS, INC.,
 6  BRIAN ZUCKERMAN, JESSICA BRAVERMAN
    (erroneously sued as JESSICA BRAVERMAN-SMITH),
 7  AND BRAVERMAN MEDIATION & CONSULTING

 8
                    IN THE UNITED STATES DISTRICT COURT
 9                              FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
10                              OAKLAND
```

| | | |
|---|---|---|
| 12 | WINIFRED L. GIBSON-JONES, | ) |
| 13 | | ) Federal Case No.: **CV 07 – 06440 WDB** |
| | Plaintiff, | ) |
| 14 | | ) |
| | vs. | ) **DECLARATION OF BRIAN** |
| 15 | | ) **ZUCKERMAN IN SUPPORT OF** |
| | BERKEL & COMPANY CONTRACTORS, | ) **DEFENDANT BERKEL & COMPANY** |
| 16 | INC., a foreign corporation; CHERNE | ) **CONTRACTOR, INC.'S REQUEST FOR** |
| | CONSTRUCTION COMPANY, a foreign | ) **HEARING AND/OR OBJECTION TO** |
| 17 | corporation; JESSICA BRAVERMAN- | ) **ORDER RE MOTION TO DISMISS** |
| | SMITH, an individual; BRAVERMAN | ) |
| 18 | MEDIATION AND CONSULTING, a | ) |
| | California business entity; BRIAN | ) |
| 19 | ZUCKERMAN, an individual; GREGORY A. | ) |
| | SCHER, AKA WINGNUT SCHER, an | ) |
| 20 | individual, and DOES 1-50, inclusive, | ) Hearing Date:  February 27, 2008 |
| | | ) Time:  3:00 p.m. |
| 21 | Defendants. | ) Courtroom:  Courtroom 4, 3rd Floor |
| | | ) Judge:  Hon. Wayne D. Brazil |
| 22 | _____ | Complaint Removed: December 21, 2007 |

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV 07-06440 WDB]– DECL. OF BRIAN
ZUCKERMAN IN SUPPORT OF REQUEST FOR HEARING AND/OR OBJECTION TO ORDER**
C:\Documents and Settings\Brian Zuckerman\Local Settings\Temporary Internet Files\Content.Outlook\A19NYMY5\DeclZuckerman.doc

I, BRIAN ZUCKERMAN, declare:

1. I am the West Coast Regional Manager of BERKEL & COMPANY CONTRACTORS, INC. ("Berkel"). I make the following statements on my own personal knowledge, and if called upon, could and would, testify thereto.

2. At all of the times referenced in Plaintiff's Verified Complaint, I was the Assistant West Coast Regional Manager of Berkel.

3. In my capacity as the Assistant West Coast Regional Manager of Berkel, I was a managerial agent of Berkel.

4. I have read Plaintiff's Verified Complaint.

5. With respect to all of the allegations in Plaintiff's Verified Complaint ascribing various decisions and or conduct to me, I was acting in my capacity as a managerial agent of Berkel.

6. With respect to any and all of my decisions and or conduct related in any way to the allegations contained in Plaintiff's Verified Complaint, I was acting solely in the interests of my employer, Berkel, and not for any benefit to myself.

7. I made the decision to retain Jessica Braverman, who was at that time affiliated with Defendant Cherne Construction Company (another contractor at the site), to investigate Plaintiff's sexual harassment complaint against Gregory Scher. I designated Ms. Braverman to act as Berkel's agent for the sole purpose of implementing Berkel's policies prohibiting and preventing sexual harassment. With respect to any and all of Ms. Braverman's conduct related in any way to the allegations contained in Plaintiff's Verified Complaint, Ms. Braverman was acting solely in the interests of Berkel as Berkel's agent, and not for any benefit to herself.

8. With the assistance of Ms. Braverman, an investigation of Plaintiff's complaint against Mr. Scher was conducted on or about October 17, 2006. Based on my review of Ms. Braverman's October 19, 2006 report explaining the results of her investigation on or about October 17, 2006, my review of Berkel's policies against sexual harassment and my desire to promote a safe workplace, I requested that Mr. Scher immediately leave the project site, which he did. A true and correct of the report I received from Ms. Braverman, dated October 19, 2006,

1  is attached as **Exhibit A**.

2  9. On or about October 21, 2006, I made the business decision on behalf of Berkel to terminate Mr. Scher's employment relationship with Berkel in the best interests of the company and its employees, and specifically, based on my judgment that Mr. Scher's conduct towards Plaintiff was in violation of Berkel's anti-harassment policies.

6  10. In my November 7, 2006 letter to Plaintiff, I informed her of my decision to discharge Mr. Scher and my reasons for doing so, and stated that Mr. Scher would not be eligible for any future employment with Berkel. A true and correct copy of my letter to Plaintiff, dated November 7, 2006, is attached as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of February 2008 in San Francisco, California.

_____
BRIAN ZUCKERMAN