PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:    (925) 932-9455
Facsimile:    (925) 932-9468

Attorney for Plaintiff
WINIFRED L. GIBSON-JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>    Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>    Defendants. | **Case No. C V 0 7 - 6 4 4 0 WDB**<br><br>**PLAINTIFF'S SURREPLY TO REPLY MEMORANDUM OF DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC., BRIAN ZUCKERMAN, JESSICA BRAVERMAN AND BRAVERMAN MEDIATION AND CONSULTING IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**Hearing Date: February 27, 2008**<br>**Time: 3:00 p.m.**<br>**Courtroom: Courtroom 4, 3rd Floor**<br>**Judge: Hon. Wayne D. Brazil**<br>**Complaint Filed: November 29, 2007** |

Pursuant to the Court's Order Re Motion to Dismiss, issued February 15, 2008, Plaintiff hereby notifies the Court and the parties in the above-captioned matter that she wishes to dismiss the Eighth Cause of Action from her Verified Complaint, and respectfully requests that the Court remand Plaintiff's pendent state law claims to the Superior Court for the County of Contra Costa.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**1**
**PLAINTIFF'S SURREPLY TO REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. C V 0 7 - 6 4 4 0 WDB

1  Additionally, Plaintiff submits the following Surreply in Opposition to Defendants' Reply Memorandum in Support of Motion to Dismiss, along with the Declaration of Winifred L. Gibson-Jones and Declaration of Patrice R. Zabell.

Contrary to Defendants' contention that this is a simple employment case with one limited fact transaction that is pled, this is a sexual harassment complaint in which Plaintiff alleges psychological rape, by a co-worker whom Plaintiff alleges the employer knew had a propensity for harassing conduct, and a subsequent concerted effort on the part of the employer's managing agent, the general contractor, and a consultant, to create the illusion of compliance with the employers' legal duty to prevent harassment and discrimination from occurring in the first place.  The concerted effort to present the illusion of compliance with the public policies underlying California's Fair Employment and Housing Act, included, by way of example, only, fraudulent representations to the Plaintiff that the harasser had been fired when he had, in reality, been transferred to another construction site.  Simply put, Defendants' "neutral investigation" into Plaintiff's complaint of sexual harassment was a sham.

Defendants' argument that Zuckerman, Braverman-Smith, and BMC are "sham" defendants is without merit.  While it is true that as a matter of law managers and agents of the employer cannot be held individually liable for actions in the course and scope of their employment related to personnel actions, Plaintiff had alleged fraud, a separate tort that requires scienter.  Managerial actions involving fraud are not part of the employment relationship as a matter of law; therefore; Plaintiff's causes of action for fraud against Zuckerman and Braverman-Smith allege actions committed outside the course and scope of their employment.  If Defendant Berkel wishes not to pursue a cross-complaint against Zuckerman and Braverman-Smith, that is their right as a matter of law; however, Plaintiff has a right as a matter of law to bring a cause of action in tort against an individual who perpetrates a fraud against her, and may hold the individual's employer equally liable under the doctrine of respondeat superior.

Plaintiff has not opposed Defendants' Request for Judicial Notice for two reasons:  (1) Documents not physically attached to the complaint may nonetheless be considered by the

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2
**PLAINTIFF'S SURREPLY TO REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. C V 0 7 - 6 4 4 0 WDB

1  court on a 12(b)(6) motion to dismiss if the complaint refers to such document; the document is
2  "central" to plaintiff's claim; and no party questions the authenticity of the copy attached to the
3  12(b)(6) motion. *Branch v. Tunnell*, 14 F3d at 454; and (2) the documents Defendants request
4  that the Court take judicial notice of tend to prove the fraud.  Braverman-Smith's "report," on
5  its face, lacks neutrality and the specificity required under FEHA and FEHC precedent related
6  to the conduct of investigations into complaints of sexual harassment.  Zuckerman's letter,
7  which states, "Although the investigation by Chrene (sic) was *inclusive*" (emphasis added),
8  suggests an intent to defraud the Plaintiff.   Plaintiff believes that discovery will establish that
9  the investigation was anything but "inclusive."  Furthermore, Plaintiff believes that the position
10 that Berkel intended at the time to take, was that the investigation was *inconclusive*, a term of
11 art that would tend to support the employer's "corrective" actions, but which would have, if
12 properly communicated to the Plaintiff, caused her further outrage.  Plaintiff anticipates that
13 Defendant Zuckerman may claim that the word, "inclusive," was a mere typographical error.
14 However, Plaintiff asserts that Zuckerman's use of the word, "inclusive" was intentional,
15 intended to lead Plaintiff to believe that the investigation was thorough, when in fact it was not.
16 In short, Plaintiff contends that the letter Zuckerman wrote to Plaintiff dated November 7,
17 2006, *on its face*, tends to implicate Zuckerman in intentional misrepresentation.
18     This employment action is being brought by a woman who is one of only approximately
19 eight active women-members of the pile drivers union throughout the State of California.  It is
20 a civil action about this Plaintiff's fundamental civil rights, to wit,

21
> We hold these truths to be self-evident, that all men are created equal, that
22
> they are endowed by their Creator with certain unalienable Rights, that
> among these are Life, Liberty and the pursuit of Happiness.
23 Declaration of Independence.

24
> Article II. Each State retains its sovereignty, freedom and independence,
25
> and every power, jurisdiction and right, which is not by this confederation
> expressly delegated to the United States, in Congress assembled.
26 U.S. Articles of Confederation.

27
> It is hereby declared as the public policy of this state that it is necessary to
28
> protect and safeguard the right and opportunity of all persons to seek,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**3**
**PLAINTIFF'S SURREPLY TO REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. C V 0 7 - 6 4 4 0 WDB

> obtain, and hold employment without discrimination or abridgment on account of … sex …
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interest of employees, employers, and the public in general.
> …
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

CA Gov't Code § 12920.

> (a) The opportunity to seek, obtain and hold employment without discrimination because of … sex …is hereby recognized as and declared to be a civil right.

Gov't Code § 12921.

In their Points and Authorities in Support of their Motion to Dismiss, and in their Reply Memorandum, opposing counsel has made misleading assertion after misleading assertion about what Plaintiff has pled in her Verified Complaint. At the end of the day, Plaintiff intends to prove that Berkel, Cherne, Zuckerman, Braverman-Smith, and BMC violated Plaintiff's fundamental civil rights, based on the egregious facts alleged in her Verified Complaint. Plaintiff wishes to pursue her claims to adjudication in the belief that for every wrong there is a right, and because she hopes that by doing so, she will have contributed, even if only incrementally, to the realization of equal rights for women in the workplace. Plaintiff is encouraged by this Court's current ruling to allow Plaintiff to dismiss her Eighth Cause of Action and this Court's subsequent recommendation that this case be remanded to Superior Court.

Defendants efforts to prevent Plaintiff from bringing the individual defendants to court, based on arguments that Plaintiff's claims fail as a matter of law, should not be permitted by this Court, because to do so is to deny the reality that egregious civil rights violations may have been perpetrated against Plaintiff. This Court is Plaintiff's keystone to her fundamental civil

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**4**
**PLAINTIFF'S SURREPLY TO REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. C V 0 7 - 6 4 4 0 WDB

1 rights; accordingly, with the greatest respect, Plaintiff requests that the Court deny Defendants'
2 Motion to Dismiss, allow the Plaintiff to dismiss her Eighth Cause of Action, and remand this
3 case to the Superior Court.

4     Respectfully submitted,

5 DATED: February 25, 2008            LAW OFFICES OF PATRICE R. ZABELL

7                                      By:   /s/ Patrice R. Zabell
8                                             Patrice R. Zabell
                                            Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468