PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:   (925) 932-9455
Facsimile:    (925) 932-9468

Attorney for Plaintiff
Winifred L. Gibson-Jones

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>     Plaintiff,<br><br>vs.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. **CV 07-06440 WDB**<br><br>**DECLARATION OF WINIFRED L. GIBSON-JONES IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**<br><br>**Hearing Date:** February 27, 2008<br>**Time:** 3:00 p.m.<br>**Courtroom No.:** Courtroom 4, 3rd Floor<br>**Judge:** Hon. Wayne D. Brazil |

I, WINIFRED L. GIBSON-JONES, declare:

1. I am the Plaintiff in the above-captioned matter. I make the following statements on my own personal knowledge, and if called upon, could and would, testify thereto.

///
///
///
///

1

DECLARATION OF WINIFRED L. GIBSON-JONES IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                                    Case No. CV 07-06440 WDB

2. During the time I worked for Berkel & Company Contractors, Inc., Cherne Construction Company was the general contractor on the site at the Tesoro Refinery, and Berkel & Company Contractors, Inc., was Cherne's subcontractor.

3. On October 17, 2006, I suffered an emotional breakdown when I was verbally assaulted by a co-worker, Gregory Scher, whom I knew only as "Wingnut." I reported the incident to the General Superintendent on the jobsite, Jerry Groce. Shortly thereafter, Jessica Braverman-Smith came to me and introduced herself as an HR Consultant whom Cherne brought in because Berkel had no one on the jobsite to conduct an investigation into my sexual harassment complaint. Later that same day, Braverman-Smith called me on the jobsite and told me that Gregory Scher would be fired.

4. On October 18, 2006, I reported to work, and was escorted to the jobsite via van in accordance with the regular routine, at approximately 6:30 a.m.. Routinely, everyone met at the lunch tent for a morning safety meeting. When I exited the van in front of the lunch tent, I saw Gregory Scher smoking a cigarette and laughing at me. Steve Paine, Berkel's Superintendent, was in the area, and I looked at him and shrugged, intending to convey, "What's going on? I thought he was out of here?" Paine responded to my shrug by saying, "Don't worry, he'll be out of here. We're getting him his check. Just go into your safety meeting." I complied.

5. After the safety meeting, I went to work. Around mid-morning, I was working in a hole below ground level, when I looked up and saw Gregory Scher standing over me, looking down at me, and laughing. Several other men were standing with him and laughing. I was angry and frightened.

6. At around 10:30 a.m., Gregory Scher finally left the jobsite. Later that day, Anthony, who was Berkel's safety officer, told me that he was very sorry about the whole situation, and stated that the punishment did not fit the crime. Anthony informed me that Gregory Scher was not fired, contrary to what Jessica Braverman-Smith and Steve Paine had told me. Anthony said that Berkel was transferring Scher to another jobsite in Southern California. I was so angry and upset when Anthony told me this, I had to leave. I found Steve Paine because I needed a ride to my car, and told Steve Paine that I needed to leave. While

2

DECLARATION OF WINIFRED L. GIBSON-JONES IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS
Gibson-Jones v. Berkel & Company Contractors, Inc., et al.          Case No. CV 07-06440 WDB

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

Steve Paine was driving me to my car, I was crying uncontrollably, and told him that I just found out that they did not fire Scher, but that they transferred him. Furthermore, it appeared that everyone knew that Scher was being transferred, except me. I told Steve Paine that it was humiliating, like a slap in the face, and that it conveyed that Scher's behavior was okay. Paine shrugged, and said he was sorry. I later heard that Anthony was terminated by Berkel.

7. Later that same day I got a call from Jessica Braverman-Smith on my cell phone. Braverman-Smith told me she was calling because she wanted me to know how concerned she was for my well-being. She further stated to me that she could get fired for talking to me about this, but she said "we women have to stick together." She then told me that she has a daughter who is half-Chinese, and that she understood how Scher's remarks to me about Filippinos was so upsetting since my daughter is half-Filippino. I told her I was angry and humiliated that they had misrepresented to me that Scher would be fired. She said that it was just a process, that they would be firing him., and asked me what I was planning to do. I told her I didn't know, that I couldn't eat, sleep, or think straight at that time.

8. I later called Braverman-Smith and asked her for copies of witness statements she got in the investigation, but she told me that she no longer had them, that she had given them to Brian Zuckerman. She suggested that I contact Brian Zuckerman, who she said was a kind, caring man who did not want to see me in this situation. She gave me Zuckerman's phone number. Braverman-Smith called me again about a week later, and once again encouraged me to call Brian Zuckerman. She proceeded to tell me about a car accident she had been involved in, in which someone had run a red light. She was pregnant, was hospitalized, and lost the baby. It was a long recovery, but she recovered and had to get on with her life and move forward. She told me to call Brian Zuckerman and move on.

9. I contacted Brian Zuckerman and met with him. During our meeting, Zuckerman stated to me that he had told Jerry Groce that Gregory Scher was "trouble," and that he had sent Scher down to Southern California because he had a supervisor down there from Alabama who was a tough old timer who Zuckerman thought could get control of Scher.

3

DECLARATION OF WINIFRED L. GIBSON-JONES IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*   Case No. CV 07-06440 WDB

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1  10.   I was at a business meeting at the union hall about a week after I had left the
2  jobsite for the last time. I was talking to another pile driver, Jim, who told me that a third pile
3  driver, Don Taylor, had spoken to Scher on the phone and Scher told him to relay a message to
4  me. The message was, "Ha ha. Thanks. I'm making more money than ever on this job." It was
5  like adding insult to injury.
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

DECLARATION OF WINIFRED L. GIBSON-JONES IN OPPOSITION TO DEFENDNDANT BERKEL &
COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE
MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. CV 07-06440 WDB

1    I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct. Executed this 23rd day of February, 2008 in Walnut Creek,
3  California.

*/s/ Winifred L. Gibson-Jones*
WINIFRED L. GIBSON-JONES

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

DECLARATION OF WINIFRED L. GIBSON-JONES
Gibson-Jones v. Berkel & Company, Inc., et al.; Case No.: CV 07-06440 WDB