PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:  (925) 932-9455
Facsimile:  (925) 932-9468

Attorney for Plaintiff
Winifred L. Gibson-Jones

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>  Plaintiff,<br><br>vs.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>  Defendants. | Case No. **CV 07-06440 WDB**<br><br>**DECLARATION OF PATRICE R. ZABELL IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS**<br><br>**Hearing Date:**  February 27, 2008<br>**Time:**  3:00 p.m.<br>**Courtroom No.:**  Courtroom 4, 3rd Floor<br>**Judge:**  Hon. Wayne D. Brazil |

I, Patrice R. Zabell, declare:

1.  I am the attorney for Plaintiff, Winifred L. Gibson-Jones, in the above-captioned matter. I make the following statements on my own personal knowledge, and if called upon, could and would, testify thereto.

2.  I spoke to Doug Williams, who was a co-worker of Winifred L. Gibson-Jones on the Tesoro Refinery jobsite, and a percipient witness in this matter. Mr. Williams told me what

-1-

DECLARATION OF PATRICE R. ZABELL IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                               Case No.: CV 07-06440 WDB

1 he had witnessed related to Winifred L. Gibson-Jones' harassment complaint against Gregory Scher.

3. I prepared a declaration for Doug Williams' signature based on the events that he recounted to me. I sent the declaration to him with instructions to read it carefully to verify that everything in the declaration was true and accurate. I requested that once he was satisfied that the declaration was completely true and accurate, that he execute it before a notary public and return it to me. Mr. Williams did so, and I have attached his declaration as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of February, 2008 in Walnut Creek, California.

*Patrice R. Zabell*
PATRICE R. ZABELL

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

-2-
DECLARATION OF PATRICE R. ZABELL IN OPPOSITION TO DEFENDNDANT BERKEL & COMPANY CONTRACTOR, INC.'S REQUEST FOR HEARING AND/OR OBJECTION TO ORDER RE MOTION TO DISMISS
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No.: CV 07-06440 WDB

Exhibit A

## DECLARATION OF DOUGLAS C. WILLIAMS

I, Douglas C. Williams, declare as follows:

1. I have personal knowledge of the facts stated herein, and if called upon to testify, I can and will testify competently as to these facts.

2. My date of birth is September 30, 1957.

3. I worked for Berkel & Company Construction Contractors, Inc., as a pile driver, at their job site at the Tesoro Refinery in Martinez, California, for approximately seven weeks beginning the latter part of September, 2006.

4. When I was first hired, I was introduced to Winnie Gibson-Jones, (hereinafter, "Winnie"), and assigned to work with her. Winnie and I worked continuously together until October 17, 2006. I liked Winnie from the moment I met her, in part because when we were introduced she shook my hand and said, "It's good to meet you, brother." Winnie was a good partner and a hard worker, and I thought she was a sweetheart.

5. I met Greg Scher, who was a crane operator, at the Tesoro Refinery job site, although I knew him as "Wingnut." Winnie and I both smoke, and we generally spent our breaks in the smoking area. Wingnut also smokes, so we frequently were in the smoking area at the same time. From the first time I met him, I thought there was something wrong with him because he was constantly using profanity and making stupid comments every time we saw him. He repeatedly talked about what he was doing to the young girls he was meeting at the hotel where he was staying.

6. On one occasion toward the end of September, Winnie and I were in the smoking area when Wingnut walked up. Joe, the foreman, Jeff, a crane operator, and Rick, a squirt rig operator, were also there and witnessed what happened. Wingnut began talking, using profanity and talking about sex. Wingnut said he'd like to have Winnie as his wife. Winnie said she wouldn't be his wife. Wingnut then said words to the effect that if Winnie was his wife, she would have stretch marks all over her cheeks because of having his dick in her mouth so often, but that he would have respect for her when she was on her period, that he would flip her over and fuck her up the ass. Joe, the foreman, first laughed at the comment, but then told Wingnut right on the spot that what Wingnut said wasn't right. Wingnut just laughed. Winnie didn't say anything, and we left the area. I asked her why she didn't say anything, and she told me she was in shock. Winnie was not herself after that incident. She had been happy-go-lucky before that incident, and wasn't the same person after.

7. The last day Winnie worked, she told me she couldn't take it any more, and left the job. Shortly after that, Jerry Groce, the Superintendent for Berkel & Company, and Tiny, a foreman, came down and asked me if Winnie was coming back to work. I told them I didn't know. They told me they would get me some help, since it was a two-person job. I thought they were being very careful about what they were saying, and they seemed confused, like they didn't know what to do. They told me they never had a problem like this in the past.

8. Shortly after Jerry Groce and Tiny talked to me about getting me some help, Joe, the foreman, told me I had to go talk to the lawyer in the lunch tent to give a statement. One of the big bosses for Cherne, Mike, was there with the lawyer the whole time I was interviewed. A third

1

person was sitting at the table also, and witnessed the entire conversation, but I don't remember who he was.

9.   The lawyer, a woman, told me that they wanted to know exactly what I heard Wingnut say, and I told her, word-for-word, to the best of my recollection. The lawyer wrote down what I said. She did not ask me to write a statement. I believe that Joe, the foreman, gave a statement also about what Wingnut said to Winnie, based on the fact that later that day Joe told me that he also told the lawyer about Wingnut's statement to Winnie. Jeff, the crane operator, and Rick, the squirt rig operator, also gave statements to the lawyer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed this 14th day of June, 2007, in  SALT LAKE CITY , Utah.

_____
DOUGLAS C. WILLIAMS

State of Utah.
County of Saltlake.

Subscribed and sworn before me this 14th day of June 2007.

Idolina Quijada



NOTARY PUBLIC
IDOLINA QUIJADA
3555 W 3500 S
West Valley City UT 84119
My Commission Expires June 1, 2008
State of Utah

my commission expires 06-01-2008

2