1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          NORTHERN DISTRICT OF CALIFORNIA

8  WINIFRED L. GIBSON-JONES,           No. C 07-6440 WDB
9              Plaintiff,              INTERIM ORDER FOLLOWING
                                       FEBRUARY 27, 2008, HEARING ON
10                                     DEFENDANTS' MOTION TO
11       v.                            DISMISS

12  BERKEL & COMPANY
    CONTRACTORS, INC., et al.
13              Defendants.
14  _____/

15

16       On February 27, 2008, the parties appeared before the undersigned for a hearing
17  on Defendants' Motion to Dismiss. As noted in the Court's Order of February 15, 2008,
18  also before the Court is whether the case should be remanded to the California Superior
19  Court. Having considered the parties' briefs and their arguments during the hearing, the
20  Court issues the following INTERIM ORDERS:
21       (1)   At the outset of the hearing Plaintiff's counsel confirmed that Plaintiff had
22  decided to dismiss the Eighth Cause of Action from her Complaint. Plaintiff's Complaint
23  is hereby amended to dismiss the Eighth Cause of Action.
24       (2)   By no later than **Tuesday, March 11, 2008**, Plaintiff must electronically
25  file a writing in which Plaintiff, through her counsel, indicates how she would like to
26  proceed with respect to (a) Defendant Zuckerman; (b) Defendant Braverman-Smith; and
27  (c) Defendant Braverman Mediation and Consulting ("BMC").
28

(3) With respect <u>only</u> to Defendant BMC, Plaintiff's counsel will electronically file a writing by **Friday, February 29, 2008, at 2:00 p.m.**, indicating whether a contention that BMC was in existence, as a legally cognizable entity, during the period of alleged wrongful conduct by Ms. Braverman has evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Should Plaintiff file a writing in which she elects to dismiss any or all of the three Defendants – Zuckerman, Braverman-Smith, or BMC – Plaintiff's counsel must <u>at the same time</u> amend the Complaint to reflect the dismissal of the party or parties Plaintiff has decided to dismiss. Any party or parties that Plaintiff elects to dismiss will not be considered by the undersigned in a Report and Recommendation that addresses whether there exists complete diversity of citizenship between the parties sufficient to confer subject matter jurisdiction on the Court.

(5) With respect only to Defendant Braverman-Smith, if Plaintiff elects <u>not</u> to dismiss Defendant Braverman-Smith, Plaintiff's counsel must amend the Complaint by no later than March 11, 2008, to set forth more clearly Plaintiff's theories of liability under California Law against Braverman-Smith, and to make factual allegations supporting any such causes of action.

(6) With respect to allegations against <u>any</u> of the Defendants, the Court admonishes Plaintiff's counsel to attend carefully to her duties under Rule 11 of the Federal Rules of Civil Procedure.

Soon after receiving Plaintiff's submissions on March 11, 2008, a law clerk in the chambers of the undersigned will contact the parties to schedule a telephone conference to discuss how the case will proceed.

**IT IS SO ORDERED.**

Dated:  February 28, 2008

_____
WAYNE D. BRAZIL
United States Magistrate Judge