PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:     (925) 932-9455
Facsimile:      (925) 932-9468
E-mail:          zabell_law@comcast.net

Attorney for Plaintiff
WINIFRED L. GIBSON-JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>     Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONSTRUCTION COMPANY, a foreign corporation; JESSICA BRAVERMAN-SMITH, an individual; BRAVERMAN MEDIATION AND CONSULTING, a California business entity; BRIAN ZUCKERMAN, an individual; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>     Defendants. | **Case No. C V 0 7 - 6 4 4 0 WDB**<br><br>**PLAINTIFF'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**<br><br>**Judge: Hon. Wayne D. Brazil**<br>**Complaint Filed: November 29, 2007** |

Pursuant to the Court's directive for a writing following the hearing on Defendants' Motion to Dismiss, Plaintiff respectfully submits the following Answer.

Plaintiff's counsel filed the above-referenced action after voluminous research and investigation. None of the claims in Plaintiff's Verified Complaint were presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Plaintiff's counsel believed and continues to believe that the claims and legal

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**1**
**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. C V 0 7 - 6 4 4 0 WDB

1  contentions were warranted by existing law or by a nonfrivolous argument for extending,
2  modifying, or reversing existing law, and that the factual contentions had evidentiary support.
3  Plaintiff's counsel has taken particular care in reviewing all of the documents submitted by
4  Defendants, and has carefully reviewed the transcript of the Hearing on Defendants' Request
5  for Hearing of February 27, 2008.  Plaintiff and Plaintiff's counsel have carefully considered all
6  of the information available, and have made the following decisions with respect to amending
7  the Complaint in accordance with the Court's directive, and in a good-faith effort to comply
8  with FRCP 11, since Defendants have removed the case from the State Superior Court to
9  Federal District Court.

10  Under FEHA, an employer is liable for harassment by nonsupervisory employees where
11  the employer, or its agents or supervisors, know or should know of the conduct and fail to take
12  immediate and appropriate corrective action. Gov. Code, § 12940, subd. (j)(1).  Berkel was
13  Plaintiff's employer.  Berkel knew or should have known of Defendant Scher's sexually
14  harassing conduct against Plaintiff, and failed to take immediate and appropriate corrective
15  action.  Berkel is liable for sexual harassment by virtue of its failure to take immediate and
16  appropriate corrective action.  Plaintiff will amend the label on her Third Cause of Action
17  against Berkel to more accurately reflect Berkel's liability on account of its failure to take
18  immediate and appropriate corrective action.  With respect to Plaintiff's Fourth Cause of Action
19  against Berkel for failure to take steps to prevent harassment and discrimination, Plaintiff elects
20  to press her claim, and will re-plead to reflect her good-faith belief that Berkel did not take the
21  preventive steps required under California law to prevent harassment and discrimination from
22  occurring.

23  With respect to Ms. Braverman, counsel for Plaintiff is particularly cognizant of the
24  Court's admonition with respect to larger policy issues where alleged illegal conduct appears to
25  pit attorney against attorney.  With respect to Plaintiff's Fifth Cause of Action against
26  Braverman for Aiding and Abetting Berkel's breach of duty to take appropriate steps to
27  investigate and correct sexual harassment, Plaintiff will re-label that Cause of Action to
28  accurately reflect the factual allegations and legal conclusions in Plaintiff's Verified Complaint,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**2**
**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No. C V 0 7 - 6 4 4 0 WDB

to make it clear that it is the breach of the duty to fairly investigate allegations of sexual harassment that is the basis for the aiding and abetting claim, not the underlying sexual harassment itself. With respect to Plaintiff's Ninth Cause of Action against Braverman for Promissory Fraud, Plaintiff had and continues to have a reasonable basis for alleging the facts and the legal conclusions as previously pled. Arguably, a valid cause of action exists against Braverman for Promissory Fraud. The foregoing notwithstanding, in consideration of the Court's admonition relating to the larger policy issues, Plaintiff elects to dismiss this cause of action. With respect to Plaintiff's Tenth Cause of Action against Braverman, for Intentional Infliction of Emotional Distress, Plaintiff had and continues to have a reasonable basis for alleging the facts and legal conclusions as previously pled. Arguably, a valid cause of action exists against Braverman for Intentional Infliction of Emotional Distress. The foregoing notwithstanding, in consideration of the Court's admonition relating to the larger policy issues, Plaintiff elects to dismiss this Cause of Action.

With respect to Defendant BMC, the causes of action previously pled were based on respondeat superior liability arising from Plaintiff's Ninth and Tenth Causes of Action. Plaintiff had and continues to have a reasonable basis for alleging the facts and legal conclusions as previously pled with respect to Braverman Mediation and Consulting. Braverman told Plaintiff that she was a consultant working for Cherne, and Plaintiff's Counsel conducted a diligent search which uncovered Braverman's interest in Braverman Mediation and Consulting, dating as far back as 1995. Plaintiff's counsel had a good-faith belief that evidence would support the factual contention that Braverman was acting as an agent of BMC for purposes of respondeat superior liability. Nevertheless, the foregoing notwithstanding, since Plaintiff has elected to dismiss her Fifth and Ninth Causes of Action that underlie the Eleventh and Twelfth Causes of Action, she also will dismiss the Eleventh and Twelfth Causes of Action against BMC for Promissory Fraud and Intentional Infliction of Emotional Distress, respectively.

Defendants contend dismissal is warranted as to Zuckerman because the tort claims against him are barred, as a matter of law, because managers of a plaintiff's employer cannot be

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**3**
**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                        Case No. C V 0 7 - 6 4 4 0 WDB

1  held liable for personnel management decisions. (Def.s' Request for Hearing, 7:13-18).  Contrary
2  to Defendant's contention, the law is not well-settled in California on this issue.  In *Sheppard v.*
3  *Freeman*  the  court provided the following examples of "conduct relating to personnel actions:
4  "termination, demotion, discipline, transfers, compensation setting, work assignments, and/or
5  performance appraisals."  *Sheppard v. Freeman*, 67 Cal.App.4th at 343 .  In *Whitsitt v. Vinotech*
6  *Wine Cellars*, Slip Copy, 2007 WL 4126077 (E.D. Cal.), the court opined that, "*Sheppard* has
7  had little precedential impact, and at least one judge in this district has rejected it.  FN8: see *Scott*
8  *v. Solano County*, 459 F.Supp.2d 959, 971-972 (E.D.Cal.2006) (Karlton, J.); see also *Graw v.*
9  *L.A. County Metro. Transp. Auth.*, 52 F.Supp.2d 1152 (C.D.Cal.1999) (Pregerson, J.); and
10 dissent in *Sheppard*, 67 Cal.App.4th at 350-359, 79 Cal.Rptr.2d 13 (Kremer, P.J.) (privilege
11 should not include intentional torts)".  In *Whitsitt*, the court's discussion related to a claim for
12 Intentional Infliction of Emotional Distress against an individual employee responsible for
13 interviewing job candidates, brought by a candidate who was not selected and who later sued for
14 age discrimination, claiming, among other causes of action, Intentional Infliction of Emotional
15 Distress against the employee responsible for the hiring decision.  The court considered whether
16 defendants contention that dismissal was warranted as to the employee on the ground that an
17 employee cannot generally be sued for personnel actions, as follows:

> As a threshold matter, defendants contend Tanner should be dismissed from this claim based on the "co-employee privilege" set forth in *Sheppard v. Freeman,* 67 Cal.App.4th 339, 347, 79 Cal.Rptr.2d 13 (4th Dist.1998), precluding suit against coworkers for "personnel actions" absent statutory authorization. In *Sheppard,* the plaintiff, a former airline pilot, sued former coworkers on the ground they had conspired maliciously to falsify his performance record which in turn resulted in his discharge. In deference to the broader concern that employees should feel free to voice their concerns about coworkers, the *Sheppard* court held, in a two-to-one decision, that "an employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions," even if the conduct was malicious. *Id.* The instant case is distinguishable. Assuming hiring decisions are included in "conduct relating to personnel actions," (cite).  Tanner was not plaintiff's "co-employee" at the time of the challenged conduct. While a "former coworker" and a "potential coworker," Tanner was in supervisory and decision-making role.  Moreover, the acts complained of include statements allegedly made by Tanner directly to plaintiff. The policy

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**4**
**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                                  Case No. C V 0 7 - 6 4 4 0 WDB

considerations underlying *Sheppard,* fostering candid disclosures by employees about the job performance of their peers, do not apply here. Further, *Sheppard* has had little precedential impact, and at least one judge in this district has rejected it.[FN8] Accordingly, the court rejects defendants' contention Tanner should be dismissed based upon the *Sheppard* "co-employee" privilege.

…

"[I]ntentional torts will support an award of damages for emotional distress alone, but only in cases involving extreme and outrageous intentional invasions of one's mental and emotional tranquility....[i]t is the outrageous conduct that serves to insure that the plaintiff experienced serious mental suffering and convinces the courts of the validity of the claim." *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 927, 167 Cal.Rptr. 831, 616 P.2d 813 (1980) (citations and internal quotations omitted) (permitting action for negligent infliction of emotional distress; applying foreseeability of injury requirement and noting need for reasonable limitations). However, "[b]ehavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." *Agarwal v. Johnson*, 25 Cal.3d 932, 946, 160 Cal.Rptr. 141, 603 P.2d 58 (1979), disapproved on other grounds, *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999), citing Prosser, Law of Torts (4th ed.1971) pp. 57-58.

Not every discrimination case can be equated with an intentional causing of emotional distress-conduct that must truly be outrageous and not just incorrect. There is a danger in escalating every claim into one of the highest magnitude. The court has some doubt about the level of conduct alleged here with respect to its outrageousness. On the other hand, it would appear improper to dismiss such a claim at the motion to dismiss level. If proven, the statement may meet the criteria for "outrageousness" set forth in *Agarwal,* 25 Cal.3d at 946, 160 Cal.Rptr. 141, 603 P.2d 58, specifically, that Tanner, based on his unique relationship with plaintiff, both in prior employment and in his hiring capacity for Vinotheque, (1) abused both his relationship and position to damage plaintiff's interest, (2) knew plaintiff's sensitivity and vulnerability to a hiring decision based on age (or threat of such action), and (3) acted intentionally or unreasonably with the recognition that his acts were likely to result in plaintiff's mental distress.[FN10] Were it not for Tanner's past knowledge of plaintiff, his alleged statement might be viewed more objectively, i.e., as a reckless disregard for legal principles but leaving open the possibility that plaintiff could still be hired. But that is not the scenario before us. Tanner's prior relationship with plaintiff and his current role as Vinotheque's hiring manager lower the threshold for finding his conduct "outrageous," and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**5**

**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*    Case No. C V 0 7 - 6 4 4 0 WDB

therefore lowers the threshold for Vinotheque. *See,* e.g., *Lisa M. v. Henry Mayo Newhall Memorial Hospital,* 12 Cal.4th 291, 298, 48 Cal.Rptr.2d 510, 907 P.2d 358 (1995) ("an employer is vicariously liable for the torts of its employees committed within the scope of the employment"); Cal. Civ.Code § 2338 et seq. (respondeat superior).

Based on the foregoing, Zuckerman arguably can be found liable under Plaintiff's Thirteenth and Fourteenth Causes of Action. The *Whitsitt* court asks the question whether a *hiring decision* comes within the purview of "personnel management action" pursuant to *Sheppard*. If a hiring decision, a personnel activity necessary to maintain the operation of a company, is arguably not a "personnel management action" under *Sheppard*, then surely investigating allegations of sexual harassment and taking appropriate corrective action are not a "personnel management action" under *Sheppard*. The duty to immediately investigate and correct sexual harassment is a statutory duty which arises under FEHA; it is not a personnel action necessary to support the operation of the underlying business operation. Plaintiff believed and continues to believe that she has a valid claim against Zuckerman; nevertheless, with respect to Defendant Zuckerman, Plaintiff elects to dismiss the Thirteenth and Fourteenth Causes of Action for Conspiracy to Commit Fraud and Fraud, and Intentional Infliction of Emotional Distress, primarily because pressing these claims against Zuckerman will not add to Plaintiff's potential recovery.

Pursuant to the Court's directive, Plaintiff will amend her Complaint and file with the Court a First Amended Complaint, in accordance with the foregoing.

DATED: March 11, 2008                    Respectfully submitted,

                                         LAW OFFICES OF PATRICE R. ZABELL


                                         By:   /s/ Patrice R. Zabell
                                               Patrice R. Zabell
                                               Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**6**
**PL'S ANSWER TO THE COURT'S DIRECTIVE FOR A WRITING FOLLOWING THE HEARING ON DEFENDANTS' MOTION TO DISMISS**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*          Case No. C V 0 7 - 6 4 4 0 WDB