1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:   [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND  JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)

7

8                IN THE UNITED STATES DISTRICT COURT
                           FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA
                           OAKLAND
10

11  WINIFRED L. GIBSON-JONES,           )  Case No.:  **CV  07 – 06440  WDB**
                                        )
12          Plaintiff,                  )  **DEFENDANT JESSICA**
                                        )  **BRAVERMAN'S NOTICE OF MOTION**
13  v.                                  )  **AND MOTION TO DISMISS THE**
                                        )  **SIXTH CLAIM FROM THE FIRST**
14  BERKEL & COMPANY CONTRACTORS,       )  **AMENDED COMPLAINT AND**
    INC., a foreign corporation; CHERNE )  **DEFENDANTS JESSICA**
15  CONSTRUCTION COMPANY, a foreign     )  **BRAVERMAN AND BERKEL &**
    corporation; JESSICA BRAVERMAN-     )  **COMPANY CONTRACTORS, INC.'S**
16  SMITH, AKA JESSICA BRAVERMAN, HR    )  **NOTICE OF MOTION AND MOTION**
    Consultant, Cherne Contracting Corporation; )  **TO STRIKE PORTIONS OF THE**
17  GREGORY A. SCHER, AKA WINGNUT       )  **FIRST AMENDED COMPLAINT;**
    SCHER, an individual, and DOES 1-50, )  **MEMORANDA OF POINTS AND**
18  inclusive,                          )  **AUTHORITIES IN SUPPORT**
                                        )  **THEREOF; REQUEST FOR JUDICIAL**
19          Defendants.                 )  **NOTICE; DECLARATION OF LINDA**
                                        )  **K. ADLER; AND PROPOSED ORDERS**
20                                      )  _____
                                        )
21                                      )  Hearing Date:    April 30, 2008
                                        )  Time:            1:30 p.m.
22                                      )  Courtroom:       Courtroom 4, 3rd Floor
                                        )  Judge:           Hon. Wayne D. Brazil
23                                      )  First Amended
    _____)  Complaint filed:  March 11, 2008
24

25  **ATTACHED DOCUMENTS:**

26  **1.      REQUEST FOR JUDICIAL NOTICE;**

27  **2.      DECLARATION OF LINDA K. ADLER**

28

---

1

3.    **[PROPOSED] ORDER RE DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND JESSICA BRAVERMAN'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT;**

2

3

4.    **[PROPOSED] ORDER RE DEFENDANT JESSICA BRAVERMAN'S MOTION TO DISMISS**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................i

TABLE OF AUTHORITIES ........................................................................................iii

NOTICE OF MOTION ................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS .........................................................................................1

I.     INTRODUCTION .............................................................................................1

     A.     THE SIXTH CLAIM AGAINST MS. BRAVERMAN
         FOR AIDING AND ABETTING SHOULD BE
         DISMISSED WITHOUT LEAVE TO AMEND ..............................................1

     B.     PROCEDURAL HISTORY ................................................................................2

II.    SUMMARY OF THE ARGUMENT ................................................................3

III.   ALLEGATIONS OF THE FAC .......................................................................3

     A.     THE FACTS IN THE FAC ASSERT THE *EMPLOYEE*
         STATUS OF MS. BRAVERMAN ................................................................3

     B.     THE *EXHIBITS* ATTACHED TO THE FAC
         CONFIRM THE FACT OF MS. BRAVERMAN AS AN
         *EMPLOYEE* ................................................................................................ 4

     C.     DOCUMENTS THAT ARE JUDICIALLY
         NOTICEABLE FURTHER CONFIRM OF MS.
         BRAVERMAN AS AN *EMPLOYEE*..............................................................5

     D.     CONCLUSIONS OF LAW IN THE FAC ALSO
         ASSERT MS. BRAVERMAN'S *EMPLOYEE* STATUS. ..............................5

     E.     THE FACTS IN THE FAC ASSERT MS.
         BRAVERMAN'S PERSONNEL MANAGEMENT
         CONDUCT OF INVESTIGATING A HARASSMENT
         GRIEVANCE. ................................................................................................5

     F.     THE CONCLUSIONS OF LAW IN THE FAC OF MS.
         BRAVERMAN'S "INDEPENDENT STATUS"
         IMPROPERLY CONTRADICT THE ACTUAL
         FACTS IN THE FAC AS TO MS. BRAVERMAN'S
         EMPLOYEE STATUS WITH CHERNE. ........................................................6

IV.    LEGAL ARGUMENT........................................................................................6

     A.     THE  FEHA  CLAIM  AGAINST  MS.  BRAVERMAN
         PLAINLY FAILS FOR TWO REASONS ......................................................6

1.    As A Matter Of Law, An Employee Cannot "Aid Or Abet" An Employer In Violating The FEHA ..................................6

2.    Moreover, "Aiding Or Abetting" Only Covers Conduct Amounting to Active Participation In Acts Of Harassment, And Does Not Cover The Handling Of Sexual Harassment Grievances.....................................8

B.    THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND...........................................10

C.    THE REMAINING DEFENDANTS IN THE CASE ARE COMPLETELY DIVERSE PARTIES. ..................................10

V.    CONCLUSION ..............................................................................11

MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO STRIKE ........................................................................11

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................................11

II.    STATEMENT OF FACTS.............................................................................11

III.    ARGUMENT ..............................................................................................12

A.    LEGAL STANDARD ..............................................................................12

B.    THE ALLEGATIONS TO BE STRICKEN ARE IRRELEVANT AND IMMATERIAL, IN ADDITION TO BEING PREJUDICIAL, AND HAVE NO BEARING ON THE SUBJECT MATTER OF THE LITIGATION..............................................................................12

IV.    CONCLUSION ..............................................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

### <u>FEDERAL CODE</u>

Federal Rules of Civil Procedure, Rule 12(b) ............................................................ 1

Federal Rules of Civil Procedure, Rule 12(f) ............................................................ 1

FEHA  ............................................................................................ 1, 2, 3, 6, 7, 8, 9, 12

### <u>FEDERAL CASES</u>

***Albrecht v. Lund***
845 F.2d 193 (9th Cir. 1988) .................................................................................... 10

***Bradley v. Chiron Corp.***
136 F.3d 1317 (Fed. Cir. 1998) ............................................................................. 3, 8

***Doe v. United States***
58 F.3d 494, 501(9th Cir. 1995) ............................................................................... 10

***Durning v. First Boston Corp.***
815 F.2d 1265 (9th Cir. 1987) ............................................................................... 3, 8

***Ellingson v. Burlington Northern, Inc.***
653 F.2d 1327 (9th Cir. 1981) ............................................................................... 3, 8

***Fantasy, Inc. v. Fogerty***
984 F.2d 1524, 1527 (9th Cir. 1993) .................................................................. 11, 12

***Fogerty v. Fantasy, Inc.***
510 US 517, 534-535 (1994) .............................................................................. 11, 12

***Gallagher v. Univ. of California, Hastings College of the Law, et al.***
2001 U.S. Dist. LEXIS 13435 at 13 (N.D.Cal.) ...................................................... 10

***Havas v. Thornton***
609 F.2d 372, 376-77 (9th Cir. 1979) ....................................................................... 10

***LeDuc v. Kentucky Central Life Ins. Co.***
 814 F.Supp. 820, 830 (ND CA 1992) ................................................................. 11, 12

***Reddy v. Litton Industries, Inc.***
912 F.2d 291, 296 (9th Cir. 1990) ............................................................................ 10

***Schreiber Dist. Co. v. Serv-Well Furniture Co.***
806 F.2d 1393, 1401 (9th Cir. 1986) ........................................................................ 10

***SEC v. Seaboard Corp.***
677 F.2d 1315 (9th Cir. 1982) ............................................................................... 3, 8

### <u>STATE CASES</u>

***Fiol v. Deillstedt***
50 Cal.App.4th 1318 ......................................................................................... 3, 7, 9

1

2

*__Janken v. GM Hughes Electronics__*
46 Cal.App.4th 55..................................................................................................... 3, 7

*__Jones v. The Lodge at Torrey Pines Partnership__*
No. S151022, 2008 Cal. LEXIS 2504, at *9 (March 3, 2008) .................................... 3, 6

*__Reno v. Baird__*
18 Cal.4th 640 (1998).......................................................................................... 3, 6, 7

*__Saunders v. Superior Court__*
27 Cal.App.4th 832................................................................................................. 3, 9

*__Vergos v. McNeal__*
146 Cal.App.4th 1387......................................................................................... 3, 7, 9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– BRAVERMAN'S MOTION TO DISMISS AND REQUEST FOR HEARING**

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on April 30, 2008 at 1:30 p.m. in Courtroom 4 of the above-entitled court, or as soon thereafter as the matter may be heard, Defendant Jessica Braverman ("Ms. Braverman") will move the Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b), for an order granting her motion to dismiss, **without leave to amend**, as to the sixth claim filed against Ms. Braverman in the Verified First Amended Complaint ("Verified FAC") filed by Plaintiff Winifred Gibson-Jones ("Plaintiff").

Berkel & Company Contractors, Inc. ("Berkel") and Ms. Braverman will also move the Court, pursuant to Federal Rules of Civil Procedure, Rule 12(f), for an order granting their motion to strike Paragraphs 5, 6 and 63, and the portion of the first sentence of Paragraph 60 stating "and Zuckerman," and the portion of Paragraph 46 that states at 9:19-20, "She had been pregnant, but lost the baby as a result of the accident," from the Verified First Amended Complaint, **without leave to amend**.

Both of these motions are based on this Notice, Memoranda of Points and Authorities, Request for Judicial Notice, the Declaration of Linda K. Adler, the Proposed Orders, all pleadings and papers on file with the Court, oral argument, and upon such other evidence as the Court deems appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION**

**A.     THE SIXTH CLAIM AGAINST MS. BRAVERMAN FOR AIDING AND ABETTING SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

In view of the allegations against Ms. Braverman in the Verified FAC, the exhibits attached to the Verified FAC and the judicially noticeable Cherne Contracting Corporation ("Cherne") employment records, Ms. Braverman is undisputedly pled to be an employee of Cherne during all relevant times. As such, the facts alleged in the Verified FAC preclude Plaintiff's sixth claim under FEHA for aiding and abetting: this is because an employee of an employer, as a matter of law, cannot be held individually liable under FEHA for aiding and

1    abetting.  Apart from the prohibition against suing an employee under the FEHA for aiding and

2    abetting, an action for "aiding and abetting" does not lie for the personnel management conduct

3    of handling of sexual harassment grievances because such personnel management work, under

4    established law, is not active participation in acts of harassment.

5         There are no allegations that Plaintiff can truthfully plead that would cure the sixth

6    claim because the facts of this case cannot support an action for aiding and abetting against Ms.

7    Braverman as a matter of law.  Therefore, Plaintiff's sixth claim against Ms. Braverman for

8    aiding and abetting should be dismissed **without leave to amend**.

9         **B.    PROCEDURAL HISTORY**

10        Plaintiff filed the subject Complaint in Contra Costa County Superior Court, Case No.

11   C07-02611, on November 29, 2007.

12        On December 21, 2007, Defendants Berkel and Zuckerman filed a notice of removal to

13   United Stated District Court for the Northern District of California, Federal Case No. CV 07-

14   6440, on the grounds that: 1) the Complaint raises federal questions governed by the Labor

15   Management Relations Act; and 2) diversity of citizenship.

16        On January 10, 2008, Defendants Berkel, Mr. Zuckerman, Ms. Braverman and

17   Braverman Mediation & Consulting ("BMC") filed a motion to dismiss all claims against the

18   moving defendants.

19        On February 15, 2008, the Court issued a preliminary Order Re Motion to Dismiss.

20        On February 21, 2008, Berkel filed a Request for Hearing and/or Objection to Order Re

21   Motion to Dismiss and Request for De Novo Determination.

22        On February 27, 2008, the Court's hearing on the moving defendants' motion to dismiss

23   took place, at which time the Court gave Plaintiff until February 29 to indicate to the Court

24   whether Plaintiff will be dismissing BMC, and until March 11 to indicate to the Court whether

25   Plaintiff will be repleading against Jessica Braverman.

26        On March 11, 2008, Plaintiff's counsel filed an Answer to the Court's Directive For a

27   Writing Following the Hearing on Defendants' Motion to Dismiss, which stated that Plaintiff

28   had elected to dismiss all claims against Brian Zuckerman and BMC.  Plaintiff also stated that

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– BRAVERMAN AND BERKEL'S MTN TO DISMISS, MTN TO STRIKE**

1    she elected to dismiss the fraud and intentional infliction of emotional distress claims against

2    Jessica Braverman.  Later on the same day, Plaintiff's counsel filed a Verified First Amended

3    Complaint asserting claims against Mr. Scher, Cherne, Berkel and Ms. Braverman.

## II.    SUMMARY OF THE ARGUMENT

5        Plaintiff's Sixth Cause of Action against Ms. Braverman for "aiding and abetting"

6    Berkel's breach of duty to conduct an objective and thorough investigation, in violation of the

7    California Fair Employment and Housing Act, fails to state facts sufficient to constitute the

8    claim.  As a matter of law, an employee such as Ms. Braverman cannot be held to "aid and abet"

9    her employer in violation of the FEHA.  Here, the actual entity that is sued for aiding and

10   abetting Berkel is, in fact, Cherne (see ¶57, Verified FAC).  Under established FEHA law, the

11   alleged employee of Cherne, Ms. Braverman, cannot be sued as a "back up" defendant to her

12   employer, Cherne.  (*Jones v. The Lodge at Torrey Pines Partnership*, No. S151022, 2008 Cal.

13   LEXIS 2504, at *9 (March 3, 2008); *Reno v. Baird,* 18 Cal.4th 640 (1998); *Fiol v. Deillstedt*, 50

14   Cal.App.4th 1318; *Vergos v. McNeal,* 146 Cal.App.4th 1387 (2007); *Janken v. GM Hughes*

15   *Electronics,* 46 Cal.App.4th 55 (1996); *SEC v. Seaboard Corp.,* 677 F.2d 1315 (9th Cir. 1982);

16   *Durning v. First Boston Corp.,* 815 F.2d 1265 (9th Cir. 1987); *Bradley v. Chiron Corp.,* 136

17   F.3d 1317 (Fed. Cir. 1998); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327 (9th Cir.

18   1981).)

19       Moreover, an action under FEHA for "aiding and abetting" cannot lie for the personnel

20   management conduct of handling sexual harassment grievances, as this conduct is not active

21   participation in acts of harassment.  (*Fiol v. Deillstedt,* 50 Cal.App.4th 1318; *Saunders v.*

22   *Superior Court,* 27 Cal.App.4th 832 (1994); *Vergos v. McNeal,* 146 Cal.App.4th 1387 (2007).)

## III.    ALLEGATIONS OF THE FAC

### A.    THE FACTS IN THE FAC ASSERT THE *EMPLOYEE* STATUS OF MS. BRAVERMAN.

25       Throughout the Verified FAC, Plaintiff asserts facts that Ms. Braverman was a **Cherne**

26   **employee**, whom Cherne sent to conduct the investigation for Berkel in Ms. Braverman's

27   capacity as a Cherne employee:

28

---

1

2

- "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, **when Cherne sent her** to assist Berkel in managing Plaintiff's complaint of harassment against Scher …" (Emphasis added; Verified FAC, ¶ 93.)

3

4

- "…Plaintiff was approached by Braverman, who introduced herself as an HR Consultant whom **Cherne brought in** because Berkel had no one on the jobsite to conduct an investigation." (Emphasis added; Verified FAC, ¶ 45.)

5

6

- Also present during the interview [of Plaintiff during the investigation] was Mike Sellars, whom Plaintiff believes to be a General Foreman **employed by Cherne**. (Parenthetical added; Emphasis added; Verified FAC, ¶ 45, 8:20-22)

7

8

9

- "Plaintiff alleges that subsequent to Braverman's investigation, **Cherne's** Vice President of Human Resources, Cathy LaPoint, **sent a letter and invoice to Zuckerman for Braaverman's [sic] services**." (Emphasis added; Verified FAC, ¶ 59.)

10

11

- "Plaintiff alleges that **Braverman represented** to Plaintiff that she is an attorney, that **she was sent by Cherne** to conduct an objective thorough investigation …" (Emphasis added; Verified FAC, ¶ 99.)

12

**B.    THE *EXHIBITS* ATTACHED TO THE FAC CONFIRM THE FACT OF MS. BRAVERMAN AS AN *EMPLOYEE*.**

13

In addition, the exhibits attached to Plaintiff's Verified FAC confirm that it was Cherne

14

that conducted the investigation of Plaintiff's sexual harassment complaint through its

15

employee, Ms. Braverman.

16

**Exhibit A** to the Verified FAC is a letter dated November 7, 2006, from Brian

17

Zuckerman of Berkel, to Plaintiff. In the letter, Mr. Zuckerman refers to, "the preliminary

18

investigation prepared by Chrene [sic] Contracting Corporation."

19

**Exhibit B** to the Verified FAC is an investigation report dated October 19, 2006, from

20

Ms. Braverman to Mr. Zuckerman of Berkel. The letterhead shows that the letter is from

21

"Jessica A. Braverman-Smith, Human Resources Consultant, Cherne Contracting

22

Corporation." In the letter, Ms. Braverman writes, "I was called by Cherne's VP of Human

23

Resources alerting me that an alleged sexual harassment incident had occurred at the Tosoro

24

Martinez site recently that day." The letter further states, "You and I agreed since Cherne was

25

the outside party in this matter, **it made sense that Cherne could do the best neutral**

26

**investigation**." (Emphasis added.) The letter ends by stating, "I believe Cherne has now

27

correctly turned this matter completely back to Berkel for further handling. This concludes my

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– BRAVERMAN AND BERKEL'S MTN TO DISMISS, MTN TO STRIKE**

involvement in the matter."  The letter was copied to Cathy C. LaPoint, VP of Human

Resources at **Cherne Corporation**.

**C.    DOCUMENTS THAT ARE JUDICIALLY NOTICEABLE FURTHER CONFIRM THE FACT OF MS. BRAVERMAN AS AN *EMPLOYEE*.**

The letter from Cherne to Ms. Braverman, dated September 18, 2006, confirms that Ms.

Braverman accepted Cherne's offer of employment as a human resources employee.  (Request

for Judicial Notice, **Exhibit** ("**Ex.**") **B** to Adler Declaration.)

In addition, the Cherne payroll records for Ms. Braverman show that Ms. Braverman

was on Cherne's employee payroll from the period September 2006 to about January 2007.

(Request for Judicial Notice, **Ex. A** to Adler Declaration.)

**D.    CONCLUSIONS OF LAW IN THE FAC ALSO ASSERT MS. BRAVERMAN'S *EMPLOYEE* STATUS.**

- "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, **when Cherne sent her** to assist Berkel in managing Plaintiff's complaint of harassment against Scher …" (Emphasis added; Verified FAC, ¶ 93.)

- "At all times relevant herein, Braverman was acting as an agent of Berkel for purposes of imposing liability on Berkel pursuant to the doctrine of respondeat superior."  (Verified FAC, ¶ 17.)

**E.    THE FACTS IN THE FAC ASSERT MS. BRAVERMAN'S PERSONNEL MANAGEMENT CONDUCT OF INVESTIGATING A HARASSMENT GRIEVANCE.**

Plaintiff alleges that on the day that she complained to Berkel about Mr. Scher, on

October 16, 2008, Ms. Braverman conducted her investigation and informed Plaintiff that Scher

would be fired. (Verified FAC ¶¶ 45, 46.)   Plaintiff alleges that Berkel employee, Mr.

Zuckerman, provided her a copy of Ms. Braverman's investigative report (Verified FAC, ¶ 48).

The investigation report states that Berkel decided on October 17 to "remove  Party 2 (Scher)

from the site."  (**Ex. B** to Verified FAC.)  Two weeks later, Mr. Zuckerman informed Plaintiff in

writing that, "Mr. Scher is no longer employed with Berkel and will not in the future be

employed with the company."  (**Ex. A** to Verified FAC.)

Other than these facts, Plaintiff alleges that Ms. Braverman encouraged her as a woman;

told Plaintiff that she was proud of Plaintiff; encouraged Plaintiff to meet with Mr. Zuckerman;

stated that Mr. Zuckerman was a "fair and decent man"; and stated that her intention was to do a fair and thorough investigation." (Verified FAC, ¶ 46.)  Plaintiff alleges that when she read Ms. Braverman's investigation report, Plaintiff concluded that Ms. Braverman did not do a fair and thorough investigation, and decided that Ms. Braverman  and  Mr. Zuckerman engaged in "outrageous deceptions" of Plaintiff. (Verified FAC, ¶ 49.)

**F.     THE CONCLUSIONS OF LAW IN THE FAC OF MS. BRAVERMAN'S "INDEPENDENT STATUS" IMPROPERLY CONTRADICT THE ACTUAL FACTS IN THE FAC AS TO MS. BRAVERMAN'S EMPLOYEE STATUS WITH CHERNE.**

The Verified FAC states, "Plaintiff further alleges that Braverman also was acting for Berkel as an independent contractor in that she is an attorney who previously was unaffiliated with Berkel, and she represented to Plaintiff that Berkel retained her for the purpose of conducting a neutral objective investigation."  (Verified FAC, ¶ 17, 3:28-4:2)

## IV.     LEGAL ARGUMENT

**A.     THE FEHA CLAIM AGAINST MS. BRAVERMAN PLAINLY FAILS FOR TWO REASONS:**

**1.     As A Matter Of Law, An Employee Cannot "Aid Or Abet" An Employer In Violating The FEHA.**

The Sixth Claim against Ms. Braverman is based on Ms. Braverman's alleged "aiding and abetting Berkel in its breach of its duty to conduct an objective thorough investigation into Plaintiff's allegations of sexual harassment against Scher." (Verified FAC, ¶ 99, 20:3-4) Plaintiff's sixth claim incorporates Paragraphs 16, which states, "At all times relevant herein, Braverman was acting as an agent of Cherne for purposes of imposing liability on Cherne under the doctrine of respondeat superior." (Verified FAC, ¶ 16, 3:22-23)

An employee of the employer cannot aid and abet his or her corporate employer nor can an agent be liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal.  (*Jones v. The Lodge at Torrey Pines Partnership*, No. S151022, 2008 Cal. LEXIS 2504, at *9 (March 3, 2008) [referring to the holding in *Reno v. Baird,* 18 Cal.4th 640 (1998), "We also concluded that the aiding and abetting language of former subdivision (g)(now *subd. (i)* of *section 12940* did not impose personal liability on

1    nonemployers."]; *Reno v. Baird,* 18 Cal.4th 640, 643 (1998) [holding, "We conclude that the

2    FEHA, like similar federal statutes, allows persons to sue and hold liable their employers, but

3    not individuals."]; *Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1326 (1996) [holding supervisor not

4    liable as aider and abettor of employer for violation of the FEHA in sexual harassment action];

5    *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 77-79 (1996)  [employee cannot be held

6    liable for aiding and abetting corporate employer for violation of FEHA claim when employee

7    acts on behalf of corporation by making personnel decision].)   A corporation can only act

8    through its employees and thus an employee cannot act in concert or conspiracy with the

9    principal. (*Fiol v. Doellstedt,* 50 Cal.App.4th  at 1326.)

10         The facts and legal conclusions alleged in the Verified FAC preclude Plaintiff's sixth

11   claim against Jessica Braverman for aiding and abetting.   (*Fiol v. Deillstedt*, 50 Cal.App.4th

12   1318; *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55 (1996); *Reno v. Baird,* 18 Cal.4th

13   640 (1998).)   This is because an employee of an employer, as a matter of law, cannot be held

14   individually liable for aiding and abetting under a FEHA claim.   Here, the Verified FAC

15   unequivocally alleges facts that: 1) it was **Cherne** which conducted the investigation for Berkel,

16   2) **Cherne** acted through its employee and agent, Jessica Braverman, and 3) Jessica Braverman

17   performed the investigation in the course and scope of her employment with **Cherne**.

18         Under these circumstances, case law is clear that Ms. Braverman—as an employee of

19   Cherne—cannot personally be sued in connection to her investigation of Plaintiff's sexual

20   harassment complaint.  (*Vergos v. McNeal*, 146 Cal.App.4th 1387 (2007); *Fiol v. Doellstedt*, 50

21   Cal.App.4th 1318, 1331 (1996) ["A supervisor does not aid and abet the employer by acts

22   constituting personnel management decisions."]; *Reno v. Baird,* 18 Cal.4th 640 (1998);  *Janken

23   v. GM Hughes Electronics,* 46 Cal.App.4th 55 (1996).)   Here, the actual entity that is sued for

24   aiding and abetting Berkel is, in fact, Cherne (see ¶57, Verified FAC).   Under established FEHA

25   law, the alleged employee of Cherne, Ms. Braverman, cannot be sued as a "back up" defendant

26   to her employer, Cherne.

27         The fact that Plaintiff repeatedly sues both Cherne and Berkel in respondeat superior

28   liability establishes that the Court should disregard the conclusion of law that Ms. Braverman is

an independent contractor[1] because it is a conclusion for which Plaintiff has not pled any facts. *SEC v. Seaboard Corp.,* 677 F.2d 1315, 1316 (9th Cir. 1982) [holding that mere conclusion need not be accepted as true absent supporting allegations]. In addition, the conclusion of law that Ms. Braverman was an independent contractor should be disregarded because it contradicts the facts established by the exhibits attached to the Verified Amended Complaint, which indicate that Ms. Braverman was a Cherne employee.[2] *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). Finally, the aforementioned conclusion of law should be disregarded because the Court is not required to accept as true allegations in an amended complaint that, without any explanation, contradict an earlier complaint: nowhere does Plaintiff's original Verified Complaint allege that Ms. Braverman was an independent contractor. To the contrary, the original Verified Complaint only alleges that Ms. Braverman was an agent of Cherne and Berkel. (See original Verified Complaint, ¶¶ 16, 17; *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1324 (Fed. Cir. 1998); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1329-1330 (9th Cir. 1981).)

Accordingly, Plaintiff's Sixth Claim against Ms. Braverman should be dismissed without leave to amend.

### 2. Moreover, "Aiding Or Abetting" Only Covers Conduct Amounting to Active Participation In Acts Of Harassment, And Does Not Cover The Personnel Management Conduct Of Handling Sexual Harassment Grievances.

Section 12940, subpart (i) of the FEHA states that it is unlawful, "For any person to aid, abet, incite, compel, or coerce **the doing of the acts forbidden under this part** or to attempt to do so." (Emphasis added; California Government Code, § 12940.)

---

[1] "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, when Cherne sent her to assist Berkel in managing Plaintiff's complaint of harassment against Scher …" (Verified FAC, ¶ 93.)

[2] **Exhibit A** to the Verified FAC, a letter from Mr. Zuckerman of Berkel to Plaintiff, states that the investigation was prepared by Cherne. **Exhibit B** to the Verified FAC, an investigation report addressed from Ms. Braverman as a Human Resource Consultant **at Cherne**, and copying Cherne's VP of Human Resources, states that Cherne had informed her about the harassment incident.

1   Since FEHA provides no definition of aiding and abetting, courts have used the common

2   law definition, "'Liability may… be imposed on one who aids and abets the commission of an

3   intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives

4   substantial assistance or encouragement to the other to so act or (b) gives substantial assistance

5   to the other in accomplishing a tortious result and the person's own conduct, separately

6   considered, constitutes a breach of duty to the third person.'"   (Emphasis added; *Fiol v.*

7   *Deillstedt*, 50 Cal.App.4th 1318, 1325-1326, quoting *Saunders v. Superior Court* 27

8   Cal.App.4th 832, 846 (1994).)

9   Accordingly, California courts hold that that liability for aiding and abetting can only be

10   imposed on supervisory employees who **actually participated in the acts proscribed by the**

11   **FEHA—which in this case would be acts of sexual harassment—or who substantially**

12   **assisted or encouraged the actual acts of harassment.**   Under FEHA, mere inaction or failing

13   to investigate harassment does not constitute aiding and abetting.   (*Fiol v. Deillstedt*, 50

14   Cal.App.4th at 1326, 1327, 1331 ["A supervisor does not aid and abet the employer by acts

15   constituting personnel management decisions."]; *Vergos v. McNeal,* 146 Cal.App.4th 1387,

16   1396-1397 (2007)  [stating with respect to plaintiff's claim for aiding and abetting sexual

17   harassment against supervisory employee (McNeal), who was responsible for determining

18   merits of sexual harassment complaint, "Plaintiff fails to point to any allegation of any aiding

19   and abetting conduct by McNeal, other than her hearing, processing, and deciding his

20   (plaintiff's) grievances."].)

21   Here, Plaintiff alleges that Ms. Braverman was an agent of Cherne in her role of

22   investigating Plaintiff's sexual harassment complaint.   Therefore, as discussed in the above-

23   cited legal authority, Defendant Braverman cannot be held liable as an aider or abettor for

24   assisting Berkel as a Cherne employee in personnel management actions, such as the

25   investigation of an employee's sexual harassment complaint, or for any failure to act in

26   connection with her investigation. (*Fiol v. Deillstedt*, 50 Cal.App.4th at 1326, 1327, 1328, 1331

27   ["Such individual supervisory employees should not be placed at risk of personal liability,

28   however, for personnel management decisions which have been delegated to the supervisor by

1   the employer, such as deciding whether to investigate or take action on a complaint of sexual

2   harassment."].)

3       Therefore, Plaintiff's Sixth Claim for aiding and abetting harassment against Defendant

4   Braverman should be dismissed without leave to amend.

5   **B.    THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT**
        **LEAVE TO AMEND.**
6

7       The court has complete discretion to deny a request for leave to amend, when the

8   record shows it would be futile to do so; for example, when the plaintiff cannot explain how he

9   or she can state a viable claim.  *Havas v. Thornton*, 609 F.2d 372, 376-77 (9th Cir. 1979);

10  *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); and *Doe*

11  *v. United States*, 58 F.3d 494, 501(9th Cir. 1995); *Reddy v. Litton Industries, Inc.*, 912 F.2d

12  291, 296 (9th Cir. 1990); *Albrecht v. Lund,* 845 F.2d 193 (9th Cir. 1988).

13      Where, as here, the same legal bars that apply to the instant complaint would equally

14  apply to the claims of the anticipated amended complaint, leave to amend should therefore be

15  denied. *Gallagher v. Univ. of California, Hastings College of the Law, et al.*, 2001 U.S. Dist.

16  LEXIS 13435 at 13 (N.D.Cal.).

17      In the instant case, granting Plaintiff leave to amend would not serve any useful

18  purpose given the fact that the sixth claim cannot be cured by amendment. Therefore, dismissal

19  should be granted as to the sixth claim without leave to amend.

20  **C.    THE REMAINING DEFENDANTS IN THE CASE ARE COMPLETELY**
        **DIVERSE PARTIES.**
21

22      The remaining entity defendants are Berkel and Cherne, both foreign corporations

23  according to the Verified FAC.  (Verified FAC ¶¶ 2-3.)  The remaining individual defendant is

24  Mr. Gregory Scher, whom Plaintiff has alleged to be domiciled in Missouri.  (Verified FAC ¶

25  7.)   Therefore, all three remaining defendants are completely diverse from Plaintiff, who is a

26  California resident.  (Verified FAC ¶ 1.)

27

28

---

**V.    CONCLUSION**

For all the foregoing reasons, the Jessica Braverman respectfully requests that the Court grant her motion to dismiss as to the sixth claim, without leave to amend.

**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Allegations contained in Plaintiff's Verified First Amended Complaint ("Verified FAC") identify Mr. Brian Zuckerman and Braverman Mediation & Consulting as defendants, even though neither is a named party to the action and there are no claims asserted against either in the Verified FAC.   The Verified FAC also contains highly personal information about Defendant Jessica Braverman.   All of this material is irrelevant, immaterial, improper and prejudicial, and should be stricken without leave to amend.  (*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.,* 510 US 517, 534-535 (1994); *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820 (ND CA 1992).)

**II.    STATEMENT OF FACTS**

Paragraph 5 of the Verified FAC states, "Defendant, Braverman Mediation and Consulting, (hereinafter, "BMC"), is a business entity which Braverman held out as doing business in the state of California since 1995.   BMC currently is a sole proprietorship." (Verified FAC, ¶5.)

Paragraph 6 of the Verified FAC states, "Defendant, Brian Zuckerman, (hereinafter, "Zuckerman"), is, and at all times mentioned in this complaint was, a person doing business in California." (Verified FAC, ¶6.)

Paragraph 46 of the Verified FAC states, in relevant part, "She had been pregnant, but lost the baby as a result of the accident."  (Verified FAC, ¶46, 9:19-20.)

Paragraph 60 of the Verified FAC states, in relevant part, "On November 14, 2006, Plaintiff filed against Berkel **and Zuckerman** a complaint of discrimination under the provisions of FEHA."  (Emphasis added; Verified FAC, ¶60, 13:26.)

---

1    Paragraph 63 of the Verified FAC states, "On October 19, 2007, Plaintiff filed against

2    Braverman Mediation & Consulting, complaint of discrimination under the provisions of FEHA.

3    On October 22, 2007, the DFEH issued to Plaintiff a notice of case closure and right-to-sue

4    letter.  In filing this complaint of discrimination and receiving a right-to-sue letter, Plaintiff has

5    exhausted her administrative remedies against Braverman Mediation & Consulting, pursuant to

6    FEHA requirements."  (Verified FAC, ¶63.)

## III.    ARGUMENT

### A.    LEGAL STANDARD

California Federal Rule of Civil Procedure, Rule 12 (f), provides,

> (f) Motion to Strike.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>  (1) on its own; or
>  (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 fays after being served with the pleading.

Cal. Federal Rule of Civil Procedure, Rule 12(f).

A motion to strike is the primary method of reaching defects or objections to a pleading that cannot be addressed by a motion to dismiss, and can be used to attack portions—even single words or phrases—of a complaint.  (*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.,* 510 US 517, 534-535 (1994).)  A motion strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  (*LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, 830 (ND CA 1992).)  Similarly,  motion to strike may also be granted if the matter has no bearing on the controversy before the court.  (*Fantasy, Inc. v. Fogerty,* 984 F.2d at 1527.)

### B.    THE ALLEGATIONS TO BE STRICKEN ARE IRRELEVANT AND IMMATERIAL, IN ADDITION TO BEING PREJUDICIAL, AND HAVE NO BEARING ON THE SUBJECT MATTER OF THE LITIGATION.

Paragraphs 5, which names Braverman Mediation & Consulting as a defendant, and 63, also concerning BMC, are irrelevant, immaterial and improper because BMC is not a named defendant, and there are no claims asserted against BMC in the Verified FAC.

Paragraph 6, which names Mr. Zuckerman as a defendant, and the portion of the first sentence of Paragraph 60 stating "and Zuckerman," are irrelevant, immaterial and improper because Mr. Zuckerman is not a named defendant, and there are no claims asserted against him in the Verified FAC.

Paragraph 46 of the Verified FAC, which states, in relevant part, "She [Ms. Braverman] had been pregnant, but lost the baby as a result of the accident," is irrelevant, immaterial and improper. This public disclosure of personal information about Ms. Braverman has no bearing on this litigation, and is improper because it violates Ms. Braverman's right to privacy.

Ms. Braverman, Mr. Zuckerman and BMC would be prejudiced if the aforementioned material is not stricken from the Verified FAC. Mr. Zuckerman, BMC and Jessica Braverman, as the sole proprietor of BMC, would be prejudiced because one could believe, upon reading this public pleading, that both Mr. Zuckerman and BMC are parties to this litigation. Ms. Braverman would further be prejudiced because some of the material to be stricken contains highly personal information that is of no relevance to this action.

## IV.    <u>CONCLUSION</u>

Defendants Berkel and Jessica Braverman respectfully requests that Paragraphs 5, 6 and 63, and the portion of the first sentence of Paragraph 60 stating "and Zuckerman," and the portion of Paragraph 46 that states at 9:19-20, "She had been pregnant, but lost the baby as a result of the accident," be stricken from the First Amended Complaint, without leave to amend.


DATED:  March 18, 2008          **VARTAIN LAW GROUP**



                                BY:  /S/ Linda K. Adler _____
                                     MICHAEL J. VARTAIN
                                     LINDA K. ADLER
                                     Attorneys for Defendants
                                     BERKEL & COMPANY CONTRACTORS, INC.,
                                     AND JESSICA BRAVERMAN
                                     (erroneously sued as JESSICA BRAVERMAN-
                                     SMITH)

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– BRAVERMAN AND BERKEL'S MTN TO DISMISS, MTN TO STRIKE**

1    MICHAEL J. VARTAIN [SBN 92366]
     LINDA K. ADLER  [SBN 199809]
2    **VARTAIN LAW GROUP**
     601 Montgomery Street, Suite 540
3    San Francisco, CA 94111-2608
     Telephone:  [415] 391-1155
4    Facsimile:  [415] 391-1177

5    Attorneys for Defendants
     BERKEL & COMPANY CONTRACTORS, INC.,
6    BRIAN ZUCKERMAN, JESSICA BRAVERMAN
     (erroneously sued as JESSICA BRAVERMAN-SMITH)
7    AND BRAVERMAN MEDIATION & CONSULTING

8                    IN THE UNITED STATES DISTRICT COURT
                                FOR THE
9                         NORTHERN DISTRICT OF

10

11   WINIFRED L. GIBSON-JONES,              )   Case No.: **CV  0 7 – 0 6 4 4 0  WDB**
                                            )
12             Plaintiff,                   )
                                            )   **PROOF OF SERVICE**
13   vs.                                    )
                                            )
14   BERKEL & COMPANY CONTRACTORS,          )
     INC., a foreign corporation; CHERNE    )
15   CONSTRUCTION COMPANY, a foreign        )
     corporation; JESSICA BRAVERMAN-        )
16   SMITH, an individual; BRAVERMAN        )
     MEDIATION AND CONSULTING, a            )
17   California business entity; BRIAN      )
     ZUCKERMAN, an individual; GREGORY A.   )   Hearing Date:   April 30, 2008
18   SCHER, AKA WINGNUT SCHER, an           )   Time:           1:30 p.m.
     individual, and DOES 1-50, inclusive, )   Courtroom:      Courtroom 4, 3rd Floor
19                                          )   Judge:          Hon. Wayne D. Brazil
               Defendants.                  )   First Amended
20   _____)   Complaint filed:  March 11, 2008

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\FAC Motion to Dismiss\Revised MPA.doc

**PROOF OF SERVICE**

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.  My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On <u>March 18, 2008,</u> I served the following document(s) by the method indicated below:

- **DEFENDANT JESSICA BRAVERMAN'S NOTICE OF MOTION AND MOTION TO DISMISS THE SIXTH CLAIM FROM THE FIRST AMENDED COMPLAINT AND DEFENDANTS JESSICA BRAVERMAN AND BERKEL & COMPANY CONTRACTORS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT; MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF LINDA K. ADLER; AND PROPOSED ORDERS;**
- **DEFENDANT JESSICA BRAVERMAN'S REQUEST FOR JUDICIAL NOTICE;**
- **DECLARATION OF LINDA K. ADLER;**
- **PROPOSED ORDER RE DEFENDANT JESSICA BRAVERMAN'S MOTION TO DISMISS; and**
- **PROPOSED ORDER RE DEFENDANTS JESSICA BRAVERMAN AND BERKEL & COMPANY CONTRACTORS, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT.**

| | |
|---|---|
| ☐ | By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  The transmitting fax machine properly issued the transmission report, which is attached to this proof of service.  Service by facsimile was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct. 2003(3). |
| ☐ | By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  Signed proof of service by the process server or delivery service is attached to this proof of service. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| X | By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service. |

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on <u>March 18, 2008,</u> at San Francisco, California.

<u>/S/ Charissa Gung</u><br>
Charissa Gung

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



From:    Origin ID: APCA    (415)391-1155
Linda Adler, Esq.
Vartain Law Group
601 Montgomery Street, Suite 540

San Francisco, CA 94111

Ship Date: 18MAR08
ActWgt: 1 LB
System#: 3969973/INET8010
Account#: S *********

Delivery Address Bar Code



SHIP TO: 9259329455        BILL SENDER
**Patrice Zabell**
**Law Offices**
**2700 YGNACIO VALLEY RD STE 237**

**WALNUT CREEK, CA 945983463**

Ref #    Gibson-Jones Berkel
Invoice #
PO #
Dept #

RELEASE#: 3785346



TRK#
0201    7909 6413 1612

WED - 19MAR        A2
**PRIORITY OVERNIGHT**

**94598**
**CA-US**
**OAK**

**WA CCRA**



---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**