PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 237
Walnut Creek, California 94598-3463
Telephone:   (925) 932-9455
Facsimile:   (925) 932-9468

Attorney for Plaintiff
WINIFRED L. GIBSON-JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| WINIFRED L. GIBSON-JONES,<br><br>    Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONTRACTING CORPORATION, a foreign corporation; JESSICA BRAVERMAN-SMITH, AKA JESSICA BRAVERMAN, HR Consultant, Cherne Contracting Corporation; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.  07-06440 PJH<br><br>**PLAINTIFF'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' BERKEL & COMPANY CONTRACTORS, INC. AND JESSICAL BRAVERMAN'S OBJECTION TO REPORT AND RECOMMENDATION, MOTION FOR DE NOVO DETERMINATION, REQUEST FOR EXPANSION OF RECORD AND REQUEST FOR *UPJOHN* HEARING**<br><br>**Judge: Phyllis J. Hamilton**<br>**First Amended Complaint Filed:  3/11/08** |

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 237
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**

*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    **Case No.: 07-06440 PJH**

# TABLE OF CONTENTS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION ................................................................................................................... 1

I.   ARGUMENT ........................................................................................................................ 1

    A.   PLAINTIFF REQUESTS THAT THIS COURT AFFIRM THE MAGISTRATE JUDGE'S REPORT RECOMMENDATION TO DENY DEFENDANT BRAVERMAN'S MOTION TO DISMISS THE AIDING AND ABETTING CLAIM. ........................................... 1

        1.   Defendants' Argument That As A Non-Employer, Braverman Cannot Be Found Liable As An "Aider And Abetter" Under Well-Settled CA Law Is Not The Issue: At Issue Is Whether Braverman Would Be Considered A Kind Of Agent Of Defendant Berkel's That Could Not Be Deemed To Aid Or Abet Berkel Because She Was Insufficiently Independent. ................... 2

        2.   Plaintiff Has Alleged Aiding And Abetting Conduct By Braverman; To Wit, Braverman Took Affirmative "Deceitful" Acts To Minimize Berkel's Liability With Respect To Berkel's Legal Duty Under FEHA To Conduct An Objective Thorough Investigation Into Plaintiff's Allegations Of Sexual Harassment. ................................................................................ 3

        3.   Plaintiff Has Pled Numerous Facts In Support Of The Allegation That Defendant Braverman Was An Independent Contractor To Berkel, And The Magistrate Judge Did Not Commit Error In Considering Plaintiff's Allegation That Defendant Braverman Was Also An Independent Contractor To Berkel. ........................................... 6

    B.   PLAINTIFF REQUESTS THAT THE COURT AFFIRM MAGISTRATE JUDGE'S SUA SPONTE RECOMMENDATION TO REMAND, AND THE MAGISTRATE JUDGE'S DECISION THAT NO FURTHER PLEADING BE REQUIRED OF PLAINTIFF TO EFFECT THE REMAND. ............................................................................ 7

II.  CONCLUSION ..................................................................................................................... 8

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 237
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

i

PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING

*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                                           Case No.: 07-06440 PJH

# TABLE OF AUTHORITIES

Federal Cases

*Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313 .......................................................... 1

State Cases

*Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383 ............................................ 4

*Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318 ........................................................................... 3

*Reno v. Baird* (1998) 18 Cal.4th 640 ....................................................................................... 3, 4

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 237
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

ii

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**

*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                             **Case No.: 07-06440 PJH**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION**
**TO REPORT AND RECOMMENDATION**

Plaintiff opposes defendants' objections to the magistrate Judge's Report and Recommendation as follows:

1) The Magistrate Judge's recommendation that the Verified First Amended Complaint ("FAC"), states a claim against defendant Braverman as an individual is not in error, as the facts and circumstances of this case are unique and have not been well-settled under clearly-established California law,

2) The Magistrate Judge's recommendation that defendant Braverman is not a "sham" defendant whose citizenship should be disregarded in determining whether complete diversity exists is not error, as defendants have failed to show that plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state";  and

3) The Magistrate Judge's recommendation that the case be remanded is not error, as the District Court has discretion to remand the case sua sponte.

Plaintiff opposes defendants request that the District Court Judge make a de novo determination and conduct a jurisdictional hearing pursuant to *Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313, as to the objected to recommendations pursuant FRCP 72(b)(3).

Plaintiff further requests that the District Court deny defendants' Request for Judicial Notice of evidence previously offered for which defendants' previously sought judicial notice, and further, that the District Court find that the evidence presented by defendants pursuant to their motion to expand the record, is not, contrary to defendants assertion, "indisputably authentic business records."

### I. ARGUMENT

**A. PLAINTIFF REQUESTS THAT THIS COURT AFFIRM THE MAGISTRATE JUDGE'S REPORT RECOMMENDATION TO DENY DEFENDANT BRAVERMAN'S MOTION TO DISMISS THE AIDING AND ABETTING CLAIM.**

*///*

*///*

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No.: 07-06440 PJH

**1.     Defendants' Argument That As A Non-Employer, Braverman Cannot Be Found Liable As An "Aider And Abetter" Under Well-Settled CA Law Is Not The Issue: At Issue Is Whether Braverman Would Be Considered A Kind Of Agent Of Defendant Berkel's That Could Not Be Deemed To Aid Or Abet Berkel Because She Was Insufficiently Independent.**

It is not well-settled that California courts would hold that anyone who might be deemed an "agent" of an employer for any purpose or in any legal context would, simply because of the attachment of that label, be immune from suit as an aider and abettor of a violation of FEHA. Braverman's legal status, for purposes of determining whether she can be held liable as an "aider and abetter" under FEHA is a factual inquiry, and the facts have not yet been proven.

Defendants' appear to argue that it is well-pled that Braverman performed the investigation at issue in the course and scope of her employment and agency with Cherne; that she is therefore pled to be a non-employer; and that she therefore cannot be held liable for "aiding and abetting" under FEHA. This argument appears to lead defendants to the conclusion that the Magistrate Judge erred in denying Braverman's Motion to Dismiss the aiding and abetting claim. To support that argument, defendants move to expand the record to offer "indisputably authentic business records for which judicial has previously been sought." (Defs' Objection to Report and Recommendation, p.1, ll.22-23). The business records produced by defendants, in prior filings and in their current motion, are not "indisputably authentic":  none of the records produced by defendants proves conclusively, either as a matter of fact or law, that Braverman was acting in her capacity as an employee of Cherne during all relevant times. Moreover, the records produced have not been properly authenticated. Accordingly, Plaintiff objects to defendants' request that the court take judicial notice of the records they claim are "indisputably authentic business records" to prove that Braverman was, either factually or legally, an employee of Cherne at all times relevant. Further, plaintiff requests that the court affirm the Magistrate Judge's recommendation to deny Braverman's Motion to Dismiss the aiding and abetting claim.

/ / /

/ / /

2

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                              **Case No.: 07-06440 PJH**

### 2. Plaintiff Has Alleged Aiding And Abetting Conduct By Braverman; To Wit, Braverman Took Affirmative "Deceitful" Acts To Minimize Berkel's Liability With Respect To Berkel's Legal Duty Under FEHA To Conduct An Objective Thorough Investigation Into Plaintiff's Allegations Of Sexual Harassment.

Defendants appear to argue that Braverman cannot be held liable as an aider and abetter, relying in their argument on cases which they contend examined the type of conduct that qualifies as "aiding and abetting" under FEHA. As a preliminary matter, their reliance of *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, is inapposite. Defendants' *Fiol* cites addressed conduct that *does not* qualify as "aiding and abetting under FEHA. Furthermore, Defendants continue to focus on cases that are factually distinguishable. All of the cases cited involve a single empoyer-employee factual scenario. In the instant case we have *two distinct corporate entities*, the first, Berkel, being the employer of the harassment victim and the accused harasser. The second corporation, Cherne, sent Braverman to conduct the investigation, in part because FEHA requires that an investigation into sexual harassment allegations must be neutral and objective; hence, since Cherne and Braverman are not affiliated with Berkel, there can be greater reliance that the investigation will be objective and neutral. Moreover, Braverman is an attorney, with specialized skills and training that qualify her above and beyond a lay person, to conduct such an investigation. On this basis alone, California law is not well-settled, and *Fiol* is inapplicable.

Defendants' reliance on *Reno v. Baird* (1998) 18 Cal.4th 640, 645 also is inapposite. Like *Fiol*, *Reno v. Baird* involved a single employer-employee factual scenario; moreover the holding in *Reno v. Baird* involved discriminatory acts, not aiding and abetting. Indeed, in its reasoning, the *Reno* court specifically addressed the issue of the different language in FEHA as compared to federal statutes in determining whether it was appropriate to rely on reasoning of sister courts in their interpretation of analogous federal laws, to wit:

> The Court of Appeal here also concluded the federal cases do not apply because of "the significant differences between the federal statutes and the FEHA...." It relied on certain differences in remedy, the aiding and abetting language of section 12940, and language indicating the Fair Employment and Housing Commission (FEHC) may issue a written accusation against the accused " person [or] employer...." (§ 12965, subd. (a), italics added; see also §§ 12965, subd. (b), 12970, subds. (a), (b).) None of these points

3

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                                    Case No.: 07-06440 PJH

> convince us. In general, "The language, purpose and intent of California and federal antidiscrimination acts are virtually identical. Thus, in interpreting FEHA, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under" the federal acts. (*Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1386, 15 Cal.Rptr.2d 53.) The general rule applies to the issue in this case. The substance of the relevant language involved here-including the "agent" provision-is found in each of the analogous federal statutes. ***Any differences in remedy and the aiding and abetting language do not persuade us the Legislature intended a rule regarding individual liability unlike the federal rule.***

*Reno v. Baird*, 18 Cal.4th 640, 659, emphasis added.

Here, it is the "aiding and abetting" language of FEHA that is at issue, and *Reno v. Baird* makes clear that this is not well-settled under California law, making defendants' reliance on *Reno v. Baird* misplaced, if not specious.

Whether Braverman was acting as an employee of Cherne in her capacity as the investigator of plaintiff's sexual harassment complaint is factually disputed, and Braverman's declaration hardly disposes of the issue; rather, it adds further ambiguity to her relationship with Cherne. For example, Braverman offers a letter from Cherne Vice President, Catherine LaPoint, to prove that she was acting as Cherne's employee at all relevant times (Decl. of Jessica Braverman, Exh.A); however, it remains possible that Braverman, in addition to being on the payroll as an HR Specialist, also provided services to Cherne as an independent contractor. In fact, the letter Braverman wrote to Brian Zuckerman, Berkel's Assistant Regional Manager, (FAC, Exhibit B, which defendants repeatedly refer to as the "report" she conducted into plaintiff's allegations of sexual harassment against defendant, Scher, and which they carefully refer to as "dated October 19, 2006," (as opposed to written or sent on October 19, 2006), was on letterhead that identified Braverman as an "HR Consultant," *not* as an HR Specialist, her job title as a part-time employee of Cherne. Moreover, LaPoint's letter confirming Braverman's acceptance of their job offer, attached to Braverman's Second Supplemental Declaration as Exhibit A, states that in her capacity as an HR Specialist she would report directly to Shorty Holsman, the Project Manager, with hours to be arranged with Holsman. However, in her Second Supplemental Declaration, Braverman makes declarations that arguable contradict

4

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                              Case No.: 07-06440 PJH

1  evidence previously on the record, to wit, Braverman declares:

2  · that, as an employee of Cherne, her job assignments and projects were controlled
3  by Cherne, and she reported to two supervisors, Holsman *and LaPoint*. (Second
4  Supplemental Declaration of Jessica Braverman, p.1, para.4, ll.21-23).

5  · that she was at home when she received the telephone call from LaPoint, whom
6  Braverman declares was her "Cherne supervisor." (Second Supplemental
7  Declaration of Jessica Braverman, p.2, para. 6, ll.12-13).

8  · that LaPoint, whom Braverman refers to as her "Cherne supervisor," assigned her
9  to go to the Tesoro site immediately and to conduct a <u>limited</u> investigation for
10  Berkel. (Second Supplemental Declaration of Jessica Braverman, p.2, para 6,
11  ll.13-14).

12  · that she had no decision-making authority and all of her tasks and reports were
13  reviewed and controlled by her supervisors. (Second Supplemental Declaration of
14  Jessica Braverman, p.1, para.4, ll.23-24).

15  · that it was her understanding that she was to do as she had been told by Cherne.
16  (Second Supplemental Declaration of Jessica Braverman, p.2, para.8, ll.18-19).

17  · that Braverman Mediation & Consulting was not in existence in October-
18  November 2006. (Second Supplemental Declaration of Jessica Braverman, p.4,
19  para.15, ll.6-7).

20  Plaintiff offers the District Court evidence that Braverman has at various timeS placed on
21  the internet, for all the world to see, that undermines her declaration. Exhibit A to the
22  Declaration of Patrice R. Zabell was downloaded from the internet, and is incorporated herein. It
23  would seem that in her capacity of counsel with the Trust and Probate Law Group, she brings
24  experience as a trial attorney for a premier law firm, and that she co-chaired a multi-million
25  dollar lawsuit on behalf of several plaintiffs in a race discrimination/employment lawsuit; that
26  she serves as a judge pro tem; that she established Braverman Mediation & Consulting in 1995,
27  and in 2007, she established the California Employment Law Training Center, *a division of*
28  *Braverman Mediation & Consulting*. (Decl. of Patrice R. Zabell, Exhibit A). In the instant action,

5

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR** *UPJOHN* **HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                               Case No.: 07-06440 PJH

however, on the day she investigated plaintiff's allegations of sexual harassment against Scher, Braverman was an hourly, part-time HR Specialist, who had no decision-making authority and all of her tasks and reports were reviewed and controlled by her supervisors, and it was her understanding that she was to do as she had been told by Cherne.  The evidence presented herein by plaintiff provides strong support to plaintiff's contention that it would be premature to accept Braverman's Declaration as conclusive evidence to support her Motion to Dismiss on the grounds that she cannot be held liable as an "aider and abetter" under FEHA.

### 3. Plaintiff Has Pled Numerous Facts In Support Of The Allegation That Defendant Braverman Was An Independent Contractor To Berkel, And The Magistrate Judge Did Not Commit Error In Considering Plaintiff's Allegation That Defendant Braverman Was Also An Independent Controactor To Berkel.

First, plaintiff's allegations that Braverman was an independent contractor are not pled without any facts to support such assertion.  Plaintiff has pled:

- that Braverman was acting as an agent of Cherne for purposes of imposing liability on Cherne under the doctrine of respondeat superior. (FAC, p.3, para.16, ll.22-25);
- that Braverman was acting as an agent of Berkel for purposes of imposing liability on Berkel pursuant to the doctrine of respondeat superior. (FAC, p.3, para.17, ll.26-27.
- that Braverman was acting for Berkel as an independent contractor, in that she is an attorney who previously was unaffiliated with Berkel, and she represented to plaintiff that Berkel retained her for the purpose of conducting a neutral objective investigation. (FAC, pp.3-4, para.17, ll.28-2).
- that Braverman introduced herself to plaintiff as an HR Consultant whom Cherne brought in because Berkel had no one on the jobsite to conduct an investigation. (FAC, p.8, para.45, ll.12-13).
- that Braverman told plaintiff that she would be conducting an objective investigation into plaintiff's harassment complaint.  (FAC, p.8, para.45, ll.13-14).
- that Braverman told plaintiff that she is an attorney. (FAC, p.8, para.45, l.15).
- that Braverman told plaintiff that she has taught law courses. (FAC, p.8, para.45, ll.15-

6

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR** *UPJOHN* **HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                              **Case No.: 07-06440 PJH**

1    16).

2  · that Braverman informed plaintiff that she had turned over all of her file to Berkel, and
3    did not retain any copies.  (FAC, p.9, para.36, ll.14-15).

Braverman may – or may not – have been employee of Cherne, but as a matter of law she may have been an independent contractor to Berkel.  The Magistrate Judge did not err, and defendants' argument that plaintiff's pleading is conclusory in this regard, and not supported by factual allegations, is without merit.  Plaintiff requests that on this basis, the District Court affirm the Magistrate Judge's Report and Recommendation to deny defendants' Motion to Dismiss plaintiff's sixth cause of action against Braverman for aiding and abetting under FEHA.

### B. PLAINTIFF REQUESTS THAT THE COURT AFFIRM MAGISTRATE JUDGE'S SUA SPONTE RECOMMENDATION TO REMAND, AND THE MAGISTRATE JUDGE'S DECISION THAT NO FURTHER PLEADING BE REQUIRED OF PLAINTIFF TO EFFECT THE REMAND.

The Magistrate Judge, in recommending that the District Court remand this action to the state court, noted that a federal district court is expected to raise and address the issue of subject matter jurisdiction sua sponte if the court identified a substantial basis for questioning whether it has such jurisdiction.  Further, the Magistrate Judge recommended that the parties not be required to file separate additional papers addressing the remand issue.  On that basis, plaintiff requests that the District Court affirm the Magistrate Judge's recommendation and remand the instant action to the state court without having to file separate additional papers addressing the remand issue.

Finally, plaintiff requests that the District Court deny defendants' request for an *Upjohn* hearing.  Defendants' base their motion on the assertion that they have not yet had the opportunity to be heard on this issue with regard to the FAC, which they claim is substantially changed from the prior pleading. (Def's Objection to Report and Recommendation, p.7, ll.8-9). Defendants fail to provide any support for their contention that the FAC is substantially changed from the prior pleading. Indeed, two prior defendants, Zuckerman and BMC, have been dropped in plaintiff's FAC, and plaintiff has re-pled her theory of aiding abetting liability against Braverman, to make it clearer that plaintiff is alleging that Braverman aided and abetted Berkel

7

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                    Case No.: 07-06440 PJH

1 in breaching its duty to conduct an objective thorough investigation in to plaintiff's allegation of
2 sexual harassment against defendant Scher, and not aiding and abetting Scher's acts of sexual
3 harassment. Defendants had ample opportunity to brief and argue their theory that Braverman is
4 a sham defendant at the hearing on February 7, 2008, and the FAC offers no new legal theories.
5 On that basis, plaintiff requests that the District Court deny defendants' request for an Upjohn
6 hearing.

## II.   CONCLUSION

Based on the foregoing, plaintiff requests that the District Court affirm the Magistrate Judge's Report and Recommendation, that the District Court deny defendants' Motion to Dismiss the Sixth Cause of Action against defendant Braverman for aiding and abetting Berkel's breach of duty under FEHA, and that the District Court REMAND the case to the state superior court.

Respectfully submitted,

DATED: April 9, 2008            LAW OFFICES OF PATRICE R. ZABELL

By:   /s/ Patrice R. Zabell
      PATRICE R. ZABELL
      Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

8

**PL.'S P'S & A'S IN OPP. TO DEF.S' OBJECTION TO REPORT AND RECOMMENDATION, MOT. FOR DE NOVO DETERMINATION, REQ. FOR EXPANSION OF RECORD AND REQ. FOR *UPJOHN* HEARING**
*Gibson-Jones v. Berkel & Company Contractors, Inc., et al.*                **Case No.: 07-06440 PJH**