1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND  JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)

7

8                 IN THE UNITED STATES DISTRICT COURT
                              FOR THE
9                  NORTHERN DISTRICT OF CALIFORNIA
                              OAKLAND
10

11  WINIFRED L. GIBSON-JONES,          )   Case No.:  **CV  07 – 06440  PJH**
                                        )
12              Plaintiff,              )
                                        )
13  v.                                  )   **DEFENDANTS BERKEL & COMPANY
                                        )   CONTRACTORS, INC. AND JESSICA
14  BERKEL & COMPANY CONTRACTORS,      )   BRAVERMAN'S OBJECTION TO
    INC., a foreign corporation; CHERNE )   REPORT AND RECOMMENDATION,
15  CONSTRUCTION COMPANY, a foreign    )   MOTION FOR DE NOVO
    corporation; JESSICA BRAVERMAN-    )   DETERMINATION, REQUEST FOR
16  SMITH, AKA JESSICA BRAVERMAN, HR   )   EXPANSION OF RECORD AND
    Consultant, Cherne Contracting Corporation; )   REQUEST FOR *UPJOHN* HEARING
17  GREGORY A. SCHER, AKA WINGNUT      )   _____
    SCHER, an individual, and DOES 1-50, )
18  inclusive,                          )   Judge:         Phyllis J. Hamilton
                                        )   First Amended
19              Defendants.             )   Complaint filed:  March 11, 2008
    _____ )
20

21

22  **ATTACHED DOCUMENTS:**

23  **1.      DEFENDANT JESSICA BRAVERMAN'S MOTION TO DISMISS (previously
            filed), including DECLARATION OF LINDA K. ADLER**
24
25  **2.      SECOND SUPPLEMENTAL DECLARATION OF JESSICA BRAVERMAN**

26

27

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND
RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

**TABLE OF CONTENTS**

OBJECTION TO REPORT AND RECOMMENDATION .................................................. 1

I.    SUMMARY OF OBJECTIONS, MOTION FOR DE NOVO
      DETERMINATION AND EXPANSION OF RECORD, AND
      REQUEST FOR *UPJOHN* HEARING ........................................................... 1

II.   ARGUMENT................................................................................................ 2

      A.    DEFENDANTS OBJECT TO THE MAGISTRATE
            JUDGE'S RECOMMENDATION THAT THE
            DISTRICT COURT JUDGE DENY MS.
            BRAVERMAN'S MOTION TO DISMISS THE
            AIDING AND ABETTING CLAIM.................................................. 2

            1.    The Verified FAC Pleads That Ms. Braverman
                  Was A  Non-Employer In That It  Pleads That
                  Ms. Braverman Was An *Employee* Of Other
                  Employers: According To Well-Settled
                  California Law, An Individual Who Is Not An
                  Employer May Not Be Sued Under the "Aid And
                  Abet" Provision Of The FEHA.................................................. 2

            2.    The Verified FAC Pleads Facts That Ms.
                  Braverman Was A  Non-Participant In Mr.
                  Scher's Acts Of Harassment Of Plaintiff;
                  Rather, Ms. Braverman Investigated Mr. Scher's
                  Acts Of Harassment And Thereby Caused His
                  Prompt Discharge From Employment.
                  According To Well-Settled California Law, An
                  Individual Who Does Not Participate In The
                  Unlawful Acts, But Who, Rather, Investigates
                  Them,  May Not Be Sued Under The "Aid And
                  Abet" Provision  Of The FEHA.................................................. 4

            3.    Plaintiff's Conclusory And Inconsistent
                  Allegation That Ms. Braverman Was Also An
                  Independent Contractor To Berkel Should Have
                  Been Disregarded By The Magistrate Judge
                  According To Well-Settled California Law,
                  Because No Facts Were Pled In Support Of Such
                  Allegation.  Allegations Contained In The
                  Verified FAC And In The Exhibits Attached To
                  The Verified FAC Shows This To Be A Sham
                  Allegation To Evade The Court's Diversity
                  Jurisdiction  .................................................................. 5

      B.    DEFENDANTS OBJECT TO THE MAGISTRATE
            JUDGE'S  RECOMMENDATION THAT THE
            DISTRICT COURT JUDGE GRANT PLAINTIFF'S
            PURPORTED MOTION TO REMAND .................................................. 6

III.  CONCLUSION ........................................................................................ 7

GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND
RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc          -i-

## OBJECTION TO REPORT AND RECOMMENDATION

I.    **SUMMARY OF OBJECTIONS, MOTION FOR DE NOVO DETERMINATION AND EXPANSION OF RECORD, AND REQUEST FOR *UPJOHN* HEARING**

Defendants Berkel & Company Contractors, Inc. ("Berkel") and Jessica Braverman ("Ms. Braverman") (collectively, "Defendants") object to the Magistrate Judge's Report and Recommendation as follows:

1)    The Magistrate Judge's recommendation that the Verified First Amended Complaint (Verified FAC") states a claim against Ms. Braverman as an individual is in error under clearly established California law;

2)    The Magistrate Judge's corollary recommendation, that Ms. Braverman is not a "sham" defendant whose citizenship should be disregarded in determining whether complete diversity exists, is in error; and

3)    The Magistrate Judge's recommendation that the case be remanded (as opposed to dismissed without prejudice) is in error. The case should remain in federal court because complete diversity exists. Even if complete diversity did not exist, remand would be contrary to law as the case was properly removed, and thus only dismissal without prejudice is proper.

Defendants request that the District Court Judge make a de novo determination as to the objected to recommendations pursuant to California Federal Rules of Civil Procedure, Rule 72(b)(3); see *also* 28 USC § 636(b)(1).   As part of the District Court's de novo review, Defendants request a jurisdictional hearing pursuant to *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998).

In addition, Defendants move to expand the record to offer indisputably authentic business records for which judicial notice has been previously sought. (*See* attached Declaration of Linda K. Adler, previously filed in support of Ms. Braverman's Motion to Dismiss.) Defendants also offer the Second Supplemental Declaration of Jessica Braverman, which was not before the Magistrate Judge because he entered his Report and Recommendation without an *Upjohn* hearing or notice to the parties.

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc     -1-

## II.    ARGUMENT

### A.    DEFENDANTS OBJECT TO THE MAGISTRATE JUDGE'S RECOMMENDATION THAT THE DISTRICT COURT JUDGE DENY MS. BRAVERMAN'S MOTION TO DISMISS THE AIDING AND ABETTING CLAIM.

Defendants object to the Magistrate Judge's recommendation to the District Court that: 1) Plaintiff has stated a claim against Ms. Braverman for "aiding and abetting" and;  2) as a result, Defendants have failed to prove that Ms. Braverman is a "sham" defendant whose citizenship should be ignored in determining whether there is complete diversity.

### 1.    The Verified FAC Pleads That Ms. Braverman Was A Non-Employer In That It Pleads That Ms. Braverman Was An *Employee* Of Other Employers: According To Well-Settled California Law, An Individual Who Is Not An Employer May Not Be Sued Under the "Aid And Abet" Provision Of The FEHA.

The Verified FAC alleges that the factual basis for Ms. Braverman's liability is based on acts performed in her capacity as an HR staff *employee,* not as an employer herself:

- "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, **when Cherne sent her** to assist Berkel in managing Plaintiff's complaint of harassment against Scher …" (Emphasis added; Verified FAC, ¶ 93.)

- "…Plaintiff was approached by Braverman, who introduced herself as an HR Consultant whom **Cherne brought in** because Berkel had no one on the jobsite to conduct an investigation." (Emphasis added; Verified FAC, ¶ 45.)

- Also present during the interview [of Plaintiff during the investigation] was Mike Sellars, whom Plaintiff believes to be a General Foreman **employed by Cherne**. (Parenthetical added; Emphasis added; Verified FAC, ¶ 45, 8:20-22.)

- "Plaintiff alleges that subsequent to Braverman's investigation, **Cherne's** Vice President of Human Resources, Cathy LaPoint, **sent a letter and invoice to Zuckerman for Braaverman's [sic] services**." (Emphasis added; Verified FAC, ¶ 59.)

**Exhibit A** to the Verified FAC is a letter dated November 7, 2006, from Brian Zuckerman of Berkel, to Plaintiff.  In the letter, Mr. Zuckerman refers to, "the preliminary investigation prepared by Chrene [sic] Contracting Corporation."

**Exhibit B** to the Verified FAC is an investigation report dated October 19, 2006, from Ms. Braverman to Mr. Zuckerman of Berkel.  The letterhead shows that the letter is from "Jessica A. Braverman-Smith, Human Resources Consultant, Cherne Contracting Corporation."  In the letter, Ms. Braverman writes, "I was called by Cherne's VP of Human

GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc                -2-

1    Resources alerting me that an alleged sexual harassment incident had occurred at the Tosoro

2    Martinez site recently that day."  The letter further states, "You and I agreed since Cherne was

3    the outside party in this matter, **it made sense that Cherne could do the best neutral**

4    **investigation**." (Emphasis added.) The letter ends by stating, "I believe Cherne has now

5    correctly turned this matter completely back to Berkel for further handling.  This concludes my

6    involvement in the matter."   The letter was copied to Cathy C. LaPoint, VP of Human

7    Resources at **Cherne Corporation**.

8         Accordingly, it is well-pled that Ms. Braverman performed the investigation in the

9    course and scope of her employment and agency with Cherne, and as an employee, she is

10   therefore pled to be a non-employer under *Reno v. Baird,*  18 Cal.4th 640 (1998).

11        In  *Reno v. Baird*,  the California Supreme Court analyzed the body of case law

12   addressing whether the FEHA imposes personal liability on individual employees or managers

13   as aiders and abettors of violations of the FEHA statute:

14        Recently, we noted that, although a number of cases "have involved individual
          defendants, with no argument made that they could not be personally liable," "no
15        prior published California decision has directly considered **whether FEHA**
          **imposes personal liability on an individual employee or manager who causes**
16        **or assists a covered 'employer' to violate the statute's prohibitions** against
          discriminatory hiring, firing, and personnel practices."[citations omitted] Later, in
17        scholarly decisions, two Courts of Appeal considered the question and reached
          opposite conclusions.  The first, *Janken, …* **concluded that only the employer,**
18        **and not individual supervisors, may be sued and held liable**.  The second, the
          Court of Appeal decision in this case … concluded that individual supervisors
19        also may be sued.  **We agree with *Janken.***

20        (Emphasis added; Citations omitted; *Reno v. Baird,* 18 Cal.4th 640, 645 (1998).)

21   The *Reno* court went on to cite the *Janken* holding with approval,

22        [W]e conclude that the Legislature did not intend to impose personal liability
          upon individual supervisory employees by the roundabout method of 'aiding and
23        abetting' language.

24        (*Id.* at 656, quoting *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 77-79
          (1996).)
25
     The *Reno* court further stated, "We find the cases concluding supervisory employees are not
26
     individually liable persuasive in both number and reasoning." (*Id.* at 659.)  Accordingly, the
27
     *Reno* court determined, "For these reasons, we conclude that individuals who do not themselves
28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND
RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

1   qualify as employers may not be sued under the FEHA for alleged discriminatory acts." (*Id.* at

2   663.)

3       Recently, in *Jones v. The Lodge at Torrey Pines Partnership,* No. S151022, 2008 Cal.

4   LEXIS 2504, at *9 (March 3, 2008), the California Supreme Court restated that the aiding and

5   abetting language of the FEHA does not impose personal liability on nonemployers,

6       We also concluded that the aiding and abetting language of former subdivision (g)
        (now *subd. (i)* of *section 12940* did not impose personal liability on

7       nonemployers. (*Reno, supra, at pp.* 655-656.)

8       (*Jones v. The Lodge at Torrey Pines Partnership,* No. S151022, 2008 Cal. LEXIS
        2504, at *9 (March 3, 2008).)

9

10  Again, as Ms. Braverman is pled to be a non-employer as a matter of settled California law, she

11  simply cannot be sued under the "aid and abet" provision of the FEHA, and the Magistrate

12  Judge erred in concluding otherwise.

13          **2.    The Verified FAC Pleads Facts That Ms. Braverman Was A Non-
                    Participant In Mr. Scher's Acts Of Harassment Of Plaintiff; Rather,**
14          **Ms. Braverman Investigated Mr. Scher's Acts Of Harassment And
                    Thereby Caused His Prompt Discharge From Employment.**
15          **According To Well-Settled California Law, An Individual Who Does
                    Not Participate In The Unlawful Acts, But Who, Rather, Investigates**
16          **Them, May Not Be Sued Under The "Aid And Abet" Provision Of
                    The FEHA.**
17

18      In addition to addressing the issue of who may be held liable as an "aider and abettor,"

19  the Court of Appeal in *Fiol v. Doellstedt,* 50 Cal.App.4th 1318 (1996), a sexual harassment

20  case, examined the type of conduct that qualifies as "aiding and abetting" under the FEHA,

21      A supervisor does not aid and abet a harasser by mere inaction.  A supervisor does
        not aid and abet the employer by acts constituting personnel management
22      decisions.  The "agent of an employer" language in *section 12940, subdivision
        (h)(3)(A)* does not impose personal liability on a non-harassing supervisor, but
23      rather imposes on the employer vicarious liability for the supervisor's acts.

24      (*Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1331 (1996).)

25      In another appellate decision, *Vergos v. McNeal,* 146 Cal.App.4th 1387 (2007), the court

26  addressed whether a supervisor's personnel management activity of investigating a sexual

27  harassment complaint could expose her to liability as an "aider and abettor," holding,

28

---

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND
RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

1
2
3

Plaintiff argues his third cause of action against McNeal does not "arise from" McNeal's conduct or writings.  He says he did not target McNeal as a quasi-judicial officer for her written decision on his grievance, but rather as a defendant for her participation in aiding and abetting Tollefson's harassment of plaintiff.

…

**Plaintiff fails to point to any allegation of aiding and abetting conduct by McNeal, other than hearing, processing, and deciding his grievances**.  His respondent's brief on appeal said he named McNeal "as an individual defendant in his First and Third Causes of Action for direct supervisor liability under FEHA [Government Code section 12940 et seq.] as an aider and abettor pursuant to the holding in *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318… However, *Fiol* said that **supervisory employees should not be placed at risk of personal liability for personnel management decisions which have been delegated to the supervisor by the employer, such as deciding whether to take action on a complaint of sexual harassment.** [citation omitted]

*(Vergos v. McNeal,* 146 Cal.App.4th 1387, 1396  (2007).)

As a matter of well-settled California law, a person cannot be held liable as a FEHA "aider and abettor" for performing the delegated personnel management activity of investigating a sexual harassment complaint when, as here, it is alleged that she did not participate in the acts of harassment.  The Magistrate Judge erred in concluding that non-participating Ms. Braverman, who did nothing but investigated a complaint, can be a FEHA "aider and abettor."

3.    **Plaintiff's Conclusory And Inconsistent Allegation That Ms. Braverman Was Also An Independent Contractor To Berkel Should Have Been Disregarded By The Magistrate Judge According To Well-Settled California Law, Because No Facts Were Pled In Support Of Such Allegation.  Allegations Contained In The Verified FAC And In The Exhibits Attached To The Verified FAC Shows This To Be A Sham Allegation To Evade The Court's Diversity Jurisdiction**

The Verified FAC asserts that Ms. Braverman was an independent contractor, without pleading any facts to support such assertion.

This conclusory allegation should be ignored because, according to California pleading law, such allegations unsupported by facts are inadequate and may be disregarded.   (*Berger v. California Insurance Guarantee Ass'n,* 128 Cal.App.4th 989, 1006 (2005); *Careau & Co., etc., et al. v. Security Pacific Business Credit, Inc.,* 222 Cal.App. 3d 1371, 1390-1391 (1990).)  Federal courts also follow this well-established pleading principle.  (*SEC v. Seaboard Corp.,* 677 F.2d 1315, 1316 (9th Cir. 1982) [holding that mere conclusion need not be accepted as true

GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc                    -5-

1    absent supporting allegations]; see also, *McCabe v. General Foods Corporation,* 811 F.2d 1336,

2    1340 (9th Cir. 1987) and *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1320 (9th Cir. 1998).

3        Further, this conclusory allegation should be disregarded because it contradicts the

4    actual facts that are pled in the FAC and established by the exhibits attached to the FAC, both of

5    which plead that Ms. Braverman was a Cherne employee, not an independent contractor.[1]

6        California pleading law provides that where the plaintiff pleads a general, conclusory

7    allegation that is inconsistent with or unsupported by specific factual allegations contained in

8    the pleading, the specific allegations will control, "'and a complaint which might have been

9    sufficient with general allegations alone may be rendered defective.'"  (*Careau & Co.,* 222

10   Cal.App. 3d at 1390.)  This pleading principle is also followed by the federal courts.  (*Durning*

11   *v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).)

12       Here, the Magistrate Judge  committed error by not following the binding precedent of

13   the 9th Circuit of Appeal, that federal courts follow the California pleading law to disregard

14   unsupported—and in fact, contradicted—conclusory allegations in a complaint.  Instead, the

15   Magistrate Judge erroneously denied Ms. Braverman's motion to dismiss on the basis that she

16   had pled that Ms. Braverman was an independent contractor. By departing from well-settled 9th

17   Circuit and California law, the Magistrate Judge thereby erred again.

18       **B.    DEFENDANTS OBJECT TO THE MAGISTRATE JUDGE'S**
         **RECOMMENDATION THAT THE DISTRICT COURT JUDGE GRANT**
19       **PLAINTIFF'S PURPORTED MOTION TO REMAND.**

20       The Magistrate Judge's recommendation to remand the case is otherwise in error on a

21   number of different prejudicial grounds.

22       First, as the Magistrate Judge pointed out both at the February 27 hearing and in the

23   Report and Recommendation Re Motion to Dismiss and Motion to Remand ("Report"),

24   Plaintiff's counsel did not file a separately noticed motion as required by the Federal Rules of

25

26   _____

[1] Paragraph 59 of the FAC states, "Plaintiff alleges that subsequent to Braverman's investigation, Cherne's Vice President of Human Resources, Cathy LaPoint, sent a letter and invoice to Zuckerman for Braverman's services." **Exhibit A** to the Verified FAC, a letter from Mr. Zuckerman of Berkel to Plaintiff, states that Cherne prepared the investigation.  **Exhibit B** to the Verified FAC, an investigation report addressed from Ms. Braverman as a Human Resource Consultant **at Cherne**, and copying Cherne's VP of Human Resources, states that Cherne had informed her about the harassment incident.

27

28

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc          -6-

1    Civil Procedure. (Report, at 4:19-22; Official Transcript of February 27 Hearing, 7:15 to 8:6.)

2    By not requiring the Plaintiff to file a separately noticed motion, and by not holding an *Upjohn*

3    hearing as requested by Berkel and Ms. Braverman, the Court has deprived Defendants of the

4    opportunity to show that, where as here, the action was properly removed on federal question

5    grounds (Report, at 5:22-23), only dismissal without prejudice, rather than remand, is proper.

6        Furthermore, pursuant to *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998),

7    Defendants are entitled to present facts establishing that the non-diverse party, Ms. Braverman,

8    is a "sham" defendant. Defendants have not yet had the opportunity to be heard on this issue

9    with regard to the FAC, which is substantially changed from the prior pleading. Thus, the

10   Magistrate Judge's conclusion that, "Defendants have had plenty of notice and ample

11   opportunity to be heard on this issue—so that they cannot persuasively complain that a decision

12   to address the remand question in this setting exposes them to some unfairness," is erroneous.

13   (Report, at 4:24-27.)

14             **III.**      <u>**CONCLUSION**</u>

15        Defendants objects to the Magistrate Judge's recommendation to deny Ms. Braverman's

16   motion to dismiss and grant Plaintiff's purported motion to remand and requests the District

17   Court's de novo determination on these issues. Defendants also request that the District Court,

18   in performing its de novo review, expand the record to include both personnel records and a

19   supplemental declaration of Ms. Braverman. Defendants also request an *Upjohn* hearing to

20   present evidence of Ms. Braverman's fraudulent joinder.

21

22   DATED: March 29, 2008           **VARTAIN LAW GROUP**

23

24                    BY:   /S/ Linda K. Adler

25                        MICHAEL J. VARTAIN
                         LINDA K. ADLER

26                        Attorneys for Defendants
                       BERKEL & COMPANY CONTRACTORS, INC.,

27                        AND JESSICA BRAVERMAN
                       (erroneously sued as JESSICA BRAVERMAN-
                       SMITH)

28

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440PJH]– OBJECTION TO REPORT AND RECOMMENDATION, AND MTN FOR DE NOVO DETERMINATION**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Motion for De Novo Determination-FINAL.doc    -7-

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND  JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)

7

8                IN THE UNITED STATES DISTRICT COURT
                         FOR THE
9                   NORTHERN DISTRICT OF

10

11  WINIFRED L. GIBSON-JONES,          )  Case No.: **CV  0 7 – 0 6 4 4 0  PJH**
                                        )
12              Plaintiff,              )
                                        )  **PROOF OF SERVICE**
13  vs.                                 )
                                        )
14  BERKEL & COMPANY CONTRACTORS,       )
    INC., a foreign corporation; CHERNE )
15  CONSTRUCTION COMPANY, a foreign     )
    corporation; JESSICA BRAVERMAN-     )
16  SMITH, an individual; BRAVERMAN     )
    MEDIATION AND CONSULTING, a         )
17  California business entity; BRIAN    )
    ZUCKERMAN, an individual; GREGORY A. )
18  SCHER, AKA WINGNUT SCHER, an        )  Judge:
    individual, and DOES 1-50, inclusive, )  First Amended
19                                       )  Complaint filed:    March 11, 2008
               Defendants.              )
20  _____ )

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440 PJH**

2

    I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.  My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco,

3

California 94111-2608. On March 29, 2008, I served the following document(s) by the method indicated below:

4

    •   **DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND JESSICA BRAVERMAN'S OBJECTION TO REPORT AND RECOMMENDATION, MOTION**

5

        **FOR DE NOVO DETERMINATION, REQUEST FOR EXPANSION OF RECORD AND REQUEST FOR *UPJOHN* HEARING**

6

☐    By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the

7

United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be

8

deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

☐    By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below.  The transmission was completed before 5:00 p.m. and

11

was reported complete and without error.  The transmitting fax machine properly issued the transmission report, which is attached to this proof of service.  Service by facsimile was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct. 2003(3).

12

☐    By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the

13

envelope(s) to the person(s) at the address(es) set forth below.  Signed proof of service by the process server or delivery service is attached to this proof of service.

14

☐    By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

☒    By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the

16

address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

17

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

18

19

Patrice R. Zabell, Esq.
Law Offices

20

2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598

21

Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on March 29, 2008, at San Francisco, California.

23

24

                  /S/ Emelina Guerrero
                  Emelina Guerrero

25

26

27

28

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440PJH]– PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 1 of 1

From:   Origin ID: APCA  (415)391-1155
Linda Adler, Esq.
Vartain Law Group
601 Montgomery Street, Suite 540

San Francisco, CA 94111



Ship Date: 29MAR08
ActWgt: 1 LB
System#: 3969973/INET8010
Account# S *********

Delivery Address Bar Code

SHIP TO: 9259329455        BILL SENDER

**Patrice Zabell**
**Law Offices**
**2700 YGNACIO VALLEY RD STE 237**

**WALNUT CREEK, CA 945983463**

Ref #    Gibson-Jones Berkel
Invoice #
PO #
Dept #

RELEASE#: 3785346

**MON - 31MAR       A2**

TRK#
0201    7984 0793 9330    **PRIORITY OVERNIGHT**

94598

CA-US

**XH CCRA**    OAK



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440PJH]– PROOF OF SERVICE**

1   MICHAEL J. VARTAIN [SBN 92366]
    LINDA K. ADLER  [SBN 199809]
2   **VARTAIN LAW GROUP**
    601 Montgomery Street, Suite 540
3   San Francisco, CA 94111-2608
    Telephone:  [415] 391-1155
4   Facsimile:  [415] 391-1177

5   Attorneys for Defendants
    BERKEL & COMPANY CONTRACTORS, INC.
6   AND  JESSICA BRAVERMAN
    (erroneously sued as JESSICA BRAVERMAN-SMITH)
7

8              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
9              NORTHERN DISTRICT OF CALIFORNIA
                          OAKLAND
10

11  WINIFRED L. GIBSON-JONES,              )  Case No.:  **CV 07 – 06440  WDB**
                                           )
12              Plaintiff,                 )  **DEFENDANT JESSICA**
                                           )  **BRAVERMAN'S NOTICE OF MOTION**
13  v.                                     )  **AND MOTION TO DISMISS THE**
                                           )  **SIXTH CLAIM FROM THE FIRST**
14  BERKEL & COMPANY CONTRACTORS,          )  **AMENDED COMPLAINT AND**
    INC., a foreign corporation; CHERNE    )  **DEFENDANTS JESSICA**
15  CONSTRUCTION COMPANY, a foreign        )  **BRAVERMAN AND BERKEL &**
    corporation; JESSICA BRAVERMAN-        )  **COMPANY CONTRACTORS, INC.'S**
16  SMITH, AKA JESSICA BRAVERMAN, HR       )  **NOTICE OF MOTION AND MOTION**
    Consultant, Cherne Contracting Corporation;  )  **TO STRIKE PORTIONS OF THE**
17  GREGORY A. SCHER, AKA WINGNUT          )  **FIRST AMENDED COMPLAINT;**
    SCHER, an individual, and DOES 1-50,   )  **MEMORANDA OF POINTS AND**
18  inclusive,                             )  **AUTHORITIES IN SUPPORT**
                                           )  **THEREOF; REQUEST FOR JUDICIAL**
19              Defendants.                )  **NOTICE; DECLARATION OF LINDA**
                                           )  **K. ADLER; AND PROPOSED ORDERS**
20                                         )  _____
                                           )
21                                         )  Hearing Date:    April 30, 2008
                                           )  Time:            1:30 p.m.
22                                         )  Courtroom:       Courtroom 4, 3rd Floor
                                           )  Judge:           Hon. Wayne D. Brazil
23                                         )  First Amended
                                           )  Complaint filed: March 11, 2008
24  _____  )

25  **ATTACHED DOCUMENTS:**

26  **1.      REQUEST FOR JUDICIAL NOTICE;**

27  **2.      DECLARATION OF LINDA K. ADLER**

28

3.     **[PROPOSED] ORDER RE DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND JESSICA BRAVERMAN'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT;**

4.     **[PROPOSED] ORDER RE DEFENDANT JESSICA BRAVERMAN'S MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ......................................................................................iii

NOTICE OF MOTION ...............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS ........................................................................................1

I.    INTRODUCTION .............................................................................................1

      A.    THE SIXTH CLAIM AGAINST MS. BRAVERMAN
            FOR AIDING AND ABETTING SHOULD BE
            DISMISSED WITHOUT LEAVE TO AMEND.............................1

      B.    PROCEDURAL HISTORY .......................................................2

II.   SUMMARY OF THE ARGUMENT ...............................................................3

III.  ALLEGATIONS OF THE FAC .......................................................................3

      A.    THE FACTS IN THE FAC ASSERT THE *EMPLOYEE*
            STATUS OF MS. BRAVERMAN.....................................................3

      B.    THE *EXHIBITS* ATTACHED TO THE FAC
            CONFIRM THE FACT OF MS. BRAVERMAN AS AN
            *EMPLOYEE*........................................................................... 4

      C.    DOCUMENTS THAT ARE JUDICIALLY
            NOTICEABLE FURTHER CONFIRM OF MS.
            BRAVERMAN AS AN *EMPLOYEE*.......................................5

      D.    CONCLUSIONS OF LAW IN THE FAC ALSO
            ASSERT MS. BRAVERMAN'S *EMPLOYEE* STATUS. ...............5

      E.    THE FACTS IN THE FAC ASSERT MS.
            BRAVERMAN'S PERSONNEL MANAGEMENT
            CONDUCT OF INVESTIGATING A HARASSMENT
            GRIEVANCE. ...............................................................................5

      F.    THE CONCLUSIONS OF LAW IN THE FAC OF MS.
            BRAVERMAN'S "INDEPENDENT STATUS"
            IMPROPERLY CONTRADICT THE ACTUAL
            FACTS IN THE FAC AS TO MS. BRAVERMAN'S
            EMPLOYEE STATUS WITH CHERNE.  ...................................6

IV.   LEGAL ARGUMENT.......................................................................................6

      A.    THE FEHA CLAIM AGAINST MS. BRAVERMAN
            PLAINLY FAILS FOR TWO REASONS .....................................6

1.  As A Matter Of Law, An Employee Cannot "Aid Or Abet" An Employer In Violating The FEHA ................................ 6

2.  Moreover, "Aiding Or Abetting" Only Covers Conduct Amounting to Active Participation In Acts Of Harassment, And Does Not Cover The Handling Of Sexual Harassment Grievances. ...................... 8

B. THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND .............................. 10

C. THE REMAINING DEFENDANTS IN THE CASE ARE COMPLETELY DIVERSE PARTIES. ................................. 10

V. CONCLUSION ................................................................. 11

MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO STRIKE ................................................................. 11

I. INTRODUCTION AND SUMMARY OF ARGUMENT ....................... 11

II. STATEMENT OF FACTS ................................................................. 11

III. ARGUMENT ................................................................. 12

A. LEGAL STANDARD ................................................................. 12

B. THE ALLEGATIONS TO BE STRICKEN ARE IRRELEVANT AND IMMATERIAL, IN ADDITION TO BEING PREJUDICIAL, AND HAVE NO BEARING ON THE SUBJECT MATTER OF THE LITIGATION ................................................................. 12

IV. CONCLUSION ................................................................. 13

# TABLE OF AUTHORITIES

## FEDERAL CODE

Federal Rules of Civil Procedure, Rule 12(b) ................................................................. 1

Federal Rules of Civil Procedure, Rule 12(f) ................................................................. 1

FEHA ........................................................................................ 1, 2, 3, 6, 7, 8, 9, 12

## FEDERAL CASES

*Albrecht v. Lund*
845 F.2d 193 (9th Cir. 1988) ................................................................. 10

*Bradley v. Chiron Corp.*
136 F.3d 1317 (Fed. Cir. 1998) ................................................................. 3, 8

*Doe v. United States*
58 F.3d 494, 501(9th Cir. 1995) ................................................................. 10

*Durning v. First Boston Corp.*
815 F.2d 1265 (9th Cir. 1987) ................................................................. 3, 8

*Ellingson v. Burlington Northern, Inc.*
653 F.2d 1327 (9th Cir. 1981) ................................................................. 3, 8

*Fantasy, Inc. v. Fogerty*
984 F.2d 1524, 1527 (9th Cir. 1993) ................................................................. 11, 12

*Fogerty v. Fantasy, Inc.*
510 US 517, 534-535 (1994) ................................................................. 11, 12

*Gallagher v. Univ. of California, Hastings College of the Law, et al.*
2001 U.S. Dist. LEXIS 13435 at 13 (N.D.Cal.) ................................................................. 10

*Havas v. Thornton*
609 F.2d 372, 376-77 (9th Cir. 1979) ................................................................. 10

*LeDuc v. Kentucky Central Life Ins. Co.*
814 F.Supp. 820, 830 (ND CA 1992) ................................................................. 11, 12

*Reddy v. Litton Industries, Inc.*
912 F.2d 291, 296 (9th Cir. 1990) ................................................................. 10

*Schreiber Dist. Co. v. Serv-Well Furniture Co.*
806 F.2d 1393, 1401 (9th Cir. 1986) ................................................................. 10

*SEC v. Seaboard Corp.*
677 F.2d 1315 (9th Cir. 1982) ................................................................. 3, 8

## STATE CASES

*Fiol v. Deillstedt*
50 Cal.App.4th 1318 ................................................................. 3, 7, 9

*__Janken v. GM Hughes Electronics__*
46 Cal.App.4th 55 .................................................................................................. 3, 7

*__Jones v. The Lodge at Torrey Pines Partnership__*
No. S151022, 2008 Cal. LEXIS 2504, at *9 (March 3, 2008) ..................................... 3, 6

*__Reno v. Baird__*
18 Cal.4th 640 (1998) ......................................................................................... 3, 6, 7

*__Saunders v. Superior Court__*
27 Cal.App.4th 832 .............................................................................................. 3, 9

*__Vergos v. McNeal__*
146 Cal.App.4th 1387 ......................................................................................... 3, 7, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

### NOTICE OF MOTION

2     **PLEASE TAKE NOTICE** that on April 30, 2008 at 1:30 p.m. in Courtroom 4 of the

3 above-entitled court, or as soon thereafter as the matter may be heard, Defendant Jessica

4 Braverman ("Ms. Braverman") will move the Court, pursuant to Federal Rules of Civil

5 Procedure, Rule 12(b), for an order granting her motion to dismiss, **without leave to amend**, as

6 to the sixth claim filed against Ms. Braverman in the Verified First Amended Complaint

7 ("Verified FAC") filed by Plaintiff Winifred Gibson-Jones ("Plaintiff").

8     Berkel & Company Contractors, Inc. ("Berkel") and Ms. Braverman will also move the

9 Court, pursuant to Federal Rules of Civil Procedure, Rule 12(f), for an order granting their

10 motion to strike Paragraphs 5, 6 and 63, and the portion of the first sentence of Paragraph 60

11 stating "and Zuckerman," and the portion of Paragraph 46 that states at 9:19-20, "She had been

12 pregnant, but lost the baby as a result of the accident," from the Verified First Amended

13 Complaint, **without leave to amend**.

14     Both of these motions are based on this Notice, Memoranda of Points and Authorities,

15 Request for Judicial Notice, the Declaration of Linda K. Adler, the Proposed Orders, all

16 pleadings and papers on file with the Court, oral argument, and upon such other evidence as the

17 Court deems appropriate.

18

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

19

### I.    INTRODUCTION

20

21

### A.    THE SIXTH CLAIM AGAINST MS. BRAVERMAN FOR AIDING AND ABETTING SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

22     In view of the allegations against Ms. Braverman in the Verified FAC, the exhibits

23 attached to the Verified FAC and the judicially noticeable Cherne Contracting Corporation

24 ("Cherne") employment records, Ms. Braverman is undisputedly pled to be an employee of

25 Cherne during all relevant times. As such, the facts alleged in the Verified FAC preclude

26 Plaintiff's sixth claim under FEHA for aiding and abetting: this is because an employee of an

27 employer, as a matter of law, cannot be held individually liable under FEHA for aiding and

28

1   abetting.  Apart from the prohibition against suing an employee under the FEHA for aiding and

2   abetting, an action for "aiding and abetting" does not lie for the personnel management conduct

3   of handling of sexual harassment grievances because such personnel management work, under

4   established law, is not active participation in acts of harassment.

5       There are no allegations that Plaintiff can truthfully plead that would cure the sixth

6   claim because the facts of this case cannot support an action for aiding and abetting against Ms.

7   Braverman as a matter of law.  Therefore, Plaintiff's sixth claim against Ms. Braverman for

8   aiding and abetting should be dismissed **without leave to amend**.

9       **B.    PROCEDURAL HISTORY**

10      Plaintiff filed the subject Complaint in Contra Costa County Superior Court, Case No.

11  C07-02611, on November 29, 2007.

12      On December 21, 2007, Defendants Berkel and Zuckerman filed a notice of removal to

13  United Stated District Court for the Northern District of California, Federal Case No. CV 07-

14  6440, on the grounds that: 1) the Complaint raises federal questions governed by the Labor

15  Management Relations Act; and 2) diversity of citizenship.

16      On January 10, 2008, Defendants Berkel, Mr. Zuckerman, Ms. Braverman and

17  Braverman Mediation & Consulting ("BMC") filed a motion to dismiss all claims against the

18  moving defendants.

19      On February 15, 2008, the Court issued a preliminary Order Re Motion to Dismiss.

20      On February 21, 2008, Berkel filed a Request for Hearing and/or Objection to Order Re

21  Motion to Dismiss and Request for De Novo Determination.

22      On February 27, 2008, the Court's hearing on the moving defendants' motion to dismiss

23  took place, at which time the Court gave Plaintiff until February 29 to indicate to the Court

24  whether Plaintiff will be dismissing BMC, and until March 11 to indicate to the Court whether

25  Plaintiff will be repleading against Jessica Braverman.

26      On March 11, 2008, Plaintiff's counsel filed an Answer to the Court's Directive For a

27  Writing Following the Hearing on Defendants' Motion to Dismiss, which stated that Plaintiff

28  had elected to dismiss all claims against Brian Zuckerman and BMC.  Plaintiff also stated that

**GIBSON-JONES, WINIFRED v. BERKEL |USDC-ND #CV076440WDB|– BRAVERMAN AND
BERKEL'S MTN TO DISMISS, MTN TO STRIKE**

1    she elected to dismiss the fraud and intentional infliction of emotional distress claims against

2    Jessica Braverman.   Later on the same day, Plaintiff's counsel filed a Verified First Amended

3    Complaint asserting claims against Mr. Scher, Cherne, Berkel and Ms. Braverman.

4                    **II.    SUMMARY OF THE ARGUMENT**

5            Plaintiff's Sixth Cause of Action against Ms. Braverman for "aiding and abetting"

6    Berkel's breach of duty to conduct an objective and thorough investigation, in violation of the

7    California Fair Employment and Housing Act, fails to state facts sufficient to constitute the

8    claim.  As a matter of law, an employee such as Ms. Braverman cannot be held to "aid and abet"

9    her employer in violation of the FEHA.  Here, the actual entity that is sued for aiding and

10   abetting Berkel is, in fact, Cherne (see ¶57, Verified FAC).  Under established FEHA law, the

11   alleged employee of Cherne, Ms. Braverman, cannot be sued as a "back up" defendant to her

12   employer, Cherne.  (*Jones v. The Lodge at Torrey Pines Partnership*, No. S151022, 2008 Cal.

13   LEXIS 2504, at *9 (March 3, 2008); *Reno v. Baird*, 18 Cal.4th 640 (1998); *Fiol v. Deillstedt*, 50

14   Cal.App.4th 1318; *Vergos v. McNeal*, 146 Cal.App.4th 1387 (2007); *Janken v. GM Hughes*

15   *Electronics*, 46 Cal.App.4th 55 (1996); *SEC v. Seaboard Corp.*, 677 F.2d 1315 (9th Cir. 1982);

16   *Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1987); *Bradley v. Chiron Corp.*, 136

17   F.3d 1317 (Fed. Cir. 1998); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327 (9th Cir.

18   1981).)

19          Moreover, an action under FEHA for "aiding and abetting" cannot lie for the personnel

20   management conduct of handling sexual harassment grievances, as this conduct is not active

21   participation in acts of harassment.   (*Fiol v. Deillstedt*, 50 Cal.App.4th 1318; *Saunders v.*

22   *Superior Court*, 27 Cal.App.4th 832 (1994); *Vergos v. McNeal*, 146 Cal.App.4th 1387 (2007).)

23                   **III.   ALLEGATIONS OF THE FAC**

24   **A.    THE FACTS IN THE FAC ASSERT THE *EMPLOYEE* STATUS OF MS.
          BRAVERMAN.**

25

26          Throughout the Verified FAC, Plaintiff asserts facts that Ms. Braverman was a **Cherne**

27   **employee**, whom Cherne sent to conduct the investigation for Berkel in Ms. Braverman's

     capacity as a Cherne employee:

28

- "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, **when Cherne sent her** to assist Berkel in managing Plaintiff's complaint of harassment against Scher ..." (Emphasis added; Verified FAC, ¶ 93.)

- "...Plaintiff was approached by Braverman, who introduced herself as an HR Consultant whom **Cherne brought in** because Berkel had no one on the jobsite to conduct an investigation." (Emphasis added; Verified FAC, ¶ 45.)

- Also present during the interview [of Plaintiff during the investigation] was Mike Sellars, whom Plaintiff believes to be a General Foreman **employed by Cherne**. (Parenthetical added; Emphasis added; Verified FAC, ¶ 45, 8:20-22)

- "Plaintiff alleges that subsequent to Braverman's investigation, **Cherne's** Vice President of Human Resources, Cathy LaPoint, **sent a letter and invoice to Zuckerman for Braaverman's [sic] services.**" (Emphasis added; Verified FAC, ¶ 59.)

- "Plaintiff alleges that **Braverman represented** to Plaintiff that she is an attorney, that **she was sent by Cherne** to conduct an objective thorough investigation ..." (Emphasis added; Verified FAC, ¶ 99.)

**B.    THE *EXHIBITS* ATTACHED TO THE FAC CONFIRM THE FACT OF MS. BRAVERMAN AS AN *EMPLOYEE*.**

In addition, the exhibits attached to Plaintiff's Verified FAC confirm that it was Cherne that conducted the investigation of Plaintiff's sexual harassment complaint through its employee, Ms. Braverman.

**Exhibit A** to the Verified FAC is a letter dated November 7, 2006, from Brian Zuckerman of Berkel, to Plaintiff. In the letter, Mr. Zuckerman refers to, "the preliminary investigation prepared by Chrene [sic] Contracting Corporation."

**Exhibit B** to the Verified FAC is an investigation report dated October 19, 2006, from Ms. Braverman to Mr. Zuckerman of Berkel. The letterhead shows that the letter is from "Jessica A. Braverman-Smith, Human Resources Consultant, Cherne Contracting Corporation." In the letter, Ms. Braverman writes, "I was called by Cherne's VP of Human Resources alerting me that an alleged sexual harassment incident had occurred at the Tosoro Martinez site recently that day." The letter further states, "You and I agreed since Cherne was the outside party in this matter, **it made sense that Cherne could do the best neutral investigation**." (Emphasis added.) The letter ends by stating, "I believe Cherne has now correctly turned this matter completely back to Berkel for further handling. This concludes my

1  involvement in the matter."  The letter was copied to Cathy C. LaPoint, VP of Human

2  Resources at **Cherne Corporation**.

3      **C.    DOCUMENTS THAT ARE JUDICIALLY NOTICEABLE FURTHER
            CONFIRM THE FACT OF MS. BRAVERMAN AS AN *EMPLOYEE*.**

4

5      The letter from Cherne to Ms. Braverman, dated September 18, 2006, confirms that Ms.

6  Braverman accepted Cherne's offer of employment as a human resources employee.  (Request

   for Judicial Notice, **Exhibit** ("**Ex.**") **B** to Adler Declaration.)

7

8      In addition, the Cherne payroll records for Ms. Braverman show that Ms. Braverman

   was on Cherne's employee payroll from the period September 2006 to about January 2007.

9
   (Request for Judicial Notice, **Ex. A** to Adler Declaration.)

10

11     **D.    CONCLUSIONS OF LAW IN THE FAC ALSO ASSERT MS.
            BRAVERMAN'S *EMPLOYEE* STATUS.**

12     •   "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of
           liability under the doctrine of respondeat superior, **when Cherne sent her** to
13         assist Berkel in managing Plaintiff's complaint of harassment against Scher ..."
           (Emphasis added; Verified FAC, ¶ 93.)

14
       •   "At all times relevant herein, Braverman was acting as an agent of Berkel for
15         purposes of imposing liability on Berkel pursuant to the doctrine of respondeat
           superior."  (Verified FAC, ¶ 17.)

16

17     **E.    THE FACTS IN THE FAC ASSERT MS. BRAVERMAN'S PERSONNEL
            MANAGEMENT CONDUCT OF INVESTIGATING A HARASSMENT
18          GRIEVANCE.**

19     Plaintiff alleges that on the day that she complained to Berkel about Mr. Scher, on

20 October 16, 2008, Ms. Braverman conducted her investigation and informed Plaintiff that Scher

21 would be fired. (Verified FAC ¶¶ 45, 46.)  Plaintiff alleges that Berkel employee, Mr.

22 Zuckerman, provided her a copy of Ms. Braverman's investigative report (Verified FAC, ¶ 48).

23 The investigation report states that Berkel decided on October 17 to "remove  Party 2 (Scher)

24 from the site."  (**Ex. B** to Verified FAC.)  Two weeks later, Mr. Zuckerman informed Plaintiff in

25 writing that, "Mr. Scher is no longer employed with Berkel and will not in the future be

26 employed with the company."  (**Ex. A** to Verified FAC.)

27     Other than these facts, Plaintiff alleges that Ms. Braverman encouraged her as a woman;

28 told Plaintiff that she was proud of Plaintiff; encouraged Plaintiff to meet with Mr. Zuckerman;

1  stated that Mr. Zuckerman was a "fair and decent man"; and stated that her intention was to do a

2  fair and thorough investigation." (Verified FAC, ¶ 46.)  Plaintiff alleges that when she read Ms.

3  Braverman's investigation report, Plaintiff concluded that Ms. Braverman did not do a fair and

4  thorough investigation, and decided that Ms. Braverman  and  Mr. Zuckerman engaged in

5  "outrageous deceptions" of Plaintiff. (Verified FAC, ¶ 49.)

**F.  THE CONCLUSIONS OF LAW IN THE FAC OF MS. BRAVERMAN'S "INDEPENDENT STATUS" IMPROPERLY CONTRADICT THE ACTUAL FACTS IN THE FAC AS TO MS. BRAVERMAN'S EMPLOYEE STATUS WITH CHERNE.**

The Verified FAC states, "Plaintiff further alleges that Braverman also was acting for

Berkel as an independent contractor in that she is an attorney who previously was unaffiliated

with Berkel, and she represented to Plaintiff that Berkel retained her for the purpose of

conducting a neutral objective investigation." (Verified FAC, ¶ 17, 3:28-4:2)

## IV.  LEGAL ARGUMENT

**A.  THE FEHA CLAIM AGAINST MS. BRAVERMAN PLAINLY FAILS FOR TWO REASONS:**

**1.  As A Matter Of Law, An Employee Cannot "Aid Or Abet" An Employer In Violating The FEHA.**

The Sixth Claim against Ms. Braverman is based on Ms. Braverman's alleged "aiding

and abetting Berkel in its breach of its duty to conduct an objective thorough investigation into

Plaintiff's allegations of sexual harassment against Scher." (Verified FAC, ¶ 99, 20:3-4)

Plaintiff's sixth claim incorporates Paragraphs 16, which states, "At all times relevant herein,

Braverman was acting as an agent of Cherne for purposes of imposing liability on Cherne under

the doctrine of respondeat superior." (Verified FAC, ¶ 16, 3:22-23)

An employee of the employer cannot aid and abet his or her corporate employer nor can

an agent be liable for conspiring with the principal when the agent is acting in an official

capacity on behalf of the principal. (*Jones v. The Lodge at Torrey Pines Partnership*, No.

S151022, 2008 Cal. LEXIS 2504, at *9 (March 3, 2008) [referring to the holding in *Reno v.

Baird*, 18 Cal.4[th] 640 (1998), "We also concluded that the aiding and abetting language of

former subdivision (g)(now *subd. (i)* of *section 12940* did not impose personal liability on

1   nonemployers."]; *Reno v. Baird,* 18 Cal.4th 640, 643 (1998) [holding, "We conclude that the

2   FEHA, like similar federal statutes, allows persons to sue and hold liable their employers, but

3   not individuals."]; *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1326 (1996) [holding supervisor not

4   liable as aider and abettor of employer for violation of the FEHA in sexual harassment action];

5   *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55, 77-79 (1996) [employee cannot be held

6   liable for aiding and abetting corporate employer for violation of FEHA claim when employee

7   acts on behalf of corporation by making personnel decision].)   A corporation can only act

8   through its employees and thus an employee cannot act in concert or conspiracy with the

9   principal. (*Fiol v. Doellstedt*, 50 Cal.App.4th at 1326.)

10          The facts and legal conclusions alleged in the Verified FAC preclude Plaintiff's sixth

11  claim against Jessica Braverman for aiding and abetting.   (*Fiol v. Deillstedt*, 50 Cal.App.4th

12  1318; *Janken v. GM Hughes Electronics,* 46 Cal.App.4th 55 (1996); *Reno v. Baird,* 18 Cal.4th

13  640 (1998).)   This is because an employee of an employer, as a matter of law, cannot be held

14  individually liable for aiding and abetting under a FEHA claim.   Here, the Verified FAC

15  unequivocally alleges facts that: 1) it was **Cherne** which conducted the investigation for Berkel,

16  2) **Cherne** acted through its employee and agent, Jessica Braverman, and 3) Jessica Braverman

17  performed the investigation in the course and scope of her employment with **Cherne**.

18          Under these circumstances, case law is clear that Ms. Braverman—as an employee of

19  Cherne—cannot personally be sued in connection to her investigation of Plaintiff's sexual

20  harassment complaint. (*Vergos v. McNeal*, 146 Cal.App.4th 1387 (2007); *Fiol v. Doellstedt,* 50

21  Cal.App.4th 1318, 1331 (1996) ["A supervisor does not aid and abet the employer by acts

22  constituting personnel management decisions."]; *Reno v. Baird,* 18 Cal.4th 640 (1998); *Janken*

23  *v. GM Hughes Electronics,* 46 Cal.App.4th 55 (1996).)   Here, the actual entity that is sued for

24  aiding and abetting Berkel is, in fact, Cherne (see ¶57, Verified FAC).   Under established FEHA

25  law, the alleged employee of Cherne, Ms. Braverman, cannot be sued as a "back up" defendant

26  to her employer, Cherne.

27          The fact that Plaintiff repeatedly sues both Cherne and Berkel in respondeat superior

28  liability establishes that the Court should disregard the conclusion of law that Ms. Braverman is

1    an independent contractor[1] because it is a conclusion for which Plaintiff has not pled any facts.

2    *SEC v. Seaboard Corp.,* 677 F.2d 1315, 1316 (9th Cir. 1982) [holding that mere conclusion need

3    not be accepted as true absent supporting allegations].  In addition, the conclusion of law that

4    Ms. Braverman was an independent contractor should be disregarded because it contradicts the

5    facts established by the exhibits attached to the Verified Amended Complaint, which indicate

6    that Ms. Braverman was a Cherne employee.[2]  *Durning v. First Boston Corp.,* 815 F.2d 1265,

7    1267 (9th Cir. 1987).  Finally, the aforementioned conclusion of law should be disregarded

8    because the Court is not required to accept as true allegations in an amended complaint that,

9    without any explanation, contradict an earlier complaint: nowhere does Plaintiff's original

10   Verified Complaint allege that Ms. Braverman was an independent contractor. To the contrary,

11   the original Verified Complaint only alleges that Ms. Braverman was an agent of Cherne and

12   Berkel.  (See original Verified Complaint, ¶¶ 16, 17; *Bradley v. Chiron Corp.,* 136 F.3d 1317,

13   1324 (Fed. Cir. 1998); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1329-1330 (9th

14   Cir. 1981).)

15          Accordingly, Plaintiff's Sixth Claim against Ms. Braverman should be dismissed

16   without leave to amend.

17          **2.    Moreover, "Aiding Or Abetting" Only Covers Conduct Amounting
                    to Active Participation In Acts Of Harassment, And Does Not Cover**
18          **The    Personnel    Management    Conduct    Of    Handling    Sexual
                    Harassment Grievances.**
19

20          Section 12940, subpart (i) of the FEHA states that it is unlawful, "For any person to aid,

21   abet, incite, compel, or coerce **the doing of the acts forbidden under this part** or to attempt to

22   do so."  (Emphasis added; California Government Code, § 12940.)

23

24   _____

25   [1] "Plaintiff alleges that Braverman was acting as Cherne's agent for purposes of liability under the doctrine of respondeat superior, when Cherne sent her to assist Berkel in managing Plaintiff's complaint of harassment against Scher ..." (Verified FAC, ¶ 93.)

26

27   [2] **Exhibit A** to the Verified FAC, a letter from Mr. Zuckerman of Berkel to Plaintiff, states that the investigation was prepared by Cherne.  **Exhibit B** to the Verified FAC, an investigation report addressed from Ms. Braverman as a Human Resource Consultant **at Cherne**, and copying Cherne's VP of Human Resources, states that Cherne had

28   informed her about the harassment incident.

1      Since FEHA provides no definition of aiding and abetting, courts have used the common

2   law definition, "'Liability may… be imposed on one who aids and abets the commission of an

3   intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives

4   substantial assistance or encouragement to the other to so act or (b) gives substantial assistance

5   to the other in accomplishing a tortious result and the person's own conduct, separately

6   considered, constitutes a breach of duty to the third person.'"   (Emphasis added; *Fiol v.*

7   *Deillstedt*, 50 Cal.App.4th 1318, 1325-1326, quoting *Saunders v. Superior Court* 27

8   Cal.App.4th 832, 846 (1994).)

9      Accordingly, California courts hold that that liability for aiding and abetting can only be

10  imposed on supervisory employees who **actually participated in the acts proscribed by the**

11  **FEHA—which in this case would be acts of sexual harassment—or who substantially**

12  **assisted or encouraged the actual acts of harassment.**   Under FEHA, mere inaction or failing

13  to investigate harassment does not constitute aiding and abetting.   (*Fiol v. Deillstedt*, 50

14  Cal.App.4th at 1326, 1327, 1331 ["A supervisor does not aid and abet the employer by acts

15  constituting personnel management decisions."]; *Vergos v. McNeal,* 146 Cal.App.4th 1387,

16  1396-1397 (2007)   [stating with respect to plaintiff's claim for aiding and abetting sexual

17  harassment against supervisory employee (McNeal), who was responsible for determining

18  merits of sexual harassment complaint, "Plaintiff fails to point to any allegation of any aiding

19  and abetting conduct by McNeal, other than her hearing, processing, and deciding his

20  (plaintiff's) grievances."].)

21     Here, Plaintiff alleges that Ms. Braverman was an agent of Cherne in her role of

22  investigating Plaintiff's sexual harassment complaint.   Therefore, as discussed in the above-

23  cited legal authority, Defendant Braverman cannot be held liable as an aider or abettor for

24  assisting Berkel as a Cherne employee in personnel management actions, such as the

25  investigation of an employee's sexual harassment complaint, or for any failure to act in

26  connection with her investigation. (*Fiol v. Deillstedt*, 50 Cal.App.4th at 1326, 1327, 1328, 1331

27  ["Such individual supervisory employees should not be placed at risk of personal liability,

28  however, for personnel management decisions which have been delegated to the supervisor by

1    the employer, such as deciding whether to investigate or take action on a complaint of sexual

2    harassment."].)

3        Therefore, Plaintiff's Sixth Claim for aiding and abetting harassment against Defendant

4    Braverman should be dismissed without leave to amend.

5    **B.    THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT
         LEAVE TO AMEND.**
6

7        The court has complete discretion to deny a request for leave to amend, when the

8    record shows it would be futile to do so; for example, when the plaintiff cannot explain how he

9    or she can state a viable claim. *Havas v. Thornton*, 609 F.2d 372, 376-77 (9th Cir. 1979);

10   *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); and *Doe*

11   *v. United States*, 58 F.3d 494, 501(9th Cir. 1995); *Reddy v. Litton Industries, Inc.*, 912 F.2d

12   291, 296 (9th Cir. 1990); *Albrecht v. Lund,* 845 F.2d 193 (9th Cir. 1988).

13       Where, as here, the same legal bars that apply to the instant complaint would equally

14   apply to the claims of the anticipated amended complaint, leave to amend should therefore be

15   denied. *Gallagher v. Univ. of California, Hastings College of the Law, et al.*, 2001 U.S. Dist.

16   LEXIS 13435 at 13 (N.D.Cal.).

17       In the instant case, granting Plaintiff leave to amend would not serve any useful

18   purpose given the fact that the sixth claim cannot be cured by amendment. Therefore, dismissal

19   should be granted as to the sixth claim without leave to amend.

20   **C.    THE REMAINING DEFENDANTS IN THE CASE ARE COMPLETELY
         DIVERSE PARTIES.**
21

22       The remaining entity defendants are Berkel and Cherne, both foreign corporations

23   according to the Verified FAC. (Verified FAC ¶¶ 2-3.) The remaining individual defendant is

24   Mr. Gregory Scher, whom Plaintiff has alleged to be domiciled in Missouri. (Verified FAC ¶

25   7.)   Therefore, all three remaining defendants are completely diverse from Plaintiff, who is a

26   California resident. (Verified FAC ¶ 1.)

27

28

1

### V.    CONCLUSION

2      For all the foregoing reasons, the Jessica Braverman respectfully requests that the Court

3   grant her motion to dismiss as to the sixth claim, without leave to amend.

4
### MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
5
6
### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

7      Allegations contained in Plaintiff's Verified First Amended Complaint ("Verified FAC")

8   identify Mr. Brian Zuckerman and Braverman Mediation & Consulting as defendants, even

9   though neither is a named party to the action and there are no claims asserted against either in

10   the Verified FAC.    The Verified FAC also contains highly personal information about

11   Defendant Jessica Braverman.    All of this material is irrelevant, immaterial, improper and

12   prejudicial, and should be stricken without leave to amend. (*Fantasy, Inc. v. Fogerty,* 984 F.2d

13   1524 (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.,* 510 US 517, 534-535

14   (1994); *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820 (ND CA 1992).)

15
### II.    STATEMENT OF FACTS

16      Paragraph 5 of the Verified FAC states, "Defendant, Braverman Mediation and

17   Consulting, (hereinafter, "BMC"), is a business entity which Braverman held out as doing

18   business in the state of California since 1995.   BMC currently is a sole proprietorship."

19   (Verified FAC, ¶5.)

20      Paragraph 6 of the Verified FAC states, "Defendant, Brian Zuckerman, (hereinafter,

21   "Zuckerman"), is, and at all times mentioned in this complaint was, a person doing business in

22   California." (Verified FAC, ¶6.)

23      Paragraph 46 of the Verified FAC states, in relevant part, "She had been pregnant, but

24   lost the baby as a result of the accident." (Verified FAC, ¶46, 9:19-20.)

25      Paragraph 60 of the Verified FAC states, in relevant part, "On November 14, 2006,

26   Plaintiff filed against Berkel **and Zuckerman** a complaint of discrimination under the

27   provisions of FEHA." (Emphasis added; Verified FAC, ¶60, 13:26.)

28

1      Paragraph 63 of the Verified FAC states, "On October 19, 2007, Plaintiff filed against

2  Braverman Mediation & Consulting, complaint of discrimination under the provisions of FEHA.

3  On October 22, 2007, the DFEH issued to Plaintiff a notice of case closure and right-to-sue

4  letter.  In filing this complaint of discrimination and receiving a right-to-sue letter, Plaintiff has

5  exhausted her administrative remedies against Braverman Mediation & Consulting, pursuant to

6  FEHA requirements." (Verified FAC, ¶63.)

7  ### III.   **ARGUMENT**

8  **A.**   **LEGAL STANDARD**

9      California Federal Rule of Civil Procedure, Rule 12 (f), provides,

10      (f) Motion to Strike.  The court may strike from a pleading an insufficient
    defense or any redundant, immaterial, impertinent, or scandalous matter.

11      The court may act:
    (1) on its own; or

12      (2) on motion made by a party either before responding to the pleading
    or, if a response is not allowed, within 20 fays after being served with the

13      pleading.

14      Cal. Federal Rule of Civil Procedure, Rule 12(f).

15  A motion to strike is the primary method of reaching defects or objections to a pleading that

16  cannot be addressed by a motion to dismiss, and can be used to attack portions—even single

17  words or phrases—of a complaint.  (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

18  1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.*, 510 US 517, 534-535 (1994).)  A

19  motion to strike may be granted where "it is clear that the matter to be stricken could have no

20  possible bearing on the subject matter of the litigation." (*LeDuc v. Kentucky Central Life Ins.*

21  *Co.*, 814 F.Supp. 820, 830 (ND CA 1992).)  Similarly,  motion to strike may also be granted if

22  the matter has no bearing on the controversy before the court. (*Fantasy, Inc. v. Fogerty*, 984

23  F.2d at 1527.)

24  **B.**   **THE ALLEGATIONS TO BE STRICKEN ARE IRRELEVANT AND
    IMMATERIAL, IN ADDITION TO BEING PREJUDICIAL, AND HAVE**

25      **NO BEARING ON THE SUBJECT MATTER OF THE LITIGATION.**

26      Paragraphs 5, which names Braverman Mediation & Consulting as a defendant, and 63,

27  also concerning BMC, are irrelevant, immaterial and improper because BMC is not a named

28  defendant, and there are no claims asserted against BMC in the Verified FAC.

1    Paragraph 6, which names Mr. Zuckerman as a defendant, and the portion of the first

2    sentence of Paragraph 60 stating "and Zuckerman," are irrelevant, immaterial and improper

3    because Mr. Zuckerman is not a named defendant, and there are no claims asserted against him

4    in the Verified FAC.

5    Paragraph 46 of the Verified FAC, which states, in relevant part, "She [Ms. Braverman]

6    had been pregnant, but lost the baby as a result of the accident," is irrelevant, immaterial and

7    improper. This public disclosure of personal information about Ms. Braverman has no bearing

8    on this litigation, and is improper because it violates Ms. Braverman's right to privacy.

9    Ms. Braverman, Mr. Zuckerman and BMC would be prejudiced if the aforementioned

10   material is not stricken from the Verified FAC. Mr. Zuckerman, BMC and Jessica Braverman,

11   as the sole proprietor of BMC, would be prejudiced because one could believe, upon reading

12   this public pleading, that both Mr. Zuckerman and BMC are parties to this litigation. Ms.

13   Braverman would further be prejudiced because some of the material to be stricken contains

14   highly personal information that is of no relevance to this action.

15                          IV.        **CONCLUSION**

16   Defendants Berkel and Jessica Braverman respectfully requests that Paragraphs 5, 6 and

17   63,  and the portion of the first sentence of Paragraph 60 stating "and Zuckerman," and the

18   portion of Paragraph 46 that states at 9:19-20, "She had been pregnant, but lost the baby as a

19   result of the accident," be stricken from the First Amended Complaint, without leave to amend.

20

21   DATED:  March 18, 2008                    **VARTAIN LAW GROUP**

22

23

24                                      BY: /S/ Linda K. Adler
                                            MICHAEL J. VARTAIN
25                                          LINDA K. ADLER
                                            Attorneys for Defendants
26                                          BERKEL & COMPANY CONTRACTORS, INC.,
                                            AND JESSICA BRAVERMAN
27                                          (erroneously sued as JESSICA BRAVERMAN-
                                            SMITH)
28

**GIBSON-JONES, WINIFRED v. BERKEL [USDC-ND #CV076440WDB]– BRAVERMAN AND
BERKEL'S MTN TO DISMISS, MTN TO STRIKE**

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.,
6  BRIAN ZUCKERMAN, JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)
7  AND BRAVERMAN MEDIATION & CONSULTING

8              IN THE UNITED STATES DISTRICT COURT
                           FOR THE
9                   NORTHERN DISTRICT OF

10

11  WINIFRED L. GIBSON-JONES,            )  Case No.: **CV  0 7 – 0 6 4 4 0  WDB**
                                         )
12            Plaintiff,                 )
                                         )  **PROOF OF SERVICE**
13  vs.                                  )
                                         )
14  BERKEL & COMPANY CONTRACTORS,        )
    INC., a foreign corporation; CHERNE  )
15  CONSTRUCTION COMPANY, a foreign      )
    corporation; JESSICA BRAVERMAN-      )
16  SMITH, an individual; BRAVERMAN      )
    MEDIATION AND CONSULTING, a          )
17  California business entity; BRIAN     )
    ZUCKERMAN, an individual; GREGORY A. )  Hearing Date:      April 30, 2008
18  SCHER, AKA WINGNUT SCHER, an         )  Time:              1:30 p.m.
    individual, and DOES 1-50, inclusive, )  Courtroom:        Courtroom 4, 3rd Floor
19                                       )  Judge:             Hon. Wayne D. Brazil
              Defendants.                )  First Amended
20  _____   )  Complaint filed:   March 11, 2008

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440**

2       I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.   My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco,

3   California 94111-2608. On March 18, 2008, I served the following document(s) by the method indicated below:

4       • **DEFENDANT JESSICA BRAVERMAN'S NOTICE OF MOTION AND MOTION TO DISMISS THE SIXTH CLAIM FROM THE FIRST AMENDED COMPLAINT AND DEFENDANTS

5   JESSICA BRAVERMAN AND BERKEL & COMPANY CONTRACTORS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT;

6   MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF LINDA K. ADLER; AND PROPOSED ORDERS;**

7       • **DEFENDANT JESSICA BRAVERMAN'S REQUEST FOR JUDICIAL NOTICE;**
    • **DECLARATION OF LINDA K. ADLER;**

8       • **PROPOSED ORDER RE DEFENDANT JESSICA BRAVERMAN'S MOTION TO DISMISS; and**

9       • **PROPOSED ORDER RE DEFENDANTS JESSICA BRAVERMAN AND BERKEL & COMPANY CONTRACTORS, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S

10   FIRST AMENDED COMPLAINT.**

11   [ ]   By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the

12   firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary

13   course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14   [ ]   By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below.  The transmission was completed before 5:00 p.m. and

15   was reported complete and without error.  The transmitting fax machine properly issued the transmission report, which is attached to this proof of service.  Service by facsimile was made by agreement of the

16   parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct. 2003(3).

17   [ ]   By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  Signed proof of service by the process

18   server or delivery service is attached to this proof of service.

[ ]   By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

19

20   [X]   By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

21   Attorneys for Plaintiff,

22   Winifred L. Gibson-Jones

23   Patrice R. Zabell, Esq.
Law Offices

24   2700 Ygnacio Valley Road, Ste. 270
Walnut Creek, CA  94598

25   Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

26

    I declare under penalty of perjury under the laws of the State of California that the above is true and

27   correct and that this proof of service is executed on March 18, 2008, at San Francisco, California.

28                         _____
                            /S/ Charissa Gung
                            Charissa Gung

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440WDB]– PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28









From:   Origin ID:APCA  (415)391-1155
Linda Adler, Esq.
Vartain Law Group
601 Montgomery Street, Suite 540
San Francisco, CA 94111

SHIP TO: 9259329455         BILL SENDER
**Patrice Zabell**
**Law Offices**
**2700 YGNACIO VALLEY RD STE 237**

**WALNUT CREEK, CA 945983463**

Ship Date: 18MAR08
ActWgt: 1 LB
System#: 3969973/INET8010
Account#: S *********

Delivery Address Bar Code

Ref #    Gibson-Jones Berkel
Invoice #
PO #
Dept #

RELEASE#: 3785346

**WED · 19MAR**      **A2**

TRK#    7909 6413 1612    **PRIORITY OVERNIGHT**
0201

**94598**
CA-US
OAK

**WA CCRA**

---

1   MICHAEL J. VARTAIN [SBN 92366]
    LINDA K. ADLER  [SBN 199809]
2   **VARTAIN LAW GROUP**
    601 Montgomery Street, Suite 540
3   San Francisco, CA 94111-2608
    Telephone:  [415] 391-1155
4   Facsimile:  [415] 391-1177

5   Attorneys for Defendants
    BERKEL & COMPANY CONTRACTORS, INC.
6   AND JESSICA BRAVERMAN

7                   IN THE UNITED STATES DISTRICT COURT
8                                FOR THE
                     NORTHERN DISTRICT OF CALIFORNIA
9                                OAKLAND

10

11

12  WINIFRED L. GIBSON-JONES,                )
                                             )  Federal Case No.:  **C V   0 7 - 6 4 4 0   WDB**
              Plaintiff,                      )
13                                           )
    vs.                                      )  **DEFENDANT JESSICA BRAVERMAN'S**
14                                           )  **REQUEST FOR JUDICIAL NOTICE**
    BERKEL & COMPANY CONTRACTORS,            )
15  INC., a foreign corporation; CHERNE      )  **[F.R.C.P. RULE 12(b)]**
    CONSTRUCTION COMPANY, a foreign          )
16  corporation; JESSICA BRAVERMAN-          )
    SMITH, AKA JESSICA BRAVERMAN, HR         )
17  Consultant, Cherne Contracting Corporation; )
    GREGORY A. SCHER, AKA WINGNUT            )
18  SCHER, an individual, and DOES 1-50,     )  Hearing Date:      April 30, 2008
    inclusive,                               )  Time:              1:30 p.m.
19                                           )  Courtroom:         Courtroom 4, 3rd Floor
              Defendants.                     )  Judge:             Hon. Wayne D. Brazil
20                                           )  First Amended
                                             )  Complaint filed:   March 11, 2008
21  _____ )

22
    **ATTACHED DOCUMENTS:**
23
    **Exhibits A** and **B to Declaration of Linda K. Adler**
24

25

26

27

28

1    Pursuant to Federal Rules of Evidence, Rule 201, and for the reasons set forth below,

2    Defendant Jessica Braverman respectfully request the Court to take judicial notice of the

3    following documents, true and correct copies of which are attached hereto:

4        1.    Cherne 2006 payroll record for Ms. Braverman (**Exhibit ("Ex.") A** to

5              Declaration of Linda K. Adler); and

6        2.    Letter dated September 18, 2006, from Cherne Contracting Company ("Cherne")

7              to Jessica A. Braverman-Smith (**Ex. B** to Declaration of Linda K. Adler).

8    These exhibits, for which judicial notice is requested, are all of indisputable authenticity.

9    The Court may take judicial notice of official records and reports, the authenticity of

10   which is not disputed, without converting the Rule 12(b)(6) motion into a Rule 56 motion for

11   summary judgment, even though the documents are not mentioned in the complaint.  Cal.

12   Federal Rule of Civ. Proc. §201; *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.

13   1986.)

14

15   DATED:   March 18, 2008              **VARTAIN LAW GROUP**

16

17                                       BY:  /S/ Linda K. Adler
                                              MICHAEL J. VARTAIN
18                                            LINDA K. ADLER
                                              Attorneys for Defendants
19                                            BERKEL & COMPANY CONTRACTORS, INC.
                                              AND JESSICA BRAVERMAN

20

21

22

23

24

25

26

27

28

# Exhibit A

FW: Braverman pay records
Case 3:07-cv-06440-PJH    Document 49-3    Filed 04/36/2008    Page 4 of 19 Page 1 of 1
Case 4:07-cv-06440-WDB    Document 38-2    Filed 03/18/2008    Page 1 of 2

## Linda Adler

| | |
|---|---|
| **From:** | Maylin, Kathleen G. (S.F.) [MaylinK@jacksonlewis.com] |
| **Sent:** | Thursday, March 06, 2008 3:49 PM |
| **To:** | Linda Adler |
| **Subject:** | FW: Braverman pay records |
| **Attachments:** | SF-ECOPY3_EXCHANGE_03062008-143135.PDF |

Hi Linda,

Here is the pay record for the time period requested.

Please let me know if you need a dec for foundation, although I would think Braverman could look at the record and declare that it reflects the hours she worked and was compensated for.

Thanks,

Kathy

Kathleen Maylin
jackson | lewis
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Phone: (415) 394-9400
Fax: (415) 394-9401
e-mail: maylink@jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank You.

**<<SF-ECOPY3_EXCHANGE_03062008-143135.PDF>>**



## AUTOPAY — EMPLOYEE EARNINGS RECORD

| 002970 | XXX-XX- | E | F | BRAVERMAN, JESSICA A<br>PO BOX 3695<br>WALNUT CREEK, CA | | CHERNE CONTRAC | 12/31/2006 | KD |
|---|---|---|---|---|---|---|---|---|
| XXXXX | 09/20/2006 | 08/31/1962 | | 94598 | | 25CA | 75 | 12 |

| PAY NO | REG DAY | DEPT NUMBER | RATE | REGULAR | OVERTIME | EARNINGS | CD | EARNINGS $ | CD | GROSS PAY | | | | AMOUNT | CD | AMOUNT | CD | AMOUNT | CD | NET PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 1008 | 133 | 55.0000 | 2150 | | | | | | 118250 | 10256 | 7332 | 00 | | | | | | | 963.72 |
| | | | | | | 118250 | | | | | 1629 | 1715 | 946 | | | | | | | |
| 03 | 1105 | 133 | 55.0000 | 3200 | | | | | | 176000 | 18919 | 10912 | 00 | | | | | | | 1364.61 |
| | | | | | | 176000 | | | | | 3748 | 2952 | 1408 | | | | | | | |
| 05 | 1203 | 133 | 55.0000 | 2250 | | | | | | 123750 | 11081 | 7673 | 00 | | | | | | | 1004.73 |
| | | | | | | 123750 | | | | | 1739 | 1794 | 990 | | | | | | | |
| 07 | 1217 | 133 | 55.0000 | | | 100000 B | | | | 100000 | 25000 | 6200 | 00 | | | | | | | 572.50 |
| | | | | | | | | | | | 9300 | 1450 | 800 | | | | | | | |



| TOTALS | REG HOURS 1 | O/T HOURS 3 | HOURS 3 | HOURS 4 | REG. EARNINGS 1 | O/T EARN. 2 | EARNINGS 3 | EARNINGS 4 | EARNINGS 5 | GROSS PAY | FEDERAL TAX | SOCIAL SECURITY TAX | CITY TAX | TOT. VOL. DED. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | STATE TAX | MEDICARE TAX | SUBDIS | NET PAY |
| QTR-> | 15700 | | | | 863500 | | 100000 | | | 963500 | 109638 | 59738 | 7708 | 00 |
| | | | | | | | | | | | 24386 | 13971 | | 7480.59 |
| YTD-> | | | | | | | | | | 1026750 | 112006 | 63060 | 8214 | |
| | | | | | | | | | | | 24915 | 14888 | | |

| | | | 100000 B | | 24386 25CA | | | |
|---|---|---|---|---|---|---|---|---|

| 002970 | XXX-XX- | BRAVERMAN, JESSICA A | | CHERNE CONTRAC | 12/31/2006 | KD |
|---|---|---|---|---|---|---|

1997 AUTOMATIC DATA PROCESSING INC.

# Exhibit B

FROM : Jessica A Braverman          FAX NO. : 9257988008          Feb. 28 2008 12:06PM P2



*Performance*
*Driven*
*Construction*

CHERNE CONTRACTING CORPORATION

Catherine C. LaPoint
Vice President, Human Resources

cathy.lapoint@cherne.com
Phone # 952-944-4300
Fax # 952-944-4399

September 18, 2006

Email: jbbraverman@yahoo.com

Ms. Jessica Braverman-Smith
P. O. Box 3695
Walnut Creek CA 94598

Dear Jessica

I am very pleased to send this letter which will confirm your acceptance of our offer of employment with Cherne Contracting Corporation for the part-time position of HR Specialist. Your assignment will be at the Tesoro Golden Eagle Refinery Project in Martinez, California, reporting to Project Manager, Shorty Holsman. We would like your start date to be September 20, 2006. It is anticipated that your schedule will be an average of 16 hours per week. The hours are to be arranged with Shorty. You will be paid for actual hours worked.

Compensation:
Your starting base compensation which is paid on a bi-weekly basis will be $55.00 per hour.

The HR Specialist position is classified as exempt.

Benefits:
In addition, you will be eligible for the benefits described in the attached benefits summary.

A background check will be conducted at the jobsite on your first day of employment. This employment offer is contingent upon us obtaining a clean background check.

All of our jobsites are drug free sites, and each requires certification of the drug free status of every person assigned to the site. While the process varies among the jobsites, you can expect that you will be required to undergo a pre-placement drug screening upon your start date at the jobsite.

Feel free to call me directly at 952-944-4305 if you have any questions about this offer confirmation.

Sincerely,

Catherine C. LaPoint
Vice President, Human Resources

CCL:jhm
Enclosure

cc:    Bill Cherne
       Tom Van Oss
       Keith Fermanich

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND JESSICA BRAVERMAN

7                IN THE UNITED STATES DISTRICT COURT
8                         FOR THE
                  NORTHERN DISTRICT OF CALIFORNIA
9                          OAKLAND

10

11  WINIFRED L. GIBSON-JONES,            )
                                         )  Federal Case No.:  **CV  07 – 06440  WDB**
12          Plaintiff,                   )
                                         )
13  vs.                                  )  **DECLARATION OF LINDA K. ADLER**
                                         )
14  BERKEL & COMPANY CONTRACTORS,        )
    INC., a foreign corporation; CHERNE  )
15  CONSTRUCTION COMPANY, a foreign      )
    corporation; JESSICA BRAVERMAN-      )
16  SMITH, AKA JESSICA BRAVERMAN, HR     )
    Consultant, Cherne Contracting Corporation; )
17  GREGORY A. SCHER, AKA WINGNUT        )
    SCHER, an individual, and DOES 1-50, )  Hearing Date:      April 30, 2008
18  inclusive,                           )  Time:              1:30 p.m.
                                         )  Courtroom:         Courtroom 4, 3rd Floor
19          Defendants.                  )  Judge:             Hon. Wayne D. Brazil
                                         )  First Amended
20  _____   )  Complaint filed:   March 11, 2008

21

22

23

24

25

26

27

28

1    I, LINDA K. ADLER, declare:

2    1.    I am an attorney at law duly licensed to practice law in the State of California. I

3    am an associate of Vartain Law Group ("the Law Firm"), attorneys of record for Defendants

4    Berkel & Company Contractors, Inc. and Jessica Braverman ("Defendants") in the above-

5    entitled action filed by Plaintiff Winifred Gibson-Jones ("Plaintiff"). I make this declaration in

6    support of the Law Firm's Request for Judicial Notice and Motion to Dismiss on behalf of

7    Defendant Jessica Braverman. I make the following statements on my own personal knowledge

8    and if called upon, I could and would, testify thereto.

9    2.    On or about March 5, 2008, during a telephone conversation, I spoke with

10   counsel for Cherne Contracting Corporation ("Cherne"), Kathleen Maylin, Esq. at Jackson

11   Lewis. I requested that Ms. Maylin obtain from Cherne a true and correct copy of its corporate

12   payroll records for Jessica Braverman for 2006.

13   3.    On or about March 6, 2008, I received an email letter from Ms. Maylin

14   transmitting the payroll record for Ms. Braverman and offering the transmitted payroll record

15   as a true and correct copy of the pay record for Ms. Braverman for the requested time period.

16   Attached as **Exhibit A** is a true and correct copy of both the March 6, 2008 transmittal letter

17   from Ms. Maylin and the payroll record (social security number redacted) for Ms. Braverman

18   transmitted to me by Ms. Maylin.

19   4.    The face of the payroll record, **Exhibit A**, identifies Ms. Braverman's employee

20   status, namely, that Ms. Braverman was paid as an employee on the payroll of Cherne

21   Contracting Corporation in October 2006, in addition to other time periods in 2006.

22   5.    Attached as **Exhibit B** is a true and correct copy of a letter dated September 18,

23   2006, addressed from Catherine C. LaPoint, Vice President, Human Resources, Cherne

24   Contracting Corporation, to Ms. Jessica Braverman-Smith, which was transmitted to me by

25   letter from Jessica Braverman on or about February 28, 2008. I transmitted **Exhibit B** to

26   Plaintiff's counsel by letter on or about March 13, 2008.

27   \\

28   \\

---

GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV 07-06440 WDB]– DECL. OF
LINDA K. ADLER
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\FAC Motion to Dismiss\Adler Decl.doc

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.    Executed this 18th day of March 2008 in San Francisco,

3    California.

4

5    _____
     LINDA K. ADLER
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## Linda Adler

| | |
|---|---|
| **From:** | Maylin, Kathleen G. (S.F.) [MaylinK@jacksonlewis.com] |
| **Sent:** | Thursday, March 06, 2008 3:49 PM |
| **To:** | Linda Adler |
| **Subject:** | FW: Braverman pay records |
| **Attachments:** | SF-ECOPY3_EXCHANGE_03062008-143135.PDF |

Hi Linda,

Here is the pay record for the time period requested.

Please let me know if you need a dec for foundation, although I would think Braverman could look at the record and declare that it reflects the hours she worked and was compensated for.

Thanks,

Kathy

Kathleen Maylin
jackson | lewis
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Phone: (415) 394-9400
Fax: (415) 394-9401
e-mail: maylink@jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank You.

<<SF-ECOPY3_EXCHANGE_03062008-143135.PDF>>

3/18/2008



AUTOPAY
EMPLOYEE EARNINGS RECORD

BRAVERMAN, JESSICA A
PO BOX 3695
WALNUT CREEK, CA
94598

CHERNE CONTRAC   12/31/2006  KD

| 002970 | XXX-XX- | E | F |
| XXXXX | 09/20/2006 | 08/31/1962 |
| 25CA | 75 | | 12 |

| PAY NO | REG DAY | DEPT NUMBER | RATE | REGULAR | OVERTIME | HOURS | REGULAR | OVERTIME | EARNINGS 3 | CD | EARNINGS 5 | CD | GROSS PAY | FEDERAL TAX | SOC SEC TAX | CD | AMOUNT | CD | AMOUNT | CD | AMOUNT | CD | NET PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 1008 | 133 | 55.0000 | 2150 | | | 118250 | | | | | | 118250 | 10256 1629 | 7332 1715 | 00 946 | | | | | | | 963.72 |
| 03 | 1105 | 133 | 55.0000 | 3200 | | | 176000 | | | | | | 176000 | 18919 3748 | 10912 2952 | 00 1408 | | | | | | | 1384.61 |
| 05 | 1203 | 133 | 55.0000 | 2250 | | | 123750 | | | | | | 123750 | 11081 1339 | 7673 1794 | 00 990 | | | | | | | 1004.73 |
| 07 | 1217 | 133 | 55.0000 | | | 100000 B | | | | | | | 100000 | 25000 9300 | 6200 1450 | 00 800 | | | | | | | 572.50 |



| TOTALS | REG HOURS 1 | O/T HOURS 3 | HOURS 3 | HOURS 4 | REG EARNINGS 1 | O/T EARN 2 | EARNINGS 3 | EARNINGS 4 | EARNINGS 5 | GROSS PAY | FEDERAL TAX / STATE TAX | SOCIAL SECURITY TAX / MEDICARE TAX | CITY TAX / SUBCD | TOT. VOL. DED. / NET PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| QTR-> | 15700 | | | | 863500 | | 100000 | | | 963500 | 109638 24386 | 59738 13971 | 7708 | .00 7480.59 |
| YTD-> | | | | | | | | | | 1026750 | 112086 24915 | 63660 14888 | 8214 | |

| | | 100000 B | | 24386 25CA | | |

| 002970 | XXX-XX- | BRAVERMAN, JESSICA A | | CHERNE CONTRAC | 12/31/2006 | KD |

1997  AUTOMATIC  DATA  PROCESSING  INC.

# Exhibit B



*Performance Driven Construction*

# CHERNE CONTRACTING CORPORATION

Catherine C. LaPoint
Vice President, Human Resources

cathy.lapoint@cherne.com
Phone # 952-944-4300
Fax # 952-944-4399

September 18, 2006

Email: jbbraverman@yahoo.com

Ms. Jessica Braverman-Smith
P. O. Box 3695
Walnut Creek CA 94598

Dear Jessica

I am very pleased to send this letter which will confirm your acceptance of our offer of employment with Cherne Contracting Corporation for the part-time position of HR Specialist. Your assignment will be at the Tesoro Golden Eagle Refinery Project in Martinez, California, reporting to Project Manager, Shorty Holsman. We would like your start date to be September 20, 2006. It is anticipated that your schedule will be an average of 16 hours per week. The hours are to be arranged with Shorty. You will be paid for actual hours worked.

Compensation:
Your starting base compensation which is paid on a bi-weekly basis will be $55.00 per hour.

The HR Specialist position is classified as exempt.

Benefits:
In addition, you will be eligible for the benefits described in the attached benefits summary.

A background check will be conducted at the jobsite on your first day of employment. This employment offer is contingent upon us obtaining a clean background check.

All of our jobsites are drug free sites, and each requires certification of the drug free status of every person assigned to the site. While the process varies among the jobsites, you can expect that you will be required to undergo a pre-placement drug screening upon your start date at the jobsite.

Feel free to call me directly at 952-944-4305 if you have any questions about this offer confirmation.

Sincerely,

Catherine C. LaPoint
Vice President, Human Resources

CCL:jhm
Enclosure

cc:     Bill Cherne
        Tom Van Oss
        Keith Fermanich

1   MICHAEL J. VARTAIN [SBN 92366]
    LINDA K. ADLER  [SBN 199809]
2   **VARTAIN LAW GROUP**
    601 Montgomery Street, Suite 540
3   San Francisco, CA 94111-2608
    Telephone: [415] 391-1155
4   Facsimile:  [415] 391-1177

5   Attorneys for Defendants
    BERKEL & COMPANY CONTRACTORS, INC.,
6   AND JESSICA BRAVERMAN

7
                IN THE UNITED STATES DISTRICT COURT
8                            FOR THE
                NORTHERN DISTRICT OF CALIFORNIA
9                            OAKLAND

10

11
    WINIFRED L. GIBSON-JONES,              )   Federal Case No.:  **C V  0 7 - 6 4 4 0  WDB**
12                                         )
              Plaintiff,                   )
13                                         )
    vs.                                    )   **PROPOSED ORDER RE DEFENDANT**
14                                         )   **JESSICA BRAVERMAN'S MOTION TO**
    BERKEL & COMPANY CONTRACTORS,          )   **DISMISS**
15  INC., a foreign corporation; CHERNE    )
    CONSTRUCTION COMPANY, a foreign        )   **[F.R.C.P. RULE 12(b)]**
16  corporation; JESSICA BRAVERMAN-        )
    SMITH, AKA JESSICA BRAVERMAN, HR       )
17  Consultant, Cherne Contracting Corporation; )
    GREGORY A. SCHER, AKA WINGNUT          )
18  SCHER, an individual, and DOES 1-50,   )   Hearing Date:    April 30, 2008
    inclusive,                             )   Time:            1:30 p.m.
19                                         )   Courtroom:       Courtroom 4, 3rd Floor
              Defendants.                  )   Judge:           Hon. Wayne D. Brazil
20                                         )   First Amended
                                           )   Complaint filed: March 11, 2008
21  ─────────────────────────────────

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV076440WDB]–PROPOSED ORDER RE BRAVERMAN'S MTN TO DISMISS**

1    The motion of Defendant Jessica Braverman ("Ms. Braverman") for dismissal without

2    leave to amend pursuant to Federal Rules of Civil Procedure 12(b), came on for hearing on

3    April 30, 2008.  Appearing for Plaintiff Winifred Gibson-Jones was Patrice R. Zabell, Esq.

4    Appearing for the Ms. Braverman were Michael J. Vartain, Esq. and Linda K. Adler, Esq.

5    Having reviewed all of the papers and the arguments of the parties and good cause showing,

6    IT IS HEREBY ORDERED:

7       (1)    The motion  is hereby granted;

8       (2)    The Sixth Cause of Action against Ms. Braverman is dismissed with prejudice

9            and without leave to amend;

10      (3)    Judgment is hereby entered for Ms. Braverman and against Plaintiff.

12   IT IS SO ORDERED.

15   DATED: _____    _____

16                          Honorable Judge of the United States District Court

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND JESSICA BRAVERMAN

7

8                  IN THE UNITED STATES DISTRICT COURT
                            FOR THE
9               NORTHERN DISTRICT OF CALIFORNIA
                            OAKLAND
10

11

12  WINIFRED L. GIBSON-JONES,              )  Federal Case No.:  **C V  0 7 - 6 4 4 0  WDB**
                                           )
13          Plaintiff,                     )
                                           )  ·
14  vs.                                    )  **PROPOSED ORDER RE DEFENDANTS**
                                           )  **JESSICA BRAVERMAN AND BERKEL &**
15  BERKEL & COMPANY CONTRACTORS,          )  **COMPANY CONTRACTORS, INC.'S**
    INC., a foreign corporation; CHERNE    )  **MOTION TO STRIKE PORTIONS OF**
16  CONSTRUCTION COMPANY, a foreign        )  **PLAINTIFF'S FIRST AMENDED**
    corporation; JESSICA BRAVERMAN-        )  **COMPLAINT**
17  SMITH, AKA JESSICA BRAVERMAN, HR       )
    Consultant, Cherne Contracting Corporation; )  **[F.R.C.P. RULE 12(b)]**
18  GREGORY A. SCHER, AKA WINGNUT          )
    SCHER, an individual, and DOES 1-50,   )
19  inclusive,                             )  Hearing Date:    April 30, 2008
                                           )  Time:            1:30 p.m.
20          Defendants.                    )  Courtroom:       Courtroom 4, 3rd Floor
                                           )  Judge:           Hon. Wayne D. Brazil
21                                         )  First Amended
    _____    )  Complaint filed: March 11, 2008
22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV076440WDB]– PROPOSED ORDER RE
DEFS BRAVERMAN AND BERKEL'S MOTION TO STRIKE PORTIONS OF PLF'S FAC**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\FAC Motion to Dismiss\Proposed Order re MTS.doc

1       The motion of Defendant Jessica Braverman ("Ms. Braverman") for dismissal without

2  leave to amend pursuant to Federal Rules of Civil Procedure 12(b), came on for hearing on

3  April 30, 2008.  Appearing for Plaintiff Winifred Gibson-Jones was Patrice R. Zabell, Esq.

4  Appearing for the Ms. Braverman were Michael J. Vartain, Esq. and Linda K. Adler, Esq.

5  Having reviewed all of the papers and the arguments of the parties and good cause showing,

6       IT IS HEREBY ORDERED:

7       (1)    That the motion  is hereby granted;

8       (2)    That Paragraphs 5, 6 and 63,  and the portion of the first sentence of Paragraph

9  60 at 13:26, stating, "and Zuckerman," and the portion of Paragraph 46 at 9:19-20, stating, "She

10  had been pregnant, but lost the baby as a result of the accident," be stricken from the First

11  Amended Complaint, without leave to amend.

12       IT IS SO ORDERED.

13

14

15  DATED: _____      _____

16       Honorable Judge of the United States District Court

17

18

19

20

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC-ND #CV076440WDB]– PROPOSED ORDER RE DEFS BRAVERMAN AND BERKEL'S MOTION TO STRIKE PORTIONS OF PLF'S FAC**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\FAC Motion to Dismiss\Proposed Order re MTS.doc

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER  [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone:  [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND JESSICA BRAVERMAN

7
                    IN THE UNITED STATES DISTRICT COURT
8                              FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
9                             OAKLAND

10

11  WINIFRED L. GIBSON-JONES,              )  Federal Case No.:  **CV  07 – 06440  WDB**
                                           )
12             Plaintiff,                   )
                                           )  **SECOND SUPPLEMENTAL**
13  vs.                                     )  **DECLARATION OF JESSICA**
                                           )  **BRAVERMAN**
14  BERKEL & COMPANY CONTRACTORS,          )
    INC., a foreign corporation; CHERNE    )
15  CONSTRUCTION COMPANY, a foreign        )
    corporation; JESSICA BRAVERMAN-        )
16  SMITH, AKA JESSICA BRAVERMAN, HR       )
    Consultant, Cherne Contracting Corporation; )
17  GREGORY A. SCHER, AKA WINGNUT          )
    SCHER, an individual, and DOES 1-50,   )
18  inclusive,                              )
                                           )
19             Defendants.                  )  First Amended
    _____ )  Complaint filed:  March 11, 2008

20

21

22

23

24

25

26

27

28

1    I, JESSICA BRAVERMAN, declare:

2    I was employed by Cherne Contracting Corporation ("Cherne") in October and

3    November 2006 in a human resources position. I make the following statements on my own

4    personal knowledge, and if called upon, could and would testify thereto.

5    **Cherne's Role At The Tesoro Project Site:**

6    1.    Cherne was a contractor at the Tesoro Refinery site in Martinez, California,

7    performing construction work.

8    **During The Investigation, I Was Acting Solely In My Capacity As A Cherne Employee,**
9    **And Did Not Have An Independent Contractor Relationship With Either Cherne Or**
     **Berkel:**
10

11    2.    On or about September 2006, I was hired by Cherne as a part-time employee.

12    (Attached as **Exhibit A** is a true and correct copy of a letter from Cherne dated September 18,

13    2006, confirming my acceptance of Cherne's offer of employment.) I continued to be a part-

14    time employee of Cherne at all times when, for Cherne, I was handling the Berkel assignment.

15    3.    At the time of my investigation, in October 2006, of Plaintiff's harassment

16    complaint, I was a part-time employee of Cherne, and was solely on the Cherne employee

17    payroll. As an employee of Cherne, I had an office at Cherne's Tesoro project site located in

18    Martinez, California, which constituted my Cherne employment workplace. I used Cherne's

19    equipment, including its computers and time entry system, to perform my work as Cherne's

20    employee. I also had an employee badge that allowed me to access restricted areas.

21    4.    As an employee of Cherne, my job assignments and projects were controlled by

22    Cherne, and I reported to two supervisors employed by Cherne, Catherine LaPoint and Shorty

23    Holsman. I had no decision-making authority and all of my work tasks and reports were

24    reviewed and controlled by my Cherne supervisors.

25    \\

26    \\

27    \\

28    \\

**As My Employer, Cherne Assigned Me In My Capacity As A Cherne Employee, To Assist Berkel In Its Investigation of Plaintiff's Complaint:**

5.    On or about October 17, 2006, I was informed by my employer, Cherne, that an employee of one of the other contractors at the Tesoro site had made a sexual harassment complaint that day. Cherne informed me that the other contractor, Berkel & Company Contractors, Inc. ("Berkel"), had contacted Cherne, asking for assistance in the investigation of this sexual harassment complaint, because it wanted to do an immediate investigation and had no one immediately available. I learned from Cherne that the complaining employee was Winifred Gibson-Jones and that the alleged sexual harasser was Berkel employee, Gregory Scher. My employer, Cherne, assigned me to the investigation of Plaintiff's sexual harassment complaint. My employer, Cherne, told me to call Brian Zuckerman at Berkel, to offer my assistance on behalf of Cherne.

6.    I was at home when I received the telephone call from my Cherne supervisor, Ms. LaPoint. My Cherne supervisor assigned me to go to the Tesoro project site immediately and to conduct a limited investigation for Berkel.

7.    On the same day, on or about October 17, 2006, I telephoned Berkel's Brian Zuckerman and, as instructed by Ms. LaPoint on behalf of Cherne, I offered to assist Berkel on Cherne's behalf. Berkel accepted Cherne's offer of assistance.

8.    It was my understanding that I was to do as I had been told by Cherne, which was to assist Berkel in the investigation of Plaintiff's complaint. Therefore, as a Cherne employee and on Cherne's behalf, I conducted a limited investigation.

**As My Employer, Cherne Provided Me With The Resources To Perform The Investigation And Supervised My Work Related To The Investigation:**

9.    At all times during my investigation on or about October 17, 2006, which involved interviews with various individuals at the project site, I was accompanied by another Cherne employee, Mike Hansen. It was my practice, as a Cherne employee, to have another Cherne employee accompany me during all of my sexual harassment investigations, to serve as a witness. Since this investigation was being performed in my capacity as a Cherne employee and at Cherne's request, I followed my standard protocol of having a Cherne employee

1    accompany me during the investigation.

2         10.    After my investigation, Ms. LaPoint of Cherne instructed me to prepare a report.

3    Ms. LaPoint instructed me to allow her to review my report before it was sent to Berkel.  I

4    provided Ms. LaPoint with a copy of my report as per her request.  After reviewing my report,

5    Ms. LaPoint informed me that she would provide Berkel with the report.  Ms. LaPoint also

6    asked me to transmit a copy to Mr. Zuckerman at Berkel, which I did.

7    **The Only Compensation I Received In Connection With The Investigation Was From Cherne As A Cherne Employee:**

8

9         11.    I was compensated only by Cherne in accordance with my regular bi-monthly

10   payroll earnings for my activities related to my limited investigation of Plaintiff's complaint.  I

11   did not receive any compensation from Berkel, BMC or any other entity or employer.

12   **I Was Not Acting In Any Capacity On Behalf Of BMC During The Investigation, As BMC Was Not Formed Until 2007:**

13

14        12.    At the time of my investigation on or about October 17, 2006, I was acting only

15   in my capacity as an employee of Cherne, and was not acting in any capacity on behalf of BMC

16   or any other business entity or employer.

17        13.    Braverman Mediation & Consulting, a sole proprietorship, was not in existence

18   in October-November 2006, the time of my assignment from Cherne to assist Berkel.

19   **Plaintiff's Allegations That BMC Was Involved In This Case Are Incorrect For The Following Reasons:**

20

21        14.    Starting on or about 1995, I worked on a pro bono basis as a court-appointed

22   mediator and arbitrator for various superior courts in Northern California.  Because I decided to

23   "go by" something other than my name, I selected the name, "Braverman Mediation."

24   "Braverman Mediation" was never more than a name that I used to refer to myself in the context

25   of my pro-bono work as a court-appointed mediator and arbitrator, and does not refer to any

26   formal business entity that was ever in existence.  Moreover, I did not derive any income from

27   any of my activities in connection with "Braverman Mediation."  The name of "Braverman

28   Mediation" is different from and unrelated to the business entity of  Braverman Mediation &

---

**GIBSON-JONES v. BERKEL [USDC-ND #CV  07-06440 WDB]– 2ND SUPPLEMENTAL BRAVERMAN DEC**

1    Consulting.

2        15.    I began working for Ed Goodson, the owner of The Trust and Probate Law

3    Group, on or about February 2007. I did not create the content of Mr. Goodson's company

4    website discussing my employment background on www.trustandprobatelawgroup.com. The

5    content of the website is inaccurate in that it erroneously states that I began Braverman

6    Mediation & Consulting in 1995, when in fact, Braverman Mediation & Consulting was not in

7    existence in October-November 2006. When I recently became aware of the discrepancy on the

8    website, I informed Mr. Goodson of the error. He acknowledged that he had made a mistake,

9    and recalled that I had previously told him that Braverman Mediation & Consulting was formed

10   in 2007.

11       I declare under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct. Executed this 17th day of March 2008 in Walnut Creek,

13   California.

14

15

16                           JESSICA BRAVERMAN

17

18

19

20

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL |USDC-ND #CV 07-06440 WDB|– 2ND SUPPLEMENTAL BRAVERMAN
DEC IN REBUTTAL TO PLF'S ANSWER TO THE INTERIM ORDER FOLLOWING 2/27/08 HEARING**
-4-

FROM : Jessica A Braverman       FAX NO. : 9257988008       Mar. 17 2008 08:07AM P1

# Exhibit A

FROM : Jessica A Braverman          FAX NO. : 9257988008          Feb. 28 2008 12:06PM  P2



Performance
Driven
Construction

CHERNE CONTRACTING CORPORATION

Catherine C. LaPoint
Vice President, Human Resources

September 18, 2006

cathy.lapoint@cherne.com
Phone # 952-944-4300
Fax # 952-944-4399

Email: jbbraverman@yahoo.com

Ms. Jessica Braverman-Smith
P. O. Box 3695
Walnut Creek CA 94598

Dear Jessica

I am very pleased to send this letter which will confirm your acceptance of our offer of employment with Cherne Contracting Corporation for the part-time position of HR Specialist. Your assignment will be at the Tesoro Golden Eagle Refinery Project in Martinez, California, reporting to Project Manager, Shorty Holsman. We would like your start date to be September 20, 2006. It is anticipated that your schedule will be an average of 16 hours per week. The hours are to be arranged with Shorty. You will be paid for actual hours worked.

Compensation:
Your starting base compensation which is paid on a bi-weekly basis will be $55.00 per hour.

The HR Specialist position is classified as exempt.

Benefits:
In addition, you will be eligible for the benefits described in the attached benefits summary.

A background check will be conducted at the jobsite on your first day of employment. This employment offer is contingent upon us obtaining a clean background check.

All of our jobsites are drug free sites, and each requires certification of the drug free status of every person assigned to the site. While the process varies among the jobsites, you can expect that you will be required to undergo a pre-placement drug screening upon your start date at the jobsite.

Feel free to call me directly at 952-944-4305 if you have any questions about this offer confirmation.

Sincerely,

Catherine C. LaPoint
Vice President, Human Resources

CCL:jhm
Enclosure

cc:     Bill Cherne
        Tom Van Oss
        Keith Fermanich