```
 1  Kathleen Maylin (SBN 155371)
    Allan J. Gomes (SBN 225810)
 2  JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
 3  San Francisco, California 94105
    Telephone: (415) 394-9400
 4  Facsimile: (415) 394-9401

 5  Attorneys for Defendant,
    CHERNE CONTRACTING CORPORATION
 6
```

ORIGINAL FILED

APR 24 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED GIBSON-JONES,<br><br>Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONTRACTING CORPORATION, a foreign corporation; JESSICA BRAVERMAN, HR Consultant, Cherne Contracting Corporation; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1.50, inclusive,<br><br>Defendants. | Case No. C-07-6440 PJH<br><br>**DEFENDANT CHERNE CONTRACTING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM**<br><br>[F.R.C.P. RULE 12(b)(6)]<br><br>Complaint Filed: 11/29/07<br><br>FAC Filed: 3/11/08<br><br>Hearing Date: June 4, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Phyllis J. Hamilton |

TO THE HONORABLE PHYLLIS J. HAMILTON, THE CLERK OF THE U.S. DISTRICT COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant CHERNE CONTRACTING CORPORATION hereby moves to dismiss PLAINTIFF Winifred Gibson-Jones's Fifth Claim pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Plaintiff's Fifth Claim fails to state a claim upon which relief can be granted.

This motion is based on this notice of motion, the memorandum of points and authorities, along with all supporting evidence, all of which are attached here to and served and filed

herewith, as well as the pleadings on file with this Court, oral argument of counsel and any other matters the Court may consider.

Dated: April 24, 2008

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Kathleen Maylin
Allan J. Gomes
Attorneys for Defendant
CHERNE CONTRACTING CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Winifred Gibson-Jones filed this employment action against Cherne Contracting Corporation, Berkel & Company Contractors, Jessica Braverman-Smith, Braverman Mediation and Consulting, Brian Zuckerman, and Gregory A. Scher, aka Wingnut Scher. Plaintiff's claims revolve around alleged sexual harassment by Gregory Scher. Berkel employed both Plaintiff and Scher. Cherne, a construction contractor performing work on the same project as Berkel, employed neither Plaintiff nor Scher.

Plaintiff's First Amended Complaint states only one Claim against Cherne: Aiding and Abetting Breach of Duty to Conduct an Objective and Thorough Investigation into Sexual Harassment. Plaintiff's Claim must be dismissed because even if all facts alleged by her are true, she is not entitled to relief from Cherne.

## II. STATEMENT OF FACTS

Plaintiff's First Amended Complaint alleges Berkel employed her as an apprentice Pile Driver. (First Amended Complaint ("FAC") ¶11.) Plaintiff further alleges Berkel was Cherne's subcontractor on the "Tesoro project," that Cherne and Berkel employees worked side-by-side, and that Cherne managed certain areas of Berkel's business operations. (FAC ¶15.) Plaintiff also alleges Cherne employed Jessica Braverman-Smith as a part-time employee and that Braverman acted as Cherne's agent. (FAC ¶16.)

Plaintiff alleges Berkel employee Gregory Scher subjected her to continuous sexual harassment. (FAC ¶¶26-43.) Plaintiff further alleges she reported this harassment and was subsequently approached by Braverman-Smith who Berkel retained for "the purpose of conducting a neutral investigation" of Plaintiff's allegations. (FAC ¶16.) Plaintiff alleges Braverman-Smith failed to conduct a thorough investigation of her complaints and "aided and abetted Berkel in its breach of their duty to conduct a thorough investigation into Plaintiff's complaints of sexual harassment." (FAC ¶58.) Plaintiff also alleges Cherne "aided and abetted Berkel in its breach of their duty to conduct a thorough investigation into Plaintiff's complaints of sexual harassment." (FAC ¶57.)

## III. LEGAL ARGUMENTS

### A. This Court Should Dismiss Plaintiff's Fifth Claim Because it Fails to State a Claim Upon Which Relief can be Granted

A Rule 12 (b)(6) dismissal is proper where there is either a lack of cognizable legal theory or there is an absence of sufficient facts under a cognizable legal theory. Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (no error for the court to deny leave to amend where the amendment would be futile or where the amended complaint would still be subject to dismissal).

In ruling on a motion to dismiss under Rule 12 (b)(6), the court must accept as true all material factual allegations of the complaint, construing the complaint in favor of the complaining party. Gillespie v. Giviletti, 629 F.2d 637 (9th Cir. 1980). Additionally, a motion to dismiss is appropriate where plaintiff has included allegations in the complaint which disclose some absolute defense or bar to recovery based solely on those pleadings. Fed. R. Civ. P. 12 (b)(6); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). Mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiff's Fifth Claim in her First Amended Complaint fails to state a claim upon which relief may be granted with respect to Cherne, thus this claim, and Cherne, should be dismissed from the suit.

### B. No Aiding and Abetting Claim Can Exist Against Cherne

Plaintiff's Fifth Claim fails because aiding and abetting liability only attaches to acts prohibited by the Fair Employment and Housing Act ("FEHA"). Plaintiff's Fifth Claim alleges Cherne bears liability because it aided and abetted Berkel in its breach of duty to conduct "an objective and thorough investigation into allegations of sexual harassment." Her claim is without theoretical merit.

#### 1. Failure to Act Can Not Establish an Aiding and Abetting Claim

The FEHA states it is unlawful for "any person to aid, abet, incite, compel, or coerce the doing of any the acts *forbidden* under this part, or any attempt to do so." Cal. Gov't Code

12940(i) (emphasis added). The FEHA does not define the term "aid and abet." As a result, courts look to common law for guidance. See Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1318, 1325-1326 (1996). A party is liable for aiding and abetting if it "(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) give substantial assistance to the other in accomplishing a tortuous result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Fiol v. Doellstedt, 50 Cal.App.4th at 1325-1326 (citing Saunders v. Superior Court, 27 Cal. App. 4th 832, 846 (1994)). Stated differently, "[a]iding and abetting occurs when one helps another commit a prohibited act." Janken v. GM Hughes Electronics 46 Cal. App. 4th 55, 77 (1996). In contrast, the mere failure to act does not constitute the giving of "substantial assistance or encouragement" required for aiding and abetting. Fiol, 50 Cal. App. 4th at 1326.

The regulations adopted by the Fair Employment and Housing Commission ("FEHC") further define aiding and abetting. The regulations state it is a prohibited practice to "assist or encourage any person or individual in doing any act known to constitute unlawful employment discrimination and to solicit or encourage any person or individual to violate the Act." Cal. Code Regs. tit. 2 §7287.7a(2) & (3).

### 2. One Cannot Aid and Abet a Failure to Conduct an Objective and Thorough Investigation

Conducting an investigation of sexual harassment allegations is not a prohibited act. In fact, the FEHA contains no requirement that an employer conduct an investigation after an employee alleges he or she was subject to sexual harassment. In contrast, the FEHA requires that "[a]n entity shall take all reasonable steps to prevent harassment from occurring." Cal Gov't Code §12940(j)(1). The regulations promulgated by the FEHC further interpret this requirement to mean that an employer may bear liability for failing to "take immediate and appropriate corrective action" when presented with allegations of sexual harassment. Cal Code Regs. tit. 2 §7287.6(b)(3). Thus, both the FEHA and FEHC regulations create an affirmative duty, not a prohibited act. Plaintiff fails to, and cannot, allege Cherne employed her, thus Cherne had no obligation to take corrective action for any allegations of sexual harassment.

Cherne cannot be liable under an aiding and abetting theory if the underlying act is not prohibited. One cannot bear liability for failing to take a required action because mere inaction does not constitute aiding and abetting. Fiol, 50 Cal. App. at 1326, fn. 5. While not required, conducting an investigation into allegations of sexual harassment is highly encouraged. However, failing to take such a remedial step does not constitute engaging in a prohibited act as defined under either the FEHA or FEHC regulations. Accordingly, it is impossible for Cherne to bear any liability under Plaintiff's Fifth Claim.

C.  **Even if the Law Allowed Plaintiff's Fifth Claim, No Liability Would Attach to Cherne**

Plaintiff's complaint alleges Braverman-Smith acted as Cherne's agent during the course of the events relevant in this matter. (FAC ¶16.) Accordingly, Plaintiff alleges Cherne bears vicarious liability for Braverman-Smith's actions. However, Plaintiff also alleges Braverman-Smith acted as Berkel's agent at the same time. (FAC ¶17.) More importantly, Plaintiff alleges Braverman-Smith acted as an "independent contractor" for Berkel and that Braverman "represented to Plaintiff that Berkel retained her for the purpose of conducting a neutral objective investigation." Id.

Neither the FEHA nor the regulations promulgated by the FEHC define the term agent. Under general agency principles, an agent is one who represents a principal in dealings with third persons. Cal. Civ. Code §2295. An agent is "a person authorized by a principal to conduct one or more transactions with one or more third person and to exercise a degree of discretion in effecting the purpose of the principal." Fiol, 50 Cal. App. 4t h at 1328 (citing Gipson v. Davis Realty Co., 215 Cal. App. 2d 190, 205-206 (1963). Plaintiff's allegations state Braverman-Smith's allegedly inadequate investigation was performed for Berkel, not Cherne. This is supported by Plaintiff's allegation that Cherne's Vice President of Human Resources "sent a letter and invoice to [Berkel] for Braverman's services." (FAC ¶59.) Accordingly, during the course and scope of her duties in conducting her investigation, Braverman-Smith acted as Berkel's agent, not Cherne's. Therefore, Cherne cannot bear vicarious liability for the actions taken by Braverman-Smith during her investigation.

## IV. CONCLUSION

For the foregoing reasons, Defendant Cherne Contracting Corporation respectfully requests the Court grant its Motion to Dismiss Plaintiff's Fifth Claim.

Dated: April 24, 2008

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Kathleen Maylin
Allan J. Gomes
Attorneys for Defendant
CHERNE CONTRACTING CORPORATION

## CERTIFICATE OF SERVICE

Case Name:   Gibson-Jones v. Berkel & Company Contractors, Inc., et al.
Case No.:    USDC-ND; C-07-6440 PJH

I, David T. Casey, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On April 24, 2008, I served the attached **DEFENDANT CHERNE CONTRACTING CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Patrice R. Zabell<br>Law Offices of Patrice R. Zabell<br>2700 Ygnacio Valley Road, Suite 237<br>Walnut Creek, CA  94598-3463<br>Tel.: 925-932-9455<br>Cell: 925-899-6519<br>Fax: 925-932-9468 | *Counsel for Plaintiff*<br>**Winifred Gibson-Jones** |
| Michael J. Vartain<br>Linda K. Adler<br>Vartain Law Group<br>601 Montgomery Street, Suite 540<br>San Francisco, CA 94111-2608<br>Tel:    (415) 391-1155<br>Fax:   (415) 391-1177 | *Counsel for Defendants*<br>**Berkel & Company Contractors, Inc. and Jessica Braverman** |

[X]   BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. **[( )** *Courtesy copy by fax.***]**

[ ]   BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

CERTIFICATE OF SERVICE                                              Case No. C-07-6440-PJH

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 24, 2008, at San Francisco, California.

_____
David T. Casey

SUPPLEMENTAL INTERROGATORIES, SET ONE