Kathleen Maylin (SBN 155371)
Allan J. Gomes (SBN 225810)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
CHERNE CONTRACTING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED GIBSON-JONES,<br><br>Plaintiff,<br><br>v.<br><br>BERKEL & COMPANY CONTRACTORS, INC., a foreign corporation; CHERNE CONTRACTING CORPORATION, a foreign corporation; JESSICA BRAVERMAN, HR Consultant, Cherne Contracting Corporation; GREGORY A. SCHER, AKA WINGNUT SCHER, an individual, and DOES 1.50, inclusive,<br><br>Defendants. | Case No.  C-07-6440 PJH<br><br>**DEFENDANT CHERNE CONTRACTING CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO CHERNE'S MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM**<br><br>**[F.R.C.P. RULE 12(b)(6)]**<br><br>Complaint Filed:  11/29/07<br><br>FAC Filed:         3/11/08<br><br>Hearing Date:    June 4, 2008<br>Time:                 9:00 a.m.<br>Courtroom:        3<br>Judge:                Hon. Phyllis J. Hamilton |

**I.    PRELIMINARY STATEMENT**

The bulk of Plaintiff's opposition is a recitation of allegations from her complaint. However, these allegations fail to support her Claim against Cherne.  Further, Plaintiff's arguments fail to show how Cherne can be liable for aiding and abetting an alleged failure to conduct a thorough objective investigation into allegations of sexual harassment.  The reason for this is simple:  Plaintiff's opposition fails to show such an investigation is required by the Fair Employment and Housing Act or is an act "forbidden" by the statute.  For the reasons provided below, this Court must grant Cherne's motion to dismiss.

1

## II. ARGUMENT

### A. Plaintiff's Allegations Fail to Support a Claim Against Cherne

Plaintiff's opposition begins with a long recitation of alleged facts contained in her complaint. In its moving papers, however, Cherne acknowledged and included the allegations most relevant to Plaintiff's Claim against Cherne. For example, Cherne's moving papers note Plaintiff alleged "Berkel was Cherne's subcontractor on the "Tesoro project," that Cherne and Berkel employees worked side-by-side, and that Cherne managed certain areas of Berkel's business operations." (First Amended Complaint ("FAC") ¶15.) Further, Cherne also acknowledged Plaintiff's allegation that "Cherne employed Jessica Braverman-Smith as a part-time employee and that Braverman acted as Cherne's agent." (FAC ¶16.)

Despite the many pages of allegations in her opposition, Plaintiff failed to include some of the most salient allegations. Most importantly, Plaintiff's opposition fails to include her allegation that Braverman-Smith acted as an "independent contractor" for Berkel. (FAC ¶17.) Plaintiff's allegations do not allow her Claim to survive Cherne's motion to dismiss because her allegations, if competently evidenced, cannot result in liability for Cherne.

### B. Plaintiff's Opposition Fails to Establish the FEHA Requires an Employer to Conduct an Objective and Thorough Investigation into Allegations of Sexual Harassment

The Fair Employment and Housing Act ("FEHA") does not require an employer to conduct an "objective and thorough investigation" into allegations of sexual harassment. Instead, the FEHA requires an employer to take "immediate and appropriate corrective action" when it becomes aware of sexual harassment allegations. Cal. Gov't Code §12940(j)(1). The Code of Regulations imposes a similar duty. Cal. Code Regs., tit. 2, §7287.6(b)(3). However, neither of these require a "thorough and objective investigation."

Plaintiff attempts to show the presence of a requirement to conduct an investigation by citing to the statutory commentary to the 1984 revisions to the FEHA. However, the commentary does not state that an employer is required to conduct an investigation into allegations of sexual harassment. The cited commentary only requires employers to establish "prompt and remedial internal procedures" to maintain a workplace "free from prohibited harassment and

2

DEFENDANT CHERNE CONTRACTING CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION
TO CHERNE'S MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM                    Case No. C-07-6440 PJH

discrimination." Plaintiff has not established an employer is required to conduct a thorough and objective investigation.

### C. Plaintiff's Opposition Fails to Establish that a Failure to Conduct an Objective and Thorough Investigation Can Result in Aiding and Abetting Liability

Even if the FEHA imposed liability for failing to conduct an investigation into allegations of sexual harassment, Cherne could be liable for aiding and abetting. The aiding and abetting section of the FEHA makes it unlawful for a person to aid and abet an act that is *forbidden* by the FEHA. Cal. Gov't Code §12940(i). Therefore, a fundamental principle of aiding and abetting is that the act aided or abetted is prohibited. Nothing in the FEHA establishes that a failure to conduct such an investigation is forbidden.

Plaintiff attempts to mislead this court into believing the FEHA imposes aiding and abetting liability for failure to take immediate and corrective remedial action in response to allegations of sexual harassment. On page eight of plaintiff's opposition, she states "it is unlawful for "any person" to aid and abet an employer from meeting its duty to take such immediate and corrective action." Plaintiff cites to Cal. Gov't Code §12940(j). However, this section of the FEHA does not contain such language. In fact, Plaintiff has taken the liberty of combining sections 12940(i) and 12940(j)(1). However, these two sections clearly impose two distinct obligations. Plaintiff's attempt to combine these two obligations is an improper misstatement of law.

The California Code of Regulations defines prohibited practices that can result in aiding and abetting liability. For example, aiding and abetting liability can result from assisting "any person or individual in doing any act known to constitute unlawful discrimination." Cal. Code Regs., tit. 2, §7287.7(a)(1). The list of prohibited practices does not list either "failure to conduct an investigation" or "failure to take immediate corrective action" as prohibited practices. See Cal. Code Regs., tit. 2, §7287.7. Failing to take "immediate and corrective action" would thus not be a prohibited practice. However, no aiding and abetting liability can attach if a person fails to act. Aiding and abetting liability cannot result from "mere inaction." Fiol v. Doellstedt, 50 Cal. App. 4th 1318, fn. 5 (1996). Thus, even if Cherne bore some responsibility to ensure a thorough

3

objective investigation was conducted, it cannot bear aiding and abetting liability for failing to meet such a requirement.

Plaintiff also relies on <u>Alch v. Superior Court</u> in support of her position that Cherne may bear liability for her aiding and abetting Claim. <u>Alch v. Superior Court</u>, 122 Cal. App. 4th 339 (2004). Such reliance is misplaced. <u>Alch</u> is both distinguishable and inapplicable to the case at hand. In <u>Alch,</u> 23 separate class action lawsuits were filed by television writers against television networks, studios, production companies and talent agencies. <u>Id</u>. at 350. The writers alleged the talent agencies aided and abetted the networks, studios and production companies in a systematic policy of age discrimination. <u>Id</u>. at 389. However, the case at hand is distinguished from <u>Alch</u> because the television writers alleged the talent agencies aided and abetted <u>discrimination</u>; an act forbidden by the FEHA. <u>See</u> Cal. Code Regs., tit. 2, §7287.7.

### D. Even if Cherne Could Bear Liability as an Aider and Abettor, Plaintiff's Allegations Preclude Any Liability from Attaching to Cherne

Plaintiff's allegations further immunize Cherne from liability for Plaintiff's Fifth Claim. Plaintiff alleges Cherne bears vicarious liability for Braverman-Smith's actions. To be vicariously liable for the acts of another, the other must be acting as an agent of the employer. A person acts as an agent when the person is authorized to conduct transactions with discretion to further the goal of his or her principal. <u>Fiol</u>, 50 Cal. App. 4th 1328 (<u>citing</u> <u>Gipson v. Davis Realty Co.</u>, 215 Cal. App. 2d 190, 205-206 (1963). If Braverman-Smith acted as anyone's agent during the alleged investigation, she acted as Berkel's agent. Plaintiff's allegations support this point by stating Braverman-Smith acted as an "independent contractor" for Berkel and that Cherne invoiced Berkel for Braverman-Smiths services. (FAC ¶¶ 17, 59). Thus, Cherne cannot bear liability for actions taken by an individual who was not acting as its agent during the relevant period of time.

///
///
///
///

4

DEFENDANT CHERNE CONTRACTING CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION
TO CHERNE'S MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM                     Case No. C-07-6440 PJH

III. **CONCLUSION**

For the foregoing reasons, Cherne Construction Corporation respectfully requests this court to grant its Motion to Dismiss Plaintiff's Fifth Claim.

Respectfully submitted,

Dated: May 20, 2008　　　　　　　　　　　JACKSON LEWIS LLP

By: _____
Kathleen Maylin
Allan J. Gomes
Attorneys for Defendant
CHERNE CONTRACTING CORPORATION

5

Defendant Cherne Contracting Corporation's Reply To Plaintiff's Opposition
To Cherne's Motion To Dismiss Plaintiff's Fifth Claim　　　　　　　　　　　Case No. C-07-6440 PJH