1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  and JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)

7

8                    IN THE UNITED STATES DISTRICT COURT
                                  FOR THE
9                      NORTHERN DISTRICT OF CALIFORNIA
                              SAN FRANCISCO
10

11

12 | WINIFRED L. GIBSON-JONES,                        | Case No.: **CV 07 – 06440 PJH** |
   |                                                  |                                 |
13 | Plaintiff,                                       |                                 |
   |                                                  | **DEFENDANTS BERKEL & COMPANY** |
14 | v.                                               | **CONTRACTORS, INC. AND JESSICA** |
   |                                                  | **BRAVERMAN'S REPLY BRIEF IN**  |
15 | BERKEL & COMPANY CONTRACTORS,                    | **SUPPORT OF MOTION TO DISMISS MS.** |
   | INC., a foreign corporation; CHERNE              | **BRAVERMAN AND MOTION**        |
16 | CONSTRUCTION COMPANY, a foreign                  | **REGARDING OBJECTION TO REPORT** |
   | corporation; JESSICA BRAVERMAN-                  | **AND RECOMMENDATION, REQUEST** |
17 | SMITH, AKA JESSICA BRAVERMAN, HR                 | **FOR DE NOVO DETERMINATION,**  |
   | Consultant, Cherne Contracting Corporation;      | **REQUEST FOR EXPANSION OF**    |
18 | GREGORY A. SCHER, AKA WINGNUT                    | **RECORD AND REQUEST FOR *UPJOHN*** |
   | SCHER, an individual, and DOES 1-50,             | **HEARING**                     |
19 | inclusive,                                       |                                 |
   |                                                  |                                 |
20 | Defendants.                                      | Hearing Date:   June 18, 2008   |
   |                                                  | Time:           9:00 a.m.       |
21 |                                                  | Courtroom:      Courtroom 3, 17th Floor |
   |                                                  | Judge:          Phyllis J. Hamilton |
22 |                                                  | First Amended                   |
   |                                                  | Complaint filed: March 11, 2008 |
23

24

25 **ATTACHED DOCUMENTS:**

26 **1.     Supplemental Declaration of Jessica Braverman**

27

28

---

**GIBSON-JONES v BERKEL [USDC-ND CV076440 PJH]– REPLY IN SUPPORT OF MTN TO DISMSS &
RE: OBJECTION TO REPORT AND RECOMMENDATION, MTN FOR DE NOVO DETERMINATION**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Reply Brief--De Novo.doc

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ iii

I.    INTRODUCTION ...............................................................................................1

II.    SUMMARY OF ARGUMENT............................................................................1

III.    ARGUMENT........................................................................................................2

    A.    As To The Simple FEHA Claim Against Ms. Braverman, Allegations Of The FAC, With Or Without Facts By Judicial Notice, Allege That Ms. Braverman Was Performing Solely The "Personnel Management Function" Of Investigating A Harassment Internal Complaint. ..........................................................2

        1.    California Law Defines The Investigation Of A Sexual Harassment Complaint As A Personnel Management Function, Not An Act Of Harassment........................................2

        2.    All of The Allegations Pled Against Ms. Braverman In The FAC Are Based On Her Personnel Management Activity Of Investigating Plaintiff's Sexual Harassment Complaint. ...............................................................................3

        3.    The Pleading Does *Not* Allege That Ms. Braverman Engaged In, Or Participated In Any Act Of Unlawful Harassment By Defendant Scher Or Anyone Else. .............................3

    B.    Pursuant to California Supreme Court Precedent, FEHA Aid and Abet Liability Cannot Be Imposed On Non-Employers, Such As Ms. Braverman, For Their Personnel Management Acts......................................................................................................3

        1.    The Issues of This Case Are The Same As Those Decided By The California Supreme Court In *Reno v. Baird* and *Jones v. The Lodge At Torrey Pine Partnership*...................................................................................3

            a.    In *Reno v. Baird,* The California Supreme Court Held That An Individual Who Does Not Qualify As An Employer Cannot Be Sued Under The FEHA Aid and Abet Clause.........................................4

            b.    In *Jones v. The Lodge At Torrey Pines Partnership,* The California Supreme Court Again Held That The Provisions Of The FEHA Do Not Impose Personal Liability On Non-Employers. ........................................................................4

        2.    Ms. Braverman Was Undisputedly A "Non-Employer" Under FEHA ......................................................................................5

**GIBSON-JONES v BERKEL [USDC-ND CV076440 PJH]– REPLY IN SUPPORT OF MTN TO DISMSS & RE: OBJECTION TO REPORT AND RECOMMENDATION, MTN FOR DE NOVO DETERMINATION**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Reply Brief--De Novo.doc    -i-

      3. It Is Not Relevant Whether Ms. Braverman Was Acting For Cherne And/Or For Berkel: Either Way She Is An Individual, Not A FEHA Employer. ...................................................5

   C. Pursuant to *McCabe v. General Foods Corporation*, Where The Individual Defendant In An Employment Case Is A "Sham" Defendant, The Case Should Not Be Remanded. ..................................................................................6

IV.    CONCLUSION .................................................................................................7

**GIBSON-JONES v BERKEL [USDC-ND CV076440 PJH]– REPLY IN SUPPORT OF MTN TO DISMSS & RE: OBJECTION TO REPORT AND RECOMMENDATION, MTN FOR DE NOVO DETERMINATION**

S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Reply Brief--De Novo.doc    -ii-

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*McCabe v. General Foods Corporation*
811 F.2d 1336 (9th Cir. 1987) ...................................................................................................6, 7

*Ritchey v. Upjohn Drug Company*
139 F.3d 1313 (9th Cir. 1998) ...........................................................................................................6

**STATE STATUTES**

California Fair Employment and Housing Commission (FEHC)
2 CCR Section 7287.6 .....................................................................................................................3

California Government Code Section 12940 (j)(4)(A)...................................................................5

**STATE CASES**

*Fiol v. Doellstedt*
50 Cal.App.4th 1318 (1996) ...............................................................................................1, 2, 3, 4

*Jones v. The Lodge at Torrey Pines Partnership*
42 Cal.4th 1158 (2008) .............................................................................................................1, 3, 4

*Reno v. Baird*
18 Cal.4th 640 (1998) ...............................................................................................................1, 3, 4

*Vergos v. McNeal*
146 Cal.App.4th 1387..........................................................................................................................1, 2

## I. INTRODUCTION

Pursuant to established California Supreme Court law, Ms. Braverman is plainly entitled to an order dismissing her as an individual defendant.

This is because liability under the California Fair Employment and Housing Act ("FEHA") cannot be imposed on non-employers, such as Ms. Braverman—who do not participate in acts of harassment—for their mere performance of personnel management functions. Ms. Braverman's investigation of Plaintiff's sexual harassment complaint forms the basis for all of Plaintiff's allegations against her in the First Amended Verified Complaint. Under California law, the investigation of a sexual harassment complaint is a personnel management activity, and therefore Ms. Braverman cannot be held individually liable under FEHA.

While Plaintiff's Opposition to the instant motion, as well as a number of her other prior submissions to the Court, devotes considerable attention to the question of whether Ms. Braverman's personal management conduct was as an agent of Berkel, as an employee of Cherne or as an independent contractor, none of these factual issues are relevant. Ms. Braverman is undisputedly a non-employer because she has never employed anyone, and as a matter of law, the California Supreme Court has clearly articulated that FEHA liability cannot be imposed on such non-employers.

Because clear and established California law controls the issues raised in Ms. Braverman's motion to dismiss, the motion should be granted, and given the fact that no non-diverse defendants remain, the request to remand should be denied.

## II. SUMMARY OF ARGUMENT

An individual person, such as Ms. Braverman, cannot be sued under FEHA—only a statutory "employer" can be sued—where as here, the individual did not herself engage in any acts of unlawful harassment, and only engaged in personnel management functions. *Reno v. Baird,* 18 Cal.4th 640 (1998); *Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158 (2008); *Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1327 (1996); *Vergos v. McNeal,* 146 Cal.App.4th 1387.

The allegations pled against Ms. Braverman show that she conducted a management investigation into Plaintiff's harassment complaint to Berkel, and did not herself engage in any acts of unlawful harassment. Hence, the motion to dismiss must be granted.

### III. ARGUMENT

**A. As to The FEHA Claims Against Ms. Braverman, Allegations Of The FAC, With Or Without Facts By Judicial Notice, Allege That Ms. Braverman Was Performing Solely The "Personnel Management Function" Of Investigating A Harassment Internal Complaint.**

**1. California Law Defines The Investigation Of A Sexual Harassment Complaint As A Personnel Management Function, Not An Act Of Harassment.**

Multiple appellate cases stand for the proposition that a person's investigation of a harassment complaint is an act of personnel management, and not an act of unlawful harassment under the FEHA, nor is it aiding and abetting a violation of FEHA:

> Individual supervisory employees should be placed at risk of personal liability for personal conduct constituting sexual harassment, either directly as the actual harasser or indirectly as an aider and abettor of the harasser. Such individual supervisory employees should not be placed at risk of personal liability, however, **for personnel management decisions which have been delegated to the supervisor by the employer, such as deciding whether to investigate or take action on a complaint of sexual harassment.**

(*Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1327 (1996); emphasis added.)

> **Plaintiff fails to point to any allegation of any aiding and abetting conduct by McNeal, other than her hearing, processing, and deciding his grievances.** His respondent's brief on appeal says he named McNeal "as an individual defendant in his First and Third Causes of Action for direct supervisor liability under FEHA [*Government Code section 12940 et seq.*] as an aider and abettor pursuant to the holding in *Fiol v. Doellstedt (1996) 50 Cal.App.4th 1318* … However, *Fiol* said that **supervisory employees should not be placed at risk of personal liability for personnel management decisions which have been delegated to the supervisor by the employer, such as deciding whether to take action on a complaint of sexual harassment.** [citation omitted]

(*Vergos v. McNeal*, 146 Cal.App.4th 1387, 1396 (2007); emphasis added.)

      **2.**       **All Of The Allegations Pled Against Ms. Braverman In The FAC Are Based On Her Personnel Management Activity Of Investigating Plaintiff's Sexual Harassment Complaint.**

The First Amended Verified Complaint ("FAC") alleges:

- "Braverman told Plaintiff that she would be conducting an objective investigation into Plaintiff's harassment complaint." (FAC, ¶ 45, 8:13-14); and

- "Braverman interviewed Plaintiff regarding Plaintiff's allegations of sexual harassment against Scher." (FAC, ¶ 45, 8:18-19).

      **3.**       **The Pleading Does *Not* Allege That Ms. Braverman Engaged In, Or Participated In Any Act Of Unlawful Harassment By Defendant Scher Or Anyone Else.**

The regulations of the California Fair Employment and Housing Commission (FEHC), 2 CCR Section 7287.6, defines the four types of unlawful harassment under the FEHA as:

> "(A) Verbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act;
>
> (B) Physical harassment, e.g., assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act;
>
> (C) Visual forms of harassment, e.g., derogatory posters, cartoons, or drawings on a basis enumerated in the Act; or
>
> (D) Sexual favors, e.g., unwanted sexual advances which condition an employment benefit upon an exchange of sexual favors."

Nowhere in the pleading does Plaintiff allege that Ms. Braverman engaged in any of the above-listed forms of harassment, or in any other act of unlawful harassment.

    **B.**     **Pursuant to California Supreme Court Precedent, FEHA Aid and Abet Liability Cannot Be Imposed On Non-Employers, Such As Ms. Braverman, For Their Personnel Management Acts.**

      **1.**       **The Issues Of This Case Are The Same As Those Decided By The California Supreme Court In *Reno v. Baird* and *Jones v. The Lodge At Torrey Pine Partnership*.**

While FEHA allows individual personal liability for unlawful harassment, this is only in relation to individuals charged with their own acts of harassment, or their own act of aiding and abetting in acts of harassment:

> It is an unlawful employment practice for a supervisor to sexually harass an employee. If a supervisor sexually harasses an employee, the harassing supervisor is personally liable for money damages and the employer is vicariously and strictly liable for the

> harassment. If a supervisor aids and abets sexual harassment of an employee, the supervisor is personally liable for money damages. **A supervisor who, without more, fails to take action to prevent sexual harassment of an employee is not personally liable as an aider and abettor of the harasser, an aider and abettor of the employer or an agent of the employer.**

(*Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1331 (1996); emphasis added.)

Moreover, "individual supervisory employees should not be placed at risk of personal liability … for **personnel management decisions** which have been delegated to the supervisor by the employer, **such as deciding whether to investigate or take action on a complaint of sexual harassment**. (*Id.* at 1327; emphasis added.)

Here, the FAC does not and cannot allege that Ms. Braverman engaged in, or participated in, any act of harassment or aiding and abetting. Rather, the FAC only alleges that Ms. Braverman participated in the personnel management act of investigating a harassment complaint. Accordingly, the issues of this case are identical to those addressed by the California Supreme Court in *Reno v. Baird,* 18 Cal.4th 640 (1998) and *Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158 (2008): namely, whether non-employer individuals can be held personally liable for performing personnel management functions, and the legal answer must be the same: "No".

      **a.   In *Reno v. Baird,* The California Supreme Court Held That An Individual Who Does Not Qualify As An Employer Cannot Be Sued Under The FEHA Aid and Abet Clause.**

In *Reno v. Baird*, the California Supreme Court analyzed the body of case law addressing whether the FEHA imposes personal liability on individual employees or managers as aiders and abettors of FEHA violations.

The *Reno* court held, "…**[W]e conclude that individuals who do not themselves qualify as employers may not be sued under the FEHA** for alleged discriminatory acts." (*Reno v. Baird,* 18 Cal.4th 640, 663 (1998); emphasis added.)

\\

\\

\\

\\

    **b.**  **In *Jones v. The Lodge At Torrey Pines Partnership*, The California Supreme Court Again Held That The Provisions Of The FEHA Do Not Impose Personal Liability On Non-Employers.**

Recently, in *Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158 (2008), the California Supreme Court again held that the aiding and abetting language of the FEHA does not impose personal liability on non-employers:

> We also concluded that the aiding and abetting language of former subdivision (g) (now *subd. (i))* of **section 12940 did not impose personal liability on nonemployers.** (*Reno, supra,* at pp. 655-656; emphasis added.)

*(Jones v. The Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158, 1163 (2008).)

Therefore, Ms. Braverman can only be held liable under FEHA if she was an employer as defined by the statute.

  **2.**  **Ms. Braverman Was Undisputedly A "Non-Employer" Under FEHA.**

The relevant FEHA provision defines "employer" as follows:

> For the purposes of this subdivision only, "employer" means any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities. …

(Cal. Gov't Code Section 12940 ((j)(4)(A).)

It is undisputed that Ms. Braverman was not a FEHA employer: 1) The FAC does not plead that Ms. Braverman is a FEHA employer; and 2) Ms. Braverman's declaration attests that she did not employ any individuals whatsoever during any of the times referenced in the FAC. (Declaration of Ms. Braverman, ¶ 2.)

  **3.**  **It Is Not Relevant Whether Ms. Braverman Was Acting For Cherne And/Or For Berkel: Either Way She Is An Individual, Not A FEHA Employer.**

Plaintiff's Opposition to the instant motion, as well as a number of her other prior submissions to the Court, gives considerable attention to various irrelevant issues:

- Whether Ms. Braverman is considered the kind of agent of Berkel that could not be deemed to aid or abet Berkel;
- Whether Ms. Braverman was acting as an employee of Cherne;

1  • Whether Ms. Braverman's job title at Cherne was "HR Consultant" or "HR Specialist";

3  • Whether Ms. Braverman was on the Cherne payroll as a specialist and providing services to Cherne as an independent contractor at the same time;

5  • Whether Ms. Braverman's biographical information created by and posted by her former employer on his company website, Trust and Probate Law Group, contains accurate information; and

8  • Whether Ms. Braverman's Cherne payroll records are properly authenticated.

As the FEHA only imposes liability for the personnel management conduct of investigating harassment complaints on ***employers*** and not individuals such as Ms. Braverman, none of the aforementioned issues are relevant. Ms. Braverman was undisputedly not an employer as defined by the FEHA, and therefore cannot be held liable for merely performing the personnel management function of conducting a sexual harassment investigation.

Thus, as a matter of settled California law, Ms. Braverman–a non-employer–cannot be sued under the aid and abet provision of the FEHA, and the Magistrate Judge erred in concluding otherwise.

**C.  Pursuant To *McCabe v. General Foods Corporation*, Where The Individual Defendant In An Employment Case Is A "Sham" Defendant, The Case Should Not Be Remanded.**

In *McCabe v. General Foods Corporation*, a case cited with approval by *Ritchey v. Upjohn Drug Company,* 139 F.3d 1313 (9th Cir. 1998), the 9th Circuit considered whether the lower court's denial of remand was proper. (*Id.* at 1339.) The appellate court held that the non-diverse managers of the employer, who were being sued for wrongful employment actions toward the plaintiff-employee, were sham defendants, and that as a result, they did not destroy diversity:

> McCabe failed to state any cause of action against Moltz and Ladson; their joinder to General Foods as defendants was sham; their presence did not destroy diversity.

(*McCabe v. General Foods Corporation,* 811 F.2d 1336, 1339 (9th Cir. 1987); emphasis added).

**GIBSON-JONES v BERKEL [USDC-ND CV076440 PJH]– REPLY IN SUPPORT OF MTN TO DISMSS & RE: OBJECTION TO REPORT AND RECOMMENDATION, MTN FOR DE NOVO DETERMINATION**

1  Accordingly, as Ms. Braverman is also a sham defendant, her presence does not destroy
2  diversity and the case should not be remanded.

### IV. CONCLUSION

Ms. Braverman is undisputedly a non-employer and, as a matter of law, the California Supreme Court has clearly articulated that FEHA liability cannot be imposed on non-employers.

While Plaintiff's Opposition to the instant motion, as well as a number of her other prior submissions to the Court, devotes considerable attention to the question of whether Ms. Braverman was acting as an agent of Berkel, an employee of Cherne or an independent contractor, none of these factual issues are relevant given the fact that Ms. Braverman was not an employer.

As Ms. Braverman must be dismissed from the action—which would result in only diverse defendants remaining—the Court has no authority to remand the case, and such a remand order would be reversible error. (*McCabe v. General Foods Corporation*, 811 F.2d 1336 (9th Cir. 1987).)

DATED:   June 3, 2008                    **VARTAIN LAW GROUP**

                                          BY: /S/ Linda K. Adler
                                              MICHAEL J. VARTAIN
                                              LINDA K. ADLER
                                              Attorneys for Defendants
                                              BERKEL & COMPANY CONTRACTORS, INC.,
                                              AND JESSICA BRAVERMAN
                                              (erroneously sued as JESSICA BRAVERMAN-SMITH)

1  MICHAEL J. VARTAIN [SBN 92366]
   LINDA K. ADLER [SBN 199809]
2  **VARTAIN LAW GROUP**
   601 Montgomery Street, Suite 540
3  San Francisco, CA 94111-2608
   Telephone: [415] 391-1155
4  Facsimile:  [415] 391-1177

5  Attorneys for Defendants
   BERKEL & COMPANY CONTRACTORS, INC.
6  AND JESSICA BRAVERMAN
   (erroneously sued as JESSICA BRAVERMAN-SMITH)

7

8                    IN THE UNITED STATES DISTRICT COURT
                                FOR THE
9                         NORTHERN DISTRICT OF
                              SAN FRANCISCO
10

11 | WINIFRED L. GIBSON-JONES,              ) | Case No.: **CV  0 7 – 0 6 4 4 0  PJH**
12 |         Plaintiff,                     ) |
                                            ) | **PROOF OF SERVICE**
13 | vs.                                    ) |
                                            ) |
14 | BERKEL & COMPANY CONTRACTORS,          ) |
   | INC., a foreign corporation; CHERNE    ) |
15 | CONSTRUCTION COMPANY, a foreign        ) |
   | corporation; JESSICA BRAVERMAN-        ) |
16 | SMITH, an individual; BRAVERMAN        ) |
   | MEDIATION AND CONSULTING, a            ) |
17 | California business entity; BRIAN      ) |
   | ZUCKERMAN, an individual; GREGORY A.   ) | Hearing Date:   June 18, 2008
18 | SCHER, AKA WINGNUT SCHER, an           ) | Time:           9:00 a.m.
   | individual, and DOES 1-50, inclusive,  ) | Courtroom:      Courtroom 3, 17th Floor
19 |                                        ) | Judge:          Phyllis J. Hamilton
   |         Defendants.                    ) | First Amended
20 |                                        ) |  Complaint filed:  March 11, 2008

21

22

23

24

25

26

27

28

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440PJH]– PROOF OF SERVICE**
S:\Client\192 Berkel\002 Gibson-Jones\Pleadings\Motion for De Novo Determination\Reply Brief--De Novo.doc

**PROOF OF SERVICE**
**Gibson-Jones v. Berkel and Company Contractors – USDC-ND: C - 07 – 06440 PJH**

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is c/o Vartain Law Group, 601 Montgomery Street, Suite 540, San Francisco, California 94111-2608. On June 3, 2008, I served the following document(s) by the method indicated below:

- **DEFENDANTS BERKEL & COMPANY CONTRACTORS, INC. AND JESSICA BRAVERMAN'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS MS. BRAVERMAN AND MOTION REGARDING OBJECTION TO REPORT AND RECOMMENDATION, REQUEST FOR DE NOVO DETERMINATION, REQUEST FOR EXPANSION OF RECORD AND REQUEST FOR *UPJOHN* HEARING; and**
- **THIRD SUPPLEMENTAL DECLARATION OF JESSICA BRAVERMAN.**

☐ By placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ By transmitting via facsimile on this date from facsimile number [415] 391-1177 the document(s) listed above to the facsimile numbers(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine properly issued the transmission report, which is attached to this proof of service. Service by facsimile was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2003(3).

☐ By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. Signed proof of service by the process server or delivery service is attached to this proof of service.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

Attorneys for Plaintiff,
Winifred L. Gibson-Jones

Patrice R. Zabell, Esq.
Law Offices
2700 Ygnacio Valley Road, Ste. 237
Walnut Creek, CA  94598
Telephone: 1.925.932.9455
Facsimile: 1.925.932.9468

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service is executed on June 3, 2008, at San Francisco, California.

/S/ Charissa Gung
Charissa Gung

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440PJH]– PROOF OF SERVICE**

Confirm your shipment details

**Outbound Shipment**

**From**
Linda Adler, Esq.
Vartain Law Group
601 Montgomery Street, Suite 540
San Francisco, CA
United States
94111
4153911155

**To**
Patrice Zabell
Law Offices
2700 YGNACIO VALLEY RD STE 237
WALNUT CREEK, CA
United States
945983463
9259329455

**Ship date**
06/03/2008
**Service type**
Priority Overnight
**Package type**
FedEx Envelope
**Number of packages**
1
**Total weight**
1.0
**Dimensions**
L x W x H
**Declared value**
0.0   USD
**Bill transportation to**
00000000000000
**Your reference**
Gibson-Jones Berkel
**P.O. no.**
**Invoice no.**
**Department no.**
**Special Services**
Deliver without signature

---

**GIBSON-JONES v. BERKEL & COMPANY [USDC #CV07-06440PJH]– PROOF OF SERVICE**