UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WINIFRED GIBSON-JONES,

    Plaintiff(s),

  v.

BERKEL & COMPANY CONTRACTORS, INC., et al.,

    Defendant(s).

                                 /

No. C 07-6440 PJH

**ORDER DENYING MOTION TO DISMISS AND REMANDING CASE**

      Defendants, Berkel & Company Contractors, Inc. and Jessica Braverman's (collectively "Berkel") objections to the magistrate judge's report and recommendation that the district court deny their motion to dismiss and their request for de novo review of the motion, were before the court for hearing on June 18, 2008, along with the motion to dismiss of defendant Cherne Construction Company ("Cherne"), and the request of plaintiff for remand. The court OVERRULES the objections, DENIES the motion to dismiss, GRANTS the request for remand, and DECLINES to reach Cherne's motion for the reasons stated at the hearing and summarized below.

      1.    Although generally no aiding and abetting claim is possible against individual employees of an employer charged with discrimination, see, e.g., Reno v. Baird, 18 Cal. 4th 640 (1998); see also Jones v. The Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158 (2008), California law is unclear whether an independent contractor is similarly immune from suit for aiding and abetting an employer in its discrimination, see, e.g., Alch v. Superior Court, 122 Cal. App. 4th 339, 389-90 (2004). Although there is a factual dispute as to Braverman's actual status, plaintiff alleges independent contractor status and if she is proven to be correct, there is at least a possibility that plaintiff may be able to state a claim

under California law against Braverman.  Accordingly, defendants have failed to meet their burden of establishing that Braverman is a sham defendant.  Plaintiff having dismissed her only federal claim, there is neither federal subject matter nor complete diversity jurisdiction.  The objections are therefore OVERRULED and Berkel's motion to dismiss is DENIED.

    2.    Furthermore, given the complexity of the California law raised by this motion, the court DECLINES to exercise supplemental jurisdiction over this case.

    3.    Notwithstanding defendants' objections to the manner in which plaintiff asserted her request for remand, "it is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." See Emrich v. Touch Ross & Co., 846 F.2d 1190, 1194 fn. 2 (9th Cir. 1988).  The court further declines defendants' request to dismiss the case without prejudice and instead REMANDS the case to Contra Costa County Superior Court.

    4.    In view of the remand, the court does not reach Cherne's motion to dismiss, which is best considered by the Superior Court.

**IT IS SO ORDERED.**

Dated: June 24, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge